## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, and
DANA McCORMICK,

                            Plaintiff,                  Case No. 20-CV- 01660

v.

CITY OF WAUWATOSA,
BARRY WEBER, and
DENNIS MCBRIDE,

                            Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

The parties through their respective counsel, having reviewed this plan and conferred on December 22, 2020, hereby submit this Preliminary Pretrial Conference Report pursuant to the Court's December 9, 2020 Notice. The parties will appear by telephone for the January 6, 2021 10:00 AM Rule 16 scheduling conference by ZOOM using meeting I.D. 106869270 and password 575346.

    **1.**    **<u>Nature of the Case.</u>**

This is a civil action brought pursuant to 42 U.S.C. §1983. This case arises from the City of Wauwatosa's Emergency Order and curfew which was in effect from October 7 – October 12, 2020. The Emergency Order was unilaterally signed and approved by the City of Wauwatosa's Mayor Dennis McBride, on September 30, 2020 in anticipation of the release of the Milwaukee County District Attorney's findings on October 7, 2020 regarding Wauwatosa Police Officer Joseph Mensah's killing shooting of Alvin Cole.

The Complaint alleges that on October 10, 2020, law enforcement responded to a protest at Wauwatosa City Hall located at the southwest corner of 76th Street and North Avenue. Plaintiffs

allege that they were ordered to disperse without cause and arrested, Plaintiffs further alleges that after they were arrested, they were detained, interrogated, and denied access to counsel. Plaintiffs were released and given $1,321 citations for violating an emergency order. Plaintiffs allege violations of their Fourth Amendment rights to be free from unreasonable seizures, Plaintiffs' First, Fourth and Sixth Amendments

Defendants deny violating Plaintiffs' constitutional rights.

2. **<u>Initial Disclosures</u>**.

The parties shall exchange initial disclosures on or before **February 1, 2021**.

3. **<u>Amendment of Pleadings</u>.**

The parties will add additional parties and complete amendment to the pleadings no later than February 15, 2020.

4. **<u>Nature of Discovery</u>.**

The Parties anticipate that discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, and expert depositions.

        **a.**    Discovery may be needed regarding the following subjects: the factual circumstances regarding the subject incident, liability; and damages.

        **b**.    The Parties do not anticipate that discovery will need to be conducted in phases or otherwise  limited.

        **c.**    The parties agree that discovery shall be completed by **August 27, 2021.**

5. **<u>Jurisdiction</u>.**

The parties have consented to a magistrate judge pursuant to 28 U.S.C. §636(c).  And the parties agree that subject matter jurisdiction of this court is addressed in the pleadings; jurisdiction is conferred on this court by 28 U.S.C.§1331.

6. **<u>Expert Discovery</u>.**

The parties do not anticipate the need for expert discovery; however the following are additional proposed cut-off dates with respect to experts:

      **a.**     Plaintiff's Expert Disclosures:  **May 7, 2021**

      **b.**     Defendant's Expert Disclosures:  **July 9, 2021**

**7.**    **<u>Contemplated Motions</u>.**

The Defendants anticipates bringing a motion for summary judgment regarding all claims raised against him. Dispositive motions shall be briefed, filed, and served on or before **September 10, 2021**.

**8.**    **<u>Estimated Length of Trial</u>.**

The parties estimate the trial will last 5 days. The parties anticipate the case will be ready for trial by **October 25, 2021.**

**9.**    **<u>Whether any party is requesting a Jury Trial</u>.**

The parties request a jury trial to include 12 jurors.

**10.**    **<u>Possibility of Prompt Resolution or Settlement</u>.**

The parties did not engage in settlement discussions prior to filing of this lawsuit.

**11.**    **<u>Discovery Limitations</u>.**

The parties do not anticipate any issues about disclosure or discovery of electronically stored information. The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules, and by the

Court's customary Scheduling Order. Both parties reserve the right under Fed. R. Civ. P. 30(a) to move for additional fact depositions or interrogatories.

**12.** **Electronically stored information.**

All relevant and accessible electronically stored information will be preserved for future use in this matter in its original form. Additionally, any electronic discovery exchanged will be produced in .pdf format where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time. All requests for electronic discovery and/or for the production of electronically stored information in a format other than a .pdf will be governed by the proportionality standard set forth in Rule 26(b)(2)(C).

The parties have discussed all matters addressed in this joint submission.

Dated this 23rd day of December 2020.      **COUNSEL FOR PLAINTIFFS**

By:      s:/ Kimberley Cy. Motley, Esq.
         WI State Bar No. 1047193
         Motley Legal Services
         2206 Bonnie Butler Way
         Charlotte, North Carolina 28270
         Telephone : (704) 763-5413
         Email : kmotley@motleylegal.com

Dated this 28th day of December 2020      **COUNSEL FOR DEFENDANTS**

By:      _/s/ Jasmyne M. Baynard_
         Jasmyne M. Baynard, WI Bar Number: 1099898
         GUNTA LAW OFFICES, S.C.
         9898 West Bluemound Road, Suite 2
         Wauwatosa, Wisconsin 53226
         Telephone: 414-291-7979
         E-mail: jmb@guntalaw.com