UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, and
DANA McCORMICK,

                        Plaintiff,                      Case No. 20-CV- 01660

v.

CITY OF WAUWATOSA,
BARRY WEBER, and
DENNIS MCBRIDE,

                        Defendants.

**PLAINTIFF's MOTION FOR DISCOVERY SANCTIONS UNDER F.R.C.P. 30(d)(2) and F.R.C.P. 37(d)**

Plaintiffs, by and through their undersigned counsel, hereby submit this Certified Motion for discovery sanctions as provided under F.R.C.P. 30(d)(2) and F.R.C.P. 37(d), and in support thereof, provide as follows:

### RULE 37(a) CERTIFICATION

Counsel for Plaintiffs certifies that they have made several good faith efforts to obtain Defendant McBride's appearance at the properly noticed April 23, 2021 deposition in the city of Wauwatosa and to obtain Defendant McBride's presence without court action.

### INTRODUCTION

This motion is for sanctions on Defendant McBride for his willful failure to appear at a deposition which had been agreed to by the parties and properly noticed. Defendant withheld his appearance in an effort to hold his testimony hostage in order to coerce Plaintiffs into agreeing to a Protective Order to which they were otherwise unwilling to agree.

1

## BACKGROUND

This case is a civil rights action about the City of Wauwatosa's efforts to suppress the First Amendment right to free speech and the right to peaceably assemble. This motion relates specifically to the attempt by Plaintiffs to depose Defendant Dennis McBride, Mayor of the City of Wauwatosa. On March 13, 2021, counsel for Plaintiffs emailed counsel for Defendant McBride seeking to schedule depositions for both McBride and Defendant Barry Weber. *Exhibit 1*. In this first email, Plaintiffs requested dates from Defendants within the next month which would be convenient for Defendants. *Id*. On March 17, 2021, counsel for Defendants indicated that she would not be available for the week of April 19-24. *Exhibit 2*. That same day, in response, counsel for Plaintiffs indicated that they could make any day that week work and requested two days for the depositions of Defendants McBride and Weber. *Exhibit 3*. On March 26, 2021, counsel for Defendants indicated that she preferred to schedule Defendant McBride first. *Exhibit 4*. Again on the same day, counsel for Plaintiffs responded to inquire as to when Defendant McBride would be available. *Exhibit 5*. On March 30, counsel for Plaintiffs emailed Defendants again to set dates for deposing Defendants McBride and Weber. *Exhibit 6*. Also attached to the email were draft notices of depositions for both Defendant McBride and Defendant Weber. *Exhibits 7 and 8*. The following day, counsel for Defendants stated that "Mayor McBride and I are both available on April 23rd for the deposition. Please send over the Notices and I will hold that date accordingly." *Exhibit 9*. On April 2, 2021, counsel for Plaintiffs emailed Defendant' and also sent a certified letter to counsel for Defendant McBride's Notice of Deposition. *Exhibits 10 and 11*.

On April 7, 2021, for the first time, Defendants emailed to request that Plaintiffs agree to a Protective Order. *Exhibit 12*. On April 9, counsel for Plaintiffs explained that they would be

2

willing to agree to redacted personal information including addresses, dates of birth, and other personal information, but that they were unwilling to agree to a broad protective order. In further discussions, Plaintiffs agreed to redact additional personal information including addresses, telephone numbers, and social security numbers. *Exhibit 13*.

At 10:58 am on April 22, 2021, the day before Defendant McBride's deposition, counsel for McBride emailed counsel for Plaintiffs to declare that McBride would "not be providing deposition testimony until we have a decision on whether or not there will be a protective order." *Exhibit 14*. Counsel for Plaintiffs responded within an hour that we were not going to negotiate under threat and that we expected Defendant McBride to appear for his deposition. *Exhibit 15*. At 4:00 p.m. on April 22, counsel for Defendant filed a Motion to Seal All Discovery. ECF #28. At 9:00 a.m. on April 23, Defendant McBride failed to appear for his deposition. *Exhibit 16*. At 9:30 a.m., counsel for Plaintiffs emailed counsel for Defendant McBride to ask whether they were simply running late or were in fact intentionally failing to appear for Defendant McBride's deposition. *Exhibit 17*[1]. Counsel for Defendant McBride responded that "Mayor McBride would not be at the deposition." *Exhibit 18*.

