KATHRYN KNOWLTON, DANA McCORMICK,
TRACY COLE, TALEAVIA COLE, TAHUDAH COLE,
TRIASTIANA WALLS, ANDREW AARON,
KAMILA AHMED, ROBERT AGNEW, ISIAH BALDWIN,
JACQUELINE BOGENBERGER, RAINE CICH, STEVEN
CONKLIN, RACHEL DULAY, ANNE DELESSIO-PARSON,
ERIK FANNING, JILL FERGUSON, BREON FOSTER,
JOANNA GEISER, JOSEPH HAYES, PERCY HAYES,
DESTINEY JONES, SEAN KAFER, JOEY KOEPP,
SONORA LARSON, HOLLY LAVORA, LAZARITO
MATHEU, MOLLY NILSSEN, CARMEN PALMER,
(JUVENILE) PALMER, (JUVENILE) PALMER,
LEAH PORTER, AIDALI RIVERA, WILLIAM RIVERA,
HECTOR RODRIGUEZ, JOSE HERNADEZ RAMIREZ,
OSCAR CONCEPCION RODRIGUEZ, ROSALIND ROGERS,
NATHAN SABEL, WILLIAM SCHROEDER, MARIAH
SMITH, PETER SPARKS, ANGEL VEGA,
CHRISTINA VITOLO-HADDAD, GABRIELLA
VITUCCI, SUZANNE WELLS, BRANDON WILBORN,
KATELYN WOJNAR, SONJA WORTHY, KHALIL
COLEMAN, and MEMBERS OF THE PEOPLE'S REVOLUTION
AN UNINCORPORATED ENTITY, hereinafter referred to as
(TPR), on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.                          Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS MCBRIDE, and JOHN DOE OFFICERS,

        Defendants.

## DEFENDANTS' AMENDED FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

      The Defendants through their counsel, having reviewed this plan and conferred with Plaintiffs' attorneys on April 30, 2021, hereby submit this Amended Pretrial Conference Report

1

pursuant to the Court's April 26, 2021 Notice. The parties did not come to an agreement on proposed dates during the meet and confer session. Thus, Defendants are submitting their proposed dates without a signature from Plaintiffs' attorney but are amenable to an extended scheduling order as established by the Court. The parties will appear by telephone for the May 7, 2021 9:00 AM scheduling conference by ZOOM using meeting I.D. 1068182070 and password 575346.

1. **Nature of the Case.**

This is a civil action brought pursuant to 42 U.S.C. §1983. This case arises from the City of Wauwatosa's enforcement actions between the months of June and October 2020 relating to protest in the City. Specifically, the City of Wauwatosa's Emergency Order and curfew which was in effect from October 7 – October 12, 2020. The Emergency Order was unilaterally signed and approved by the City of Wauwatosa's Mayor Dennis McBride, on September 30, 2020 in anticipation of the release of the Milwaukee County District Attorney's findings on October 7, 2020 regarding Wauwatosa Police Officer Joseph Mensah's killing shooting of Alvin Cole.

The Complaint alleges that between the months of June and November of 2020, the City of Wauwatosa violated the Plaintiffs' Constitutional rights. Plaintiffs also allege that the Emergency Order which set a curfew from October 7 -October 12, 2020 was done so unlawfully. Plaintiffs generally allege that they were ordered to disperse without cause and arrested, Plaintiffs further alleges that after they were arrested, they were detained, interrogated, and denied access to counsel. Plaintiffs were released and given $1,321 citations for violating an emergency order. Plaintiffs allege fifteen causes of action which include: violations of their Fourth Amendment rights to be free from unreasonable seizures, Plaintiffs' First, Fourth, Sixth, and Fourteenth Amendments.

2

Case 2:20-cv-01660-NJ   Filed 05/04/21   Page 2 of 6   Document 32

Defendants deny violating Plaintiffs' constitutional rights.

2. **Initial Disclosures**.

The parties shall exchange initial disclosures on or before **February 1, 2021**.

