UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
TRACY COLE, TALEAVIA COLE, TAHUDAH COLE,
TRIASTIANA WALLS, ANDREW AARON,
KAMILA AHMED, ROBERT AGNEW, ISIAH BALDWIN,
JACQUELINE BOGENBERGER, RAINE CICH, STEVEN
CONKLIN, RACHEL DULAY, ANNE DELESSIO-PARSON,
ERIK FANNING, JILL FERGUSON, BREON FOSTER,
JOANNA GEISER, JOSEPH HAYES, PERCY HAYES,
DESTINEY JONES, SEAN KAFER, JOEY KOEPP,
SONORA LARSON, HOLLY LAVORA, LAZARITO
MATHEU, MOLLY NILSSEN, CARMEN PALMER,
(JUVENILE) PALMER, (JUVENILE) PALMER,
LEAH PORTER, AIDALI RIVERA, WILLIAM RIVERA,
HECTOR RODRIGUEZ, JOSE HERNADEZ RAMIREZ,
OSCAR CONCEPCION RODRIGUEZ, ROSALIND ROGERS,
NATHAN SABEL, WILLIAM SCHROEDER, MARIAH
SMITH, PETER SPARKS, ANGEL VEGA,
CHRISTINA VITOLO-HADDAD, GABRIELLA
VITUCCI, SUZANNE WELLS, BRANDON WILBORN,
KATELYN WOJNAR, SONJA WORTHY, KHALIL
COLEMAN, and MEMBERS OF THE PEOPLE'S REVOLUTION
AN UNINCORPORATED ENTITY, hereinafter referred to as
(TPR), on behalf of themselves and all others similarly situated,

    Plaintiffs,

 v.               Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS MCBRIDE, and JOHN DOE OFFICERS,

    Defendants.

**DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFFS'
MOTION FOR SANCTIONS**

-1-

Defendants City of Wauwatosa, Barry Weber and Dennis McBride, by their attorneys, Gunta Law Offices, S.C., submit this Response and Objection to Plaintiffs' Motion for Discovery Sanctions Under F.R.C.P. 30(d)(2) and F.R.C.P. 37(d).

**INTRODUCTION**

As the Court is aware based on previously-filed motions, the parties have had trouble resolving discovery disputes. This motion results from one of those unresolved issues. The Plaintiffs are now seeking sanctions due to the parties' unresolved issue of Defendants' request for a protective order. The motion must be denied, as the Defendants made good faith effort to resolve the dispute before the scheduled deposition, but the Plaintiffs failed to engage in any exchange over Defendants' request for a protective order.

As stated in Plaintiffs' motion, the parties had agreed to appearance by Mayor Dennis McBride for deposition in this case. Defendants were not unwilling to produce Mayor McBride, but rather wanted assurance from the Plaintiffs, via request for a proposed protective order, that the Mayor's testimony would be used by the parties only for purposes of this litigation. The Defendants have had cause for concern, based on Plaintiffs' counsel public sharing of sensitive information from this case. (*See* Docket 31-14, email from Atty. Baynard to Atty. Motley expressing concern over unnecessary disclosure of sensitive documents and potential deposition testimony to third parties and media outlets)

Because the Plaintiffs would not agree to a protective order or sealing all discovery prior to the Mayor's deposition, Defendants brought a motion to seal all discovery materials (Docket #28) supported by Defense counsel's Declaration containing evidence of Plaintiffs' counsel's disclosure of information to the public (Docket #29). The Court had not ruled on the motion at the time of the

-2-

scheduled deposition.

The parties were able to confer with the Court via Zoom on the date scheduled for the Mayor's deposition, and the Court denied the Motion to Seal as premature, and ordered the parties to discuss discovery issues. (Docket #30)

The Plaintiffs then filed this motion seeking sanctions.

The Plaintiffs' motion must be denied. The decision whether to award sanctions in this situation is discretionary. *See* F.R.Civ.P. 37(d)(1)(A). The Defendants were seeking, with good basis, an Order protecting their clients from the Plaintiffs' unnecessary and reckless behavior regarding discovered material. This safe harbor motion to seal sought by the Defendants affords them relief from the request of sanctions.

