

WRITER'S DIRECT CONTACT:

KATHRYN L. KNOWLTON
(414) 202-2444
KATE@KNOWLTONLAWGROUP.COM
7219 WEST CENTER STREET, WAUWATOSA, WI 53210
PHONE: 414-375-4880 / FACSIMILE: 414-939-8830
KNOWLTONLAWGROUP.COM

July 23, 2021

Hon. Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Ave.
Milwaukee, WI 53202                    **VIA ECF FILING**

      RE:    Case No: 20 CV 1660
               Knowlton, et al v. City of Wauwatosa, et al.

Dear Judge Joseph:

Plaintiffs provide this correspondence both to fulfil the Court's request, as well as in reply to Defendant Counsel's letter dated today. Please note that prior to Defendants' filing today, all Counsel had been engaged in the exchange of what Defendant Counsel had requested to be a joint report. Plaintiff duly drafted and forwarded to Defendant Counsel a version of what we attach hereto, understanding it to be a joint undertaking and report. We were not advised that separate reports would be filed until Defendant Counsel emailed to us, concurrent with the filing of their letter to you this afternoon.

This degree of miscommunication and confusion has been an unfortunate hallmark of this litigation to date.

First, we cannot and will not dispute the number of emails produced by Defendant. However, part of the issue is that same are in no way organized or indexed, and are provided piecemeal through different mediums and technology methods. Significantly, all have been untimely.

Though depositions have been scheduled weeks in advance, discovery production relevant to individual deponents has been produced sometimes within less than one day of the actual time of the deposition. In one case, the deponent testified that he had not been asked or advised of production requests until receiving our deposition notice. That is undisputed.

Below the text of this letter is the discovery report detailing additional issues, per your request.

Defendant Counsel's letter confirms the existence of discovery materials responsive to our demands as well as Defendants' deliberate withholding. Particularly repugnant to the rules of discovery and Federal Rules of Civil Procedure, as well as the legal and efficient mechanisms of the Court system in general, is the suggestion by Defendant Counsel that certain requests will be produced "immediately" if Plaintiffs agree to a protective order.

Plaintiff Counsel acknowledge the appropriateness of protective orders, as also described by this Honorable Court, to require a legal basis and rationale and to be applied discretely, such as to properly protect trade secrets or confidential informant identity. Protective orders demand the highest level of scrutiny because they are anathema to a democratic government, where state actors are granted immense power. Credibility of any check to that power is grounded in transparency. Such protective orders are necessarily applied sparingly, and only on a document by document basis. That concept was fully and comprehensively described, now twice, both in the Court's dismissal of an informal request by Defendants to generally seal this case on April 23, 2021, as well as in the Court's directive to discuss outstanding discovery issues in the meeting on July 13, 2021.

There has been no agreement reached. Remaining outstanding issues are outlined below, as requested.

It is expected that as we were unable to accomplish a stipulation, Defendant Counsel may file a Motion for a protective order as to a particular responsive item and we will reply properly. To date, that has not occurred, and as such we must renew our request for a hearing date for our July 7, 2021 Motion to Compel.

Additionally, Plaintiff Counsel must respond in order to "object" to what has been proffered today to the Court as a "proposed order" under the guise of an agreement. It is wholly inaccurate, there is no stipulation, and absolutely no "facts." The document/submission is completely improper - to the extent that Plaintiff Counsel is unable to file anything in reply but this correspondence. We respectfully request directive from your Honor, if anything more is necessary to secure our clear and unqualified objection to the proffered submission by Defendant Counsel.

Thank you.

Very truly yours,
KNOWLTON LAW GROUP, LLC

*Kate Knowlton*

Kathryn L. Knowlton
State Bar No.: 1032814
7219 West Center Street
Wauwatosa, WI 53210-1126
Email: kate@knowltonlawgroup.com
Telephone: (414) 202-2444

Kimberley Cy. Motley
State Bar No.: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

E. Milo Schwab
3000 Lawrence Street
Denver, CO 80205

## Outstanding Discovery Issues to Date

Please note the below documents which to date have not been produced by Defendant to Plaintiffs *(There are no outstanding issues as to discovery requests made by Defendant to Plaintiff; to date all are completed and timely)*:

      1.     Please note that we have not received all communications and documents in Defendants' possession relating to the curfew and the proclamation of emergency, including but not limited to communications, documents relating to the decision-making process, documents and communications relating to the enactment of the curfew, documents and communications relating to the enforcement of the curfew, documents and communications relating to the proclamation of emergency.

