# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
    et al.,

                      Plaintiffs,

      v.                                      Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS MCBRIDE, and JOHN DOE OFFICERS,

                      Defendants.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants City of Wauwatosa, Barry Weber and Dennis McBride, by their attorneys, Gunta Law Offices, S.C., submit this Motion for a Protective Order relating to documents Plaintiffs have requested Defendants produce pursuant to discovery requests. The following document descriptions are the subject of this motion:

- Information derived from a registered confidential informant or source;[1]

- Information which contains sensitive law enforcement tactics and/or operational planning, including aerial surveillance footage which depicts law enforcement staging, positioning, and movement prior to any interaction with the public.

The Defendants believe good cause exists for this Court to issue a protective order regarding these documents.

## DISCUSSION

---

[1] See *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1124 (7th Cir. 1997).

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of discovery-related protective orders. That rule permits parties to move for protective orders for "good cause shown." Fed .R.Civ.P. 26(c). The Seventh Circuit has held that "[e]ven if the parties agree that a protective order should be entered, they still have 'the burden of showing that good cause exists for issuance of that order.'" *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir.1988)). "In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists." *Id*. Determining whether good cause exists requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings. The court does not necessarily have to determine good cause on a document-by-document basis. *See Citizen's First Nat'l Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir.1999). However, the parties must show "that disclosure will work a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1994).

The Defendants are not seeking a Protective Order that confers blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The specific categories of information Defendants seek to be subject to a protective order and reasons associated therewith are as follows:

1. **Information derived from a registered confidential informant or source.**

Defendants have documents which are responsive to the Plaintiffs' discovery requests which contain identification of confidential informants, and information derived from confidential

informants which, if disclosed to any individuals outside of the Wauwatosa Police Department, could impact police operations. For example, Plaintiffs have requested identification of Wauwatosa Police Department confidential informant's social media identification, including Twitter handles and Facebook page identities, which sources are used for collecting information to allow the Wauwatosa Police Department to intercept illegal behavior. If this identifying information was disclosed and disseminated outside of this litigation, individuals outside of the Police Department could interfere online and undermine a valid law enforcement tool.

The Seventh Circuit has recognized that identification of confidential informants is the kind of information that appropriately may be subject to a protective order, as information that should be held in confidence. *Hicklin Engineering, LLC v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

> **2. Information which contains sensitive law enforcement tactics and/or operational planning, including aerial surveillance (Drone) footage which depicts law enforcement staging, positioning, and movement prior to any interaction with the public.**

The purpose for subjecting these documents (specifically limited parts of the Drone footage) to a protective order is to protect the public disclosure of confidential law enforcement tactics, specifically relating to crowd control and protection in the interest of public safety. For example, public disclosure of law enforcement staging areas, movement and trained crowd control tactics would negate law enforcement's tactical advantage in certain circumstances and permit parties to develop countermeasures. To be clear, we are only seeking a protective order on the parts of the drone footage that show police staging, movement, and positioning prior to any officer interacting with any member of the public.

This type of information has been identified by Courts as necessary to protect from public

3

disclosure, at the risk of undermining important police investigatory procedures and thereby endangering the safety of law enforcement personnel and residents. *In re The City of New York*, 607 F.3d 923, 936–37 (2nd Cir. 2010).

For these reasons, Defendants as this Court to grant their motion and enter a Protective Order limiting access to the information discussed herein.

Respectfully submitted this 6th day of August, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants City of Wauwatosa,
Barry Weber and Dennis McBride

/s/ Jasmyne M. Baynard
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com