# GUNTA LAW OFFICES, S.C.
## ATTORNEYS AT LAW

*Attorneys*
Gregg J. Gunta, Esq.
Ann C. Wirth, Esq.
Jasmyne M. Baynard, Esq.
Kyle R. Moore, Esq.

*Paralegal*
Christine M. Montgomery

August 20, 2021

**Via ecf Filing**

Hon. Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Ave.
Milwaukee, WI 53202

RE: *Kathryn Knowlton v. City of Wauwatosa, et al.*, Case No: 20-CV-01660

Dear Judge Joseph:

Please accept this correspondence as the Defendants' update on the status of the discovery disputes in preparation for the Court's August 23, 2021 Status Conference, as well as the Defendants' update to their July 23, 2021 correspondence to the Court. (Dkt. 39) Defendants are not completely clear on the parameters of what topics will be covered at the August 23, 2021 Status Conference, but submit the following information to assist the Court:

    **1.    Outstanding Discovery Issues Raised By Plainitffs (Dkt. 40).**

**Paragraph 1**: Defendants believe they have satisfied this Request and provided all documents related to the decision-making process relating to the curfew and emergency proclamation, as well as email communications.[1] There may be remaining documents responsive to the operational aspects contained in the attachments to the emails attachments that are still being reviewed by the Wauwatosa Police Department.

**Paragraph No. 2:** This relates to Plaintiffs' Request No. 2, which sought "any communication from 2020 in Defendants' possession that includes any of the following terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency, TPR, The People's Revolution, Alvin Cole, David Beth, John Martin Antaramian, John Chisholm, Governor Evers, and Daniel Miskinis." Defendants objected to the Request as overly broad, unduly

---

[1] The City of Wauwatosa IT director Jalal Ali indicated that the City has no ability to search city-issued cellphones en masse, and don't have the expertise to do so. If a cell phone, or other device, has the City's email, I can search the email from the server, not the cellphone itself. However, I did confirm that the City uses FirstNet and records, and Plaintiffs could subpoena such records.

burdensome, not limited in scope or to any relevant period of time and thus, not reasonably calculated to lead to the discovery of relevant and admissible evidence.

> Defendants agreed to produce all emails located on the City-wide server (which means emails with "@wauwatosa.net)" that hit for the search terms: "curfew" or "emergency declaration" or "emergency order" or "state of emergency" or "proclamation of emergency" or "The People's Revolution" or "People's Revolution" "TPR" or "Protest" or "Protesting" or "Police Presence in the City of Wauwatosa" or "Police Presence in the City of Wauwatosa" for the time period of July 1, 2020 – December 31, 2020.

All emails and attachments have been produced from the City, the Common Council, and the Police and Fire Commission. All emails responsive to this request from the Wauwatosa Police Department have also been produced. However, the email attachments are still being reviewed by the Police Department.

**Paragraph 3:** Defendants have produced all agreements with all mutual aid partners as well as lists/rosters of those who were involved or assisted the Wauwatosa Police Department during the curfew from October 7, 2020 – October 12, 2020.

**Paragraph 4:** Defendants are not in possession of any written agreement with the FAA, Department of Homeland Security, the FBI, or the U.S. Attorney's Office relating to the Curfew Period of October 7, 2020 – October 12, 2020.

**Paragraph 5**: Defendants have produced all responsive documents that were created and/or are maintained by the Wauwatosa Police Department. *See* (Exhibit A) Defendants do not have the authority or duty to request any additional documents (if any even exist) that are created, maintained, or in the possession or control of the FBI, U.S. Marshals, or the National Guard.

As you can see from the timeline of productions, Defendants have been working to satisfy and produce documents responsive to Plainitffs' Request. *See* (Exhibit A) It should also be noted that Plaintiffs served Defendants with their First Set of Written Interrogatories and Requests For Admission, which Defendants timely responded to, on July 26, 2021.

