# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHRYN KNOWLTON**, *et al.*,

    **Plaintiffs,**

v.                                          Case No. 20-CV-1660

**CITY OF WAUWATOSA**, *et al.*,

    **Defendants.**

## DECISION AND ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS

The plaintiffs move for sanctions against Defendant Dennis McBride and counsel in the form of fees and costs under Federal Rule of Civil Procedure 37(d) for Defendant McBride's failure to attend his properly noticed April 23, 2021 deposition. (Docket # 31.) For the reasons explained below, the motion for sanctions is granted.

## BACKGROUND

On November 2, 2020, Kathryn Knowlton and Dana McCormick filed a complaint against the City of Wauwatosa, former City of Wauwatosa Police Chief Barry Weber, and City of Wauwatosa Mayor Dennis McBride for violating their civil rights. (Docket # 1.) Specifically, Knowlton and McCormick alleged the enactment of a September 30, 2020 Emergency Order by the City of Wauwatosa and Mayor McBride, which set a curfew restricting pedestrian and vehicular traffic on Wauwatosa streets from 7 p.m. to 6 a.m., resulted in their unlawful arrests and violations of their First, Fourth, and Sixth Amendment rights. (*Id.*) On March 6, 2021, Knowlton and McCormick filed an amended complaint, asserting 15 claims for relief and adding 49 additional plaintiffs, all of whom allege they were

unlawfully ticketed, arrested, and/or harassed between August and October 2020 for either being physically present or engaging in peaceful protests in the City of Wauwatosa. (Docket # 24.)

On March 13, 2021, Attorney Kimberly Motley, counsel for the plaintiffs, wrote Attorneys Jasmyne Baynard and Ann Wirth, counsel for the defendants, regarding potential deposition dates for Defendants McBride and Weber before April 15, 2021. (Docket # 31-1.) Attorney Baynard responded on March 17, 2021 that depositions could not be taken in that time frame due to the extensive nature of the plaintiffs' amended complaint and Attorney Baynard's unavailability until the following week. (Docket # 31-2.) After back-and-forth emails between counsel regarding scheduling, Attorney Baynard notified plaintiffs' counsel on March 31, 2021 that Defendant McBride was available to be deposed on April 23, 2021. (Docket # 31-9.) In turn, Attorney Motley sent a notice of deposition for Defendant McBride on April 2, 2021; the notice specified the documents to be produced and stated that Defendant McBride was to appear at Knowlton Law Group, LLC in Wauwatosa, Wisconsin at 9:00 a.m. on April 23, 2021. (Docket # 31-11.)

On April 7, 2021, Attorney Baynard emailed Attorney Motley and Attorney Milo Schwab, also plaintiffs' counsel, the following:

> It has been brought to my attention this afternoon that there are concerns that documents we provide in discovery are being disclosed to third parties, this includes unredacted documents that refer to your clients as well as documents relating to the operation plan of the police department.
>
> As such, we would like to have a protective order in place. Please see the attached and let me know your thoughts.

(Docket # 31-12.) On April 8, 2021, Attorney Baynard sent a follow-up email, stating that she was still waiting for a response on the protective order before sending over any more

documents. (Docket # 29-2 at 1.) Attorney Motley responded on April 9, 2021 that the plaintiffs objected to a protective order, but would be willing to discuss redacting certain information, such as addresses and birth dates. (Docket # 31-13.)

For the next week or so, the parties corresponded about discovery unrelated to Defendant McBride's deposition or a potential protective order. (*See* Docket # 29-3 at 6–29.) On April 22, 2021 at 10:58 a.m., the day before Defendant McBride's deposition, Attorney Baynard emailed Attorney Motley again about the possibility of a protective order and replacing the Wauwatosa Police Department's Civil Unrest Operational Plan—included as Exhibit 1 to plaintiffs' amended complaint—with a redacted version. (Docket # 31-14.) Attorney Baynard asserted that an unredacted version of the plan containing personal phone numbers and addresses was inadvertently provided in discovery and that plaintiffs' counsel was obligated to notify defendants' counsel; that there was no reason why a redacted version of the document could not be used; and that a protective order would keep sensitive documents produced in discovery and deposition testimony from being disclosed unnecessarily to third parties. (*Id.*)

