UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al,

    Plaintiffs,

v.                                               Case No. 20-CV-01660

CITY OF WAUWATOSA, et al,

    Defendants.

**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**
**UNDER FRCP 30(d)(2) AND FRCP 37(d)**

    Plaintiffs, by and though their undersigned counsel, hereby submit this Certified Motion for discovery sanctions as provided under FRCP 30(d)(2) and FRCP 37(d), and in support thereof, provide as follows:

## RULE 37(a) CERTIFICATION

    Counsel for Plaintiffs certify that they have made multiple good faith efforts to obtain Defendant Causier's continued appearance at the properly noticed August 19, 2021 deposition in the City of Wauwatosa and to obtain Ms. Causier's presence without court action.

## INTRODUCTION

    This motion is for sanctions on Defendant Counsel and Ms. Causier, deponent and named Defendant in the Amended Complaint filed on August 21, 2021, for willful failure to appear at the continued deposition of Ms. Causier; the deposition which had been initially and properly scheduled and undertaken on July 13, 2021 at 9:00am. Despite providing two additional continuation dates, both properly noticed, Defendant Counsel and Ms. Causier withheld her continued appearance.

1

## BACKGROUND

Kathy Causier, President of the Wauwatosa Common Council, began her deposition on July 13, 2021 at 9:00am at Gunta Law Offices in the City of Wauwatosa. The known and agreed upon logistical interruption requiring temporary adjournment of the July 13, 2021 deposition was the status conference with this Honorable Court at 11:30am.

Additionally, all counsel had previously agreed to conduct two additional depositions that same day (July 13, 2021) in the afternoon at 1pm and 3pm, which was reasonable due to the relatively brief time each was expected to require. Counsel had communicated that these depositions were necessary prior to filing of the amended complaint (originally due July 31, 2021). Both of those afternoon depositions were successfully conducted without need for additional delay.

At Causier's commencement of deposition on July 13, 2021, a health concern was communicated during a brief off-the-record conversation of all counsel, during which Defendant counsel advised that she was available for the rest of the week (July 14, 15 & 16) if an adjournment was necessary. The deposition went on that morning, and before any adjournment could be properly, technically accomplished with an agreed upon next date, the time was noted, and the status conference with the Court was immediately begun. There was no proper adjournment, no opportunity for additional examination by any counsel, including Defendant Counsel.

While Defendant Counsel Baynard was participating in the status conference, myself and Defendant Counsel Moore had brief conversations about the continuing deposition of Ms. Causier. It was specifically stated that I did not believe I had any more questions that morning, but I had not conferred with Attorney Motley who had been conducting the deposition as well. Additionally, Attorney Moore stated he was not sure whether Attorney Baynard had any questions.

At about 12:15pm, I approached Attorney Moore, explained that I had to leave Gunta Law Office to get to my own office where the 1pm and 3pm depositions were being conducted. He asked if I had anymore questions for Ms. Causier, and I stated that I did not at that time, but I did not know if Attorney Motley did because the status conference was still in progress. He stated that he did not think Attorney Baynard had any questions, so the deposition could be concluded. I explained explicitly that Ms. Causier's deposition was not concluded, and that technically, it had

2

not even been properly adjourned, so a continuation date was necessary. He shook his head, but did not say anything else.

The following day, July 14, 2021, at 3:50pm, Plaintiff Counsel forwarded a Notice for Continued Deposition of Ms. Causier for that Friday, July 16, 2021 at 9am (Exhibit 1).

Defendant Counsel replied at 4:00pm, "There will not be a deposition this Friday." (Exhibit 2).

Plaintiff Counsel responded within 5 minutes asking if Thursday was better and asking "What is the problem?" (Exhibit 3).

Defendant Counsel responded also within 10 minutes stating simply that "We're not producing her again." (Exhibit 4).

Plaintiff counsel responded again within 10 minutes, and before 5pm, that we would accommodate for what had been provided as open dates. There was no response. (Exhibit 5).

On Friday, July 16, 2021 at 9:11am, Plaintiff counsel emailed with a request for status as to the continued appearance, and again at 9:37am, after a phone call to Gunta Law office, and was advised that no attorneys were in the office. (Exhibit 6).

Again, the only response from Defendant counsel was "I told you that Ms. Causier was not appearing for that deposition." (Exhibit 7).

At 10:53am on that same day, I provided a full logistical summary of the events leading up to this non-appearance, wherein I asked for any corrections to anything I provided. (Exhibit 8).

No response was ever provided.

