

WRITER'S DIRECT CONTACT:

KATHRYN L. KNOWLTON
(414) 202-2444
KATE@KNOWLTONLAWGROUP.COM
7219 WEST CENTER STREET, WAUWATOSA, WI 53210
PHONE: 414-375-4880 / FACSIMILE: 414-939-8830
KNOWLTONLAWGROUP.COM

August 22, 2021

Hon. Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Ave.
Milwaukee, WI 53202 **VIA ECF FILING**

      RE:    Case No: 20 CV 1660
                    Knowlton, et al v. City of Wauwatosa, et al.

Dear Judge Joseph:

Plaintiffs provide this correspondence for efficiency in assisting in the status conference in the above-referenced matter on Monday, August 23, 2021 at 9am, and specifically in reply to Defendant Counsel's letter dated August 20, 2021.

First, and most significantly, it is vital to note that the included Index referencing Bates Numbering has never been provided to Plaintiffs, as we noted in our July 23, 2021 letter. That is, only on August 19, 2021, did Attorney Baynard bring printed copies of emails that she stated have already been provided via hard drive and/or google docs links on various dates, but these printed copies that she physically brought were stamped with Bates numbers. This is the very first time any production was provided with Bates Numbers. Again, an Index has never been provided.

That is, if in fact Defendants have provided all of these things as listed on the Index which was provided to this Court on August 20, 2021, but never, until this filing, to the Plaintiffs, then none of the documents already received are stamped with any Bates number. We confirm that is the case.

Defendant Counsel's attempt here to provide a respected standard of discovery will require an entire re-structure of our own already-received discovery, because this Bates numbering is completely new.

We are simply forced to set this before the Court, as the only redress we can see is a complete re-production of everything by Defendants, properly stamped as they purport in their proffered Index. This seems the only logical and fair option available, as consistency is a hallmark of efficiency for the Court. Frankly, this is a stunning development, as we have asked repeatedly for either chronological or at least, production that is explicitly attached and numerically referenced to our

requests, and only in response to scheduling this status conference do we now have any organization. We are at a loss.

Specific to Defendant Counsel's August 20, 2021 letter, we continue to struggle with the lack of production. First, directly responding to Defendant's footnote, in purporting to have satisfied Plaintiffs' discovery demands, Defendant is acknowledging that there are, or may be responsive documents in their clients' cell phones, issued by the City, but the City "has no ability to search city-issued cell phone en masse, and don't have the expertise to do so." (ECF #45, footnote 1, page 1). This is not the Plaintiffs' burden. This continued misunderstanding by Defendant's counsel as to responsibility of evaluation and production of responsive documents has caused, and continues to cause serious and costly delay.

The fact that attachments to emails have not been provided, which is undisputed, is simply unacceptable.

Similarly troubling are the continued redactions in emails and other documents, without any protective orders, stipulations or orders to seal. Defendants continue to produce documents with significant redactions.

Very recently confirmed in March, 2020, after concluding when redactions were not proper in discovery, this Court reinforced a cornerstone of credibility for the judicial process,

> 'The Seventh Circuit has emphasized that 'the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.' *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Id.

*IDC Fin. Publ'g, Inc. v. Bonddesk Grp.*, Case No. 15-cv-1085-pp, 2 (E.D. Wis. Mar. 10, 2020).

Redactions specifically were addressed in this case in 2017, when the Court ordered the Defendants to produce unredacted versions of any responsive document. The Court's reasoning confirmed that the basic discoverable unit in the discovery process is a document, and "[the Defendants] have blocked out large chunks of information on documents that, by virtue of producing them, they admit are discoverable." *IDC* (No. 15-cv-1085-pp, 2017 WL 4863202 (E.D. Wis. Oct. 26, 2017). The *IDC* 2017 Court notes that unredacted versions are required and efficient to the fair discovery process because 1) Plaintiffs are already expected to take Defendants at their word that responses are complete, (an additional layer of "faith" is necessary when redacted material is produced); 2) full context of any discoverable document is negatively impacted when it contains redactions, which is antithetical to proper production; and finally, but significantly, 3) allowing redactions may in fact incentivize parties to push

the envelope on redactions and hide as "much as they dare." *Id*. Again, in addition to improperly shifting the burden, this is a colossal waste of time for the Court, as well as a sadly effective undermining tactic to the fundamental purpose of fair process.

The plain truth is that Plaintiffs counsel in this case are not getting paid. Continued abuse of process can only benefit the Defendant, who is exploiting the breadth and inefficiencies inherent in a civil litigation against a municipality, protracting time, and making this case untenable to professionally litigate.

As to the majority (in length) of Defendant Counsel's letter, listed under "2. Depositions Noticed in Contravention of Rule 30," we must stand on our filed Motion for Sanctions.

We look to advise the Court and remind Defendant Counsel that we specifically stated that we had absolutely no desire to file, and were provided no other recourse, in fact, Defendant Counsel stated herself that that was our only recourse. Though we advised that she could file a Motion to Quash in the alternative, she rejected that. Thus, we were forced to file an additional motion for sanctions for the non-appearance of Kathy Causier for her *continued* deposition, though Defendant Counsel continues to mischaracterize this as an "additional" deposition.

Thank you, and we are hopeful for a productive status conference for clarity and progress.

Very truly yours,

KNOWLTON LAW GROUP, LLC

*Kate Knowlton*
Kathryn L. Knowlton
State Bar No.: 1032814
7219 West Center Street
Wauwatosa, WI 53210-1126
Email: kate@knowltonlawgroup.com
Telephone: (414) 202-2444

Kimberley Cy. Motley
State Bar No.: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

E. Milo Schwab
Ascend Counsel
3000 Lawrence Street
Denver, CO 80205