# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
___

KATHRYN KNOWLTON, DANA McCORMICK,
    et al.,

                                                  Plaintiffs,

v.

                                                   Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS MCBRIDE, et al.,

                                                   Defendants.
___

## DEFENDANTS' RESPONSE TO PLAINTIFFS' ATTORNEYS' AFFIDAVIT OF COSTS AND FEES FILED AUGUST 30, 2021
___

      Defendants, by their attorneys, Gunta Law Offices, S.C., submit this Response to Plaintiffs' Attorneys' Affidavit of Costs and Fees ("Affidavit") filed on August 30, 2021.

## **INTRODUCTION**

      Plaintiffs' Attorneys overreach in claiming over $56,000 in costs and fees for a deposition that did not take place, and a six-page motion for sanctions. In the Affidavit, Attorney Kimberly Motley seeks $31,075 in fees for 56.5 hours of alleged work at a rate of $550 an hour; Plaintiff and Attorney, Kathryn Knowlton, seeks $7,362.50 in fees for 15.5 hours of alleged work at a rate of $450 an hour; and Attorney Milo Schwab seeks $14,940.00 in fees for 33.2 hours of alleged work at a rate of $450 an hour. The three attorneys allegedly spent over 105 hours preparing for one deposition and drafting a six-page motion for sanctions. The outrageous and voluminous number of hours allegedly spent preparing for one non-expert deposition are not supported by any

documentation or proof of their validity. In fact, only one of the Plaintiffs' attorneys, Milo Schwab, even attempted to detail the legal work provided.

The vague and unsupported Affidavit also includes several unrecoverable and unnecessary expenses. Attorney Kimberly Motley requests costs for a round-trip flight from the Charlotte airport to Milwaukee in the amount of $243.00, car rental for five days in the amount of $200, and lodging for five days in the amount of $375. Attorney Milo Schwab requests costs for a flight from Denver to Chicago in the amount of $92.98, flight from Milwaukee to Denver in the amount of 98.40, parking in the amount of $51.00, two-day hotel stay in the amount of $159.40, and meals in the amount of $60.00. These requests are clearly unnecessary and unrecoverable as attorneys' costs for a deposition to be taken in the venue in which Plaintiffs filed suit. Further, the requests did not include any supporting invoices to verify that such expenses were actually incurred.

The requested costs for the court reporter and videographer are similarly unnecessary and undocumented. The Affidavit requests court reporter cost in the amount of $450 for 6 hours of alleged work at a rate of $75 an hour, and $900 in videographer costs for 6 hours of alleged work at a rate of $150 an hour. Like the rest of the items listed in the Affidavit, this request includes no supporting evidence such as an invoice or deposition transcript, and no verification that the court reporter and videographer performed six hours of work at the canceled deposition.

Because Plaintiffs' attorneys' request for costs and fees is outrageously excessive and void of any supporting evidence, denial of the requested costs and fees in its entirety is appropriate. If the Court does not deny the costs and fees requested, a greatly reduced amount could be awarded.

## ARGUMENT

### I. PLAINTIFFS' ATTORNEYS' COSTS AND FEES SHOULD BE DENIED ENTIRELY.

The Court should deny Plaintiffs' Attorneys requested costs and fees in its entirety because the claimed costs and fees are "outrageously excessive." The Seventh Circuit has long held that courts should deny costs in their entirety where an attorney claims an "outrageously excessive" amount of fees. *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)(ruling that denial of an outrageously excessive claim for attorney fees in its entirety is an "effective[] means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims. . . ."). Indeed, "[a] number of cases [expressly] authorize the denial of an otherwise warranted request for an award of fees because the request is for an exorbitant amount." *Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005); *see also Brown* at 1059; *Vocca v. Playboy Hotel of Chicago, Inc.,* 686 F.2d 605, 607–08 (7th Cir. 1982); *Peter v. Jax,* 187 F.3d 829, 837–38 (8th Cir. 1999); *Fair Housing Council of Greater Washington v. Landow,* 999 F.2d 92, 96–97 (4th Cir. 1993)(accepting contention "that a district court has the discretion to deny a request for attorneys' fees in its entirety when the amount of the request is 'grossly excessive' "). In support of such rulings, the Seventh Circuit has reasoned that holding otherwise "would encourage[] [attorneys] to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed a severer reaction is need[ed]. . . ." *Brown* at 1059.

