IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
   et al.,

                 Plaintiffs,

v.                                            Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS McBRIDE, et al.,

                 Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' (3RD) THIRD AMENDED COMPLAINT AND FOR REASONABLE COSTS INCLUDING ATTORNEYS' FEES PURSUANT TO F.R.C.P. 16 AND 15

Defendants, City of Wauwatosa, Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, Shane Wrucke, and Kathy Causier, by their attorneys, Gunta Law Offices, S.C., submit this Memorandum in Support of their Motion to Strike Plaintiffs' (3rd) Third Amended Complaint and state as follows:

1)      On November 2, 2020, Plaintiffs filed a 15-page Complaint naming two Plaintiffs and two Defendants with this Court. (Dkt. No. 1)

2)      On January 6, 2021, this Court entered a scheduling order setting February 6, 2021, as the deadline to amend pleadings. (Dkt. No. 17)

3)      On February 11, 2021, Plaintiffs filed an Unopposed Motion to Amend Scheduling Order requesting an amendment to the scheduling order to set the deadline for amendment of pleadings to February 26, 2021. (Dkt. No. 19)

4)      This Court granted Plaintiffs' Unopposed Motion the same day. (Dkt. No. 20)

5) On February 19, 2021, Plaintiffs again filed an Unopposed Motion to Amend Scheduling Order requesting an amendment to the scheduling order to set the deadline for amendment of pleadings to March 5, 2021. (Dkt. No. 22)

6) This Court granted Plaintiffs' Unopposed Motion the same day. (Text Only Order)

7) On March 5, 2021, Plaintiffs filed an Amended Complaint. (Dkt. No. 23)

8) On March 6, 2021, Plaintiffs filed another Amendment to that Complaint. (Dkt. No. 24) This Complaint was 136 pages and included 50 Plaintiffs and three named Defendants with additional John Doe Officers.

9) Plaintiffs did not seek leave of the Court for this untimely filing.

10) On May 11, 2021, this Court entered an Amended Scheduling Order resetting July 31, 2021, as the deadline to amend pleadings. (Dkt. No. 34)

11) On July 29, 2021, this Court again entered an Amended Scheduling Order setting August 20, 2021, as the deadline to amend pleadings. (Dkt. No. 42)

12) On August 21, 2021, Plaintiffs untimely filed an Amended Complaint. (Dkt. No. 47) This Complaint was 208 pages and included 70 Plaintiffs and 12 named Defendants with additional John Doe Officers.

13) Plaintiffs did not seek leave of the Court for the untimely filing.

14) Plaintiffs filed an amendment to that Complaint on August 30, 2021. (Dkt. No. 54)

15) Plaintiffs did not seek leave of the Court for the amendment or notify counsel for Defendants.

16) On September 1, 2021, counsel for Defendants reached out to Plaintiffs' counsel for clarification on the amended filing and advising of the inconvenience as the Answer was nearly complete. (Declaration of Kiley B. Zellner, Exhibit A)

17) On September 8, 2021, after Defendants completed their Answer, Plaintiffs' Attorney Kim Motley emailed counsel for Defendants to inform them that after speaking with "the clerk" she would be filing a "corrected 3rd Amended Complaint" to include "several new claims" that were not part of the 3rd Amended Complaint. (Zellner Decl. Exhibit A)

18) Counsel for Defendants responded to Attorney Motley advising her that they could not agree to the untimely filing of a second corrected Third Amended Complaint and that such a filing is governed by Rule 16(b)(4) and requires a motion. (Zellner Decl. Exhibit A)

19) Counsel for Defendants further explained their Answer was complete and had required substantial time and resources to complete. (Zellner Decl. Exhibit A)

20) Without motion or leave of this Court, Attorney Motley then filed a 2nd Notice of Errata (Dkt. No. 55) and a Corrected Third Amended Complaint. (Dkt. No. 56)

21) The 2nd Notice of Errata states it is being submitted to "correct an inadvertent subtraction of claims from the 2nd Amended Complaint as filed by Plaintiffs on March 5, 2021." (Dkt. No. 55) Notably, the Amended Complaint filed on March 5, 2021, is marked DISREGARD (Dkt. No. 23) and was replaced with Plaintiffs' March 6, 2021, filing.

22) The 2nd Notice of Errata further claims, "there are no substantive changes from the 2nd Amended Complaint." (Dkt. No. 55) Contrary to Plaintiffs' assertion, the proposed modification encompasses five new claims for 20 additional Plaintiffs against nine additional Defendants who were never part of any version of Plaintiffs' Second Amended Complaint. (Dkt. No. 55, Eleventh Claim, Twelfth Claim, Fourteenth Claim, and Sixteenth Claim) This is unquestionably a substantive change from the (2nd) Third Amended Complaint.

23) While Plaintiffs boldly opted not to file a motion seeking leave to amend, any motion they could have filed would be outside the deadline established by this Court in its

3

Scheduling Order ("The parties may amend pleadings on or before August 20, 2021."). (Dkt. No. 42)

24) Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may only be modified for good cause and with the judge's consent. Fed. R. Civ. P.16 (b)(4).

25) Pursuant to Federal Rule of Civil Procedure 16(f)(1), a court may issue sanctions including the striking of pleadings if a party fails to obey a scheduling order. Fed. R. Civ. P.16 (f)(1)(C).

26) Pursuant to Federal Rule of Civil Procedure 16(f)(2), instead of or in addition to any other sanction, the court <u>must</u> order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P.16 (f)(2).

27) Beyond, Federal Rule of Civil Procedure 16, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend a complaint only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2).

28) To date, Plaintiffs have filed a total of five Amended Complaints. Apart from one, all have been outside the deadline established by this Court's Scheduling Orders and all were filed without leave of court or by written consent of the adverse party. (Dkt. Nos. 24, 47, 54, 56)

29) Plaintiffs have consistently ignored both the Federal Rules of Civil Procedure and this Court's Scheduling Orders when filing amended complaints—apparently believing neither apply if they include a notice of errata and never actually seek leave of the court.

30) Whatever Plaintiffs' beliefs may be, they have not complied with the Federal Rules and even when advised of the Rules, they have continued to do as they please.

4

31) As a result, this Court should strike Plaintiffs' (3rd) Third Amended Complaint (Dkt. No. 55) and award Defendants reasonable expenses including attorney's fees associated with this motion.

WHEREFORE, Defendants respectfully request that this Court grant the Defendants' Motion to Strike Plaintiffs' (3rd) Third Amended Complaint (Dkt. No. 55) and order Plaintiffs or their attorneys, or both to pay the reasonable expenses—including attorney's fees—incurred because of their repeated noncompliance with the Federal Rules and this Court's Scheduling Orders.

Dated at Wauwatosa, Wisconsin this 10th day of September 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

BY: */s/ Kiley B. Zellner*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Emails:  gjg@guntalaw.com
 acw@guntalaw.com
 jmb@guntalaw.com
 krm@guntalaw.com
 kbz@guntalaw.com