UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

KATHRYN KNOWLTON, et al.,

        Plaintiffs,

v.                                          Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

        Defendants.
_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR DISCOVERY SANCTIONS (DKT. 48)**
_____

      Defendants, by their attorneys, Gunta Law Offices, S.C., submit this Response and Objection to Plaintiffs' Motion for Discovery Sanctions Under F.R.C.P. 30(d)(2) and F.R.C.P. 37(d).

## INTRODUCTION

      Plaintiffs' Motion for Discovery Sanctions (Dkt. 48) suggests that a second deposition of Kathy Causier and deposition of George Schimmel were properly noticed and that the failure to attend amounts to an "abuse of the discovery process." *See* (Dkt. 48, p. 8) Plaintiffs subsequently sent a letter to Defense counsel conceding that George Schimmel's deposition was not properly noticed. (Baynard Decl. ¶ 2, Ex. A) Therefore this Response will address only the "Notice of Continued Deposition & certificate of service" for Kathy Cauiser, hereinafter "Causier Continued Notice." (Baynard Decl. ¶ 3, Ex. B)

## BACKGROUND

      To date, the Plaintiffs have noticed and conducted 14 depositions of 12 individuals. (Baynard Decl. ¶ 10) Plaintiffs have taken the deposition of Mayor Dennis McBride on two

1

separate occasions (June 23, 2021 and July 26, 2021) and Wauwatosa Police Department Civilian Crime Analyst Dominick Ratkowski twice (June 23, 2021 and July 27, 2021). *See id.*

| Date | Deponent | Noticed By |
|---|---|---|
| May 13, 2021 | Barry Weber | Plaintiffs |
| June 23, 2021 | Mayor McBride | Plaintiffs |
| June 23, 2021 | Dominick Ratkowski | Plaintiffs |
| July 13, 2021 | Kathy Causier | Plaintiffs |
| July 13, 2021 | Matt Stippich | Plaintiffs |
| July 13, 2021 | Joel Tillerson | Plaintiffs |
| July 22, 2021 | Heather Kuhl | Plaintiffs |
| July 26, 2021 | Mayor McBride | Plaintiffs |
| July 26, 2021 | Joseph Roy | Plaintiffs |
| July 27, 2021 | James Archambo | Plaintiffs |
| July 27, 2021 | Dominick Ratkowski | Plaintiffs |
| July 29, 2021 | Luke Vetter | Plaintiffs |
| August 19, 2021 | Martin Keck | Plaintiffs |
| August 20, 2021 | Shane Wrucke | Plaintiffs |

(Baynard Decl. ¶ 10)

On July 1, 2021, Plaintiffs noticed the deposition of Wauwatosa Common Council President, Kathy Causier for July 13, 2021. (Baynard Decl. ¶ 4, Ex. C) On July 13, 2021, Ms. Causier was deposed. (Baynard Decl. ¶ D Ex. D Causier Deposition Transcript. Prior to Ms. Causier's deposition, Defendants provided Plaintiffs with all documents, emails, and text messages responsive to discovery relating to Ms. Causier. (Baynard Decl. ¶ 6)

At the conclusion of the July 13, 2021 Causier deposition, the attorneys did not discuss, agree to, or stipulate to a second deposition of Causier. However, on August 11, 2021, Plaintiffs noticed a *second* deposition of Causier. *See* (Baynard Decl. ¶ 3, Ex. B) At that time, Defense Counsel still had not received the deposition transcripts, or a video or audio recording from the July 13, 2021 Causier deposition. (Baynard Decl. ¶ 7, Ex. E); *see also* (Baynard Decl. ¶ 2, Ex. A) Moreover, Ms. Causier was not a named defendant. *See generally* (Dkt. 24)

2

Immediately upon receipt of the Causier Continued Deposition Notice, Defendants again notified Plaintiffs that they had not agreed nor stipulated to a second deposition of Causier. (Baynard Decl. ¶ 7, Ex. E) As such, Plaintiffs must obtain leave of the Court under Fed. R. Civ. P. 30(a)(2)(a)(i-ii) to conduct a second deposition of Ms. Causier, for the following reasons: (1) Ms. Causier has already been deposed; (2) the parties have not stipulated to a second deposition of Ms. Causier; and (3) Plaintiffs have exceeded their limit of depositions. (Baynard Dec. ¶ 8, Ex. F)

Finally, Plaintiffs had ample opportunity on July 13, 2021 to depose Ms. Causier, and a second deposition would be unnecessarily duplicative. During the deposition, both Attorney Knowlton and Attorney Motley at various times confirmed they had concluded their questioning of Ms. Causier:

> ATTORNEY MOTLEY: Kate, do you have any questions?
>
> ATTORNEY KNOWLTON: No, I don't have any question[s].
>
> BY ATTORNEY MOTLEY: I just have one more -- a couple of more questions. I'm almost done.

(Baynard Decl. ¶ 5, Ex. D, p. 82) Attorney Motley then continued to ask an additional 5 pages of questions covering topics on what Ms. Causier "thought was appropriate," or if Common Council members where more important or equal to police and fire commission members, or if her home was protected. (Baynard Decl. ¶ 5, Ex. D, pp. 82-87) Attorney Motley then declared "I have nothing further." (Baynard Decl. ¶ 5, Ex. D, p. 87) Even after those assertions the deposition continued, with Attorney Knowlton and Attorney Motley asking alternating additional questions. (Baynard Decl. ¶ 5, Ex. D, pp. 87-92)

## DISCUSSION

### I. Sanctions Are Not Warranted Under FRCP 37 Because the Continued Causier Deposition was Not Properly Noticed Under Rule 30.

