Civil Action No. 20-CV- 01660

TRACY COLE, TALEAVIA COLE, TAHUDAH COLE, TRISTIANA WALLS, KATHRYN KNOWLTON, DANA McCORMICK, ANDREW AARON, KAMILA AHMED, ROBERT AGNEW, ISIAH BALDWIN, JACQUELINE BOGENBERGER, LAVITA BOOKER, REBECCA BURRELL, RAINE CICH, KHALIL COLEMAN, STEVEN CONKLIN, LAURYN CROSS, RACHEL DULAY, ANNE DELESSIO-PARSON, ERIK FANNING, JESSICA FENNER, JILL FERGUSON, BREON FOSTER, JOANNA GEISLER, CHRISTINE GROPPI, GAIGE GROSSKREUTZ, JOSEPH HAYES, PERCY HAYES, DESTINEY JONES, ADANTE JORDAN, MARY KACHELSKI, SEAN KAFER, JOEY KOEPP, JOHN LARRY, ALEX LARSON, SONORA LARSON, HOLLY LAVORA, LAZARITO MATHEU, VAUN MAYES, MOLLY NILSSEN, SHAWN PAGE, CARMEN PALMER, (JUVENILE) PALMER 1, (JUVENILE) PALMER 2, LEAH PORTER, AIDALI RIVERA, WILLIAM RIVERA, HECTOR RODRIGUEZ, JOSE HERNANDEZ RAMIREZ, OSCAR CONCEPCION RODRIGUEZ, ROSALIND ROGERS, NATHAN SABEL, WILLIAM SCHROEDER, MADELIENE SCHWEITZER, MARIAH SMITH, PETER SPARKS, TIFFANY STARK, ANGEL VEGA, CHRISTINA VITOLO-HADDAD, GABRIELLA VITUCCI, OSCAR WALTON, JAYDEN WELCH, BRITTA WELCH, SUZANNE WELLS, BRANDON WILBORN, TRISHA WILSON, KATELYN WOJNAR, SONJA WORTHY, and MEMBERS OF THE PEOPLE'S REVOLUTION, AN UNINCORPORATED ENTITY, hereinafter referred to as (TPR), on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CITY OF WAUWATOSA, CITY OF WAUWATOSA CHIEF OF POLICE BARRY WEBER, in his official capacity, DENNIS McBRIDE, in his official and individual capacity, DOMINICK RATKOWSKI, in his official capacity, GEORGE SCHIMMEL, in his official capacity, LUKE VETTER in his official capacity, JEFFREY FARINA, in his official capacity, JOSEPH ROY, in his official capacity, JOSEPH LEWANDOWSKI, in his official capacity, MARTIN KECK, in his official capacity, SHANE WRUCKE, in his official capacity, KATHY CAUSIER, in her official capacity, AND JOHN DOES OFFICERS in their official capacities,

Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' ON ATTORNEYS' AFFIDAVIT OF COSTS AND FEES**

Plaintiffs, by and through its undersigned counsel, hereby submits the following Response to Defendants' Response including its request for reconsideration of an award of attorney fees and in support thereof, provides as follows:

## INTRODUCTION

Defendants utilize much of their Response to argue that they should be relieved of any responsibility for their sanctionable conduct. As this Court is aware, Defendant McBride's complete mockery of the authority to call depositions is only one instance among a list of discovery offenses perpetrated by Defendants. To use a word that Defendants appear to rest much of their argument upon, to allow Defendant McBride to escape any culpability for his conduct and the costs it imposed on Plaintiffs' counsel would be outrageous.

## ARGUMENT

Defendants essentially make three arguments. First, they argue that Plaintiffs have included "several unrecoverable and unnecessary expenses" - essentially costs associated with travel. Next, Defendants argue that the amount of hours was unnecessary. Lastly, Defendants argue that Plaintiffs' attorney rates are too high.

