

Afghanistan and United States
Afghan Tel: +93 (0) 795 069 652
   +93 (0) 788 887 887
Int'l Tel : +1 (704) 765-4887
U.S. Tel : +1 (704) 763-5413
Website : motleylegal.com

September 17, 2021

Honorable Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

RE :   20CV1660 Update, request of Plaintiffs for the court to readdress the Motion to Compel filed on July 7, 2020, & Continued Discovery Issues

Dear Judge Joseph,

Please accept this letter as an update, a request to the court to readdress the motion to compel filed with the court on July 7, 2021, and an update on the continued discovery issues

We provide the following timeline for convenience and context:

- On July 7, 2021, Plaintiffs filed a motion to compel discovery, after trying to resolve this issue for months without the intervention of the court and based primarily upon a request for production of documents that was submitted to the Defendants on January 5, 2021;
- On July 13, 2021, the Court held a status conference with the parties and instructed parties to submit an update by July 23, 2021, and both sides complied;
- On July 29, 2021 the Court held another status conference and instructed the defendant's to release the aerial footage to plaintiffs for "attorney's eyes only." In addition to this, Plaintiffs requested another date to discuss the outstanding discovery issues, as little progress had been realized;
- On August 23, 2021, the Court held another status hearing instructing the defendants to file with the court a letter for a "date certain" when outstanding responsive documents would be provided to plaintiffs.
- On August 25, 2021, Gunta Law Office, as instructed by the Court, filed a letter in document # 51 indicating that "Defendants will have discovery completed, bates labeled and to Plaintiffs' counsel on or before September 10, 2021."

As of today's date, eight months after our initial discovery demand, two months after Plaintiffs' filing of the Motion to Compel Discovery, and another week beyond Defendants' own date-certain for compliance, discovery has not been completed.

Some of the outstanding discovery requests include the following:

- unredacted emails with document attachments
- Emails/texts/ communications with attachments
- letter from Mr. Vetter to David Clarke
- search warrants & search warrant applications filed in relation to the Plaintiffs
- all emails in relation to "The People's Revolution (TPR) target list" as Disseminated by Wauwatosa Police Department Officers and City of Wauwatosa employees
- all versions of the TPR target list
- any and all emails from or to : WUPDCP@wauwatosa.net.
- any and all emails responsive to the request from or to Barry Weber
- any and all social media handles as created by WPD used to monitor citizens engaged in protesting

Also, as instructed by the Court, Counsel were to discuss the number of depositions, interrogatories, and admissions to which each side could agree, and the parties conferred on September 16, 2021. It was at this conference that Attorney Kiley Zellner and Attorney Kyle Moore both stated that additional responsive documents are in their possession, including the unredacted emails from their clients, but that essentially they have not been produced because they need clarification, once again, from the Court as to whether such documents will be implicated by a protective order.

Given the lengthy, explicit and well-documented record on this score, we are forced to conclude that they do not need clarification from the Court but are frustrating the process and are delaying handing over the unredacted emails as well as presumably other discovery documents because they don't agree that they should turn over the documents to the plaintiffs. In addition, though already beyond the date-certain (September 10, 2021) requested by Your Honor, and confirmed by Defendants, when Plaintiffs asked Defendants' Counsel, again on 16 September, of the new date certain to complete discovery, they refused to give a date. We did however agree to a date of October 8, 2021 when the initial disclosures per Rule 26 would be due.

Plaintiffs also were prepared to discuss in good faith the number of depositions, interrogatories, and admissions to move this matter along per the Court's directive. On September 2, 2021, Plaintiffs suggested fifteen admissions per party and all Counsel agreed to a more substantive follow up discussion on September 16, 2021.

Though Plaintiffs sent an agenda prior to the meeting, Defendant Counsel were not prepared to discuss the number of depositions, interrogatories, and admissions and only stated that in regards to the admissions and interrogatories they want what is statutorily allowed per the Federal Rules i.e. twenty-five interrogatories per party, i.e. ~1750 for defendants, and ~300 for plaintiffs. Critically, when attempting to resolve the number of depositions, Defendant Counsel stated its position that no other depositions would be

amenable except for two newly named defendants who had not previously been deposed. This is untenable given the defendants' continued non-compliance with proper discovery procedure and process.

Unfortunately, plaintiffs are requesting that the court review again our motion to compel discovery with sanctions as filed on July 7, 2021. We have patiently, and in good faith, but unsuccessfully tried on numerous occasions to resolve these issues without the court's intervention. However, this has not worked. The discovery issue has cost the plaintiff's an incredible amount of time and resources which continues to frustrate the process. We are requesting a hearing, to include all parties, to discuss the aforementioned issues at a date and time convenient for the court.

Warm regards,

ss:// Kimberley Cy. Motley
CEO / Founding Partner
Motley Legal Services
International Number : +1(704) 765-4887
US MOBILE : +1 (704) 763-5413
Email : kmotley@motleylegal.com