# GUNTA LAW OFFICES, S.C.
## ATTORNEYS AT LAW

*Attorneys*
Gregg J. Gunta, Esq.
Ann C. Wirth, Esq.
Jasmyne M. Baynard, Esq.
Kyle R. Moore, Esq.
Kiley B. Zellner, Esq.

*Paralegal*
Christine M. Montgomery

Honorable Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

    RE:    20-CV-1660 Continued Discovery Issues

Dear Judge Joseph:

Please let this letter serve as Defendants' response to the letter filed by Attorney Motley on September 17, 2021, regarding discovery and the September 16, 2021, meet and confer. (Dkt. 70) Defendants also write this letter to request an informal discovery conference with the Court, or an Order on the issues described below.

The meet and confer was recorded and should be used to resolve any uncertainties about statements made. (Meet and Confer audio is being mailed to the Court) The meet and confer agenda and list of requested depositions, both prepared by counsel for Plaintiffs, are also attached.

Our intention for the meet and confer was to attempt to talk through the discovery matters, compare our views, and in good faith, attempt to find resolution to avoid unnecessary discovery motions or Court intervention. Unfortunately, inaccuracies regarding the law plagued every discussion, and despite earnest attempts to even agree on the applicable law—astonishingly—it does not seem possible without judicial intervention.

## Number of Depositions

As a starting point, counsel for Plaintiffs contend that they are entitled to notice 700 depositions in this case without stipulation or seeking leave of the Court. [Meet and Confer Audio 38:30-38:44] Guidance from the Court on this position is necessary, for several reasons—the foremost reason being Plaintiffs' counsels' assertion that they will not be seeking permission from this Court and will continue noticing depositions up to 700. [Meet and Confer Audio 35:58]

Further, Attorney Motley's summary to this Court of our statement regarding the number of amendable depositions is a material and knowing misrepresentation. Attorney Motley represented the following to the Court in her letter:

> Critically, when attempting to resolve the number of depositions, Defendant Counsel stated its position that no other depositions would be amenable except for two newly named defendants who had not previously been deposed.

(Dkt. 70) During the meet and confer, we repeatedly corrected this exact misrepresentation of our position. [Meet and Confer Audio 1:36:36-1:37:15] It was clearly conveyed to counsel for plaintiffs that we were agreeable to additional depositions. This type of misrepresentation to the Court damages an integral component of the fair and efficient administration of justice. It places counsel for defendants in the unwarranted position of defending the misrepresentation while simultaneously wasting valuable time this Court could utilize to address legitimate issues.

Our position on depositions relies on Federal Rule of Civil Procedure Rule 30 which we interpret to allow 10 depositions <u>per side</u> without stipulation or leave of court:

> **Rule 30. Depositions by Oral Examination**
>
> (a) WHEN A DEPOSITION MAY BE TAKEN.
>
> (1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
>
> (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
>
> NOTES OF ADVISORY COMMITTEE ON RULES—1993 AMENDMENT
>
> Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. <u>One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before *any side* will be allowed to take more than ten depositions in a case without agreement of the other parties.</u> A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions…
>
> <u>In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court</u>. If these disputes cannot be amicably resolved, the court can be requested to resolve the dispute or permit additional depositions.

Fed. R. Civ. P. 30. Our request during the meet and confer was for the opportunity to evaluate the individual requested deponents (pursuant to Rule 26 factors) rather than stipulate to a set number (beyond 10) for use at will.

To put our position in perspective, at the time of the meet and confer Plaintiffs had already conducted 14 depositions and were requesting at least an additional sixty-two. In our view, the

requested depositions lacked any regard for the presumptive limit and any consideration for which potential deponent is most necessary. The meet and confer reinforced our concerns.

