# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KATHRYN KNOWLTON et al.,**

    **Plaintiffs,**

  v.

                                          Case No. 20-CV-1660

**CITY OF WAUWATOSA et al.,**

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

    This is a civil action brought pursuant to 42 U.S.C. §1983 arising from the City of Wauwatosa's Emergency Order and curfew in effect from October 7–October 12, 2020 related to the release of the Milwaukee County District Attorney's findings on October 7, 2020 regarding Wauwatosa Police Officer Joseph Mensah's shooting of Alvin Cole.

    The Complaint alleges that on October 10, 2020, law enforcement responded to a protest at Wauwatosa City Hall located at the southwest corner of 76th Street and North Avenue. The Plaintiffs allege that they were ordered to disperse without cause and arrested, and after their arrests, they were detained, interrogated, and denied access to counsel. The Plaintiffs were released and given $1,321 citations for violating an emergency order. The Plaintiffs allege violations of their First, Fourth, and Sixth Amendment rights. The Defendants deny violating the Plaintiffs' constitutional rights.

    Discovery has been stalled in this case in part due to the parties' dispute over the necessity of a protective order. I previously rejected the Defendants' request to conduct discovery under seal (Docket # 28) and proposed protective order (Docket # 39-1). On August

6, 2021, the Defendants filed a motion for a protective order to protect: (1) identification of confidential informants and information derived therefrom and (2) drone footage showing police staging, movement, and positioning prior to law enforcement officers interacting with members of the public. (Docket # 43.) The Plaintiffs oppose the motion, arguing that the Defendants have not shown good cause and that their requests are too broad. (Docket # 44.) In reply, the Defendants narrowed and modified their request to cover: (1) "identification of law enforcement individuals who have an unidentified online presence" and (2) police tactical information contained on drone videos which information is developed in order to maintain public safety." (Docket # 52.)

Generally, pretrial discovery must occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946.

I will grant the Defendants' motion as to the identification of confidential informants on social media. I find that good cause exists to protect this information so as to not compromise any on-going or undisclosed law enforcement investigations.

However, I will deny the Defendants' motion as to information from the drone videos. As the Plaintiffs note in their brief in opposition, "all the law enforcement positioning and movement captured by drone recording was occurring outside, on public streets, sidewalks,

2

Case 2:20-cv-01660-NJ    Filed 09/24/21    Page 2 of 10    Document 77

city hall and public school property, in front of citizen's homes and churches and in small business parking lots." Although the Defendants describe the information it seeks to protect as "tactical," the Defendants do not explain why these activities, which occurred in public, should now be kept from the public under a protective order. As such, the Defendants have not met their burden of establishing good cause for this request.

Finally, the Plaintiffs request an award of costs and fees pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5). (Docket # 44 at 2.) Because the Defendants' motion will be granted in part, I find granting fees and costs to the Plaintiffs unwarranted. Instead, as neither the Plaintiffs or the Defendants have fully prevailed, I find it appropriate that each party bear its own costs incurred in bringing and defending against the motion for a protective order.

The parties are again reminded that discovery occurs in the public eye. This Order is intended as a very narrow exception to this rule. Moreover, the parties are once again encouraged to work cooperatively in exchanging discovery so as to not further stall this litigation at great cost to both sides.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e) the following will apply to discovery related to the identification of confidential informants on social media:

**(A)     DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1)     One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they

3

contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential

4

Case 2:20-cv-01660-NJ    Filed 09/24/21    Page 4 of 10    Document 77

contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential

only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert

6

must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

    (e)    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

    (f)    Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2)    ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (a)    Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

    (b)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

    (c)    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in

the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

    (d)    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

    (e)    Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

    (1)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

    (2)    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion. All filings, documents, or pleadings that reference any document or information that is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be described in sufficient detail as to allow members of the public to ascertain if the information is indeed protected and confidential. Members of the public shall have a right to contact the designating party to demand the confidential designation be removed, or to file for such relief with this Court. There shall be no need for a member of the public to comply with the requirements of Civil L. R. 37 before seeking such relief from the court.

**(E) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin this 24th day of September, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

10