

Afghanistan and United States
Afghan Tel: +93 (0) 795 069 652
 +93 (0) 788 887 887
Int'l Tel : +1 (704) 765-4887
U.S. Tel : +1 (704) 763-5413
Website : motleylegal.com

September 28, 2021


Honorable Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202


RE :   Update and Clarifications of Defendant's Letters Docket Numbers 71 & 76


Dear Judge Joseph,

Please accept this letter as response to the letters filed by Defendants' represented in the court filings as docket number(s) 71 and 76.  Unfortunately, various information in both letters contained numerous inaccuracies and misrepresentations which compelled Plaintiffs to respond and correct.

At the courts direction, Defendants and Plaintiffs met on September 16, 2021 to discuss a way forward as well as to attempt to agree on certain discovery issues.  Attorney Knowlton hosted the meeting via zoom and provided the complete recording to all Counsel the same day.

The continued and repeated misrepresentations and filing of frivolous documents can only be interpreted as an intentional strategy by Defendants to frustrate the process and to waste everyone's, including the Court's, valuable time.  We will try to be brief in this necessary response.


I.   Defendants begin their letter of 9/23/21, Docket #71 stating that Plaintiffs did not provide them with an agreed upon list of outstanding discovery issues.


This is a gross inaccuracy.  Please note in the attached email that was sent by Attorney Motley to Attorney Zellner and all other attorneys of record for Defendants on September 16, 2021,  a few hours after the meet and confer, Attorney Motley shared a list with Defense Counsel  of some of the documents missing from discovery requests.  Point #1 of the email:

"You have and continually fail to comply with yet another discovery date that you set. As we understand not only due to redacted vs. unredacted emails but with additional

documents.  Such documents that we know as of now that have been failed to be produced are : Emails/texts/ communications WITH ATTACHMENTS responsive to the request, letter from Vetter to David  Clarke, any and all search warrants & applications filed in relation to our requests, all emails in relation to the protestor lists, all versions of the protestor list (not sure if we have all the versions),any and all emails from or to : WUPDCP@wauwatosa.net. It should be noted that the aforementioned documents are not the only documents which you have failed to produce." (See Exhibit #1).

II.  Defense Counsel state, "Plaintiff's 1st Request for Production of Documents from January 5, 2021 was only directed to defendant, Dennis McBride."

This is inaccurate.  The introductory paragraph references the three discovery requests as distinct, that is: Interrogatories, Requests for Production, and Admissions, qualifying that any request for admissions were specific to Defendant Dennis McBride.  This is an attempt to semantically waste time.  Please note attached Plaintiff's 1st Request for Production of Documents from 1/5/21 which was directed, addressed and received by all named defendants (at the time): Dennis McBride, Barry Weber, and the City of Wauwatosa.  (See Exhibit 2).

Notably, in Defendants' responses to the individual document requests, Defendants made clear their understanding that documents requested referred to and implicated all Defendants.   (See Exhibit 3).

To now feign ignorance and invoke confusion nearly nine months after the original request, and significantly, after partial production is unethical, abusive and sadly reflects the continued strategy by the Defendants to delay and frustrate the process.

III.  Defendants' Counsel state, "Counsel for Plaintiffs then represented to us that the Court specifically ordered parties to limit the number of interrogatories and requests for admissions."

Again this is another misrepresentation by the Defendants.  On August 23, 2021, the court communicated to both parties, Defense Counsel through Attorney Baynard and all three Plaintiff's Counsel that ideally and often, parties hold a conference on the number of depositions, interrogatories, and requests for admissions.  As such, both parties were instructed by the court to hold a conference to discuss and try to agree on these discovery issues.  Additionally, as part of this directive, Plaintiffs communicated to Defendants on September 2, 2021 that fifteen interrogatories would be our proposal.  Defense Counsel gave no numbers and said they would need to think about it.  Plaintiffs then setup the September 16, 2021 meet and confer, prepared the agenda with a request for any  input from the Defendants, and also sent a list of proposed depositions, prior to the meet and confer.  (See Exhibit #4).

On September 16, 2021 Attys. Zellner and Attorney Moore participated in the meet and confer. Defense counsel gave absolutely no information as to the number of interrogatories and requests for admissions that it had even thought to compromise on and then stated they need more time to discuss.

However, in the same discussion, Defendants' Counsel later stated that they wanted the statutory maximums to apply. This is certainly the defendants right to insist on the maximum but it is not our job to clear up the internal miscommunication between the various defense counsels on this case. In addition to this, Plaintiff's sent its proposed deposition list in good faith on September 13, 2021 and defense counsel has chosen to weaponize the list as some sort of desperate attempt to demonstrate to the court that we are not cooperating. Reality and facts show that Plaintiffs' Counsel have been nothing but transparent, thoughtful and proactive in attempting to move this case forward. The record also shows that Defendants counsel were not prepared for a good faith discovery discussion per the Court's directive.

IV. Any and all emails from or to : WUPDCP@wauwatosa.net are not responsive in Plaintiff's 1st Request for Production of Documents

Plaintiffs' Request #2 explicitly states, "Please produce any communication from 2020 in Defendants' possession that includes any of the following terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency, TPR, The People's Revolution, Alvin Cole, David Beth, John Martin Antaramian, John Chisholm, Governor Evers, and Daniel Miskinis."

As testified by Luke Vetter on July 29, 2021 the email of WUPDCP@wauwatosa.net was specifically setup as a communication hub for the operations specific to the implementation of Wauwatosa's curfew of October 7, 2020 – October 12, 2020. This is a central issue to this case. Thus, such a contention is counter-intuitive and belied by the testimony of a named defendant. Additionally, on September 23, 2021, the Defendants handed over sixty-one pages of emails in which there are over two dozen mentions of the key words: TPR, The People's Revolution, Alvin Cole, or John Chisholm. It is only through comprehensive and appropriate discovery of the deposition that brought the additional email address to light and exposed the Defendants' failure to act in good faith.

V. Any and all emails responsive to Barry Weber

Though Defendants claim (newfound) confusion as to the "vagueness of this request," since March 16, 2021, Defendants have already provided partial and continuing production, going back and forth for months regarding this request. Based on deposition

testimony, Plaintiffs have a good faith basis to further question and confirm whether all responsive emails for (sent from, or received by) Barry Weber, among others, have been produced. And again, this good faith basis is further evidenced by additional disclosures on September 23, 2021, when other emails received by Barry Weber were produced.

Plaintiffs continue to act in good faith and are doing what they can to move this case forward. We respectfully submit the aforementioned corrections to ensure an accurate record.

Warm regards,

ss:// Kimberley Cy. Motley
Kimberley Cy. Motley, Esq.
CEO / Founding Partner
Attorney for Plaintiffs
International Number : +1(704) 765-4887
US MOBILE : +1 (704) 763-5413
Email : kmotley@motleylegal.com