IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, DANA McCORMICK,
et al.,

Plaintiffs,

v.  Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS McBRIDE, et al.,

Defendants.

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO QUASH PLAINTIFFS' NOTICE OF DEPOSITION FOR KATHY CAUSIER AND MOTION TO STRIKE PRIOR DEPOSITION TRANSCRIPT

---

Defendants, City of Wauwatosa, Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, Shane Wrucke, and Kathy Causier, by their attorneys, Gunta Law Offices, S.C., respectfully submit the following brief in support of their motion to quash the improper Notice of Deposition of Kathy Causier that Plaintiffs emailed undersigned counsel in the above matter on September 17, 2021 and to strike Kathy Causer's July 13, 2021, deposition transcript.

## INTRODUCTION

On August 21, 2021, Plaintiffs filed a Third Amended Complaint against several defendants, including Common Council Member, Kathy Causier. Plaintiffs sued all individual defendants in their official capacity. Plaintiffs alleged several claims stemming from the civil unrest and protests that took place in Wauwatosa during the summer and fall of 2020.

Kathy Causier was previously deposed by Plaintiffs on July 13, 2021. (Dkt. 67) On August 13, 2021, Defense Counsel fully briefed objections to an August 11, 2021, attempt by Plaintiffs to

notice a second deposition of Kathy Causier. (Dkt. 66) During a September 16, 2021, meet and confer there were extensive discussions regarding a second Kathy Causier deposition, and it was made clear Defense Counsel was not stipulating to a second deposition. (See Dkt. 71-1) Nonetheless, on September 17, 2021, Plaintiffs emailed a notice of deposition for Kathy Causier intentionally misrepresenting the deposition was "pursuant to all counsel stipulation." (Declaration of Kiley B. Zellner, Exhibit A)

Defendants objected based on the position that Plaintiffs must seek leave of court if the deponent has already been deposed in the case. Fed. R. Civ. Pr. 30(a)(2)(ii). Plaintiffs have not, and they should not be allowed to unilaterally notice up a deposition and claim that it was "pursuant to all counsel stipulation."

## RELEVANT BACKGROUND

Kathy Causier was previously deposed by Plaintiffs on July 13, 2021. (Dkt. 67) Her deposition was noticed as follows:

> 1. Ms. Kathy Causier, Common Council President of Defendant City in the above-captioned matter, whose deposition is to be taken via audio-visual technology (Zoom) and recording at **9AM on Tuesday, July 13, 2021**. The method for recording the testimony shall be audiovisual (sound and visual) via Zoom.

(Dkt. 67, Exhibit C) Appearing in person at the deposition were Attorney Knowlton, Kathy Causier, Attorney Baynard, City Administrator James Archambo, and Attorney Motley appeared remotely. It is important to understand no court reporter or Rule 28 Officer was involved.

As the deposition began, Attorney Knowlton explained she would personally record the Zoom deposition. Attorney Knowlton then proceeded to swear the witness stating:

> So to get started I'm a notary public as well as also an officer of the Court. So I am authorized by statute to administer the oath today. And usually the stenographer, the court reporter, who is also a notary public would do that. So can I ask you, please, to raise your right hand?

2

(Dkt. 67, Causier Deposition p. 5) Attorney Knowlton is both a plaintiff and counsel for plaintiffs in this case.

On August 27, 2021, Defense Counsel received the Causier Transcript. (Zellner Decl., Exhibit B) Upon review, it was clear there were issues with the accuracy of the transcription. *Id.* Defense Counsel then contacted the court reporter requesting the recordings she used to transcribe. *Id.* Defense Counsel learned only audio was provided to the court reporter. *Id.*

On August 13, 2021, Defense Counsel filed a Response to Plaintiffs' Motion for Discovery Sanctions—in which they fully briefed their objections to an August 11, 2021, attempt by Plaintiffs to notice a second deposition of Kathy Causier. (Dkt. 66) The motion remains pending.

On September 16, 2021, Plaintiffs' Counsel and Defense Counsel met and conferred on several discovery items, including depositions. (*See* Dkt. 71-1) During the meet and confer, Defense Counsel requested the deposition recording of Causier to address some inaccuracies in the transcript. Plaintiffs Counsel responded by berating the request —claiming the transcript was accurate and Defense Counsel was only entitled to a transcript. (Dkt. 71-1 at 1:37:52-1:41:36) Attorney Knowlton subsequently advised she likely did not even save the video recording. Counsel for Plaintiffs found such conduct to be of no consequence and advised Defense Counsel "would have to live without." (Dkt. 71-1 at 1:17:00)

To prevent future problems of accuracy and trustworthiness—Defense Counsel requested an agreement that absent written stipulation in advance of the deposition, all depositions would be in accordance with Federal Rule 30—specifically a stenographic recording and before a Rule 28 Officer. Plaintiffs' Counsel denied the request and affirmed they may do additional depositions without a court reporter or officer. (Dkt. 71-1 at 1:37:52-1:41:36)

During the meet and confer, Defense Counsel was clear they would not agree to a second

3

Case 2:20-cv-01660-NJ    Filed 09/30/21    Page 3 of 8    Document 87

deposition of Kathy Causier or even discuss it further until they reviewed the deposition recording. The deposition audio only recording was emailed to Defense Counsel on Friday, September 17, 2021, at 4:43 PM and the notice of deposition for Kathy Causier was emailed at 8:33 PM. (Zellner Decl., Exhibit E)

Defendants sent Plaintiffs a Notice of Objection on September 28, 2021, explaining that the Notice was improper, that they must seek leave of court if a deponent has already been deposed in the case, and that Defendants did not stipulate to the deposition. (Zellner Decl., Exhibit C) Notably, identical objections made the previous notice of second deposition for Kathy Causier. (Dkt. 66) Defendants stated that they would have no choice but to move to quash and seek fees for the motion if Plaintiffs did not withdraw the Notice by September 30, 2021. *Id.* Plaintiffs' counsel did not withdraw their Notice, and instead stated:

> We are not withdrawing our deposition notices. File your motion if you wish but I expect Ms. Causier and Attorney Schimmel to be deposed October 5, 2021. Your objection to us is not a sufficient basis for your clients to not show.

