Case No. 20 CV 01660

TRACY COLE, TALEAVIA COLE, TAHUDAH COLE, TRISTIANA WALLS, KATHRYN KNOWLTON, DANA McCORMICK, ANDREW AARON, KAMILA AHMED, ROBERT AGNEW, ISIAH BALDWIN, JACQUELINE BOGENBERGER, LAVITA BOOKER, REBECCA BURRELL, RAINE CICH, KHALIL COLEMAN, STEVEN CONKLIN, LAURYN CROSS, RACHEL DULAY, ANNE DELESSIO-PARSON, ERIK FANNING, JESSICA FENNER, JILL FERGUSON, BREON FOSTER, JOANNA GEISLER, CHRISTINE GROPPI, GAIGE GROSSKREUTZ, JOSEPH HAYES, PERCY HAYES, DESTINEY JONES, ADANTE JORDAN, MARY KACHELSKI, SEAN KAFER, JOEY KOEPP, JOHN LARRY, ALEX LARSON, SONORA LARSON, HOLLY LAVORA, LAZARITO MATHEU, VAUN MAYES, MOLLY NILSSEN, SHAWN PAGE, CARMEN PALMER, (JUVENILE) PALMER 1, (JUVENILE) PALMER 2, LEAH PORTER, AIDALI RIVERA, WILLIAM RIVERA, HECTOR RODRIGUEZ, JOSE HERNANDEZ RAMIREZ, OSCAR CONCEPCION RODRIGUEZ, ROSALIND ROGERS, NATHAN SABEL, WILLIAM SCHROEDER, MADELIENE SCHWEITZER, MARIAH SMITH, PETER SPARKS, TIFFANY STARK, ANGEL VEGA, CHRISTINA VITOLO-HADDAD, GABRIELLA VITUCCI, OSCAR WALTON, JAYDEN WELCH, BRITTA WELCH, SUZANNE WELLS, BRANDON WILBORN, TRISHA WILSON, KATELYN WOJNAR, SONJA WORTHY, and MEMBERS OF THE PEOPLE'S REVOLUTION, AN UNINCORPORATED ENTITY, hereinafter referred to as (TPR), on behalf of themselves and all others similarly situated,

Plaintiffs.

v.

CITY OF WAUWATOSA, CITY OF WAUWATOSA CHIEF OF POLICE BARRY WEBER, in his official capacity, DENNIS McBRIDE, in his official and individual capacity, DOMINICK RATKOWSKI, in his official capacity, GEORGE SCHIMMEL, in his official capacity, LUKE VETTER in his official capacity, JEFFREY FARINA, in his official capacity, JOSEPH ROY, in his official capacity, JOSEPH LEWANDOWSKI, in his official capacity, MARTIN KECK, in his official capacity, SHANE WRUCKE, in his official capacity, KATHY CAUSIER, in her official capacity, AND JOHN DOES OFFICERS in their official capacities,

Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE**

---

Plaintiffs, by and through their undersigned counsel, hereby submit this Response to Defedants' Motion to Strike and in support thereof, provide as follows:

## INTRODUCTION

f

## BACKGROUND

At 12:11 a.m. on Saturday, August 21, 2021, Plaintiffs filed their Third Amended Complaint. *Exhibit 1*. Upon the filing of this Complaint, counsel for Plaintiffs noticed that the numbering, and only the numbering, of the paragraphs and the Claims, were misnumbered. For example, there were two paragraphs number 274. ECF [47]. Additionally, the Claims jumped from eight to 11, then again from 11 top 16. ECF [47]. In an effort to provide a cleaner version, counsel for Plaintiffs spent several hours ensuring that the Third Amended Complaint was properly formatted and that the allegations were contained within non-duplicative paragraph numbers. As the Court can surely understand, renumbering a two hundred-plus page complaint is time-intensive. Plaintiffs completed this re-formatting on August 30, 2021 and filed the Third Amended Complaint as an Errata. ECF [54].

Counsel for Defendants sent an email to Plaintiffs inquiring into whether there were any additional Plaintiffs or paragraphs. *Exhibit 2*. Plaintiffs responded that "[t]here were errors in the numbering and that is the only thing that has been corrected. There are not any new plaintiffs added for the complaint." *Exhibit 3*.

