# GUNTA LAW OFFICES, S.C.
## ATTORNEYS AT LAW

*Attorneys*
Gregg J. Gunta, Esq.
Ann C. Wirth, Esq.
Jasmyne M. Baynard, Esq.
Kyle R. Moore, Esq.
Kiley B. Zellner, Esq.

*Paralegal*
Christine M. Montgomery

October 8, 2021

Honorable Nancy Joseph
United States District Court, Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

RE: 20-CV-1660 Continued Discovery Issues

Dear Judge Joseph:

Please let this letter serve as Defendants' proposed discovery plan as discussed during the Scheduling Conference on October 1, 2021.

**Number of Depositions for Plaintiffs**

Plaintiffs had already conducted 15 depositions of 12 individuals and are requesting at least an additional sixty-two. In our view, the requested depositions have lacked any regard for the presumptive limit or any consideration for which potential deponents are most necessary. It is clear judicial intervention is necessary for appropriate evaluation of additional deponents. For this reason, Defendants are not agreeable to stipulating to any additional depositions beyond the 15 already conducted.

Further, Defendants do take issue with the appropriateness of the depositions already taken. Counsel has presumably determined the most necessary depositions in this case included four common council members, the city administrator, and a civilian crime analyst. The content of those depositions and what, if any, testimony from those depositions is relevant to the claims in this case is questionable. *See* relevant cases:

*Newell v. State of Wisconsin Teamsters Joint Council No. 39*, No. 05-C-552, 2007 WL 3166757, at *1 (E.D. Wis. Oct. 25, 2007)

> "The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D.Kan.1996). In *Bell v. Fowler*, 99 F.3d 262 (8th Cir.1996), the Eighth Circuit held that the district court did not abuse its discretion

when it denied the plaintiff's request to take the depositions of two additional city council members when the plaintiff had already deposed eight city council members, the mayor, and the former police chief. *Id.* at 271. The court noted that the plaintiff failed to demonstrate that these two additional council members were likely to reveal any new information. *Id.* Further, in *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482-483 (N.D.Tex.2001), <u>the court held that a party seeking to take more than ten depositions must demonstrate the need for not only the additional depositions but also the depositions already taken. *Id.* at 482. Absent such a rule, the court explained, a party could circumvent the cap by taking ten depositions of questionable relevance first and leave the most crucial depositions for the end, confident in the belief that leave of the court shall not be denied. *Id.* at 483.</u>

*Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013)

> As to the merits of Progressive's motion, the Court finds that as an initial matter Fed.R.Civ.P. 30(a)(2), as amended in 1993, is unambiguous in presumptively limiting the number of allowed depositions to ten per side, not per party. The rule provides that absent stipulation by the parties, "[a] party must obtain leave of court" to conduct a deposition if it "would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." The accompanying Advisory Committee Note clarifies that the ten-deposition limit is to be construed as applying to each side. Fed.R.Civ.P. 30 Advisory Committee's Note (1993) ("Subdivision (a) ... Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take absent leave of court or stipulation with other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before *any side* will be allowed to take more than ten depositions in a case without agreement of the other parties.") (emphasis added). The ten-per-side limit is intended to promote cost-effective discovery and promote the federal rules' policy of minimizing "unreasonably cumulative or duplicative" discovery. Fed.R.Civ.P. 26(b)(2)(C); Fed.R.Civ.P. 30 Advisory Committee's Note (1993). The Advisory Committee expressly indicated that the ten-per-side deposition limit applies to multi-party cases, such as the present, and can only be lifted by stipulation or court approval. Fed.R.Civ.P. 30 Advisory Committee's Note (1993) ("In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court.").
>
> This Court has been unable to identify a single instance in which a court has deviated from interpreting Fed.R.Civ.P. 30 to impose a presumptive ten-per-side limit on the number of allowed depositions.

