UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───

KATHRYN KNOWLTON, *et al.*,

    **Plaintiffs,**

  v.

    Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

    **Defendants.**

───

DECISION AND ORDER ON DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT

───

Defendants move to strike Plaintiffs' Third Amended Complaint for failure to comply with applicable scheduling orders and Federal Rules of Civil Procedure 15 and 16. (Docket # 62.) For the reasons below, Defendants' motion is denied.

## BACKGROUND

On November 2, 2020, Plaintiffs Kathryn Knowlton and Dana McCormick filed a 15-page complaint against the City of Wauwatosa, Wauwatosa Chief of Police Barry Weber, and Wauwatosa Mayor Dennis McBride for alleged violations of their constitutional rights. (Docket # 1.) The original complaint asserted four claims for relief: violation of Plaintiffs' Fourth Amendment right to be free from unlawful arrest; violation of Plaintiffs' Fourth Amendment right to be free from excessive force; violation of Plaintiffs' Sixth Amendment right to counsel; and violation of Plaintiffs' First and Fourth Amendment rights by maintaining a policy and practice of arrests for unlawful assembly. (*Id.* at 11–14.)

On January 6, 2021, I conducted a scheduling conference and set the deadline for amended pleadings for February 15, 2021. (Docket # 17.) Upon an unopposed motion by

Plaintiffs to amend the scheduling order (Docket # 19), the deadline for amended pleadings was reset to February 26, 2021. (Docket # 20). In a February 19, 2021 Text Only Order, I granted Plaintiffs' second unopposed motion to amend the scheduling order (Docket # 22) and reset the amended pleadings deadline to March 5, 2021. Accordingly, Plaintiffs filed a 136-page First Amended Complaint on March 5, 2021, adding 49 plaintiffs, naming John Doe officers as additional defendants, and listing 15 claims for relief. (Docket # 23.) Shortly thereafter, on March 6, 2021, Plaintiffs filed a Second Amended Complaint.[1] (Docket # 24.) While seemingly identical to the First Amended Complaint filed one day prior, Plaintiffs attached three additional exhibits. Defendants answered the Second Amended Complaint on April 16, 2021. (Docket # 27.)

Upon the agreement of the parties, I amended the scheduling order on July 29, 2021 and reset the amended pleadings deadline to August 20, 2021. (Docket # 41, 42.) On August 21, 2021, Plaintiffs filed a 208-page Third Amended Complaint. (Docket # 47.) Compared to Plaintiffs' Second Amended Complaint, the Third Amended Complaint added 18 plaintiffs and nine defendants and included 10 claims for relief. On August 30, 2021, Plaintiffs filed a "Notice of Errata" to correct formatting errors present in the Third Amended Complaint. (Docket # 54.) Plaintiffs asserted that a new Third Amended Complaint, filed as an attachment to the errata, corrected paragraphs and claims that Plaintiffs had misnumbered but made no other changes. (*Id.* at 1–2.)

Plaintiffs filed a "2nd Notice of Errata for the Corrected 3rd Amended Complaint" on September 8, 2021. (Docket # 55.) Therein, Plaintiffs asserted that six claims for relief

---

[1] While the complaint filed on March 6, 2021 is titled "First Amended Complaint," it is in essence a second amended complaint and the parties refer to it as such in their submissions related to Defendants' motion to strike. As such, I refer to this amendment as the Second Amended Complaint.

included in the Second Amended Complaint were inadvertently omitted from the Third Amended Complaint. (*Id.* at 2.) Plaintiffs further asserted that a Corrected Third Amended Complaint (Docket # 56), concurrently filed with the errata, re-inserted the omitted claims but contained no substantive changes from the Second Amended Complaint (Docket # 55 at 2). The Corrected Third Amended Complaint lists 16 claims for relief:

| Claim | Name |
|---|---|
| First | Violation of Plaintiffs' Fourth Amendment Rights to be Free from Unlawful Seizure |
| Second | Violation of Plaintiffs' Fourth Amendment Rights to be Free from Excessive Force |
| Third | Violation of Plaintiffs' Sixth Amendment Right to Counsel |
| Fourth | Policy and Practice of Arrests for Unlawful Assembly in Violation of First and Fourth Amendment Rights |
| Fifth | *Monell* Claim |
| Sixth | Violation of the Fourth and Fourteenth Amendments – Unlawful Search & Seizure or Property – 42 U.S.C. § 1983 |
| Seventh | Defendants' Law Enforcement Activities Violate Title VI |
| Eighth | Conspiracy to Deprive Plaintiffs of their Constitutional Rights |
| Ninth | 42 U.S.C. § 1983 Retaliation for Exercise of Free Speech |
| Tenth | Violation of the Driver's Privacy Protection Act (18 U.S.C. 2721, et seq.) |
| Eleventh | 42 U.S.C. § 1983 Failure to Intervene |
| Twelfth | 42 U.S.C. § 1983 Abuse of Power |
| Thirteenth | 42 U.S.C. § 1983 Equal Protection (William Rivera v. John Doe Officer) |
| Fourteenth | 42 U.S.C. § 1983 Equal Protection (All Plaintiffs v. All Defendants) |
| Fifteenth | 42 U.S.C. § 1983 Equal Protection (All Plaintiffs v. All Defendants) |
| Sixteenth | 42 U.S.C. § 1983 Violation of Right to Assemble |

