# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHRYN KNOWLTON,** *et al.*,

    **Plaintiffs,**

v.                                 Case No. 20-CV-1660

**CITY OF WAUWATOSA,** *et al.*,

    **Defendants.**

## DISCOVERY PLAN AND ORDER

In this multi-party litigation, the parties disagree on a plan to govern discovery in this case. Therefore, I ordered each party to submit a proposed discovery plan. After considering the parties' proposals and conducting a hearing, I enter the following order to govern discovery in the case.

1. *Number of Depositions*

    The parties disagree on the appropriate number of depositions. Plaintiffs, who have already conducted 15 depositions, propose an additional 140 hours of depositions. Defendants propose 43 depositions and state that Plaintiffs are seeking at least an additional 62 depositions. Federal Rule of Civil Procedure 30(a)(2)(A)(i) sets a presumptive limit of 10 depositions per side. This presumption applies even in multi-party litigation. *See* Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment. In this case, in light of the number of plaintiffs (69), the number of defendants (12, plus an undetermined number of John Doe defendants), the number of claims (16), the variety of both constitutional and statutory claims, and

the inherently individualized nature of some of the claims, I find that exceeding the presumptive limit of 10 depositions may be necessary. Accordingly, I will allow each side to conduct a maximum of 30 depositions, including the depositions of experts and depositions that have already been completed. Additionally:

(a) The depositions must be relevant, not cumulative, and not for the purpose of harassment. Depositions that are not relevant, cumulative, and/or harassing should be brought to the court's attention.

(b) The parties are reminded that leave of the court is required to exceed the permitted number of depositions, and, given that the parties have already been allowed to exceed the presumptive number of depositions, I am disinclined to grant further leave to conduct additional depositions.

(c) The parties are also reminded that leave of the court is required if the deponent has already been deposed. Fed. R. Civ. P. 30(a)(2)(ii). Here, too, given the number of depositions allowed in this case, I am also disinclined to grant such leave.

(d) Finally, the depositions must comply with all the requirements of Rule 30.

2. *Requests for Production*

Defendants request unlimited requests for production. Plaintiffs do not object. Neither Fed. R. Civ. P. 34 nor Civil L. R. 34 place limits on the number of requests for production. Accordingly, I will not limit the number of requests for production. However, I remind the parties of the directive that discovery should not be

2

unreasonably cumulative, duplicative, burdensome, or costly. Fed. R. Civ. P. 26(b)(2)(C)(i).

3. *Requests for Admission*

Plaintiffs propose 35 requests for admission per side and Defendants propose 50 per side. Consistent with Civil L. R. 36, I will permit a maximum of 50 written requests for admission. The parties are reminded that the 50 permissible requests for admission may not be expanded by the creative use of subparts. Civil L. R. 36(a)(1).

4. *Interrogatories*

Plaintiffs propose 15 interrogatories per side. Defendants propose 25 per side. Both Fed. R. Civ. P. 33 and Civil L. R. 33 authorize 25 interrogatories. I see no reason to reduce the number of interrogatories when the parties have sought to expand the number of presumptive depositions. To the contrary, I encourage the parties to use this and the other less costly discovery tools to winnow down the number of depositions. Further, as this has been an issue in this case, I remind the parties that Fed. R. Civ. P. 33(b)(5) requires that the person who answers the interrogatories also signs them.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this discovery order shall govern this litigation.

Dated at Milwaukee, Wisconsin this 19th day of October, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

4