IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
et al.,

            Plaintiffs,

v.                                                           Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS McBRIDE, et al.,

            Defendants.

## DEFENDANTS' REPLY TO THEIR MOTION TO STRIKE KATHY CAUSIER DEPOSITION TRANSCRIPT

Defendants, by their attorneys, Gunta Law Offices, S.C., respectfully submits the following reply brief in support of their motion to strike Kathy Causer's July 13, 2021, deposition transcript. This Court previously ruled on the portion of Defendants' Motion regarding quashing the notice of deposition as such no additional arguments are made.

## DISCUSSION

Plaintiffs' Response relies on the claim Kathy Causier's deposition "was conducted by means of zoom technology upon the stipulation of all Counsel, which is confirmed by Defendants' Counsel on July 1, 2021, in response to the explicit notice from Plaintiffs' Counsel on June 30, 2021." Plaintiffs rely on Exhibit A as the "stipulation of all counsel."

First, it is important to note the June 30, 2021, email is not a stipulation agreed upon by the parties—but rather a statement by Plaintiffs' Counsel regarding what they expect for any depositions "you" [Defense Counsel] conduct via zoom. (Dkt. 92-1) The section on zoom depositions is a separate numbered item from the discussion on the Causier deposition. *Id.* Further, Defense Counsel's response neither confirms agreement with or acknowledges the

existence of any stipulation regarding the Causier deposition. *Id.*

Furthermore, nothing in the email exchange mentions Attorney Knowlton acting as a Rule 28 Officer—who would swear the witness in and act as keeper of the record. Plaintiffs' Response fails to address any argument that Rule 28(c) of the Federal Rules of Civil Procedure provides that a deposition <u>must not</u> be taken before a person who is any party's relative, employee, or attorney, or a person who has a financial interest in the litigation.

Even assuming the email exchange was a stipulation, Plaintiffs' fail to address their violation of the stipulation specifically, the agreement to provide a recording of the zoom upon request. It is undisputed Attorney Knowlton destroyed or failed to preserve the video recording of the zoom. This is significant, as an audio recording without corresponding video is more suspectable to tampering or editing. Further, Federal Rule of Civil Procedure 30(f)(3) requires "[u]nless otherwise stipulated or ordered by the court, the officer must retain…a copy of the recording of a deposition taken by another method." There is no suggestion the parties stipulated to Attorney Knowlton's failure to retain a copy of the video recording. Likewise, nothing in the email exchange discusses only audio being provided to the court reporter for transcription. To be clear, only audio was provided to the court reporter here. This means the court reporter had to somehow identify who was speaking throughout the recording which included at least four female voices.

Plaintiffs' allege "Defendants' Counsel has not raised one single objection or noted one error in the testimony portion of the transcription that was generated from the recording. That is not only impressive and professional work by the court reporter, but it is critical in evaluating the nature and intention of these motions…" (Dkt. 92, pp. 4-5) Notably, although describing the court reporter's work as "impressive and professional" Plaintiffs never dispute the transcript fails

2

to accurately transcribe the audio recording. This Court has acknowledged the transcript does not accurately transcribe the audio recording.

While Counsel for Plaintiffs continue to believe the Federal Rules of Civil Procedure are "inapplicable technicalities…that simply need not be addressed." (Dkt. 92, p. 3) None of the procedures outlined in Fed. R. Civ. P. 30 are "technicalities" but rather exist to remove any doubt as to whether a transcript or recording has been tampered with or edited by either party. Counsel for Plaintiffs claim to be in the fortunate, although incredible position to "have no reason to believe that anything improper occurred." (Dkt. 92, p. 7) Defense Counsel is in no such position. Despite, Plaintiffs' attempt to limit Defense Counsel's "implication that some impropriety or lack of rule compliance" as evidenced solely on "the lack of the stenographic record of off the record interactions between Counsel" the record clearly shows otherwise. (Dkt. 92, p. 5) Here, the claims of impropriety and lack of rule compliance are based on: 1) actual lack of rule compliance, 2) Attorney Knowlton's destruction of the zoom video recording, 3) Attorney Knowlton providing only audio to the court reporter for transcription, 4) Counsel for Plaintiffs initial refusal to provide any copy of the zoom recording to counsel when requested, 5) an inaccurate transcription of the audio recording—including portions "on the record", and 6) lack of transparency from the court reporter regarding what recording she was provided or why the transcript was missing portions of the audio recording.

Finally, Defense Counsel does not dispute the various conveniences of utilizing remote depositions—and in fact encourages Counsel for Plaintiffs to conduct remote depositions to avoid unnecessary expense (i.e. travel time and costs for two attorneys who reside out of state). However, none of those conveniences are lost by utilizing a court reporter to stenographically record a remote deposition and act as a neutral administrator and keeper of the record.

3

Dated at Wauwatosa, Wisconsin this 20th day of October 2021.

          **GUNTA LAW OFFICES, S.C.**
          Attorneys for Defendants

          */s/ Kiley B. Zellner*
          Gregg J. Gunta, WI Bar No. 1004322
          Ann C. Wirth, WI Bar No. 1002469
          Jasmyne M. Baynard, WI Bar No. 1099898
          Kyle R. Moore, WI Bar No. 1101745
          Kiley B. Zellner, WI Bar No. 1056806
          9898 W. Bluemound Road, Suite 2
          Wauwatosa, Wisconsin  53226
          T: 414) 291-7979 / F: (414) 291-7960
          Emails:    gjg@guntalaw.com
                          acw@guntalaw.com
                          jmb@guntalaw.com
                          krm@guntalaw.com
                          kbz@guntalaw.com