IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON,
    et al,

    Plaintiffs.

    v.                                   Case No. 20 CV 01660

CITY OF WAUWATOSA,
    et al.

    Defendants.

PLAINTIFFS' BRIEF AGAINST DEFENDANT's MOTION TO STAY PROCEEDINGS

Plaintiff's, by and through undersigned counsel, provides their response to Defendants' Motion to Stay Proceeding and provide as follows:

## INTRODUCTION

One year after the commencement of this suit, Defendants have for the first time requested a stay of all proceedings. Over this entire year, Defendants have been unable and unwilling to bring a simple municipal ticket violation. They have chosen to stay these tickets in Wauwatosa's municipal court. Defendants provide no basis for why they could not bring the equivalent of a parking ticket to trial in a year. Of course, there is no reason that they could not have held a short trial for each Plaintiff. Whether Defendants will ever pursue these tickets is unclear given their conduct. Instead, they seek to use their own non-action as a basis for a stay of these Court proceedings.

## BACKGROUND

This case was filed on November 2, 2020 with two Plaintiffs stating claims for unlawful seizure, excessive force, violation of right to counsel, and for denial of their First Amendment Rights

1

against Defendants City of Wauwatosa, Chief of Police Barry Weber, and Mayor Dennis McBride. ECF [1]. In this original Complaint, Plaintiffs Katherine Knowlton and Dana McCormick raised the constitutionality of their tickets for violation of the Emergency Order in their Fourth Claim for Relief.

On March 5, 2021, this case was expanded to encompass a litany of constitutional violations committed by the named Defendants including their conduct in targeting protesters and people on the basis of their political association. ECF [24]. This First Amended Complaint added forty-nine (49) new Plaintiffs, and claims for conspiracy under 42 U.S.C. 1985, unlawful search, Failure to Intervene, Free Speech Retaliation, Equal Protection, and First Amendment right to Assembly, among other claims. While the one claim which relates to the unlawfulness of the Emergency Order tickets remained, the conduct encapsulated within this Complaint included many additional issues ranging from whether the curfew order was enacted in order to suppress the First Amendment rights of Plaintiffs to express their beliefs and to assemble, excessive force claims on behalf of many Plaintiffs for the manner in which they were arrested, unlawful search claims for a range of conduct including the forced strip searching of several young females including Taleavia Cole - the sister of Alvin Cole who was killed by former Wauwatosa Police Officer Joseph Mensah in February 2, 2020 - who had also been arrested for a municipal ordinance, an Equal Protection Claim on behalf of William Rivera who was told that he was arrested because he is black, First Amendment retaliation claims on the basis that excessive force and arrest was used against numerous Plaintiffs on the basis of the content of their political speech, unlawful searches of Plaintiffs' phones, and other constitutional violations.

On September 8, 2021, Plaintiffs filed their most recent Amended Complaint which added sixteen (16) new Plaintiffs, nine (9) new Defendants, and additional claims wholly unrelated to the tickets given out for alleged violations of a curfew order. This included new claims arising out of a more than yearlong effort by the WPD to unlawfully target and surveille members of the People's

Revolution, a local political movement calling for an end to racist policing and police brutality. Plaintiffs have alleged claims related to this McCarthyesque behavior on numerous grounds including First Amendment violation for the ability to chill the speech of a normal person, the unlawful distribution of personal information in violation of the Drivers Privacy Protection Act, and Title VI claims. None of this conduct implicates a municipal non-criminal ticket.

**ARGUMENT**

Defendants have filed a Motion to Stay All Proceedings in this case on the basis that some of the Plaintiffs have municipal tickets which are referenced in this case. First Defendants should be equitably estopped from making this argument. The parties have been engaged in litigation for nearly a year, with discovery ongoing for ten months. Second, Defendants seek to stay the entire case on the basis of one claim among many made by some, but not all Plaintiffs.

    **I.    THIS COURT SHOULD DENY THE MOTION TO STAY AS IT IS UNTIMELY – EQUITABLE ESTOPPEL**

This case was commenced on November 2, 2020. At that time, the constitutionality of the Emergency Order was in dispute. Discovery commenced soon thereafter and Plaintiffs submitted their first requests for discovery in early January. In April, Plaintiffs began taking depositions. As of the filing of this Response, Plaintiffs have conducted approximately fifteen depositions – including two depositions of Dennis McBride who enacted the Proclamation of Emergency, have reviewed thousands of documents, and have responded to Defendants' voluminous requests for discovery, interrogatories and requests for admissions. For nearly one year, Plaintiffs have engaged in litigation and have expended significant resources including two of Plaintiff's Counsels who live out of state and have traveled to Wisconsin numerous times in attempting to pursue this case and to move it forward in an expeditious manner.

3

Plaintiffs moved forward in part on the basis that <u>Defendant Wauwatosa</u> through Defendant George Schimmel in the Emergency Order ticket cases requested and was granted in Wauwatosa Municipal Court a stay of proceedings in such cases pending federal resolution. ECF [85] para 3. Plaintiffs did not request this relief. Defendants did. Plaintiffs have simply relied upon Defendants own conduct.

Defendants' request to stay proceedings, having shown no effort for over one year to prosecute civil municipal tickets and after Plaintiffs have expended significant resources in litigation and discovery in prosecution of their own case for nearly one year, is simply inequitable. In effect, Defendants should not be permitted to sit on their rights, allowing Plaintiffs to justifiably pursue litigation and incur expenses, only to have the rug pulled out from under them when Defendants decide they no longer wish to engage in discovery.

