| DATE REQUESTED | DOCUMENT REQUESTED | No. of Req. | OUTSTANDING DOCUMENTS |
|---|---|---|---|
| 1/6/21 | Production of Documents Request | #1 | • Def. have not produced any of its publicly released social media posts on Facebook, twitter, and any other social media outlets that it uses of the City of Wauwatosa, Dennis McBride, and the Wauwatosa Police Department as it relates to the curfew, proclamation of emergency.<br><br>Request was directed to City of Wauwatosa, Barry Weber, and Dennis McBride. Request was for all "communications and documents." Document is defined in the Request as:<br><br>4. The word "document" means any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to papers, books, periodicals, pamphlets, newspaper articles or clippings, publications, letters, photographs, objects, tangible things, correspondence, telegrams, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda, reports and recordings of telephone or other conversations, or of interview, or of conferences, or of affidavits, statements, summaries, opinions, reports, video or audio recordings, film, all other records or information kept by electronic, photographic, mechanical or other means, and things similar to any of the foregoing, however denominated.<br><br>1. Unless otherwise specified, each document requested herein pertains to documents in your possession or custody or subject to your control, prepared or reflecting or relating in any way to any fact, occurrence, thing or other matter described.<br><br>Defendants objected to this Request as overly broad and unduly burdensome. Requests to produce "must describe with reasonable particularity each item or category of items to be inspected." Fed.R.Civ.P. 34(b)(1)(A). The reason for this rule is that such broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope. Which is exactly the issue here. Further, plaintiff's Response to the Objection never identified publicly released social media posts as still needed. |

| | | #2 | - Def. have not provided communications from the time period of 5/25/20 – 6/30/2020 & 12/13/20 – 4/16/21 in Def. possession that include the following search terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency, TPR, The People's Revolution <br><br> <span style="color:red">Plaintiffs' Document Request No. 2 asked for communications from "**2020**". Defendants objected to this Request as overly broad, unduly burdensome, not limited in scope or relevant time period and not likely to lead to discovery or relevant and admissible evidence but agreed to provide documents which are responsive to the search terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency. Plaintiff's response was "specify how this is overly broad and burdensome." Defendants did specify and Plaintiff's provided no further explanation on why TPR or the People's Revolution were relevant to a party's claim or defenses.</span> <br><br> <span style="color:red">Defendants then proposed to run a city-wide email search with content/subject to include any of the following terms: "curfew" or "emergency declaration" or "emergency order" or "state of emergency" or "proclamation of emergency" or "The People's Revolution" or "People's Revolution" "TPR" or "Protest" or "Protesting" or "Police Presence in the City of Wauwatosa" or "Police Presence in the City of Wauwatosa" AND time period of July 1, 2020 – December 31, 2020.</span> <br><br> <span style="color:red">This was the large email search provided to plaintiffs. The production and review of these materials was extremely burdensome. Plaintiffs now continue to request additional email searches for same/different time periods or search terms.</span> |
|---|---|---|---|

| | | #5 | <ul><li>Def. have not provided all police reports, memorandums, arrest information, arrests data, booking information, any and all videos such as drone videos, squad videos, body cameras, video created by mobile phones, and audio recordings etc. for those who were surveilled, questioned, detained, ticketed, or arrested *of all affiliated police departments who the WPD requested assistance of, such as the FBI, the U.S. Marshalls, the National Guard, in connection to the curfew imposed from October 7, 2020 – October 12, 2020.*</li><li>In particular, Def. have not provided interrogation footage from other sources that may be in their possession</li></ul>* *Some of the assisting agencies that WPD have various videos responsive to this request but have failed to provide include info from Bayside, Fond du Lac County, Glendale PD, Greendale PD, Waukesha Co., Waukesha PD, Winnebago Co.*<br><span style="color:red">Documents from outside agencies in possession of the City of Wauwatosa included the following:<ul><li>Bayside – BWC (14 total)</li><li>Glendale – BWC (9 total)</li><li>Greendale – Squad Videos</li><li>Waukesha – Incident Reports (10 total)</li><li>Winnebago – Videos</li></ul>The materials were provided to plaintiffs by drop box on January 7 via email/drop box link from Lieutenant Roy. Defendants have verified the drop box link is still active and can still be accessed.</span> |
| | | #7 | <ul><li>It is unclear if the Def. have not provided all responsive documents, electronic communications audio, emails, text messages, from July 1, 2020 to December 31, 2020 between the Defendants and members of the Wauwatosa Police and Fire Commission in relation to protesting, the people's revolution, curfews, and police presence in the City of Wauwatosa between August 13, 2020 – October 14, 2020. Of note, def. have not provided any text messages that may be relevant to this request.</li><li>It is unclear if Def. have provided all documents, electronic communications audio, emails, text messages, from July 1, 2020 to December 31, 2020 between the Defendants and members of the Common Council in relation to protesting, the people's revolution, curfews, and police presence in the City of Wauwatosa between August 13, 2020 – October 14, 2020.</li></ul><span style="color:red">Plaintiffs' Document Request No. 7 asked for "any and all documents, electronic communications audio or written (emails), text messages, etc … ***between August 25, 2020 to December 15, 2020*** between the Defendants and members of Wauwatosa's Common Council, as well as members of the Wauwatosa Police and Fire Commission Members."</span> |

