# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
    et al.,

                          Plaintiffs,

v.                                        Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS McBRIDE, et al.,

                          Defendants.

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS

Defendants, City of Wauwatosa, Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, Shane Wrucke, and Kathy Causier, by their attorneys, Gunta Law Offices, S.C., submit the following Reply brief in support of their motion to stay proceedings in this case.

## BACKGROUND

Since, Defendants' initial Motion to Stay, a (3rd) Third Amended Complaint was accepted by the Court on October 14, 2021. The (3rd) Third Amended Complaint alleges 16 causes of action: (1) Fourth Amendment Right to be Free from Unlawful Seizure; (2) Fourth Amendment Right to be Free from Excessive Force; (3) Sixth Amendment Right to Counsel; (4) Policy and Practice of Arrests for Unlawful Assembly in Violation of First and Fourth Amendment Rights; (5) *Monell* Claim alleging de facto policies of excessive force, unlawful seizure, and arrest; (6) Unlawful Search and Seizure of Property in Violation of Fourth and Fourteenth Amendment; (7) Law Enforcement Activities Violate Title VI; (8) Conspiracy to Deprive Plaintiffs of their Constitutional Rights; (9) Retaliation for Exercise of Free Speech; (10) Violation of Driver's

Privacy Protection Act; (11) Failure to Intervene; (12) Abuse of Power; (13) Equal Protection (William Rivera v. John Doe Officer); (14) Equal Protection (All Plaintiffs v. All Defendants); (15) Equal Protection (All Plaintiffs v. All Defendants); and (16) Violation of Right to Assemble. (Dkt. 56, pp. 185–201.)

Plaintiffs' bald assertion that this case has very little to do with municipal citations, probable cause, and the curfew are directly contradicted by their pleadings. The (3rd) Third Amended Complaint list 43 Plaintiffs who were either arrested, issued a municipal citation, or both. (Dkt. 56, ¶¶ 20, 23-29, 31-36, 39-47, 50-52, 54-65, 67, 71,72, 74, 77, 78). Allegations regarding improper citations; an illegal curfew; probable cause for arrest, search, or seizure; excessive force; and retaliatory arrests are also directly related and incorporated by Plaintiffs into every cause of action except for one.

The Plaintiffs who were neither arrested nor issued citations allege they were placed on a TPR Target list that contained personal information taken from motor vehicle records and shared. (Dkt. 56, ¶¶ 16-19, 21, 22, 30, 37, 38, 48, 49, 53, 66, 68-70, 73, 75, 76) These claims relate to cause of action 10—Violation of Driver's Privacy Protection Act. While Defendants acknowledge, this cause of action could proceed, this Court should nonetheless stay all causes of action in the interest of judicial economy and efficiency to avoid piecemeal litigation and avoid the need to depose Plaintiffs or other witnesses twice.

## ARGUMENT

### I. EQUITABLE ESTOPPEL DOES NOT APPLY

Plaintiffs argue Defendants' Motion to Stay should be denied as untimely based on the doctrine of equitable estoppel. (Dkt. 101, p. 4) Plaintiffs provide no legal authority for this claim. Such undeveloped and unsupported arguments are waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th

2

Cir. 2016) ("Moreover, 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).' ") (*quoting United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

Equitable estoppel is a doctrine which precludes one party from asserting a claim or defense against another party who has detrimentally altered her position in reliance on the former's misrepresentation or failure to disclose a material fact. *Portmann v. United States*, 674 F.2d 1155, 1158 (7th Cir.1982). Although the traditional view is that equitable estoppel may not be asserted against the government on the same terms as any other litigant, the Supreme Court has left open the question of whether to expand this general principle into a flat rule that estoppel may not lie against the government in any case. *See Heckler v. Community Health Services, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). The Seventh Circuit, along with several other circuits, allows a private party to assert equitable estoppel against the government in a very narrow category of cases—when the traditional elements of estoppel are shown and there is affirmative misconduct on the part of the government. *See Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992)

The burden of proof is on the party claiming estoppel. *See In re Larson*, 862 F.2d 112, 115 (7th Cir.1988). The traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel. *Id.* at 115. Plaintiffs have failed to establish even the traditional elements of equitable estoppel let alone establish affirmative misconduct on the part of the government.

3

## II. PLAINTIFFS HAVE WAIVED ANY ARGUMENTS AGAINST THE *HECK* AND *PULLMAN* DOCTRINES BY NOT RESPONDING TO THEM

In their Response Brief, Plaintiffs completely failed to respond to Defendants' arguments regarding both the *Heck* and *Pullman* doctrines. Plaintiffs' failure to respond to these arguments constitutes waiver on those issues. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ('Failure to respond to an argument ... results in waiver.')

## III. THE DOCTRINE OF *YOUNGER* ABSTENTION APPLIES AND WAS NOT WAIVED BY DEFENDANTS

Plaintiffs argue Defendants should be seen to have implicitly waived a request to stay proceedings pursuant to *Younger*. (Dkt. 101, p. 4) Plaintiffs provide no legal authority for this claim. Such undeveloped and unsupported arguments are waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("Moreover, 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)") (*quoting United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). Moreover, Rule 12(h)(1) of the Federal Rules of Civil Procedure limits waiver to the defenses listed in Rule 12(b)(2)–(5) (lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process).