## **ARGUMENT**

Federal Rule of Civil Procedure Rule 37(d)(1)(A)(i) provides that the Court must order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." "A party served with a notice of deposition is obliged to appear at the time and place designated in the notice and, if the party fails to do so, that party is subject to sanctions." *Precisionflow Technologies, Inc. v. CVD Equipment Corp.*, 198 F.R.D. 33, 36 (N.D.N.Y. 2000) (holding Rule 37(d) and fundamental fairness required that the plaintiff and its counsel bear the

---

[1] The time appearing on the email says 8:36 a.m. because counsel is presently in the Mountain Time Zone and the email has switched accordingly.

3

costs incurred by defendant when only one of nine former employees of plaintiff noticed for deposition appeared) citing *Lee v. Walters*, 172 F.R.D. 421, 428 (D.Or. 1997). Further, "[r]ule 37(d) makes it explicit that a party properly served [with a notice of deposition] has an absolute duty to respond." *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981) citing 4A Moore's FEDERAL PRACTICE & Procedure, § 37.05 (1981). Accordingly, Defendant McBride"'s failure to appear at the Plaintiffs' April 23, 2021 deposition is subject to sanction under Rule 37(d). Defendant McBride had committed to appear with the Plaintiffs that day in Wauwatosa. *Exhibit 9*. Instead, Defendant McBride and his counsel attempted to hold his deposition hostage in an attempt to coerce Plaintiffs into agreeing to a Protective Order to which they did not agree. *Exhibit 14*.

Sanctions are mandatory for failure to attend a noticed deposition. 2 *Lee*, 172 F.R.D. at 425; see also, *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1382 (D.C. Cir. 2004) (district court has the inherent power under Rule 37 to sanction abuses of the judicial process irrespective of the existence of any particular order). To be sure, Rule 37(d)(3) provides that the Court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The Eastern District of Wisconsin has construed Rule 37(d) consistent with its plain language, noting that "[u]nless the court finds that the failure to appear was substantially justified or other circumstances make an award of expenses unjust, the court must at least require the party who failed to appear to pay the reasonable expenses, including attorney's fees, caused by the failure to appear." See *Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 256-57 (E.D. Wis., 2013). However, unlike *Dauska*, wherein this Court denied a Rule 37(d) motion, there was

4

no confusion in this case regarding the fact of, and the date of, the Defendant's deposition, at the time chosen by Mr. McBride.

Plaintiffs worked for several weeks to find a time that was convenient for Defendant McBride and his counsel. *Exhibits 1-8*. Plaintiffs pushed back the dates of Defendants' depositions, agreed to the order of depositions as requested by Defendants, and ultimately allowed Defendants to determine the date and time of McBride's deposition. This was all scheduled and properly noticed three weeks prior to the deposition. *Exhibit 11*. Nonetheless, Defendant McBride decided that he would not be appearing at the deposition the day before he was to appear. *Exhibit 14*. This was not merely inadvertent. This was willful and was made with the intent to impede and frustrate Plaintiffs' attempts to conduct a fair examination of the Mayor of Wauwatosa. Counsel for Plaintiffs attempted to compel Defendant McBride to attend the deposition, both when they first learned that McBride was threatening to not attend and when it became apparent that he would not attend the deposition. *Exhibits 15 and 17*. Nonetheless, without privilege or reasonable basis, Defendant McBride willfully ignored the notice of deposition and refused to appear.

Defendant's reason for his failure to appear was in no way substantially justified. As an excuse, he and his counsel held up their desire for a protective order. However, this request was made less than twenty-four hours before the deposition was to commence. The deposition has been scheduled and noticed for three weeks. Moreover, the discussion of a protective order had begun over two weeks prior to the scheduled deposition. Nonetheless, Defendant McBride waited until the last moment to object to his presence and filed a motion to seal the case at 4:00 p.m. Such motion was summarily denied the following day.

Plaintiffs have incurred significant costs and spent time, including travel to the deposition site, preparation for Defendant McBride's deposition, waiting for Defendant McBride to appear, and in preparing this motion for sanctions. Plaintiffs hired a court reporter, a videographer, and incurred travel costs. It would violate fundamental fairness for Plaintiffs to be forced to bear the costs of Defendants' willful misconduct.

Wherefore Plaintiffs respectfully move this court to enter an order of sanctions against Defendant Dennis McBride and his counsel for their failure to appear without basis and for a willful abuse of the discovery process. Plaintiffs request attorneys fees and costs for the deposition Defendant McBride refused to attend and for fees and costs incurred in preparing this motion.

Dated this 26th day of April 2021.

**COUNSEL FOR PLAINTIFFS**

By: s:/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone : (704) 763-5413
Email : kmotley@motleylegal.com

/s/ E. Milo Schwab
E. Milo Schwab
3000 Lawrence Street
Denver, CO 80205
Telephone : (732) 406-8215
Email : milo@ascendcounsel.co

6