3. **Amendment of Pleadings.**

The parties will add additional parties and complete amendment to the pleadings no later than **February 15, 2020.**

The parties previously stipulated to a deadline for amendment of pleadings of **March 5, 2021.**

4. **Nature of Discovery.**

The Parties anticipate that discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, and expert depositions.

   a. Discovery may be needed regarding the following subjects: the factual circumstances regarding the subject incident, liability; and damages.

   b. The Parties do not anticipate that discovery will need to be conducted in phases or otherwise limited.

   c. The Plaintiffs proposed that discovery shall be completed by **Oct. 30, 2021.**

**The Defendants proposed that discovery shall be completed by December 31, 2021.**

5. **Jurisdiction.**

The parties have consented to a magistrate judge pursuant to 28 U.S.C. §636(c). And the parties agree that subject matter jurisdiction of this court is addressed in the pleadings; jurisdiction is conferred on this court by 28 U.S.C.§1331.

6. **Expert Discovery.**

The parties do not anticipate the need for expert discovery; however the following are additional proposed cut-off dates with respect to experts:

    **a.**    Plaintiffs Expert Disclosures:   August 30, 2021

    **b.**    Defendants Expert Disclosures:   **October29, 2021**

7. **Contemplated Motions.**

The Defendants anticipate that there may be Motions brought for declaratory or injunctive relief. The Defendants also anticipate bringing a motion for summary judgment regarding all claims raised against him. Plaintiffs proposed that dispositive motions shall be briefed, filed, and served on or before November 30, 2021. Defendants proposed that dispositive motions shall be briefed, filed, and served on or before February 25, 2022.

8. **Estimated Length of Trial**.

The parties estimate the trial will last 15 days. The Plaintiffs anticipate the case will be ready for trial by **January 5, 2022. The Defendants anticipate the case will be ready for trial by May 31, 2022.**

9. **Whether any party is requesting a Jury Trial.**

The parties request a jury trial to include 12 jurors.

10. **Possibility of Prompt Resolution or Settlement.**

The parties did not engage in settlement discussions prior to filing of this lawsuit.

11. **Discovery Limitations.** The parties do not anticipate any issues about disclosure or discovery of electronically stored information. The parties agree that the timing, extent, and

4

limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules, and by the Court's customary Scheduling Order. Both parties reserve the right under Fed. R. Civ. P. 30(a) to move for additional fact depositions or interrogatories.

The Parties have encountered issues regarding the disclosure and discovery or electronically stored information as well as potentially confidential information. Specifically, Defendants have concerns regarding disclosure of the following documents:

1. MPD Investigative File regarding the Officer Involved Shooting death of Alvin Cole;

2. Use of the unredacted version of the WPD Civil Unrest Operational Plan (Dkt. 24-1); and

3. Deposition testimony which may contain confidential police operations, and personally identifying information of government and law enforcement personnel not subject to public disclosure.

Defendants anticipate the need to depose all named Plaintiffs. As such, the parties stipulate that Under Fed. R. Civ. P. 30(a)(2)(A), Defendants will be permitted to depose all named Plaintiffs if necessary. The parties will agree in advance to a deposition schedule which is mutually convenient.

NOTE: The Mayor will be available at a mutually agreeable time. Nothing has changed about the deposition date for Chief Weber and he will be present.

Plaintiffs believe that disclosure of documents and information are first amendment issues which are also central to many of the allegations and that default should be disclosure.

12. **<u>Electronically stored information</u>.**

All relevant and accessible electronically stored information will be preserved for future use in this matter in its original form. Additionally, any electronic discovery exchanged will be produced in .pdf format where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time. All requests for electronic discovery and/or for the production of electronically stored information in a format other than a .pdf will be governed by the proportionality standard set forth in Rule 26(b)(2)(C).

The parties have discussed all matters addressed in this joint submission.

Dated this 4th day of May, 2021      **COUNSEL FOR DEFENDANTS**

By: <u>/s/ Kyle R. Moore</u>
Kyle R. Moore, WI Bar Number: 1101745
GUNTA LAW OFFICES, S.C.
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: 414-291-7979
E-mail: krm@guntalaw.com