## DISCUSSION

Applicable Law

Plaintiffs misstate the applicable Federal Rule regarding motion for sanctions for a party failing to appear at its own deposition. The rule reads as follows:

**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

**...**

(**d) Party's Failure to Attend its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

**(1) In General.**

(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

(i) a party ... fails after being served with proper notice, to appear for that person's deposition...

> **(2) Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

...

The wording as quoted above highlights Plaintiffs' misstatement that the Court *must* award sanctions in this case. (Plaintiffs' Motion for Discovery Sanctions, p. 3)

Although the Defendants did not file a motion for a protective order under Rule 26 (c), their request to seal the record was tantamount to a request for a protective order. The Defendants had made numerous attempts to get Plaintiffs to agree to a protective order, based on Plaintiffs' counsel's publication of discovery information. This was demonstrated by Defendants' filing, which brought to the Court's attention the following information:

> On March 31, 2021, Defense counsel received word that Plaintiffs' attorney, Kim Motley, would be presenting a presentation via Facebook live regarding this matter. On Thursday, April 1, 2020, the Milwaukee National Lawyers Guild hosted a virtual presentation given by Attorney Kimberley Motley titled, "What's wrong with the Wauwatosa Police Department." During the presentation, which was open to the public, Attorney Motley shared her research, experiences, and court filings against the Wauwatosa Police Department. (Docket #29, Baynard Declaration ¶ 3)

> On April 7, 2021, Defense counsel requested that Plaintiffs sign a Protective Order covering all discovery in this matter. (Docket #29, Baynard Declaration and attached Exhibit A)

> On April 9, 2021, Plaintiffs objected to the proposed Protective Order and provided no reason for the objections. (Docket #29, Baynard Declaration and attached Exhibit B)

> On or before April 12, 2021, Defense counsel became aware that a document provided in discovery, which contained highly sensitive material had been obtained and reproduced by a local media outlet UrbanMilwaukee.com. (Docket #29, Baynard Declaration)

> On April 12, 2021, Defense counsel placed Plaintiffs on notice that they filed an inadvertently disclosed document (Docket Number 24-1) and requested that Plaintiffs

file the redacted version of the document. Plaintiffs did not agree to the redacted document but did agree to redact addresses and phone numbers.

On April 22, 2021, Defense counsel followed up with Plaintiffs' counsel on the Protective Order as the deposition of Mayor Dennis McBride was rapidly approaching. Plaintiffs again objected to the proffered Protective Order. (Docket #29, Baynard Declaration and attached Exhibit C)

Defendants believed that the information that would be discussed in Mayor McBride's deposition may contain confidential information and pending objections before the court. Defense counsel had reason to believe that Plaintiffs' counsel may discuss or produce the deposition testimony to the public.

Without an agreement on the protective order, Defense Counsel did not believe that there existed a less restrictive alternative available then sealing the discovery in this matter.

Defendants believed in filing their Motion to Seal that it was appropriate for the Court to seal discovery documents, including deposition transcripts and exhibits, because there is a compelling governmental interest in preserving the confidentiality of information related to pending litigation, law enforcement operations, and good cause existed to seal personally identifying information of the City of Wauwatosa governmental officials and law enforcement. It was also necessary to prevent the reproduction of discovery materials to third parties. (Docket #28, generally)

Discussions between the two parties regarding the sensitivity of discovery materials have been futile. Plaintiffs' counsel has repeatedly rejected Defendants' proffered Protective Order, with no rationale as to why they will not agree, and they ignored Defendants' request that they re-file a redacted version of Docket number 24-1. (Docket #29, Baynard Declaration ¶¶ 4, 5, 8)

Defendants believed that seeking an Order sealing all discovery material, including depositions, was necessary to protect the integrity of this action and other ongoing litigation with the City of Wauwatosa, including any pending criminal proceedings, as well as the confidentiality of governmental officials and law enforcement personnel involved.

Given this state of the record at the time the Mayor's deposition was to take place, there is no basis for the Defendants to be sanctioned for the Mayor's failure to testify. The Defendants believed it was in the best interest of their clients, and to preserve the integrity of the litigation, to await the Court's decision on their motion to seal prior to proceeding with additional discovery.

## CONCLUSION

The Plaintiffs' Motion for Sanctions is without merit and must be denied.

Dated at Wauwatosa, Wisconsin this 17h day of May, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants City of Wauwatosa,
Barry Weber and Dennis McBride

/s/ Ann C. Wirth
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com