      Defendants acknowledge the existence of documents to satisfy this request but have failed to produce documents, including but not limited to the emails, text messages, notes, metadata of emails, and attachments from at least the following email addresses implicated in the Discovery Demand: Defendant Barry Weber (bweber@wauwatosa.net); Defendant Dennis McBride (mayor@wauwatosa,net, dmcbride@wauwatosa.net, mcbarry1953@gmail.com); WUPDCP@wauwatosa.net; lvetter@wauwatosa.net; jroy@wauwatosa.net; wrucke@wauwatosa.net; all Police and Fire Commission members email addresses (as well as any personal if used for city business) and information/communication from and to Common Council Members, information from and to Fire and Police Commissioners, information to and from Wauwatosa Police Officers; as well as communications/correspondences between the members of each (Common Council, PFC, WPD)

      Because production has been piecemeal and non-indexed or organized in any way, Defendants have not expressly provided certification of production, though the aforementioned requests are informally qualified by Defendants as fulfilling the completeness of the production.

      2.     Plaintiffs have not received all communication from 2020 in Defendants' possession that includes any of the following terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency, TPR, The People's Revolution, Alvin Cole, David Beth, John Martin Antaramian, John Chisholm, Governor Evers, and Daniel Miskinis.

      Defendants acknowledge the existence of documents to satisfy this request but have failed to produce all documents. Again, Defendants have not expressly provided

certification of production, though the aforementioned requests are informally qualified by Defendants as fulfilling the completeness of the production.

      3.      Plaintiffs have not received agreements with outside law enforcement agencies, whether local, state and federal, including but not limited to, Mutual Aid agreements; as well as the names of all the Wauwatosa Police Officers, and the names of any local, state, or federal law enforcement officers who assisted the Wauwatosa Police Department and the City of Wauwatosa during the curfew from October 7, 2020 to October 12, 2020.

      Defendants acknowledge the existence of documents to satisfy this request but have failed to produce all documents. Again, Defendants have not expressly provided certification of production, though the aforementioned requests are informally qualified by Defendants as fulfilling the completeness of the production.

      4.      Plaintiffs have not received any FAA agreements, agreements with the Department of Homeland Security, the FBI, the U.S. Attorney's Office.

      Defendants acknowledge the existence of documents to satisfy this request but have failed to produce all documents. Again, Defendants have not expressly provided certification of production, though the aforementioned requests are informally qualified by Defendants as fulfilling the completeness of the production.

      5.      Plaintiffs have not received all original tickets and altered tickets given to persons as a result of enforcement of the curfew as well as any and all police reports, memorandums, arrest information, arrests data, booking information, any and all videos such as drone videos, squad videos, body cameras, video created by mobile phones, and audio recordings etc. for those who were surveyed, questioned, detained, ticketed, or arrested created by the Wauwatosa Police Department, any affiliated police departments who the WPD requested assistance of, the FBI, the U.S. Marshalls, the National Guard, in connection to the curfew imposed from October 7, 2020 – October 12, 2020.

      Defendants acknowledge the existence of documents to satisfy this request but have failed to produce all documents. Such documents include protestor lists, arrest lists, drone videos, videos created by mobile phones, audio recordings, and body cameras. Again, Defendants have not expressly provided certification of production, though the aforementioned requests are informally qualified by Defendants as fulfilling the completeness of the production.

      6.      Defendant Counsel continues to improperly delay and cannot certify production to a request while at the same time qualifying the completeness of the production.

      Specifically with regards to Plaintiff's request No. 5. Defendants are refusing to produce any drone videos to Plaintiffs in connection to the curfew imposed from October 7 – October 12, 2020. Defendants have given an inapplicable legal basis as to why they are refusing to provide the videos directly to the Plaintiffs to date but acknowledge that such drone videos exist.

      At the instruction of the court, parties have in good faith conferred with each other in an effort to discuss a protective order for aerial video in Defendant's possession. After careful review of Defendant's proposal, Plaintiffs provided a draft of a full agreement to resolve the matter of confidential information, but did not get a response. In short, from the Plaintiffs' perspective Defendant's protective order is too overly broad. And from the Defendant's perspective Plaintiff's agreement is too narrowly focused. Parties have communicated with each other several times as ordered by the court on July 7, 2021 but unfortunately, there is no resolution.

Dated this 23rd day of July 2021.