**2. Depositions Noticed in Contravention of Rule 30.**

A party's right to conduct discovery through oral examination is neither absolute, automatic, nor self-determinable. *In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *1 (N.D. Ill. Aug. 19, 2005). Rather, it is governed by Fed. R. Civ. P. 30(a), which provides that a deposition may be taken:

> (1) **Without Leave**. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

> (2) **With Leave.** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):(A) **if the parties have not stipulated to the deposition and**:
>
> > (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> >
> > (ii) the deponent has already been deposed in the case […]

*See* Fed. R. Civ. P. 30(a)(1)-(2)(emphasis added)

To date, the Plaintiffs have noticed and conducted 14 depositions of 12 individuals, two of which are parties to the action and the remainder who are agents of the Defendant City of Wauwatosa. *See* (Exhibit A). Plaintiffs have taken the deposition of Defendant Dennis McBride on two separate occasions (June 23, 2021 and July 26, 2021) and Wauwatosa Police Department Civilian Crime Analyst Dominick Ratkowski twice (June 23, 2021 and July 27, 2021). *See id*.

On August 6, 2021, Plaintiffs requested the following additional depositions: (1) Kathy Causier; (2) Special Assistant City Attorney George Schimmel; (3) Wauwatosa Municipal Court Judge Baker; (4) Wauwatosa Municipal Court Clerk Robin Bloczynski; and Wauwatosa Police Officers Shane Wrucke and Martin Keck. *See* (Exhibit B) Defendants responded by agreeing to the depositions of the Wauwatosa Police Officers and providing their availability for their depositions; however, Defendants did not agree to the continued deposition of Kathy Causier, or the depositions of George Schimmel, Judge Baker, or Robin Bloczynski. *See* (*Id.*)

### Deposition of Kathy Causier

Kathy Causier was deposed on July 13, 2021. *See* (Exhibit A) Defendants provided Plaintiffs with all emails and text messages responsive to the document request relating to Causier prior to her deposition. (Exhibit A) The deposition was recorded, but no transcript has ever been produced.[2] Defendants did not stipulate to a second deposition of Causier; however, on August 11, 2021 Plaintiffs noticed the deposition of Causier. *See* (Exhibit C) Immediately upon receipt of the Causier Notice, Defendants again notified Plainitffs that they were not stipulating to a second deposition of Causier pursuant to Fed. R. Civ. P. 30(a)(1)-(2). As such, Plaintiffs must obtain leave from the Court to conduct a second deposition of Ms. Causier, under Fed. R. Civ. P. 30(a)(2)(a)(i-ii) for the following reasons: (1) the parties have not stipulated to a second deposition of Ms. Causier; (2) Plaintiffs have exceeded their limit of depositions; and (3) Ms. Causier has already been deposed.

---

[2] On July 13, 2021, the depositions of Matthew Stippich, Joel Tilleson and on July 23, 2021, Heather Kuhl were also taken by video recording. Defendants have requested copies but have not received transcripts or recordings of any of those depositions.

The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir. 2002), cert. denied, 540 U.S. 1068 (2003), are to be accorded "their plain meaning ... and generally with them, as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete....'" *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989). The language of Rule 30(a)(2)(B) is neither vague nor fluid. Indeed, it could not be more plain: a party "must obtain leave of court" to take a second deposition "if ... the person to be examined already has been deposed in the case." (Emphasis supplied).

### Deposition of George Schimmel

Plainitffs did not provide a Notice of Deposition for Schimmel to Defense counsel. Attorney Motley hand delivered the "Notice of Deposition & certificate of service" to Schimmel prior to the commencement of a municipal court trial on August 11, 2021. *See* (Exhibit D, Notice) When Defendants became aware of the Notice, they promptly reminded Plaintiffs that they had not stipulated to the deposition of Schimmel, and Plaintiffs would need to seek leave under Fed. R. Civ. P. 30(a) 2). *See* (Exhibit E)

Again, Defendants are attending the Court's status prepared to discuss and provide any additional information requested, however, if the Court requires additional briefing or explanation, Defendants request additional time to do so.

Very truly yours,

/s/ *Jasmyne M. Baynard*

Jasmyne M. Baynard, WI State Bar No. 1002469
GUNTA LAW OFFICES, S.C.
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Email: jmb@guntalaw.com