Attorney Baynard then asked if plaintiffs' counsel would agree to discuss or suggest edits to a proposed protective order (attached to the email) and replace the unredacted Civil Unrest Operational Plan attached to the plaintiffs' amended complaint with a redacted version. (*Id.*) Attorney Baynard indicated that if plaintiffs' counsel did not agree, the defendants would file a motion with the court and request sanctions for inadvertent disclosure. (*Id.*) Attorney Baynard concluded: "Further, I have been informed that the Mayor will not be providing deposition testimony until we have a decision on whether or not there will be a protective order that may apply to deposition testimony as well." (*Id.*)

Attorney Schwab responded that plaintiffs' counsel would not negotiate a protective order under threat and expected Defendant McBride to be present at his deposition the following day. (Docket # 31-15.) Attorney Baynard replied: "We tried to have this discussion two weeks ago and you were not interested in redactions or even discussing the parameters of the protective Order." (Docket # 29-3 at 4.) Attorney Schwab responded as follows:

> None of this is relevant to Mayor McBride's deposition. If you do file for a protective order, please include this email to make the court aware that you are attempting to hold Mayor McBride's deposition hostage for a Protection Order that we do not agree to.

(*Id.* at 3.) Attorney Baynard answered that the protective order related not only to the Civil Unrest Operational Plan, but also to "publicly disclosing and discussing the discovery" in the lawsuit. (*Id.* at 2.) Attorney Baynard continued: "I have no idea what topics you plan on covering with the Mayor. Thus, allowing the deposition to take place without the ability to potentially have it subject to a protective order would waive that protection which is a concern of our clients." (*Id.*) Attorney Baynard concluded that she was free for a call and could attempt to schedule a hearing before the court. (*Id.* at 3.)

In response, Attorney Schwab wrote:

> Jasmyne, I am unavailable for a hearing. File your protective order if you'd like, but I expect Mayor McBride to be there tomorrow. If he is not, we will bring this discovery violation up with the court. Your desire for a general protective order is not a sufficient basis for seeking a protective order from the court for Mayor McBride's deposition. I expect to see you tomorrow.

(*Id.* at 2.) Attorney Baynard then asked Attorneys Schwab and Motley about their availability for a call with the court before the deposition the following day, to which plaintiffs' counsel did not respond. (*Id.*)

At 2:59 p.m., Attorney Baynard emailed Attorneys Schwab and Motley again, asserting that because the parties could not agree on a protective order, the defendants were moving to seal discovery. (*Id.* at 1.) Attorney Baynard explained the decision as follows:

> I've spoken with my clients and the Mayor is eager to provide testimony and move this litigation forward; however, we do not feel comfortable doing so at this time.
>
> I just want to be clear that the protective order is about more than the potential discussions of confidential topics during the Mayor's deposition. It's about the disclosure of documents to parties who are not involved in this litigation. It's about public discussions of pending litigation involving my clients, including cases that you and Attorney Motley are not involved in. The concern is that without a means by which we can label certain documents "for attorneys eyes only" we have no way of quelling the potential pre-trial prejudice. A mutually agreeable protective order will benefit all parties and ensure that discovery can be produced freely. I sent the attached protective order for your review on April 7. You did not suggest changes, but simply objected to the protective order. Moreover, Protective orders are common in this type of litigation and simply having one in place does not mean all discovery would be subject to the order.
>
> That being said, the Mayor has availability next week and the week following that to be deposed in this matter at a mutually agreeable time after the Court provides guidance on the protective order and sealing of discovery documents.

(*Id.*) The defendants then filed an expedited motion to seal all discovery materials. (Docket # 28.) In the motion, defendants asserted that an order sealing all discovery materials was necessary because plaintiffs' counsel "filed or produced confidential and sensitive discovery documents to the Court, which could lead to the City of Wauwatosa, Mayor and law enforcement being harassed, annoyed, unduly burdened and oppressed by the public, as these documents have been reproduced by media outlets." (*Id.* at 2.)

In support of the motion, the defendants asserted that on April 7, 2021, City of Wauwatosa law enforcement officials discovered that the Civil Unrest Operational Plan and other documents filed by plaintiffs' counsel, which included personal phone numbers of

5

Police and Fire Commission volunteers, government officials, and details of law enforcement operations and security protocol, had been posted on the website of Urban Milwaukee, a local media outlet. (*Id.* at 3.) The defendants further asserted that on April 1, 2020, Attorney Motley gave a virtual presentation, open to the public, that "shared her research, experiences, and court filings against the City of Wauwatosa," and "touched on unrelated matters currently being litigated against the City of Wauwatosa." (*Id.*) Finally, the defendants cited the futility of discussions between the parties regarding the sensitivity of discovery materials, including plaintiffs' counsel's repeated opposition to a protective order and disregard of requests to file a redacted version of the Civil Unrest Operational Plan. (*Id.*)

On April 23, 2021, Defendant McBride failed to appear for his deposition. (Docket # 31-16.) Attorney Schwab emailed Attorney Baynard asking if the defendants were willfully violating the notice of deposition with respect to Defendant McBride. (Docket # 31-17.) Attorney Baynard responded she notified Attorney Schwab that Defendant McBride would not be at the deposition. (Docket # 31-18.)