On July 26, 27 and 29, 2021, additional depositions were conducted at Knowlton Law

3

Group offices. On July 29, 2021, counsel in person, discussed additional discovery through depositions. Plaintiff counsel advised that necessary discovery for Plaintiffs of Defendants, and including some members of the Common Council, were needed prior to the amended complaint filing (at that time still set for July 31, 2021). Defendant Counsel stated that depositions of Plaintiffs could likely move to October. During this discussion, all counsel agreed to modify the scheduling order for the amended complaint to be August 20, specifically to accommodate this discovery. Counsel duly filed the stipulated request, which this Court granted in amending the Scheduling Order (ECF #42).

On Friday, August 6, 2021, Plaintiff counsel again requested amenable dates for depositions which included the continuation of Ms. Causier. (Exhibit 9).

The response on August 9, 2021 from Defendant counsel simply stated dates were being collected. (Exhibit 10), and additional email exchanges that day did not include any issues suggesting preclusion of any requested deponents.

Instead, on August 11, 2021, Defendant counsel stated that no date would be agreed upon for Ms. Causier. Counsel stated:

> CC Members: Kathy Causier, I did not agree to produce Kathy a second time. I don't have the transcript yet from the July 13, 2021 deposition, but it was my understanding that Attorney Knowlton was done and we took a break to see if I wanted to ask any follow-up. Unfortunately the Court's 11:30 hearing occurred and I decided I had no need for any additional questions. This is precisely why I was hesitant to have that hearing scheduled, but was assured the deposition would be done prior to that. Even with the approx. 20 minute break that we took. I will review the tape from the deposition if you have it, but that's the City's position at this time.

(Exhibit 11).

In response that same day, on August 11, 2021, Plaintiff counsel provided formal and proper notice for the continued deposition of Ms. Causier on August 19, 2021 at 1pm, which included the explanation that any argument for relief must be appropriately made to the Court. (Exhibit 12).

On August 12, 2021, again, Defendant counsel simply referred to Rule 30, stating, "A

4

second Causier deposition will not take place pursuant to Fed R. Civ. P. 30 (A)(i)-(ii)." (Exhibit 13).

On August 13, 2021, Plaintiff counsel again stated, "Just to be clear Ms. Causier has been properly noticed for her continued deposition on 8/19 at 1:00p.m. We expect her to be present. If you are planning to ignore a legally and properly served subpoena you need to submit this issue with the court. If Ms. Causier does not show up you leave us no choice but to file another sanctions motions." (Exhibit 14).

And finally, on August 17, 2021, Plaintiff counsel again advised:
> Just to be clear, we expect to see Mrs. Causier who was properly served to continue her deposition on 8/19 at 1p.m. We also expect, Mr. Schimmel, who is a contracted attorney of the city was also properly served for his deposition of 8/20 at 1p.m. Clearly, you are not contesting that they both were properly noticed.
>
> We understand that you are representing Mrs. Causier are you affirmatively stating that you are also representing Mr. Schimmel? We note that we have had numerous communications, including emails, with you about deposing Schimmel and you have NEVER indicated that he is your client. Please confirm if you are now saying that he is your client.
>
> All objections to literally anything should have been promptly brought to the attention of the court. We disagree with your assessment of Rule 30 and thus we properly noticed the aforementioned. You are incorrect we are not over the limit of depositions. You have an ethical obligation to any of your clients to inform them of the potential consequences for them not showing up for depositions.
>
> We look forward to seeing you on 8/19 & 8/20.

(Exhibit 15).

On Thursday, August 19, 2021, Defendant counsel appeared at a deposition of Martin Keck at 9am at Knowlton Law Group office. At the adjournment of his deposition, Defendant counsel prepared to leave. Plaintiff counsel inquired as to whether Ms. Causier would be appearing, to which Defendant counsel stated that no, she would not, and that she would not discuss any other dates. Defendant counsel also stated that counsel had a "disagreement" as the interpretation and applicability of Rule 30. Plaintiff counsel stated that as previously and repeatedly noted, a proper

5

Notice was accomplished, and that no party has authority to unilaterally disregard a properly Noticed deposition. Plaintiff counsel stated that it was not desirable in any way to file another sanctions motion and requested another date. Defendant counsel told Plaintiff counsel to file a sanctions motion and left.

## **ARGUMENT**

FRCP 37(d)(1)(A)(i) provides that the Court must order sanctions if "a party… fails, after being served with proper notice, to appear for that person's deposition." "A party served with a notice of deposition is obliged to appear at the time and place designated in the notice and, if the party fails to do so, that party is subject to sanctions." *Precisionflow Technologies, Inc. v. CVD Equipment Corp.*, 198 F.D.R. 33, 36 (N.D.N.Y. 2000) (holding Rule 37(d) and fundamental fairness required that the plaintiff and its counsel bear the costs incurred by defendant when only one of nine former employees of plaintiff noticed for deposition appeared) citing *Lee v. Walters*, 172 F.R.D. 421, 428 (D. Or. 1997). Further, "[r]ule37(d) makes it explicit that a party properly served [with a notice of deposition] has an absolute duty to respond." *Charter House Ins. Brokers, Ltd.v. New Hampshire Ins. Co*., 667 F.2d 600, 604(7th Cir. 1981) citing 4AMoore's FEDERAL PRACTICE & Procedure, § 37.05 (1981). Accordingly, Ms. Causier's failure to appear at the Plaintiffs' August 19, 2021 continued deposition is subject to sanction under Rule 37(d).