Plaintiffs' Attorneys request for over $56,000 in costs and fees for a deposition that did not take place and six-page motion for sanctions is the exact abuse that the Seventh Circuit has sought to discourage. (See Dkt. 31, 53) Plaintiffs' Affidavit includes costs and fees for multiple days of

3

travel, car rentals and food. It is simply absurd for Plaintiffs' Attorneys to seek travel related costs for a deposition scheduled to occur in the venue in which they filed suit. The alleged costs are unsupported by any documentary evidence.

Just as concerning are the unverified rates proffered by Plaintiffs' Attorneys, as well as the alleged 105 hours in work performed by them for a single non-expert deposition and six-page motion for sanctions. Kathryn Knowlton and Kimberly Motley's entire costs and fees, along with their supporting documentation are shown as follows:

**ATTORNEY KIMBERLEY MOTELY**    **$31,893.00**

| | |
|---|---|
| Attorney Fees $550/hour x 56.5 hours | $31,075.00 (including 14 hours of travel) |
| Flights (roundtrip CLT to Mke) | $243.00 |
| Car Rental (5 days at $40 per day) | $200.00 |
| Lodging (5 days/$75/day) | $375.00 |

**ATTORNEY KATHRYN KNOWLTON**    **$7,362.50**

Attorney Fees $475/hour x 15.5 hours    $7,362.50

These two attorneys completely failed to itemize any of the time they allege they spent for the deposition or motion for sanctions.

The costs and fees sought by Attorney Milo Schwab's includes vague statements, such as "preparation for deposition on [date]." Further, there is no documentation submitted or authenticated by the Affidavit to prove that any of the claimed work occurred or expenses were incurred.

The Affidavit leaves the Defendants and this Court with no choice but to guess the attorneys' actual rates and whether the work was performed. Neither the Court nor the Defendants are required to guess, expend time or incur expenses to determine what Plaintiffs' attorneys award should actually be. *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000)(ruling that "when a fee [affidavit] is vague or inadequately documented, a district court may . . . strike

[the affidavit] in recognition of the impracticalities of requiring courts to do an item-by-item accounting . . . ."). This outrageous and unverified Affidavit is the epitome of what the Seventh Circuit has directed Courts in this circuit to deny altogether. *See Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)(ruling that denial of an outrageously excessive claim for attorney fees in its entirety is an "effective[] means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims. . . .").

Therefore, this Court should deny the "outrageously excessive" and unsupported costs and fees in their entirety.

## II.   IN THE ALTERNATIVE, THIS COURT SHOULD GREATLY REDUCE PLAITNIFFS' ATTORNEYS' COSTS AND FEES TO A REASONABLE AMOUNT.

The costs and fees sought by Plaintiffs' Attorneys are outrageously inflated, void of any supporting documents, and include unrecoverable costs. As such, this Court must significantly reduce the requested costs and fees.

### A.   Plaintiff Kathryn Knowlton Is Not Entitled to Attorney Fees.

Plaintiffs request $7,362.50 in attorney fees for Plaintiff Kathryn Knowlton. These fees are not recoverable, because it is well-settled that a "plaintiff, even one who is an attorney, is not entitled to fees." *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct. 1435, 113 L.Ed.2d 486 (1991); *see also Chowaniec v. Arlington Park Race Track, Ltd.*, 934 F.2d 128 (7th Cir. 1991); *Roepsch v. Bentsen*, 846 F. Supp. 1363, 1370 (E.D. Wis. 1994).

The Supreme Court, and this Court, have adhered to this rule for several policy reasons. The prevailing *Kay v. Ehrler* case, identified the following reasons behind the rule:

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the

5

> judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.
>
> A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf.

*Kay* at 437–38.

Here, several of three aforementioned policy reasons have already been implicated by Plaintiff and attorney Kathryn Knowlton, as she is in violation of Model Rule 3.7. Rule 3.7 makes it clear that a lawyer shall not act as an advocate where the lawyer is likely to be a necessary witness. *See* Model Rule 3.7(a). Indeed, *United States v. Morris*, held that the principle that "counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question." 714 F.2d 669, 671 (7th Cir. 1983); *see also United States v. Johnston,* 690 F.2d 638 (7th Cir. 1982); *United States v. Birdman,* 602 F.2d 547 (3d Cir. 1979), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980); Model Code of Professional Responsibility DR 5–102. This matter does not present such a special circumstance. Plaintiff Kathryn Knowlton is a necessary and primary witness to the events plead in the case. (See Dkt. 1, 24, 47) As a Plaintiff, Knowlton will be appearing as a witness at trial, as well as providing deposition testimony and responding to written discovery.