A party's right to conduct discovery through oral examination is neither absolute, automatic, nor self-determinable. *In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *1 (N.D. Ill. Aug. 19, 2005). Rather, it is governed by Fed. R. Civ. P. 30(a), which provides that a deposition may be taken:

> (1) **Without Leave**. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
>
> (2) **With Leave. <u>A party must obtain leave of court</u>**, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):(A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
>
> (ii) the deponent has already been deposed in the case […]

*See* Fed. R. Civ. P. 30(a)(1)-(2)(emphasis added)

The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir. 2002), cert. denied, 540 U.S. 1068 (2003), are to be accorded "their plain meaning ... and generally with them, as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete....'" *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989). The language of Rule 30(a)(2)(B) is neither vague nor fluid. **Indeed, it could not be more plain: a party "must obtain leave of court" to take a second deposition "if ... the person to be examined already has been deposed in the case."** (emphasis supplied). The plain text of this Rule outlines when a deposition may be taken. If a deposition does not comply with (a) it cannot be said to have been properly noticed.

The Continued Causier Notice indicates that the deposition is being taken pursuant to FRCP 30. (Baynard Decl. ¶ 3, Ex. B) As read, Plaintiffs, as the party seeking to take a deposition in contravention of Rule 30, **must** obtain leave of court. *See e.g., Andrews v. Fowler*, 98 F.3d 1069 (8th Cir. 1996) (civil rights claimant was not entitled to take additional depositions of city council members and other witnesses when she was permitted to take twelve depositions, which was two more than permitted without leave of court, even though some depositions were taken jointly for both claimant's action and related case, given claimant's consent and participation in those depositions). The Rule does not require the party objecting to the deposition in contravention of Rule 30 to seek leave of court. The Rule directs that leave to take a successive deposition "shall" be granted, but only if the court-not an inevitably self-interested party-determines that the requested discovery is "consistent with the principles stated in Rule 26(b)(2)." In making this determination a court considers whether the discovery sought is unreasonably cumulative or duplicative, is obtainable from an alternative more convenient or less burdensome source, whether the party "seeking discovery" had ample opportunity by discovery to obtain the information sought, or whether the burden of proposed discovery outweighs its likely benefit. *See In re Sulfuric Acid Antitrust Litig.,* No. 03 C 4576, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005). The fact that a party may ultimately be able to persuade a judge to allow successive depositions has absolutely nothing to do with the obligation in the first instance to seek a court's permission to take a deposition of a "person" who has once been deposed. (*See Id., citing Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting).

Plaintiffs contend that they had no obligation to obtain leave of court to conduct a second deposition of Ms. Causier. Even if the Court interprets Rule 30 as requiring Defendants to file objections to depositions noticed in contravention of Rule 30 (Dkt. 50, p. 2), sanctions are not

warranted because Defendants did not knowingly and deliberately ignore the Continued Notice of Deposition. As explained above the parties never agreed to permit a continued deposition of Ms. Casuier, nor was there a meeting of the minds on scheduling. To the contrary, Defendants complied with Rule 30 after confirming with this Court's clerk that this Court follows the Federal Rules of Civil Procedure. [1] As such, the deposition was never properly noticed and thus, there is no basis for sanctions for Ms. Causier non-appearance.

Furthermore, Plaintiffs' Motion for Sanctions includes as exhibits numerous emails that relate to the deposition of Shane Wrucke. *See generally* (Dkt. 48-1, 2) Plaintiffs also noticed the Deposition of Shane Wrucke without conferring with Defense Counsel as to Wrucke's or Defense Counsel's availability. Defense Counsel informed Plaintiffs' Counsel that Mr. Wrucke could be deposed any time after August 16, 2021, as he was off work and on FMLA leave. Plainitifs Counsel ignored information this and noticed the deposition of Mr. Wrucke for July 29, 2021, a date which Plaintiffs knew Mr. Wrucke was not available. When Defense Counsel reminded Plaintiffs of this scheduling mishap, Plaintiffs' Counsel went as far as to send a letter to Mr. Wrucke indicating that he still needed to appear for a deposition on the date. (Baynard Decl. ¶ 9, Ex. G) To the extent Plaintiffs suggest that Defendants did not produce Mr. Wrucke for a "properly noticed deposition" that is completely false.

Plaintiffs also argue that the "Notice of Continued Deposition & certificate of service" has the same effect as a Subpoena presumably under Rule 45. While Rule 30 does provide that the deponent's attendance may be compelled by subpoena under Rule 45, Rule 45 also has several

---

[1] This conversation occurred after Defense Counsel became aware of an Ex Parte communication in which Plaintiffs' Counsel represented that the Court explained that disagreements regarding depositions taken in excess of the parameters of Rule 30 required Defendants to file an objection with the Court.

6

requirements. The continued Causier Notice does not comply with Rule 45 requirements. *See Fed. R. Civ. P. 30(a)(1)(citing Fed. R. Civ. P. 45).*

## CONCLUSION

The Plaintiffs' Motion for Sanctions is without merit and must be denied.

Dated at Wauwatosa, Wisconsin this 13th day of September, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

/s/ *Jasmyne M. Baynard* _____
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com