### 1. *Travel Costs and Court Reporter Costs Are Recoverable*

Defendants first argue that Plaintiffs have included unrecoverable expenses. In seeking to avoid the costs of their own conduct, Defendants argue that the following categories of expenses are unrecoverable: court reporter costs, videographer costs, and costs associate with travel.

As a preliminary matter, it is hard to imagine how Defendants can put forth the argument that the costs for a court reporter are "unnecessary." Any attorney would have anticipated that a

2

court reporter would be present. In this instance, Plaintiffs hired a court reporter who waited several hours for Defendant McBride to arrive. Just as the attorneys had blocked out their entire day to depose Defendant McBride, so had the court reporter. Just as counsel for Plaintiffs waited for Defendant McBride and counsel for Defendants to appear at the deposition, the court reporter was required to remain at the location of the deposition until it was clear that Defendant McBride would not appear. Plaintiffs have attached as *Exhibit 1* the invoice from the court reporter. Similarly, Plaintiffs retained a videographer, as has been present at every single deposition in this case. Plaintiffs believe that accountability is important in a civil rights case, and the documentation, both by stenographic, as well as videographic means.

Secondly, Defendants argue, without citation, that the costs associated with travel are "unrecoverable." However, 7th circuit caselaw agrees that costs associated with travel, including flights, hotels, and meal expenses are recoverable. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). In fact, in Section 1983 cases, the Eastern District of Wisconsin routinely grants costs associated with travel. *See Rakovich v. Wade*, 602 F. Supp. 1444, 1451 (E.D. Wis. 1985), *Milwaukee Deputy Sheriffs Association v. Clarke*, No. 06-C-602, at *3 (E.D. Wis. June 14, 2010); *Six Star Holdings, LLC v. City of Milwaukee*, No. 10-C-0893, at *16 (E.D. Wis. Oct. 5, 2015).

### 2. *The Hours Worked Were Reasonable*

Defendants now list five attorneys of record, yet complain that Plaintiffs have three attorneys. As Defendants, and this Court, are well aware, this case is quite complex. It involves dozens of Plaintiffs, including approximately forty Plaintiffs on April 23, and includes fifteen (15) claims, many of which include different factual patterns related to individual Plaintiffs.

3

Different Plaintiffs' constitutional right against excessive force and right to be free from unreasonable search and seizure were each isolated events. The amount of work required under this case is significant. Given that, Plaintiffs have been working diligently to push this case forward. In the case of Mayor McBride's deposition, the wide range of information in his possession and the breadth of claims required the attention of three attorneys. Given that Defendants have five attorneys working on this case, it is eminently reasonable for Plaintiffs to hire three attorneys to pursue their claims.

When Court's evaluate the reasonableness of a request for attorneys' fees, they begin by calculating the "lodestar," that is, the number of hours reasonably expended on the case, multiplied by the reasonable hourly rate for the attorney who spent them. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (*citing Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011)). In this case, Plaintiffs' attorneys presented the times of three attorneys: Kimberley Motley, Kathryn Knowlton, and Milo Schwab.

Kimberley Motley represented that her hours included 56.5 hours related to Defendant McBride's decision to not appear. As is attached hereto as *Exhibit 2*, Ms. Motley's time included 16 hours of travel. These hours are verified by *Exhibit 3* and *4*. Under Seventh Circuit law reasonable attorneys' fees presumptively include reasonable travel time billed at the same hourly rate as the lawyer's normal working time. *Sweet v. Corp. Receivables, Inc.,* No. 05-CV-0779, 2008 WL 29535372 (E.D.Wis. July 29, 2008) *(citing Henry v. Webermeier,* 738 F.2d 188, 194 (7th Cir. 1984)). Additionally, Ms. Motley spent 29 hours preparing for the deposition. This included reviewing the records which had been produced and other documents. It also included meetings in Denver and the evening before the deposition with Attorney Schwab to coordinate