Counsel for Plaintiffs refused to discuss the additional deponents and instead demanded we provide a specific number—"Judge wants a number—that is what the Court ordered." [Meet and Confer Audio 41:39]

Given Plaintiffs' counsels' refusal to discuss any of the Rule 26(b)(2) factors with us—it is clear judicial intervention is necessary for appropriate evaluation of additional deponents.

**Number of Interrogatories and Request for Admissions**

Attorney Motley represents that we were unprepared to discuss the appropriate number of interrogatories and requests for admissions during the meet and confer. Our view was that there was no need to limit written discovery—instead we encouraged Plaintiffs to use written discovery to prevent unnecessary or excessive depositions.

Counsel for Plaintiffs then represented to us that this Court specifically ordered the parties to limit the number of interrogatories and requests for admissions and set a <u>total number per side</u>. [Meet and Confer Audio 1:30:11] In preparing for the meet and confer, we reviewed the docket and saw no such order. We asked counsel to allow us until Monday, September 20, 2021 to again review the docket to provide a number in accordance with any such directive. Unable to locate the directive, we reached out to counsel for Plaintiffs seeking a date or docket number and Attorney Motley responded:

> Once we get a date with the court, you can also get clarification from Judge Joseph who can repeat what she told both parties in trying to work out specific numbers for depositions, interrogatories, and admissions. That way there can be no more confusions or excuses.

Attorney Motley's letter claims Defendants want "what is statutorily allowed per the Federal Rules i.e. twenty-five interrogatories per party, i.e. ~1750 for defendants, and ~300 for plaintiffs." Attorney Motley's calculations are not accurate even assuming that was our position or what the Federal Rules provide. If each party was allowed to serve a total of twenty-five interrogatories that would entitle Plaintiffs to the 1750 (70 plaintiffs x 25) and Defendants would be entitled to 300 (12 defendants x 25).

Perhaps this clarification alone alleviates Attorney Motley's concern. Moreover, even adopting Attorney Motley's number of 1,750 total for Defendants, it does not appear excessive to allow Defendants to serve each Plaintiff a total of 25 interrogatories to explore individual claims and damages.

Notably, if the Court adopts Attorney Motley's suggestion of each party serving 15 interrogatories the result would be Defendants are allowed a total of 180 (12 defendants x 15 each) to utilize on 70 plaintiffs (approximately 2.5 per plaintiff) and Plaintiffs would be allowed a total of 1,050 (70 plaintiffs x 15 each) to utilize on 12 defendants (approximately 87 per defendant).

Clarification is needed on what specifically the Court ordered regarding interrogatories and requests for admissions. Specifically did the Court order counsel to limit written discovery and provide a set number per side?

### Notice of Deposition

Document production has been an ongoing issue in this case. To prevent issues going forward, we identified a contributing factor being the habit of noticing depositions with a request for document production within the notice. Often the deposition was scheduled less than 30 days from the notice.

Our request was that for a nonparty we utilize a subpoena duces tecum and for a party we utilize a request pursuant to Rule 34 and allow at least 30 days between the notice and the deposition. This was not agreeable to counsel for Plaintiffs.

Since the meet and confer, counsel for Plaintiffs noticed the deposition of defendant George Schimmel which again contained a request for documents without providing at least 30 days to comply before the deposition.

### Formal Requirements of Depositions

Counsel for plaintiffs assert they are entitled to conduct depositions without a court reporter or officer appointed or designated under Rule 28. *See* Fed. R. Civ. P. 30(b)(5). The deposition of Kathy Causier illustrates the severity of this problem. The deposition was noticed as follows:

> 1. Ms. Kathy Causier, Common Council President of Defendant City in the above-captioned matter, whose deposition is to be taken via audio-visual technology (Zoom) and recording at **9AM on Tuesday, July 13, 2021**. The method for recording the testimony shall be audiovisual (sound and visual) via Zoom.