(Zellner Decl., Exhibit D) The Defendants now move to quash the improper and unilaterally noticed deposition, move to strike the transcript of Kathy Causier's prior deposition, and seek sanctions and fees associated with the Motion.

### ARGUMENT

#### I. Legal Standard

The Seventh Circuit has long held that it will not "allow the [judicial] process . . . to be used as an engine of oppression." *Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir. 1986). Under the federal rules, a court must limit the frequency or extent of discovery otherwise allowed by the rules if it determines that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive or it determines that the burden or expense of the

proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Moreover, Rule 45 requires a court to quash or modify a subpoena if it subjects the recipient to an undue burden. Fed. R. Civ. P. 45(c)(3)(iv).

If a motion is granted, the Court must require the party whose conduct necessitated the motion, the party's attorney, or both, to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees. *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)).

### I. PLAINTIFFS CANNOT TAKE KATHY CAUSIER'S DEPOSITION WITHOUT LEAVE OF COURT.

Rule 30 clearly provides that a deposition is limited to 1 day of 7 hours and if a deponent has already been deposed in the case, stipulation or leave of court is required. *See* Fed. R. 30(a)(2)(A)(ii) and (d)(1). To notice Kathy Causer's deposition as "pursuant to all counsel stipulation" after Defendants repeatedly told Plaintiffs' Counsel, they would not stipulate to her deposition is egregious conduct. Further, Plaintiffs' Counsel's persistent refusal to follow Rule 30—despite Defense Counsel's constant reference to it and her suggestion the onus is on Defense Counsel to motion the court to enforce the Federal Rules is further improper and sanctionable.

Simply stated, Defense Counsel did not stipulate to producing Kathy Causer for a second deposition and Plaintiffs did not seek leave of court for her deposition. Plaintiffs should not be allowed to unilaterally notice up a deposition and claim that it was "proper" over and over. Thus, this Court must quash the Notice served in contravention of Rule 30.

## II. EVEN IF LEAVE OF THE COURT WAS SOUGHT PLAINTIFFS' NOTICE OF DEPOSITION TO KATHY CAUSIER MUST BE QUASHED AND THE NONSTENOGRAPHIC DEPOSITION CONDUCTED BY ATTORNEY KNOWLTON MUST BE STRUCK

Kathy Causer's July 13, 2021, deposition was conducted in violation of the Federal Rules of Civil Procedure when Attorney Knowlton administered the oath to the deponent and proceeded without a court reporter—making it impossible to certify the transcript as an accurate record of the witness's deposition testimony.

First, the use of a party to administer oaths in a deposition proceeding is clearly improper. Rule 28(c) of the Federal Rules of Civil Procedure provides that a deposition must not be taken before a person who is any party's relative, employee, or attorney, or a person who has a financial interest in the litigation. Given the obvious fact that Attorney Knowlton is both a Plaintiff and attorney in this case her administration of the oath violates Rule 28(c) and renders the depositions of Kathy Causer inadmissible.

Second, certification of a deposition is not a trivial function. The process is expressly delineated in the Federal Rules of Civil Procedure. A court reporter is typically the officer appointed or designated under Rule 28 and must begin the deposition with an on-the-record statement that includes the court reporter's name and business address, the date, time and place of the deposition, the deponent's name, the court reporter's administration of the oath or affirmation to the deponent, and the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A). The court reporter is charged with ensuring that the deponent's and the attorney's appearance or demeanor is not distorted through recording techniques. Fed. R. Civ. P. 30(b)(5)(B). The court reporter also manages the review and edits to the transcript. Fed. R. Civ. P. 30(e). After the deposition, the court reporter certifies in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f). That certificate must accompany the record

6

of the deposition, and the officer must seal the deposition in an envelope or package with a marking of the deponent's name and send it to the deposing attorney. *Id.*

The court reporter also retains the stenographic notes of the deposition or a copy of the recording of a deposition. Fed. R. Civ. P. 30(f)(3). These procedures are designed to ensure that a neutral individual administers the oath and that the deposition is an accurate reflection of the witness's testimony. It removes doubt as to whether a recording or transcript has been tampered with or edited by either party. The process also maintains the integrity of the deposition, which can involve managing changes to the transcript, custody of the deposition materials, and appearances on video.

Rule 30 has a specific process for taking a deposition that is to be certified under the rules, and for ensuring that a disinterested third party, designated as a Rule 28 officer, affirms the accuracy of the recording, and vouches for the integrity of the result. Plaintiffs Counsel's deliberate circumvention of the rules makes that an impossibility for the Kathy Causer deposition.

Beyond just a plain refusal to follow the specific process for a taking a deposition—Attorney Knowlton failed to even retain the video recording. The remedy for this type of conduct is striking the transcript and sanctions—not a second chance to depose Kathy Causer.

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court grant their motion, along with sanctions, including but not limited to assessing all fees and costs associated with filing this motion to Plaintiffs, or their attorneys, and any other relief the Court deems appropriate.

7

Case 2:20-cv-01660-NJ    Filed 09/30/21    Page 7 of 8    Document 87

Dated at Wauwatosa, Wisconsin this 30th day of September 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

*/s/ Kiley B. Zellner*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin  53226
T: 414) 291-7979 / F: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com
kbz@guntalaw.com