One week later, Plaintiffs noticed that through an error likely caused by the transfer of electronic files across three separate law firms, Claims 9, 10, 12, 13, 14, and 15 from the Second

2

Amended Complaint had been accidentally omitted from the Third Amended Complaint. Plaintiffs immediately informed Defendants that there had been this typographical error and that Plaintiffs would be submitting a second Errata to correct the Third Amended Complaint to include the SAME, and only the same, claims as had been at issue in this matter for six months. *Exhibit 4*. Plaintiffs also offered additional time to Defendants to file their Answer. Defendants then objected to Plaintiffs' explanation of this error. *Exhibit 5*. Plaintiffs then recognized that their previous email had stated that there were new claims when this was not in fact the case. Plaintiffs sent an additional email clarifying that the claims were "identical in substance and form to the 2nd Amended Complaint to which you responded on April 16, 2021" *Exhibit 6*. Plaintiffs also provided Defendants with a table, later included in the Errata, which specified the identical nature and form of each of the sixteen Claims. To make things ever more clear, Plaintiffs concluded the email by stating that "[t]here are no new claimed added to the Corrected 3rd Amended Complaint." *Id*. Plaintiffs subsequently filed this correct version of the Third Amended Complaint, with no new claims, allegations, plaintiffs, or defendants, on September 8, 2021. ECF [56].

## ARGUMENT

Defendants filed this motion, seeking extreme sanctions for an innocent error. The Rules of Civil Procedure make clear that leave to amend should be freely granted - premised in a belief that our judicial system should operate on the promise of hearing disputes, not keeping claims out based on technical violations. Here, Defendants ask the Court to strike Plaintiffs' Third Amended Complaint because of a typographical error which led to the inadvertent omission of six claims which had been at dispute for six months. Plaintiffs never indicated that they intended

3

to dismiss any claims. It's particularly notable that Defendants are now nine months late on their production of an important discovery, yet they seek a highly prejudicial ruling that will affect the rights of Plaintiffs to have their claims on the denial of their constitutional rights heard in court.

Defendants Motion seeks to reframe the underlying facts at issue here. In paragraph 17 of Defendants' Motion, they suggest that Kimberley Motley stated that the Amended Complaint included "several new claims."ECF [63, p. 3] Defendants are not incorrect that Ms. Motley's initial email included this statement. *Exhibit 4*. However, Defendants have for some reason sought to keep from the Court Ms. Motley's follow-up email which made clear that she had misspoken and that there were <u>no new claim</u>s. *Exhibit 6*. It's unclear why Defendants have withheld the entire email chain from the Court nor why they seek to lead the Court to believe that they were unaware that there were no new claims. However, the <u>full</u> email chain speaks for itself and has been provided to the Court as part of this Response.

In paragraph 22, Defendants tell the Court that the September 8, 2021 filing of the Third Amended Complaint includes "five new claims." ECF [63]. Again, this is incorrect. The Court is free to review the Errata Notice filed that day and compare the Claims in the Second Amended Complaint with the Claims in the Third Amended Complaint. These were not new claims. They were claims that have been at issue since March 6, 2021. In this same paragraph, Defendants seek to suggest that Plaintiffs were operating in bad faith by stating in their Errata Notice that the Third Amended Complaint had no substantive changes from the Second Amended Complaint. Perhaps this Notice could have been more clear, but the obvious intent of this statement was to say that these claims, which had been inadvertently deleted as the Second Amended Complaint was edited to add claims related to abuses associated with the TPR Protester list, were

4

substantively and formally the same as the corresponding claims in the Second Amended Complaint. If the Court would like Plaintiffs to file an Errata to their Errata to clarify this, we will gladly do so.

The bottom line is that Plaintiffs inadvertently omitted six claims from their Second Amended Complaint while drafting their Third Amended Complaint. Plaintiffs never intended to dismiss those claims. When Plaintiffs discovered this error, they promptly alerted Defendants to this issue and provided the Court with an Errata addressing this issue. Defendants are under zero prejudice as they have already answered these claims in their Second Amended Answer and the facts that underlie these claims have been part of the discovery process for six months. Defendants have not argued prejudice because they know there is none - instead, they seek a draconian ruling based on a ruling of strict conformance and liability - not the interests of justice. Contrary to the Defendants' representations to this Court, Plaintiffs told Defendants that there were no new claims - only the same claims which had been included in the Second Amended Complaint.

Lastly, Defendants' request for attorneys fees should be dismissed on three grounds: first they will lose this motion; second, the Defendants have no right to fees under the Rules of Civil Procedure for Plaintiffs good faith efforts, and most significantly, because Defendants have apparently decided to use requests for attorneys fees as a litigation strategy designed to intimidate and harass Plaintiffs. Defendants repeated requests in each filing is abusive of the judicial system and is quite clearly intended to harass Plaintiffs. Defendants should not be rewarded for such offensive conduct.

5

Dated this 1st day of October 2021.

**COUNSEL FOR PLAINTIFFS**

By: s:/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone : (704) 763-5413
Email : kmotley@motleylegal.com

/s/ E. Milo Schwab
E. Milo Schwab
3000 Lawrence Street
Denver, CO 80205
Telephone : (732) 406-8215
Email : milo@ascendcounsel.co