*Ramirez v. Abreo*, No. 5:09-CV-189-C, 2010 WL 11470101, at *1–2 (N.D. Tex. Oct. 6, 2010)

> Federal Rule of Civil Procedure 30(a)(2)(A) prescribes a presumptive limit of ten depositions that each side may take in a civil case. *Barrow v. Greenville Indep. Sch.*

*Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001); *see Landry v. St. James Parish Sch. Bd.*, No. Civ.A.99-1438, 2000 WL 1741886, at *2 (E.D. La. Nov. 22, 2000) ("[Rule 30] recognize[s] a presumptive limit of ten depositions, absent request and leave for more.")). A court's decision whether to grant a party leave to take more than ten depositions is governed by the principles set out in Rule 26(b), which calls for the court's limitation on discovery upon the determination that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

Applying these factors to Plaintiffs' motion, it is clear that allowing the Plaintiffs to depose the seven additional fact witnesses, plus the four experts designated by Defendants, for a total of twenty-one depositions, would be an abuse of the discovery process and would contradict the purposes of Rules 26 and 30.

First and foremost, the cost to all parties to participate in the additional depositions would be exorbitant. The Advisory Committee has stated that one of the purposes of Rule 30(a)(2)(A) is to ensure that the parties' counsel abide by their "professional obligation to develop a mutual cost-effective plan for discovery in the case." Fed. R. Civ. P. 30 advisory committee's note. Three separate "defense groups" are stationed in three different areas around Texas. The travel expenses necessarily incurred with criss-crossing the state to attend the depositions, in addition to the time and other associated costs of the depositions themselves (transcripts, videos, attorney's fees, etc.) would exact a great expense on all defendants. Yet, it is unclear that any likely benefit to Plaintiffs would outweigh Defendants' heavy burden. *See Tyco v. Omen High Pressure Die Casting, No.* 5:05-cv-152-C (N.D. Tex. May 16, 2007) (Cummings, J.).

Moreover, simply because the Plaintiffs originally filed two separate lawsuits does not entitle them to double the number of depositions. See Fed. R. Civ. P. 30 advisory committee's note ("In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court."). The Court is of the opinion that the facts underlying Plaintiff Ramirez's and Plaintiff Sifuentes's grievances are not so dissimilar as to merit additional depositions. With the exception of one witness, Sandra Self, practically all other underlying facts between the two plaintiffs' claims are identical. Therefore, through careful and strategic navigation of the discovery process, Plaintiffs should have been able to choose wisely which witnesses to depose.

## Number of Depositions for Defendants

At this point, Defendants only anticipate deposing Plaintiffs. There are 70 Plaintiffs in this case which understandably would exceed our side's 10 deposition limit as well. At the prior meet and

confer Counsel for Plaintiffs were agreeable to us deposing any Plaintiff. Our intent is to utilize written discovery to avoid any unnecessary depositions, but those attempts have not been successful. At this point the depositions of the following Plaintiffs are being requested:

1. Tracy Cole
2. Taleavia Cole
3. Tahudah Cole
4. Tristiana Walls
5. Kathryn Knowlton
6. Dana Mccormick
7. Andrew Aaron
8. Kamila Ahmed
9. Robert Agnew
10. Isiah Baldwin
11. Jacqueline Bogenberger
12. Raine Cich
13. Rachel Dulay
14. Anne Delessio-Parson
15. Erik Fanning
16. Jill Ferguson
17. Breon Foster
18. Joanna Geisler
19. Joseph Hayes
20. Destiney Jones
21. Sonora Larson
22. Holly Lavora
23. Lazarito Matheu
24. Molly Nilssen
25. Carmen Palmer
26. Leah Porter
27. Aidali Rivera
28. William Rivera
29. Hector Rodriguez
30. Jose Hernandez Ramirez
31. Oscar Concepcion Rodriguez
32. Rosalind Rogers
33. Nathan Sabel
34. William Schroeder
35. Mariah Smith
36. Peter Sparks
37. Angel Vega
38. Christina Vitolo-Haddad
39. Gabriella Vitucci
40. Suzanne Wells
41. Brandon Wilborn
42. Katelyn Wojnar
43. Sonja Worthy.

These Plaintiffs all have alleged excessive force, unlawful seizure, and first amendment retaliatory arrest claims—in addition to the other claims by "all plaintiffs." The nature of their claims suggests the existence of individual circumstances and individualized damages.