(Docket # 56 at 185–201.)

## ANALYSIS

Federal Rule of Civil Procedure 16 governs pretrial conferences, scheduling orders, and case management. Rule 16(b) provides that the Court may issue "any just orders," including sanctions, if a party or its attorney fails to obey a scheduling order. Fed. R. Civ. P. 16(f)(1)(C) (incorporating sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii)). Rule 16(f) provides that instead or in addition to any other sanction imposed, the Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Defendants argue that Plaintiffs' Third Amended Complaint should be stricken based on Plaintiffs' continued failure to seek leave of court or Defendants' written consent before filing amended pleadings or to adhere to the Court's scheduling orders regarding the same. (Docket # 63 at 4.) In turn, Plaintiffs argue that striking the Third Amended Complaint would be a disproportionate sanction for Plaintiffs' innocent mistakes. (Docket # 89 at 3–5.)

Unquestionably, each of Plaintiffs' amended pleadings filed since March 6, 2021 has been filed outside the deadlines established by the Court's scheduling orders. However, the circumstances surrounding Plaintiffs' failings do not warrant striking the Third Amended Complaint. As for the filing of the Second Amended Complaint, as noted above, the First Amended Complaint was timely and the only difference was seemingly in the exhibits attached. Further, Defendants responded to the Second Amended Complaint and stipulated to the subsequent amendment of the scheduling order. As such, it would be unfair to consider the Second Amended Complaint in determining the propriety of sanctions.

At issue, then, is the untimeliness of the Third Amended Complaint and the two corrected versions of it. Defendants are right to call Plaintiffs out on their untimeliness, which they have not explained. However, while Plaintiffs' late filings undoubtedly serve as an inconvenience to Defendants, I find that striking it as a sanction would be disproportionately unjust. Plaintiffs' Third Amended Complaint filed on August 21, 2021 labeled claims One, Two, Three, Four, Five, Six, Seven, Eight, Eleven, and Sixteen, for a total of 10 claims. In their Notice of Errata, Plaintiffs submitted a version of the Third Amended Complaint that fixed the numbering inconsistencies of the original. Plaintiffs subsequently filed a 2nd Notice of Errata for the Corrected 3rd Amended Complaint indicating that the Third Amended Complaint inadvertently omitted several claims that were present in the Second Amended Complaint. Plaintiffs also sent Defendants emails to that effect. Further, Defendants responded to the Second Amended Complaint on April 16, 2021. (Docket # 27.) Out of the 16 claims for relief in Plaintiffs' most recent iteration of the Third Amended Complaint, only two claims have not been answered before. Again, though inconvenient to Defendants, they would not be prejudiced by having to answer the additional two claims. Accordingly, I admonish Plaintiffs not to file late pleadings without leave of the court, but I will deny the motion to strike.

Defendants also request reasonable expenses, including attorney's fees, associated with filing the motion to strike. Reasonable expenses are warranted unless a party's noncompliance with Rule 16 was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2). There is no question that Plaintiffs' noncompliance was not substantially justified. While Plaintiffs' mistakes necessitating the filing of the amendments may have been inadvertent, Plaintiffs' failure to abide by the Federal

Rules was not. Leave to file could have been easily requested and filed along with any amendment. Further, Plaintiffs' notices of errata do not negate the need to seek leave from the court after a deadline has passed. Nonetheless, the Third Amended Complaint was not substantially late, and Plaintiffs' two corrections to the Third Amended Complaint were added to correct seemingly innocuous errors. Under these circumstances, I find that awarding expenses to Defendants based on Plaintiffs' noncompliance with Rule 16 would be unjust.

This case contains many parties and multiple claims. As such, both Plaintiffs and Defendants should review pleadings carefully prior to filing in order to prevent issues such as this one and allow the litigation to move efficiently along.

Both parties should understand that future violations of this nature could expose them to sanctions.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' motion to strike (Docket # 62) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of October, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

6

Case 2:20-cv-01660-NJ   Filed 10/14/21   Page 6 of 6   Document 95