Additionally, Defendants should be seen to have implicitly waived a request to stay proceedings. Gunta Law is an established civil rights defense law firm which has operated in defense of civil claims for decades. Certainly, Defendants were aware of the *Younger* doctrine and simply determined that it was not a claim they wished to pursue. *Younger* is not a new legal doctrine, and given the Gunta Law five (5) Defense counsel appearing on this case and their decades experience in defending municipalities on claims of civil rights violations. The protections afforded by *Younger* are aimed at avoiding the costs of litigation at the beginning.

In addition to this, *Younger* held that Federal courts:

> "will not enjoin pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable lost is bot great and immediate in that there is a threat to the plaintiff's federally protected rights that cannot be eliminated by his defense against single prosecution." *Younger v. Harris, 401 U.S. 37, 54-55 (1971).*

4

Defendant's repeatedly assert *Younger* which prevents a state criminal defendant from "asserting ancillary challenges to ongoing state criminal procedures in federal court." *Younger v. Harris, 401 U.S. 37, 54-55 (1971)*. *Younger* further states that federal courts should abstain from hearing a case before it when there is an ongoing state proceeding is grounded in longstanding public policy against federal court interference with state court proceedings." *Steffel v. Thompson, 415 U.S. 452, 460-61 (1974)*. There are no ongoing state proceedings involving any of the Plaintiffs and their claims in this matter. There are no ongoing state criminal proceedings involving any of the Plaintiffs and their claims in this matter.

At the request of the City of Wauwatosa, through Attorney Schimmel, on July 28, 2021 the Wauwatosa Municipal Court Judge Baker stayed the municipal tickets for violation of an emergency order, "pending a determination in the Knowlton et al. v. City of Wauwatosa et al. Case No. 2020-CV-01660 currently pending in the Eastern District of Wisconsin Federal Court." (*See Exhibit A Wauwatosa Municipal Court Order 7/28/21*). Now, the Defendants essentially want a stay from this court based on limited jurisdiction of the municipal court cases that are currently stayed at the request of the Defendant City of Wauwatosa and Defendant George Schimmel. It is also important to note that neither Defendant Schimmel nor Defendant City of Wauwatosa have attempted to lift the stay or proceed with the court proceedings in relation to the Emergency Order tickets in the Wauwatosa municipal court. (*See Exhibit B, Motley, Kimberley Declaration 102021*)

**II. THE ENTIRE CASE SHOULD NOT BE STAYED PENDING RESOLUTION OF THE CURFEW VIOLATIONS MUNICIPAL CITATIONS FOR HALF OF THE PLAINTIFFS**

First, Defendants request this Court to stay the entirety of an important civil rights case on the basis that only thirty-five (35) of the sixty-nine Plaintiffs have pending municipal tickets which have a maximum monetary fine of $200 for Violation of the Emergency Order. ECF [84], p.2. Thirty-four

5

(34) of which were not given a civil municipal ticket for violation of an emergency order. Defendants waive away that only one claim goes to the constitutionality of the Emergency Order while fifteen other claims are wholly unrelated to the constitutionality of the Emergency Order tickets. Defendants also ignore that the vast majority forty-two (42) plaintiffs have multiple claims, nearly half of the Plaintiffs have no Violation of Emergency Order ticket and accordingly, Defendants have offered no basis for why their case should also be stayed. On this basis alone, this case and the municipal court cases are not parallel cases and the rights of thirty-four (34) plaintiffs are being asked to be enjoined. For reasons unknown, Defendants have not even requested that only those claims implicated by *Younger* be stayed. They've asked for the whole thing. On this basis alone, Defendants' request is grossly overreaching.

More importantly, this case encapsulates months of constitutional violations which include the developing of a list to surveille and target citizens on the basis of their political association, the violation of protesters' rights to assemble and express their political beliefs, the excessive force utilized by police officers in retaliation for protesters' political expression, unlawful searches and seizures both related and unrelated to the Emergency Order, privacy violations, and many other claims.

This case is not simply a question of whether the Emergency Order was constitutional or lawfully enacted. It involves questions related to dozens of other individuals whose First Amendment rights to association and expression were violated by the Emergency Order but who do not have pending municipal court cases. It involves questions of privacy and whether the right to assembly is violated when a municipality develops a list of people on the basis of their association with a political movement. It involves questions of whether a strip search is constitutional without probable cause. It involves questions related to the excessive force, ranging

6

from the use of chemical irritants and less lethal munitions to the slamming of people on the ground for the violation of a municipal ordinance similar to jaywalking. Defendants, without explanation, ask the Court to also stay these wholly unrelated claims and those claims of individuals without an Emergency Order case in state court.

## CONCLUSION

For all the aforementioned reasons, Plaintiff's request that the Defendant's motion to stay the proceedings should be denied. In addition to this, Plaintiffs also argue that Defendants motion to stay is another attempt meant to frustrate the court proceedings, waste time, and needlessly increase the cost of litigation.

Executed on the 21st day of October 2021.

s/ Kimberley Cy. Motley
MOTLEY LEGAL SERVICES
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

Attorney E. Milo Schwab
Attorney Kathryn Knowlton

**ATTORNEYS FOR PLAINTIFFS**

7