3

| | | | |
|---|---|---|---|
| | | | Defendants objected to the Request as overly broad, unduly burdensome, not limited in scope or to any relevant period of time and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Defendants explained the wording of the Request would require them to provide "any and all documents, electronic communications audio or written (emails), text messages, etc" between every agent of the City of Wauwatosa and Common Council Members as well as the Wauwatosa Police and Fire Commission Members. Defendants requested Plaintiffs' revise and narrow the focus.<br><br>Plaintiffs' responded by expanding the time frame and providing an additional time frame. Defendants again responded stating the wording was unclear—but in an effort to be responsive addressed Audio Communications, provided the below text messages, and identified the parameters of the General Email Search which would include Common Council Members emails.<br><br>**04/08/2021** Defendants Produced:<br>1. Text Messages covering dates 08/04/2020 – 10/14/2020 [*Bates Nos. 828 – 918*]<br>2. City of Wauwatosa Common Council Agency dated 10/13/2020 [*Bates No. 919*]<br>3. City of Wauwatosa Proclamation of Emergency [*Bates Nos. 920 – 921*]<br>4. Mayor McBride's letter to the Common Council dated 10/11/2020 [*Bates No. 922*]<br>5. Common Council Emails, with attachments, from [*Bates Nos. 923 – 1441*]<br>6. Emails to/from c_policefire@wauwatosa.net from [*Bates Nos. 1480 – 1925*] |
| 6/26/21 | Plaintiff's 1st Req. & Interrogatories | Inter. #1 | Plaintiff's do not have all the names, job titles, email address, phone numbers, badge numbers, or ID's of all the people who had access to or received the TPR Target/Protestor List from 6/1/20 – 6/24/21.<br>Defendants provided a list in their Response to Plaintiffs' First Request for Admissions and Interrogatories on 07/27/2021. *See* Exhibit A and B from the Response.<br><br>Defendants also produced emails from/to Ratkowski whereby the Protester List was attached. [*Bates Nos. 14525 – 15007*]<br><br>Defendants will update Interrogatory Response to identify that all sworn officers and clerks could have accessed the document. |
| | | Inter. #2 | Plaintiff's do not have all the companies, governmental entities, non-governmental agencies, law enforcement agencies, of persons who had access or received the TPR Target/Protestor List from 6/1/20 – 6/24/21<br>Interrogatory No. 2 requested "**dates and times**". Defendants provided the dates said list was sent and/or received to plaintiffs on 07/27/2021. Said Interrogatory did not request "all the companies, |