Plaintiffs' brief acknowledges this case has substantially evolved since the filing of the original complaint, yet Plaintiffs argue Defendants' claims or strategy should not also be allowed to evolve with the litigation. Plaintiffs failed to address the actual arguments made by Defendants regarding changes in this litigation that support a stay. (Dkt 84, p. 5) Instead, Plaintiffs offer groundless speculation that because *Younger* is not a new legal doctrine and counsel for Defendants are an "established civil rights defense law firm which has operated in defense of civil claims for decades" Defendants must have "simply determined it was not a claim they wished to pursue" or

4

that Defendants have simply decided "they no longer wish to engage in discovery." (Dkt. 101, p. 4)

Beyond waiver, Plaintiffs' argument against abstention under *Younger* is limited to: "there are no ongoing state proceedings involving any of the Plaintiffs and their claims in this matter." (Dkt. 101, p. 5) To the extent Plaintiffs argument is that *Younger* does not apply to civil enforcement proceedings—which unquestionably are pending—that argument is a nonstarter and was addressed in Defendants' initial brief. *See Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir.2014) (*Younger* abstention also applies in civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions…) Plaintiffs' argument further fails to recognize that Wisconsin Statute §800.14 allows appeal to circuit court for municipal court decisions—meaning if either party wishes to appeal the municipal case would then be in circuit court.

Plaintiffs also misrepresent that Attorney Schimmel has made no attempts to lift the stay. (Dkt. 101, p. 5) As counsel for Plaintiffs are aware, on September 8, 2021, Attorney Schimmel reached out to Attorney Motley regarding the Third Amended Complaint specifically addressing changes in Plaintiffs' claims and seeking to discuss a stipulation to rescind the stay and set the curfew violations for trial. (Declaration of Schimmel-Exhibit A) On September 13, 2021, Attorney Motley responded:

> Thank you for pointing that out. We have filed a corrected 3rd Amended Complaint and the Defendant's have objected to it. So perhaps we should wait to see what the court does on whether or not it chooses to accept or not. If you would like to proceed on the lifting of the stay happy to do that as well. Let me know.

*Id.*

It was Attorney Schimmel's correspondence to Attorney Motley which prompted Plaintiffs to file the (3rd) Third Amended Complaint on August 8, 2021, and to reincorporate prior claims not

included in the earlier two versions of the Third Amended Complaint. (Dkt. 101, p. 5) It was also Attorney Motley's suggestion they await this Court's order before moving forward with lifting the municipal stay. Most importantly, both parties have expressed a willingness to move forward with lifting the municipal court stay and as described by Plaintiffs will only require a "short trial for each Plaintiff." (Dkt. 101, p. 1)

## IV. ALL COUNTS OF PLAINTIFFS' COMPLAINT SHOULD BE STAYED PENDING RESOLUTION OF THE MUNICIPAL CITATIONS

Plaintiffs argue "Defendants waive away that only one claim goes to the constitutionality of the Emergency Order while fifteen other claims are wholly unrelated to the constitutionality of the Emergency Order tickets" and "Defendants also ignore that the vast majority forty-two (42) plaintiffs have multiple claims, nearly half of the Plaintiffs have no Violation of Emergency Order ticket and accordingly, Defendants have offered no basis for why their case should also be stayed." (Dkt. 101, p. 6)

Contrary to Plaintiffs' arguments, Defendants acknowledged the doctrines governing *Young, Heck*, and *Pullman* would not apply to Count Ten of Plaintiffs' Third Amended Complaint— Violation of Driver's Privacy Protection Act. Defendants, nonetheless, argued this Court should recognize the interests in judicial economy and efficiency in staying all counts while the municipal matters are pending to avoid piecemeal litigation and avoid the need to depose Plaintiffs or other witnesses twice. (Dkt. 84, p. 10)

In direct contradiction to their pleadings, Plaintiffs argue a stay would only control "one claim that goes to the constitutionality of the Emergency Order." (Dkt. 101, pp. 5-7) While Plaintiffs make this argument they completely failed to respond to Defendants' arguments on how probable cause and other issues likely to be taken up by the municipal court would impact numerous claims.

6

(Dkt. 84, pp. 2-3; 5-8) Again, Plaintiffs' failure to respond to these arguments constitutes waiver on those issues. *See Bonte v. U.S. Bank*, N.A., 624 F.3d 461, 466 (7th Cir. 2010).

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that this Court grant their motion to stay this case pending the conclusion of Plaintiffs' municipal proceedings pursuant to the *Younger*, *Heck*, and *Pullman* doctrines.

Dated at Wauwatosa, Wisconsin this 4th day of November, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants


*/s/ Kiley B. Zellner*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Emails:    gjg@guntalaw.com
            acw@guntalaw.com
            jmb@guntalaw.com
            krm@guntalaw.com
            kbz@guntalaw.com

7