Plaintiffs' counsel subsequently requested a hearing before the court, which was held at 1:00 p.m. on April 23, 2021. (Docket # 30 at 2.) During the hearing, defendants repeated their position that discovery contained sensitive information and sought a blanket protective order, an order sealing discovery, and to have the Civil Unrest Operational Plan attached to plaintiffs' amended complaint sealed. (*Id.* at 1.) The defendants also asserted that Defendant McBride was uncomfortable proceeding with his deposition without an agreement on restricting or sealing parts of discovery and his deposition, and the defendants informed the plaintiffs they would not proceed with the deposition until a decision was made on the motion to seal. (*Id.*) The defendants further asserted that they did not intend any ill will towards the

plaintiffs in filing the motion and not attending the deposition, and that issues were only brought to the attention of defendants' counsel the previous day. (*Id.*)

In response, the plaintiffs argued the defendants received a final notice of deposition on April 2, 2021 and were holding Defendant McBride's deposition hostage as leverage on the request for a protective order. (*Id.* at 1–2.) They also asserted they would not agree to a protective or sealing order but would agree to redact certain personal information in discovery. (*Id.* at 2.) Upon hearing the parties' arguments, I denied the defendants' motion to seal as premature and ordered the parties to confer regarding the sealing of specific documents.. (*Id.*) I further noted that if discovery disagreements persisted, the parties could file specific motions citing the authority of the court to seal or restrict any discovery, and the non-moving party would be afforded the opportunity to respond. (*Id.*)

On April 26, 2021, plaintiffs filed the instant sanctions motion, arguing that Defendant McBride's failure to attend his duly noticed deposition was not substantially justified and constituted a willful abuse of the discovery process. (Docket # 31 at 5–6.) Defendants oppose the motion and assert that given the state of the record at the time the deposition was to take place, sanctions are not warranted. (Docket # 35 at 6.)

## ANALYSIS

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure provides that the court may award sanctions for a party's failure to appear at a properly noticed deposition. While a variety of sanctions may be imposed for such failure, the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The plaintiffs argue Defendant McBride's failure to appear for his April 23, 2021 deposition was not substantially justified because the deposition had been scheduled and noticed for three weeks; the defendants' motion to seal all discovery was made less than 24 hours before the deposition was scheduled to begin; and the discussion of a protective order had begun over two weeks prior to Defendant McBride's deposition, yet the defendants waited until the last moment to object and file the motion to seal. (Docket # 31 at 5.) The plaintiffs assert they expended time and money traveling to the deposition site, preparing for the deposition, waiting for Defendant McBride to appear, and preparing the motion for sanctions; as such, they request attorney's fees and costs incurred for the deposition and preparing the sanctions motion. (*Id.* at 6.)

The defendants contend that Rule 37(d)(2) affords them safe harbor from sanctions. (Docket # 35 at 3–4.) The Rule states that a failure to attend a properly noticed deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). The defendants argue while they did not file a motion for a protective order under Rule 26(c), the motion to seal was tantamount to such a request, and they made numerous attempts to get plaintiffs to agree to a protective order due to plaintiffs' counsel's publication of discovery information. (Docket # 35 at 4.) As such, the defendants contend, an order sealing all discovery material was necessary to "protect the integrity of this action and other ongoing litigation with the City of Wauwatosa, including any pending criminal proceedings, as well as the confidentiality of governmental officials and law enforcement personnel involved." (*Id.* at 5.)

To begin, the fact that Defendants' motion to seal filed 24 hours before the scheduled deposition was pending does not prohibit the imposition of sanctions for McBride's failure to attend the deposition. It is true that some courts have found that a party's pending motion for a protective order automatically precludes sanctions for that party's failure to attend a deposition. *See Est. of Jackson v. Billingslea*, No. 18-10400, 2019 WL 2745556, at *2 (E.D. Mich. July 1, 2019) (party with a pending motion for a protective order was excused for cancelling deposition); *Wilson v. Kautex, A Textron Co.*, No. 1:07CV60, 2008 WL 189568, at *2 (N.D. Ind. Jan. 17, 2008) ("Consequently, since there was a motion for a protective order pending . . . the Court must deny [the defendant's] request for sanctions.").