Defendant counsel had participated in the commencement of Ms. Causier's deposition and was fully aware that it had not concluded. Multiple attempts to find a mutually agreeable time for the continued deposition prior to the amended complaint filing deadline were initiated by Plaintiff without success, and with mixed responses, causing confusion and irreparable delay.

Sanctions are mandatory for failure to attend a noticed deposition. 2 *Lee*, 172 F.R.D. at425; see also, *Monsanto Co. v. Ralph*, 382 F.3d 1374,1382 (D.C. Cir. 2004) (district court has the inherent power under Rule 37 to sanction abuses of the judicial process irrespective of the existence of any particular order). Indisputably, Rule 37(d)(3) provides that the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The Eastern District of Wisconsin has construed Rule 37(d) consistent with its plain

language, noting that "[u]nless the court finds that the failure to appear was substantially justified or other circumstances make an award of expenses unjust, the court must at least require the party who failed to appear to pay the reasonable expenses, including attorney's fees, caused by the failure to appear." *See Dauska v. Green Bay Packaging Inc.,* 291 F.R.D. 251, 256-57 (E.D.Wis., 2013).

Again, distinguishable from *Dauska,* wherein this Court denied a Rule 37(d) motion, there was no confusion in this case regarding the fact of, and the date of Ms. Causier's continued deposition. Plaintiffs made specific attempts, respectful of a mutually amended deadline, to try to find a time that was convenient for Ms. Causier and her counsel. Exhibits 1-15.

In fact, Plaintiffs provided notice and prepared for two separate continued depositions, one for July 16, 2021 (as counsel had already articulated availability) and when that deposition notice was ignored, Plaintiff provided another date, August 19, 2021, prior to filing for sanctions. Even then, Plaintiffs file upon the express direction of Defendant counsel.

Ms. Causier and her counsel, deliberately and knowingly ignored the properly noticed continuing deposition. This was no mistake, mishap or accident. Again, this was willful and was made with the intent to impede and frustrate Plaintiffs' attempts to fully and completely inform the amended complaint.

Nonetheless without privilege or reasonable basis, Defendant counsel and Ms. Causier willfully ignored the notice of continued deposition and refused to appear, which was in no way substantially justified.

Defendant counsel did attempt to rationalize the non-appearance by invoking Rule 30 limitations on depositions. Even if Defendant counsel were to successfully argue a preclusion, that is the sole purview of the Court. Only through proper motion practice can that justification be raised so that the court is the literal judge of that argument. Defendant counsel seeks to circumvent the most fundamental FRCP process to assert party authority over the Court.

Even after Plaintiff counsel explained that the Court is the only appropriate authority to determine the "relief" of being excused from an appearance, Defendant counsel has still to date failed to file any motion for same. Instead, Defendant counsel continues to suggest that the burden (and authority) for application and interpretation of any rule and law, is the parties. That turns the civil judicial process on its head and usurps the Court's authority. To date, Defendant counsel has failed to properly move for relief.

7

Plaintiffs have incurred significant costs and spent time, including travel to the deposition site, preparation on two distinct occasions for Ms. Causier's continued deposition, waiting for Ms. Causier to appear, and in preparing this motion for sanctions. Plaintiffs hired a court reporter, a videographer, and incurred travel costs. It would violate fundamental fairness for Plaintiffs to be forced to bear the costs of Defendants' willful misconduct.

Wherefore Plaintiffs respectfully move this court to enter an order of sanctions against Ms. Causier and her counsel for their failure to appear without basis and for a willful abuse of the discovery process. Plaintiffs request attorneys fees and costs for the continued deposition Ms. Causier refused to attend, and for fees and costs incurred in preparing this motion.

Dated this 22nd day of August, 2021.

**COUNSEL FOR PLAINTIFFS**

By: /s:/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

/s/ Kathryn L. Knowlton
WI State Bar No. 1032814
Knowlton Law Group, LLC
7219 West Center Street
Wauwatosa, WI 53213
Telephone: (414) 202-2444
Email: kate@knowltonlawgroup.com

/s/ E. Milo Schwab
Ascend Counsel
3000 Lawrence Street
Denver, CO 80205
Telephone : (732) 406-8215
Email :milo@ascendcounsel.co