Because Knowlton is a Plaintiff and an attorney in this matter, she is not entitled to her own attorney fees.

6

Case 2:20-cv-01660-NJ   Filed 09/09/21   Page 6 of 16   Document 57

### B. Plaintiffs' Attorneys' Hourly Rates and Expended Hours Must be Stricken Entirely or Greatly Reduced.

#### 1. Legal Standard.

To calculate an appropriate fee award, courts in this Circuit use the lodestar method, by "multiplying a reasonable hourly rate by the number of *hours reasonably expended* on the litigation.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001)(emphasis added); *see also Pickett v. Sheridan Health Car Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this approach, the party seeking fees bears the burden of proving the reasonableness of the hours worked and rates claimed, and "if the lawyers fail to carry that burden, the district court can independently determine the appropriate rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014); *see also Johnson v. Gdf, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012); *Hensley* at 436.

A good faith effort must be made to exclude excessive, redundant, or unnecessary hours and the Court must exclude hours it deems inadequately documented or not reasonably expended on the litigation. *Id.* at 433-34; *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999); *see also Thompson v. City of Chicago*, 2011 WL 2837589, at *4 (N.D. ILL. Feb. 14, 2011)(holding that "the court may reduce the award where the description of the work performed is inadequate."). Attorney activities that are unnecessary, excessive, or vague will be excluded from an award of fees. *Hensley* at 434; *Johnson* at 931 (7th Cir. 2012); *Thomson* at *4.

#### 2. Plaintiffs' Unsupported Billing Rates.

The burden of proving an attorney's market rate is on the applicant. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 544-55 (7th Cir. 1999). An attorney's reasonable hourly rate is "derived from the market rate for the services rendered," such as the attorney's "actual billing rate

7

for similar litigation is appropriate to use as the market rate." *Pickett* at 640; *quoting Deniue v. Dunplap*, 330 F.3d 919, 930 (7th Cir. 2003)).

If no similar billing rates are provided, the "next best evidence of a reasonable market rate is 'evidence of rates similarly experienced attorneys in the community charge . . . for similar work and evidence of fee awards the attorney has received in similar cases." *Id.*; *quoting Spegon* at 355. However, self-serving and conclusory affidavits that merely opine on the reasonableness of an attorney's fee are insufficient to establish the attorney's market rate. *Montanez* at 554; *see also Blum v. Stentson*, 465 U.S. 886, 895 n.11 (1984); *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000); *Spegon* at 556. Without any evidence of a market rate, the court will not award fees. *Spegon* at 544-55.

For example, in *Montanez*, the Seventh Circuit held that the district court properly disregarded plaintiffs' attorneys' affidavit(s) of costs and fees, where the plaintiffs failed to provide reliable evidence supporting their hourly rate and expended hours. There, a Chicago law firm handling a civil rights case tried to establish hourly rates between $400 and $450 for the two most experienced lawyers on the legal team, and between $250 and $300 for the other attorneys, by producing its retainer agreements related to immigration, contract, and criminal-law services, and other local attorney affidavits opining that the agreements were reasonable. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The Court ruled that without evidence that the prevailing market rate for this type of legal work was similar to rates for representation in civil-rights cases— the plaintiffs' attorneys had failed to meet the burden of establishing the market rate for the work, and the district court properly determined the appropriate. *Id.* at 553-54. The Court then reviewed the awards in some of the lawyers' previous cases and the publicly available information about rates charged for similar work in the community, and at rates awarded to similarly experienced

Chicago attorneys in other civil-rights cases in the district, before reducing the rate to $385 for the experienced attorneys and $175 for junior associates with less than 5 years of experience. *Id.* at 554-55.

Here, the Plaintiffs' Attorneys' fee rates are utterly unsupported. Plaintiffs' Attorneys did not bother to file a single document to support the fee rates sought, such as any curriculum vitae, retainer agreements, or affidavits from other attorneys who have comparable experience and skill, to demonstrate the market value.

Therefore, this Court should strike Plaintiffs' Attorneys' requested fees in their entirety. If the Court chooses to not strike the request altogether, it must independently determine the appropriate rate. *Montanez* at 553.

In an effort to assist the Court in making such determination, defense counsel offers the following:

### a. Kathryn Knowlton

Kathryn Knowlton is not entitled to any attorney fees because she is a plaintiff in this matter. However, if the Court disagrees and awards her fees, such fees should be minimal because she is a novice civil rights litigator.

Per Kathryn Knowlton's own website, she does not describe herself as a civil rights attorney or note any civil rights experience. In fact, her website states she practices family law, employment law, school law, and intellectual property.[1] Further, per Pacer, this appears to be her first civil rights matter. Because the Seventh Circuit set rates for civil rights attorneys with less than five years' experience to $175 in the larger Chicago market, first-year civil rights litigator Kathryn Knowlton should not be awarded a rate higher than $175 here. *See Montanez* at 554-55;

---

[1] Practice (knowltonlawgroup.com) (September 9, 2021).

*see also People who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1314-15 (7th Cir. 1996)(ruling that it was not an abuse of discretion for a district court to refuse to award market rate for an experienced attorney where the attorney had never handled a matter in that area of law).

### b. Milo Schwab

Similarly, Milo Schwab lacks the years of civil rights litigation experience to command a rate of $450 per hour in the Milwaukee market. Per the publicly available Westlaw litigation report, Milo Schwab's first appearance for a civil rights matter was in 2017, just 4 years ago. (Declaration of Kyle R. Moore, Exhibit A) Thus, his rate, if any is awarded, should be no more than $175 an hour as established by the *Montanez* court for civil rights attorneys lacking five years of experience.

### c. Kim Motley

Kim Motley may be an experienced civil rights attorney, but she has not provided any evidence to support her proposed rate of $550 an hour. Thus, this Court should reduce her rate to $385 per hour in accordance with the rates established by the *Montanez* court for experienced civil rights attorneys.

### 3. Plaintiffs' Attorneys' Expended Hours are Vague and Must be Stricken or Reduced.

Plaintiffs' attorneys vaguely sought 105 hours in work as follows:

**ATTORNEY KIMBERLEY MOTELY**

Attorney Fees  $550/hour x 56.5 hours          $31,075.00 (including 14 hours of travel)

**ATTORNEY KATHRYN KNOWLTON**

Attorney Fees $475/hour x 15.5 hours           $7,362.50

**ATTORNEY MILO SCHWAB**

Attorney Fees $450/hour x 33.2 hours           $14,940.00

10

-Preparation for deposition on 4/19/2021: 1.8 hours (half of total 3.6 hours prepped)

-Preparation for deposition on 4/20/2021: 3.1 hours (half of total 6.2 hours prepped)

-Preparation for deposition on 4/21/2021: 4.6 hours

-Preparation for deposition with Kimberley Motley on 4/22/21: 4.1 hours

-Time spent at deposition waiting, during hearing on failure, and time unavailable for working on other matters: 6 hours

-Caselaw research for sanctions motion: 1.4 hours

-Drafting Motion for Sanctions: 3.2 hours

-Preparation of attachments to Motion for Sanctions: 1 hour

(Dkt. 53 at 2-3)

Plaintiffs' Attorneys proffered number of hours dedicated solely to one non-expert deposition and six-page motion for sanctions is astonishing, unsupported, and fails to demarcate what the work was performed on. Plaintiffs' Attorneys also do not provide any explanation why all three attorneys were needed to participate in person in the deposition.

An award of all fees sought would run contrary to the Seventh Circuit's on-point guidance regarding unsupported attorney cost and fee requests. For instance, courts in this Circuit have ruled that "[w]ithout any documentation it is impossible for the opposing party to make specific objections as well as for a court to determine the reasonableness of fees." *Barnett v. City of Chicago*, No. 92 C 1683, 1999 WL 138813, at *9 (N.D. Ill. Mar. 5, 1999).

Further, the Seventh Circuit has held that "when a fee [affidavit] is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by

a reasonable percentage." *Harper* at 604. For example, in *Habitat Educ. Ctr., Inc. v. Bosworth*, this Court reduced the amount of requested fees for entries similar to those presented by Plaintiffs' attorneys. No. 03C1023, 2006 WL 839166, at *6–7 (E.D. Wis. Mar. 29, 2006). There, certain entries stated only "email," "research," "review docs," or "strategy." *Id.* at 6. The court reduced the requested fees due to such vagueness, and it noted that courts throughout the country routinely reduce or eliminate vague or insufficient entries. *Id.*; *citing H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991)( affirming reduction in fee award based on inadequate descriptions and documentation, such as "legal research," "trial prep," and "met with client"); *see also Harper* 223 F.3d at 604-05 (7th Cir. 2000) (approving the elimination or reduction of billed time due to vague or inadequately documented entries).

Kathryn Knowlton and Kim Motley did not even delineate what legal services they claim to have provided. In short, Plaintiffs have made it impossible for the Defendants or this Court to understand what the actual time spent was, and it is not Defendants' job to provide that information or to guess.

Accordingly, all of Plaintiffs' Attorneys requested time must be removed or significantly reduced.

### 4. Plaintiffs Are Not Entitled To Compensation For Unnecessary, Inefficient, and Duplicative Attendance at a Deposition That Did Not Take Place.

Plaintiffs' Attorneys are seeking cost and fees for three attorneys at a non-expert deposition. Plaintiffs' attorneys did not provide any evidence to support why three attorneys would be required in person at the deposition. Because courts across the country refuse to allow attorneys to "double dip" for the presence of multiple attorneys where one attorney will do—their fees should be reduced.

For instance, the Supreme Court has ruled that a court must exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Seventh Circuit has ruled that a "court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism." *Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009). Indeed, Courts in this Circuit have routinely eliminated duplicative and unnecessary deposition attendance time. *See Jaffee v. Redmond*, 855 F. Supp. 244, 246 (N.D. Ill.1994)(disallowing claim for representation by more than one attorney at deposition); *Rateree v. Rockett*, 685 F. Supp. 670, 671 (N.D. Ill.1988)(reducing fee request for "duplication of effort" based on "tandem involvement of plaintiffs' two lawyers in such things as deposition attendance"); *Mehringer v. Village of Bloomingdale*, No. 00–C–7095, 2003 WL 21506856, at *12 (N.D. Ill. June 27, 2003)(noting that while the attendance at trial by two attorneys, both of whom participated in the trial of the case, is not unreasonable, "it was duplicative and unnecessary for [counsel] to have more than one attorney attend a deposition."); *see also Tincher v. Walmart, No. TH 93–175–C*, 1996 WL 663879, at *2 (S.D. Ind. May 31, 1996)("[T]he court must be conscientious in its review of the nature of the time spent to prevent duplication by lawyers, particularly in such things as deposition attendance, client conferences and general discussions.")

Here, not only was it unnecessary for Plaintiffs to have three attorneys present at Mayor McBride's deposition, but it was also wholly inefficient. The following excerpt of Mayor McBride's deposition testimony features some of the crosstalk among the multiple attorneys and even a plea from Mayor McBride that Plaintiffs' Attorneys ask him one question at a time.

> ATTORNEY MOTELY: Why didn't you show up for the prior deposition?
> ATTORNEY BAYNARD: Same objection.
> ATTORNEY KNOWLTON: And you can object, he still has to answer the question.

13

> MAYOR MCBRIDE: You're not a lawyer here.
>
> (Overlapping Discussion)
>
> MAYOR MCBRIDE: I don't want questions from three lawyers at one time. Can you just, please, confine it to one at a time and I'll be happy to answer –
>
> ATTORNEY MOTLEY: This isn't your deposition and she is an attorney here –
>
> MAYOR MCBRIDE: That's -- not how you're supposed to conduct depositions.
>
> (Overlapping discussion)

(Moore Decl. Exhibit B, McBride pp. 10 – 11)

Plaintiffs' Attorneys provided no justification for requiring three attorneys at Mayor McBride's deposition, and thus they should not be granted an award of fees for all three attorneys relating to the deposition.

### C. Plaintiffs' Attorneys' Travel Related Expenses Are Not Recoverable as Costs.

Plaintiffs' Attorneys' have submitted estimates of travel expenses to the Court, without any supporting invoices for such expenses. Plaintiffs' attorneys' costs and fees included estimated travel expenses for flights ($434.38), time spent on the flights ($11,300.00), hotels ($534.40), rented vehicles ($200.00), parking ($51.00), and meals ($60.00) that are not recoverable as costs, nor necessary or supported by submission of any invoices. (Dkt. 53 at 2-3)

The Seventh Circuit has held that an attorneys' travel expenses incurred in attending depositions are not recoverable as costs. *Wahl v. Carrier Mfg. Co.,* 511 F.2d 209, 217 (7th Cir. 1975); *see also Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir. 1968), cert. denied, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); 6 J. Moore, Federal Practice, supra, 54.77(4), at 1725, and 54.77(8), at 1751.

Moreover, if any travel occurred, it was unnecessary because the use of video depositions is commonly accepted and even preferred due to the Covid-19 virus. *See Nichols v. Illinois Dep't*

14

Case 2:20-cv-01660-NJ   Filed 09/09/21   Page 14 of 16   Document 57

*of Transportation*, 4 F.4th 437, 443 (7th Cir. 2021)(ruling that "if the travel is unnecessary it should be subtracted out."). Plaintiffs' attorneys have utilized Zoom, a video conferencing application, for nearly all court hearings and depositions in this matter, including that of Mayor McBride.

Even if this deposition could not take place in the venue in which suit was filed, there is nothing about the single-day deposition that supports travel- related costs and fees for a multiple day stay. (Dkt. 53 at 2-3)

The Seventh Circuit has held that estimates are an unsatisfactory method of proving expenses and disbursement where "invoices and other kinds of more reliable evidence are available." *Wahl* at 217. Since the Plaintiffs' Attorneys have only submitted undocumented travel costs and unnecessary and inflated travel time, which is not reimbursable, this Court should not grant the requested $12,579.78 in travel related expenses.

### D. Plaintiffs' Attorneys Did Not Provide An Invoice or Transcript Proving Court Reporter and Videographer Time Spent.

Plaintiffs' Attorneys failed to submit an invoice for the requested court reporter and videographer costs in the amount of $1,350.00. As shown previously, the Seventh Circuit has held that estimates are an unsatisfactory method of proving expenses and disbursement where "invoices and other kinds of more reliable evidence are available." *Wahl* at 217. On this basis alone the Court should strike costs sought for the court reporter and videographer.

Plaintiffs seek payment for six hours of court reporter and videographer time, despite the fact that Plaintiffs had been informed by Defense counsel that Mayor McBride was not appearing at his deposition. (Dkt. 29-3) There was simply no reason to keep a court reporter and videographer present for a deposition that was not going to take place, other than to make a brief record of the fact the deponent had not shown up.

Further, the parties attended a hearing with the Court on that very issue at 1 p.m. that same day. Thus, there is no good reason for the court reporter and videographer to have been allegedly present from 9:00 a.m. to 3:00 p.m. that day. Therefore, the Court must strike the unsupported costs for the court reporter and videographer.

## **CONCLUSION**

The Affidavit is void of anything that the Defendants or this Court can use to determine costs and fees sought, such as engagement letters, receipts, invoices, curriculum vitaes, supporting affidavits on market rates, and information regarding the need for three attorneys to perform the same work. Therefore, Defendants respectfully request that the Court strike Plaintiffs' request for cost and fees in its entirety or in the alternative, significantly reduce the amount of costs and fees Plaintiffs' Attorneys seek.

Dated at Wauwatosa, Wisconsin this 9th day of September 2021.

>
> GUNTA LAW OFFICES, S.C.
> Attorneys for Defendants
>
> By: */s/ Kyle R. Moore*
> Gregg J. Gunta WI State Bar No. 1004322
> Ann C. Wirth WI State Bar No. 1002469
> Jasmyne M. Baynard WI State Bar No. 1099898
> Kyle R. Moore WI State Bar No. 1101745
> Kiley B. Zellner WI State Bar No. 1056806
> 9898 West Bluemound Road, Suite 2
> Wauwatosa, Wisconsin 53226
> T: (414) 291-7979 / F: (414) 291-7960
> Email: gjg@guntalaw.com
> acw@guntalaw.com
> jmb@guntalaw.com
> krm@guntalaw.com
> kbz@guntalaw.com