4

exhibits and questioning. Although Defendants would simply label Defendant McBride as a non-expert, he in fact is the Mayor of Wauwatosa. His knowledge about the issues at dispute in this matter and ability to bind City policy is critical. Given the importance of his testimony, such preparation is entirely reasonable. Ms. Motley also spent six hours at the deposition to which Defendant McBride never showed. Because of Defendant McBride's conduct, Ms. Motley was unable to bill any other clients for the entire day. She limited her billing to only 6 hours instead. Finally, Ms. Motley spent two hours working on the motion for sanctions. The Court specifically directed Plaintiffs to include in the request costs associated with "the instant sanctions motion." Additionally, fees on fees are generally compensable. *Morjal v. City of Chicago*, 774 F.3d 419, 422-23 (7th Cir. 2014). In total, these fees are reasonable in the context of the first deposition of a sitting Mayor of a large municipality who possesses significant information and policy authority.

Attorney Kathryn Knowlton submitted a request for 15.5 hours. Attached to this Response is Ms. Knowlton's affidavit and timesheet. *Exhibit 5*. Ms. Knowlton spent 7.5 hours preparing for the deposition, 7 hours at the deposition, and 10.5 hours related to the motion for sanctions. Ms. Knowlton has therefore reduced her hours worked from 25 hours to 15.5 hours.

Attorney Schwab provided documentation of the 33 hours he spent related to this no show by Defendant McBride. This includes eight (8) hours of travel, six (6) hours at the deposition, 18.5 hours of preparation for the deposition (reduced by 4.9 hours), and 5.6 hours to prepare the motion for sanctions. As provided above, travel time is compensable. Also as provided above and by order of the court, preparation of the motion for sanctions is compensable. Attorney Schwab was required to attend the deposition and spent significant time

5

waiting for Defendant McBride to attend. Additionally, as with all attorneys, he lost the ability to do other work while attending the deposition. Lastly, 14.5 hours of preparation time for a deposition is eminently reasonable.

### 3. *The Rates Provided Were Reasonable*

Defendants also attempt to make a rule out of the *Montanez* case. As an initial matter, that case is nearly eight years old yet Defendants do not acknowledge that attorney rates have gone up in the intervening years. But more importantly, that is simply one case. The question instead is whether the rates are reasonable. Moreover, Defendants insult Plaintiffs' counsel by seeking to reduce their rates so significantly.

Ms. Motley is an internationally known civil rights and human rights attorney. *Exhibit 6* She regularly appears on television, is a requested speaker, and has many years of experience confronting human rights abuses in countries like Afghanistan. As a leader in her field, $550 per hour is a wholly reasonable rate.

Defendants next seek to undermine Ms. Knowlton by stating that she has no experience in civil rights litigation. Putting aside the twenty years of experience as an attorney, Ms. Knowlton has years of experience in Title IX cases. Title IX relates to discrimination on the basis of sex and gender in public schools. Thus, Ms. Knowlton is in fact an experienced civil rights litigator and a rate of $475 per hour is completely reasonable.

Lastly, Defendants appear to believe that they know Ms. Schwab's practice. As provided in his Attestation, *Exhibit 7*, Mr. Schwab has a significant national civil rights practice. He obtained a first in the nation restraining order against the Denver Police for its conduct during the George Flloyd protests, a case which forms the basis of, and is cited by, nearly every other TRO

6

and Preliminary Injunction issued over the past 16 months in protection of Black Lives Matter protesters accross the country. He is often contacted for national news stories relating to the use of force by police and the protection of protesters' civil rights. His expertise is significant and his eight years as an attorney make a rate of $450 per hour entirely reasonable.

Lastly, Defendants argue that Ms. Knowlton should not receive any fees as a self-represented attorney. However, Ms. Knowlton is not representing herself, but instead represents the other forty or so Plaintiffs.

Dated this 16th day of September 2021.

**COUNSEL FOR PLAINTIFFS**

By: s/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone : (704) 763-5413
Email : kmotley@motleylegal.com

E. Milo Schwab
2401 S Downing Street
Denver, CO 80210
Telephone : (732) 406-8215
Email : milo@ascendcounsel.co

7