As the deposition began, Attorney Knowlton explained she would personally record the Zoom deposition. It is important to understand no court reporter or officer was present. Attorney Knowlton then swore the witness stating:

> So to get started I'm a notary public as well as also an officer of the Court. So I am authorized by statute to administer the oath today. And usually the stenographer, the court reporter, who is also a notary public would do that. So can I ask you, please, to raise your right hand?

(Dkt. 67, Causier Deposition p. 5) Attorney Knowlton is a plaintiff, who purportedly represents all the Plaintiffs and has a financial interest in this case. It is astounding that we are forced to explain to Plaintiffs' counsel the ethical issue with this conduct.

Even more remarkable, during the meet and confer our simple request for the recording to address inaccuracies in the transcript was met with berating from counsel for Plaintiffs —claiming the transcript was accurate and we were only entitled to a transcript. [1:37:52-1:41:36] Attorney Knowlton subsequently confessed she likely did not even save the video recording. Counsel for Plaintiffs remained certain that such conduct was of no consequence and we "would have to live without." [Meet and Confer Audio at 1:17:00]

Days after the meet and confer we were provided the audio recording of the deposition. The transcript does not accurately transcribe the recording. We are still waiting for counsel to confirm if the video recording was located.

To prevent future problems of accuracy and trustworthiness—we requested an agreement that absent written stipulation in advance of the deposition, all depositions would be in accordance with Federal Rule 30 (specifically stenographical recording and before an officer). Counsel for

Plaintiffs denied our request and conveyed they might do additional depositions without a court reporter or officer. [Meet and Confer Audio at 1:37:52-1:41:36]

**Objections During Depositions**

Counsel for Plaintiffs proposed we forgo making objections (unless for privilege) during depositions. They suggested we address any objections—we would have made—at the time of trial. We do not agree with this.

**Adjourning Depositions**

Clarification from the Court is necessary on whether counsel for Plaintiffs can notice depositions of individuals already deposed without stipulation or leave of Court. Counsel for Plaintiffs believe they can depose the same individual multiple times as long as they do not exceed 7 hours.

Our position is that unless otherwise stipulated or ordered by the Court, a deposition is limited to 1 day of 7 hours and if a deponent has already been deposed in the case, stipulation or leave of court is required. *See* Fed. R. 30(a)(2)(A)(ii) and (d)(1).

Attempts were made during the meet and confer to discuss potential stipulations for the nine individuals identified by Plaintiffs as needing to be deposed again. (*See* Plaintiffs' Requested Depositions-Individuals Marked Continued) Plaintiffs' counsel conveyed they do not need to justify every person they want to re-depose. They believe the general statement that they received documents since the deposition—without identifying the documents or explaining the need for continuing the deposition—is sufficient to allow them to re-depose any deponent. [Meet and Confer Audio at 47:16-47:58]

**Document Production**

During the meet and confer Attorney Motley agree to send us a list of items she alleged had not yet been produced in this matter and we agreed to review and provide her a response by September 23, 2021. No list was provided directly but documents were listed in Attorney Motley's letter to court. We will provide a response as discussed to those items by September 23, 2021 and can further update the Court.

**Amended Scheduling Order**

We believe an amended scheduling order is necessary to address upcoming deadlines. Counsel for plaintiffs did not want to discuss the scheduling order at this point. Since the scheduling order was entered on July 29, 2021, several additional parties and claims have been added and discovery is currently set to close December 31, 2021.

**Pending Motions**

Defendants still have a pending Motion to Strike Plaintiffs' (3rd) Third Amended Complaint (Dkt. 62) and Motion for Protective Order (Dkt. 39, Attachment #1) for the Court to address.

In conclusion, our intention is to continue to work in good faith to avoid unnecessary discovery motions or court intervention whenever possible; however, at this point it appears court intervention is necessary to address these unresolved disputes.

Respectfully submitted,

*/s/ Kiley B. Zellner*

Kiley B. Zellner, WI State Bar No. 1056806
GUNTA LAW OFFICES, S.C.
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Email: kbz@guntalaw.com