**Written Discovery**

At this point, Plaintiffs have filed three Rule 26 Initial Disclosures in this case—not a single damage has been itemized for any Plaintiff. Discovery Responses provided by Plaintiffs for the for the two original plaintiffs only generally refer to both plaintiffs' damages, lack any itemized damages, and are not signed by Plaintiffs. For the other Plaintiffs, not a single interrogatory was answered—rather inappropriate objections are made to even simple Interrogatories:

> **Interrogatory No. 16:** Itemize in detail all medical expenses that you have incurred regarding the allegations contained in your Complaint.
>
> RESPONSE : Plaintiff objects to this interrogatory as vague, undefined, ambiguous, and overbroad and not reasonably calculated to lead to the discovery of admissible evidence as well as seeking protected information by doctor-patient privilege.
>
> **Interrogatory No. 18:** Itemize in detail all expenses or loss of wages that you have incurred regarding the allegations contained in your Complaint.
>
> RESPONSE : Plaintiff objects to this interrogatory as vague, undefined, ambiguous, argumentative overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants sent plaintiffs the attached deficiency letter requesting that plaintiffs' cure their inappropriate objections and they instead stood by their Interrogatory responses. (*See* attached Exhibit Deficiency Letter and Plaintiffs' Response to Cure). While not a single Interrogatory is answered, the following statement is included: "Plaintiffs are amenable to Defendant's deposition of plaintiffs to provide a reasonable opportunity to examine and inquire with specificity." Again, not a single Plaintiff signed the discovery responses.

Defendants intend to address these discovery issues with the Court and request the maximum amount of discovery requests allowed under the Federal and Local Rules, which is unlimited requests for production of documents, 50 requests for admissions, and 25 interrogatories per party. If answered appropriately by the plaintiffs, this may change the analysis of the necessary depositions we would need to take. However, due to the lack of information provided by the Plaintiffs and their willingness to be deposed, we would ask the Court to issue an Order that the above Plaintiffs can be deposed without Defendants seeking additional leave of Court.

**Deposition Procedure and Format**

Counsel for plaintiffs assert they are entitled to conduct depositions without a court reporter or officer appointed or designated under Rule 28. *See* Fed. R. Civ. P. 30(b)(5). The deposition of Kathy Causier illustrates the severity of this problem.

To prevent future problems of accuracy and trustworthiness—we are requesting a Court Order that absent written stipulation in advance of the deposition, all depositions would be in accordance with Federal Rule 30 (specifically stenographical recording and before an officer).

Defendants are requesting a Court Order that any court reporter, videographer, or officer—not be a party to the case or have a financial interest in the case.

Defendants are further requesting a Court Order that Court Reporter Miriam Beckford not be used as a court reporter going forward. Ms. Beckford was the court reporter responsible for transcribing the audio recording of Kathy Causier. The Court, at this point has been provided with the audio recording of the deposition and the transcript—which alone establish the audio was not accurately transcribed by Ms. Beckford. Attempts have been made to clarify with Ms. Beckford why the deposition was not accurately transcribed, and Ms. Beckford's response was "the transcript and audio speak for themselves."

**Amended Scheduling Order**

Defendants are requesting an amended scheduling order in this case. Since the scheduling order was entered on July 29, 2021, several additional parties and claims have been added and discovery is currently set to close December 31, 2021. At this point, there are motions pending before the Court regarding the Striking of Plaintiffs' (3rd) Third Amended Complaint (Dkt. 62) and Defendants' Request to Stay the Proceedings (Dkt. 83).

Defendants' request is for the Court to vacate the upcoming deadlines and issue a new Scheduling Order once the pending motions are resolved.

**Discovery Update**

Copies of unredacted emails and attachments pursuant to the Court's Protective Order were provided to Counsel for Plaintiffs on October 7, 2021.

Respectfully submitted,

*/s/ Kiley B. Zellner*

Kiley B. Zellner, WI State Bar No. 1056806
GUNTA LAW OFFICES, S.C.
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Email: kbz@guntalaw.com