4

| | | | | |
|---|---|---|---|---|
| | | | | governmental entities, non-governmental agencies, law enforcement agencies, of persons who had access or received the TRP Target/Protester List from 6/1/20 – 6/24/21". Furthermore, said Request is duplicative of Interrogatory No. 1 which included the names of outside individuals who received the list. |
| | | | Inter. #3 | • Plaintiffs do not have any social media handles and/or emails created by the City of Wauwatosa employees or WPD on Facebook, twitter, Instagram, reddit, viper, and any other social media sites used to surveil and/or engage with any persons on the TPR Target list<br>• It is unclear if Plaintiffs have received all social media handles and emails used by the City of Wauwatosa employees or WPD such as on Facebook, twitter, Instagram, reddit, viper, and any other social media sites used to survey and/or engage with any persons on the Protestor list – to date Plaintiffs have received Confidential Informant (CI) info from persons working with the WPD but only for Facebook social media and no other social media CI social media handles<br>Defendants are providing an updated response to Interrogatory No. 3 marked "For Attorney's Eye's Only" with the social media handle created by City of Wauwatosa—as referenced in Dominick Ratkowski deposition. |
| 3/29/21 | Deposition of Barry Weber | | #1-3 | General deposition standard: Any and all documents to which you may refer in your deposition and/or testimony in any hearing in this matter; Any and all copies of any written correspondence upon which you rely to support your claims and professional assessment, evaluation and/or conclusions; Any and all documents you intend to introduce or rely upon at trial in this case. (No documents directly related to Weber were produced at this deposition)<br>Barry Weber was already deposed and did not rely on any documents at his deposition beyond those exhibits selected by counsel for plaintiffs. The term "may refer" requires the Defendant to speculate as to what documents might be responsive. This request is also premature as discovery is ongoing, Defendants will disclose all documents they intend to introduce or rely upon at trial at least 30 days before trial pursuant to Fed. R. Civ. Pro. Rule 26 (a)(3)(B). |
| 07/26/21 | Dominick Ratkowski DepoNotice | | #2 | It is unclear if defendants provided all documents including social media, social media handles, recordings (including but not limited to FBI live, Instagram live, etc.) copies in relation to any emergency situations in Wauwatosa; and also any credible and serious threats of violence and vandalism, including but not limited to the burning down of Mayfair Mall, concerns of outside agitators that were received, viewed, or created by you and/or any of the agents of the city, including WPD officers and any/all |

| | | | |
|---|---|---|---|
| | | #3 | agents participating and/or coordinating, collaborating, at the behest of the Defendant City from May 25, 2020 – present. On 06/22/2021, Defendants produced a flash drive containing all media that Wauwatosa PD Civilian Crime Analyst Dominick Ratkowski collected relating to the protest. [*Bates Nos. 16077 – 16935*] and e-mails to/from WPD, with attachments were produced: *Bates Nos. 15365 – 16076; Bates Nos. 8207 – 14035*, B*ates Nos. 2070 – 7288*; *Bates Nos. 7289 – 8000*; *Bates Nos. 14070 – 14516;* and *Bates Nos. 17150 – 18413*.<br><br>Defendants have not provided Any and all social media handles created on behalf of the WPD used to monitor any persons from May 25, 2020 through the present. (*Similar to above 6/26/21 Interrogatory #3)*<br>Defendants are providing an updated response to Interrogatory No. 3 marked "For Attorney's Eye's Only" with social media handle created by City of Wauwatosa—as referenced in Dominick Ratkowski deposition. |
| | | #10 | Defendants have not provided all metadata of emails as well as any attachments to emails that were sent to, emails sent from, or emails received at the email address of dratkowski@wauwatosa.net and text messages sent to or from 414-688-0079 *(no text messages received to date)* from the dates of May 25, 2020 through present regarding the following :<br>-        protesting in the City of Wauwatosa from June 1, 2020 through present<br>-        law enforcement operations in regards to the October 7 – 12, 2020 curfew in Wauwatosa<br>-        any and all emails that mention or refer to the following persons and search terms :<br>Kathryn Knowlton, Kimberley Motley, Deja Vishny, Alvin Cole, Tracy Cole, Taleavia Cole, David Bowen, John Larry, Mary Lockwood, Khalil Coleman, Jacqueline Bogenberger, Kyle Rittenhouse, Gaige Grosskreutz, Antifa, the People's Revolution, TPR, BLM, Kenosha, George Floyd, Jacob Blake, curfew tickets, Barry Weber.<br><br>See response to issue with ongoing requests to search email addresses and objection to plaintiffs 09/16/21 Request for Production. |
| 7/26/21 | Joseph Roy Depo Notice | Req. #4 | Defendant's have not provided all **metadata of emails**, attachments to emails, text correspondence, communications to or from any federal agencies, local agencies, persons, which refer to or are about the ProtestorList or the Protestor folder. *This would include media outlets.* See response to issue with ongoing requests to search email addresses and protestor list responses. |

|  |  | Req. #5 | It is unclear if defendants have provided all **metadata of emails**, attachments to emails, text correspondence, communications to or from any federal agencies or agents including but not limited to persons from the FBI, U.S. Attorney's Office, U.S. Marshals, CIA, the Department of Homeland Security, the FAA, (ICE Immigration and Customs Enforcement), the state or federal National Guard which you sent, received, or have in your possession that refer or are about protesting and or about curfews from May 25, 2020 to present.<br><span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Joseph Roy and his emails were included in general email search provided to plaintiffs.</span> |
|  |  | Req. #6 | It is unclear if defendants have provided all metadata of emails, attachments to emails, text correspondence, communications to or from any local law enforcement agencies which you sent, received, or have in your possession that refer or are about protesting and or about curfews from May 25, 2020 to present.<br><span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Joseph Roy and his emails were included in general email search provided to plaintiffs.</span> |
|  |  | Req. #7 | It is unclear if defendants have provided all metadata of emails, attachments to emails, text correspondence, communications to or from Dominick Ratkowski, Barry Weber, any Wauwatosa Police Officers, James Archambo, Dennis McBride, any Wauwatosa Common Council Members, members of the PFC, any federal agencies, any local law enforcement agencies, any private business entities, and local and federal governmental entities, which you sent, received, or have in your possession that refer or are about protesting and/or about curfews from May 25, 2020 to present.<br><span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Joseph Roy and his emails were included in general email search provided to plaintiffs.</span> |
| 7/27/21 | James Archambo Depo Notice | #3 | Def. have not produced James Archambo's most recent employment contract per 2.08.090 and job description which includes duties, responsibilities, expectations, rubric for evaluation (blank); and any/all other conditions of employment.<br><span style="color:red">During Mr. Archambo's deposition he testified he was not the custodian of any of these records and had not personally kept a copy of his employment contract.</span> |

|  |  | #4 | Def. have not produced any contracts/agreements/MOUs between both the City and/or the WPD with Brookfield Property Retail Group and/or Brookfield Asset Management, its representatives, agents, assigns;<br>During Mr. Archambo's deposition he testified he was not the custodian of any of these records. |
|---|---|---|---|
|  |  | #5 | Def. have not produced any contracts/agreements/MOUs between both the City and/or the WPD with CVMIC, its representatives, agents, assigns;<br>During Mr. Archambo's deposition he testified he was not the custodian of any of these records.<br><br>Defendants have provided CVMIC insurance policy contract. |
|  |  | #6 | Def. have not produced any contracts/agreements/MOUs between both the City and/or the WPD which support the Wauwatosa Intelligence Systems Information, including all applicable policies, equipment lists, personnel contacts, trainings, impacted technology (Cellebrite, etc.);<br>During Mr. Archambo's deposition he testified he was not the custodian of any of these records. |
|  |  | #7 | Def. have not produced any contracts/agreements/MOUs between both the City and/or the WPD with state and federal Department of Transportation, state and federal Department of Motor Vehicles, FBI, Homeland Security, USMarshalls, CIA and/or US Attorney's Office;<br>During Mr. Archambo's deposition he testified he was not the custodian of any of these records. |
|  |  | #8 | Def. have not produced any and all communication between the City and/or the WPD with the FAA of requests, responses, directives, policies, citations regarding drone operation in and/or by Wauwatosa from June 1, 2020 through December 1, 2020;<br>During Mr. Archambo's deposition he testified he was not the custodian of any of these records. |
|  |  | #9 | Def. have not produced any and all communication and contact information, and including formal and informal communication/agreement, whether or not reduced to writing, of all contracts/agreements/MOUs (written or oral) between both the City and/or the WPD with any non-government entities, including volunteers, private businesses, non-profits, etc. regardless of formal organized corporation status between June 1, 2020 and December 1, 2020; During Mr. Archambo's deposition he testified he was not the custodian of any of these records.<br><br>Def. have specifically not produced Contract between the City of Wauwatosa and Attorney George Schimmel between 6/1/20 – 12/1/20<br>There is no contract between the City and Attorney George Schimmel between 6/1/20-12/1/20. |

8

| /7/29/21/ | Luke Vetter Depo Notice | #2 | Def. have not produced all documents including social media copies in relation to any emergency situations in Wauwatosa; and also any credible and/or serious threats of violence and vandalism, including but not limited to the burning down of Mayfair Mall, concerns of outside agitators that were received, viewed, or created by any Defendants and/or agents/employees of the Defendants from May 25, 2020 – October 14, 2020. On 06/22/2021, Defendants produced a flash drive containing all media that Wauwatosa PD Civilian Crime Analyst Dominick Ratkowski collected relating to the protest. [Bates Nos. 16077 – 16935] and e-mails to/from WPD, with attachments were produced: Bates Nos. 15365 – 16076; Bates Nos. 8207 – 14035, Bates Nos. 2070 – 7288; Bates Nos. 7289 – 8000; Bates Nos. 14070 – 14516; and Bates Nos. 17150 – 18413. |
|---|---|---|---|
| | | #3 | Def. have not produced all metadata of emails, attachments to emails, text correspondence, communications to or from any federal agencies, local agencies, persons, which refer to or are about the TPR Target/Protestor List or the Protestor folder. See response to issue with ongoing requests to search email addresses. This request was directly only to Joseph Roy and his emails were included in general email search provided to plaintiffs. |
| | | #6 | Def. have not produced Meta data of any and all documents pertaining to WPD file numbers 20-12965, 20-13276, 20-13093 (Taleavia Cole). It is unclear what plaintiffs mean by metadata of documents. |
| | | #7 | Def. have not produced Metadata of email and/or letter to David Clarke about protesting in Wauwatosa Nov. 2020 from Luke Vetter – Def. gave a pdf document in BATES 17088 Defendants provided the David Clark letter BATES 17088. It is unclear what plaintiffs mean by "metadata of email/and or letter." |
| | | #8 | Def. has have not produced in relation to Vetter all metadata of emails as well as any attachments to emails that were sent to, emails sent from, or emails received at the email addresses of : WUPDCP@wauwatosa.net ; lvetter@wauwatosa.net, and any other emails that you used regarding the below from the dates of May 25, 2020 through present regarding the following :<br><br>-         protesting in the City of Wauwatosa from June 1, 2020 through present<br>-         law enforcement operations in regards to the October 7 – 12, 2020 curfew in Wauwatosa<br>-         any and all emails that mention or refer to the following persons and search terms :<br>Kathryn Knowlton, Kimberley Motley, Deja Vishny, Alvin Cole, Tracy Cole, Taleavia Cole, David Bowen, John Larry, Mary Lockwood, Khalil Coleman, Jacqueline Bogenberger, Kyle |

9

| | | | |
|---|---|---|---|
| | | | Rittenhouse, Gaige Grosskreutz, Antifa, the People's Revolution, TPR, BLM, Kenosha, George Floyd, Jacob Blake, curfew tickets, Barry Weber. <br> <span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Luke Vetter and his emails were included in general email search provided to plaintiffs.</span> |
| | | #9 | It is unclear if Def. have produced all reports, notes, emails, messages in any form which refer to or about any forms of force used by any law enforcement against anyone from May 25, 2020 through October 13, 2020. <br> <span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Luke Vetter and his emails were included in general email search provided to plaintiffs.</span> |
| 08/19/21 | Martin Keck Depo Notice | #3 | It is unclear if defendant's have produced any and all metadata of emails, attachments to emails, text correspondence, communications to or from any federal agencies, local agencies, persons, which refer to or are about the Protestor List or the Protestor folder from May 25, 2020 through the present. <br> <span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Martin Keck and his emails were included in general email search provided to plaintiffs.</span> |
| | | #6 | Defendant have not produced any social media handles created and/or social media handles used to monitor, target, and/or surveil anyone on the TPR Target/Protestor List from May 25, 2020 through present. <br> <span style="color:red">This request was directly only to Martin Keck who did create any social media handle used to monitor, target, or surveil. Defendants are providing an updated response to Interrogatory No. 3 marked "For Attorney's Eye's Only" with social media handle created by City of Wauwatosa—as referenced in Dominick Ratkowski deposition.</span> |
| | | #7 | It is unclear if defendants have produced all metadata of emails, attachments to emails, text correspondence, communications to or from any federal agencies or agents including but not limited to persons from the FBI, U.S. Attorney's Office, U.S. Marshals, CIA, the Department of Homeland Security, (ICE Immigration and Customs Enforcement), the state or federal National Guard which you sent, received, or have in your possession that refer or are about protesting and or about curfews from May 25, 2020 to present. <br> <span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Martin Keck and his emails were included in general email search provided to</span> |

|   |   |   | #8 | It is unclear if defendants have produced all metadata of emails, attachments to emails, text correspondence, communications to or from any local law enforcement agencies which you sent, received, or have in your possession that refer or are about protesting and/or aboutcurfews from May 25, 2020 to present. <span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Martin Keck and his emails were included in general email search provided to plaintiffs.</span> |
|---|---|---|---|---|
|   |   |   | #10 | Def. have not produced all metadata of emails, emails, as well as any attachments to emails that were sent to, emails sent from, or emails received from May 25, 2020through present regarding the following : <br>- protesting in the City of Wauwatosa from June 1, 2020 through present<br>- law enforcement operations in regards to the October 7 – 12, 2020 curfew in Wauwatosa<br>- any and all emails that mention or refer to the following persons and search terms :<br>Kathryn Knowlton, Kimberley Motley, Deja Vishny, Alvin Cole, Tracy Cole, Taleavia Cole, David Bowen, John Larry, Mary Lockwood, Khalil Coleman, Jacqueline Bogenberger, Kyle Rittenhouse, Gaige Grosskreutz, Antifa, the People's Revolution, TPR, BLM, Kenosha Guard, Proud Boys, terrorist,right wing extremist, domestic terrorist, Robin Vining, and Trump.<br><span style="color:red">See response to issue with ongoing requests to search email addresses. This request was directly only to Martin Keck and his emails were included in general email search provided to plaintiffs.</span> |
| 08/20/21 | Shane Wrucke Depo Notice *(identical as to Keck above, and also missing: )* |   | #2 | Defandant's have not produced all documents including social media copies in relation to any emergency situations in Wauwatosa ; and also any credible and/or serious threatsof violence and vandalism, including but not limited to the burning down of Mayfair Mall, concerns of outside agitatorsthat were received, viewed, or created by any Defendants and/or agents/employees of the Defendants from May 25, 2020 – October 14, 2020.<br><span style="color:red">This request was directed only to Shane Wrucke. On <u>06/22/2021</u>, Defendants produced a flash drive containing all media that Wauwatosa PD Civilian Crime Analyst Dominick Ratkowski collected relating to the protest. [*<u>Bates Nos. 16077 – 16935</u>*] and e-mails to/from WPD, with attachments were produced: *<u>Bates Nos. 15365 – 16076; Bates Nos. 8207 – 14035</u>*, B*<u>ates Nos. 2070 – 7288</u>*; *<u>Bates Nos. 7289 – 8000</u>*; *<u>Bates Nos. 14070 – 14516</u>*; and *<u>Bates Nos. 17150 – 18413</u>*.</span> |

11

|   |   |   |   |
|---|---|---|---|
|   |   | #7 | It is unclear if defendants have produced all metadata of emails, attachments to emails, text correspondence, communications to or from any federal agencies or agents including but not limited to persons from the FBI, U.S. Attorney's Office, U.S. Marshals, CIA, the Department of Homeland Security, (ICE Immigration and Customs Enforcement), the state or federal National Guard which yousent, received, or<br>have in your possession that refer or are about protestingand or about curfews from May 25, 2020 to present.<br>See response to issue with ongoing requests to search email addresses. This request was directly only to Martin Keck and his emails were included in general email search provided to plaintiffs. |
|   |   | #11 | It is unclear if defendant's have produced all copies of any written correspondence upon which you rely to support yourclaims and professional assessment, evaluation and/or conclusions, and including warrants, applications, and/or probable cause for phone/electronic device searches.<br>Defendant did not produce the 2 search warrant applications for Taleavia Cole's phone as testified toby Wrucke in his deposition<br>Defendants did produce search warrant application for Taleavia Cole's phone-Bates No. |
| 09/16/21 | Production of Documents Request | #1 | Please provide any and all written memoranda, reports, correspondence, documents, photographs, diagrams, videos whether it be by body camera, vehicle/dashcam video, telephone video, recorded statements and any other writings pertaining to protesting in the city of Wauwatosa from May 25, 2020 through present which are in any of the named Defendant's or their designees possession, custody and/or control at any time.<br>Defendants responded with objections including overbroad, ambiguous, vague, and unduly burdensome in time and scope, particularly as to the term "any interaction". The term "any interaction" requires the defendants to speculate as to what documents might be responsive. Again, includes term overly broad term "document." Would require defendants to reproduce documents for a new time period. |
|   |   | #2 | Any and all metadata of emails in native form,attachments to emails, text correspondence, communications to or from any federal agencies, local agencies, persons, private entities, NGO's, or any persons or entities which refer to, have attached as a document, or are about the "TPR Target List," includingby any other name, and/or the Protestor Folder as created by Defendant Dominick Ratkowski in any configuration from May 25, 2020 through the present.<br>Defendants responded with objections including overbroad, ambiguous, vague, and unduly burdensome in time and scope, |

| | | | | |
|---|---|---|---|---|
| | | | | particularly as to the term "any interaction". The term "any interaction" requires the defendants to speculate as to what documents might be responsive. Again, includes term overly broad term "document." Would require defendants to reproduce documents for a new time period in a new format. |
| | | | #3 | Please produce any and all metadata of emails in nativeform as well as any attachments to emails that were sent to, emails sent from, or emails received at the email addresses of : mcleeacovid@googlegroups.com fromthe dates of May 25, 2020 through present that are in the possession of any of the Defendants or their designees.<br>Defendants objected. Defendants are in possession of approximately 700 emails responsive to this request. Defendants are reviewing and will provide non-privileged responsive documents. |
| | | | #4 | Please produce any and all metadata of emails in nativeform as well as any attachments to emails that mention or refer to the following persons and search terms : Kimberley Motley, Deja Vishny, Kathryn Knowlton, Milo Schwab, Tracy Cole, Taleavia Cole, John Larry, Khalil Coleman, Jacqueline Bogenberger, Mariah Smith, Gaige Grosskreutz, Joey Koepp, Breon Foster, Sean Kafer, Antifa, the People's Revolution, TPR, and BLM that are in the Defendant's possession or their designees fromMay 25, 2020 through present.<br>Defendants responded with objections including overbroad, ambiguous, vague, and unduly burdensome in time and scope. It seeks information through present day; therefore, not reasonably related to the causes of action alleged in Plaintiffs' Third Amended Complaint. Most of the search terms have no relevance to any party's claim or defense. Would require defendants to reproduce and again review already produced documents as many of the documents likely to overlap prior General Email Search. Defendants estimate new searches would produce at least an additional 5,000 emails. |
| | | | #5 | Please Produce any and all emails from May 25, 2020 through present from the emails of tcourt@wauwatosa.net, erondeau@wauwatosa.net, rbloczynski@wauwatosa.net, GSchimmel@Schimmel-Law.com,bweber@wauwatosa.net, jfarina@wawuwatosa.net, and lvetter@wauwtosa.net that refer to and or mention whether explicitly or implicitly the following people and search terms: Tracy Cole, Taleavia Cole, Tahudah Cole, Tristiana Walls, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Khalil Coleman, Steven Conklin, Lauryn Cross, Rachel Dulay, Anne Delessio- Parson, Erik Fanning, Jessica Fenner, Jill Ferguson, Breon Foster, Joanna Geisler, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Destiney Jones, Adante Jordan, Mary<br>Kachelski, Sean Kafer, Joey Koepp, John Larry, Alex Larson, Sonora Larson, Holly Lavora, Lazarito Matheu, Vaun Mayes, |

13

| | | | |
|---|---|---|---|
| | | | Molly Nilssen, Shawn Page, Carmen Palmer, (juvenile) Palmer 1, (juvenile) Palmer 2, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Madeliene Schweitzer, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Oscar Walton, Jayden Welch, Britta Welch, Suzanne Wells, Brandon Wilborn, Trisha Wilson, Katelyn Wojnar, Sonja Worthy, and members of TPR which are in any of the named Defendant's Possession or their designees from May 25, 2020 through present.<br><span style="color:red">Defendants responded with objections including overbroad, ambiguous, vague, and unduly burdensome in time and scope. It seeks information through present day; therefore, not reasonably related to the causes of action alleged in Plaintiffs' Third Amended Complaint. Most of the search terms have no relevance to any party's claim or defense. Would require defendants to reproduce and again review already produced documents as many of the documents are likely to overlap prior General Email Search. Defendants estimate new searches would produce at least an additional 5,000 emails.</span> |
| | | #7 | Please produce the contract, terms of reference, employment personnel file and/or employment file of George Schimmel and/or Schimmel Law Offices that he or his entity has with the City of Wauwatosa during the entirety of this contractual relationship with the City of Wauwatosa.<br><span style="color:red">There is no contract between the City and Attorney George Schimmel and no personnel or employment file.</span> |

14