However, other courts have found that Rule 37(d)(2) does not automatically exempt a party from sanctions; rather, it expresses that at a minimum, a motion for a protective order must be pending if a party seeks to excuse its failure to appear on the objectionable nature of the deposition. *See EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020) ("[H]aving a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient."); *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 915 (11th Cir. 2010) ("Case law confirms that the filing of a motion for a protective order does not shield a party from his duty to appear for his deposition."); *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) ("[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (noting that a rule to the contrary would be "an intolerable clog upon the discovery process."). Further, the Advisory Committee's Note to the 1993 Amendment state as follows regarding Fed. R. Civ. P. 37(d):

9

> [I]t is pendency of a motion for protective order that may be urged as an excuse for a violation of subdivision (d). If a party's motion has been denied, the party cannot argue that its subsequent failure to comply would be justified. In this connection, it should be noted that the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect.

The more prudent interpretation is that the filing of a motion for a protective order does not automatically excuse a party's failure to attend its properly noticed deposition. Thus, I find that simply because the defendants' motion to seal discovery was pending at the time Defendant McBride failed to appear does not prevent the imposition of sanctions.

Further, I find that Defendant McBride's decision not to attend the properly noticed April 23, 2021 deposition was not substantially justified. The plaintiffs initially refused the defendants' request for a protective order on April 9, 2021. (*See* Docket # 29-2 at 2–3, Docket # 32-13.) Inexplicably, the defendants did not follow up with their request for a protective order until April 22, 2021, the day before Defendant McBride's deposition. (*See* Docket # 29-3 at 4–5, Docket # 31-14.) Further, the events cited by the defendants to demonstrate the necessity of an order sealing all discovery occurred before April 22, 2021, including the publication of discovery materials on Urban Milwaukee's website and the plaintiffs' docketing of the unredacted version of the Civil Unrest Operational Plan. As such, there is no reason why the defendants could not have filed a motion to seal or for a protective order before April 22, 2021.

It is also worth noting that the motion to seal, on which defendants relies, was problematic. It was overbroad and rested on an insufficient factual basis. The Local Rules provide that a motion to seal "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." Civ. L. R. 79(d) (E.D. Wis.) Additionally, the Federal Rules state that for good cause, the court may issue a

protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).

As support for the motion to seal *all* discovery, the defendants argued without further explanation that the Civil Unrest Operational Plan contained "privileged and confidential law enforcement protocols and personally identifying information, including phone numbers, security detail and operations." (Docket # 29 at 2.) The defendants also cited Attorney Motley's presentation on April 1, 2020 sharing her "research, experience, and court filings against the Wauwatosa Police Department," (*id.*) but did not explain why the presentation demonstrated the harm that would result if discovery was not sealed. As for Defendant McBride's deposition specifically, the defendants proffered in their motion that information discussed during the deposition "may contain confidential information and pending objections before the court" and Attorney Baynard's belief that plaintiffs' counsel might discuss or produce the deposition testimony to the public. (*Id.*) Again, the defendants did not provide sufficient explanation as to the confidential information at issue or the harm that may occur.

That said, filing a motion was not the only recourse available to Defendant McBride. As the parties well know, I am available to hold conferences with the parties on even short notice and with little fanfare. Accordingly, counsel for Defendant McBride could have requested a conference with the court prior to the scheduled deposition, rather than deciding not to attend a properly noticed deposition.

Accordingly, finding McBride's failure to attend the deposition not substantially justified and finding no circumstances that would make an award of expenses unjust, I will award the plaintiffs reasonable fees and costs associated with the April 23, 2021 deposition and those relating to and associated with filing the instant sanctions motion. Plaintiffs must submit an affidavit or other certification detailing the reasonable costs and fees relating to associated with the April 23, 2021 deposition and the instant sanctions motion by **August 30, 2021.** Defendant McBride will have until **September 9, 2021** to respond.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motions for sanctions (Docket # 31) is **GRANTED**. The plaintiffs must submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with the April 23, 2021 deposition and the instant sanctions motion by **August 30, 2021**. Defendant McBride will have until **September 9, 2021** to respond.

Dated at Milwaukee Wisconsin this 20th day of August, 2021.

BY THE COURT

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge