# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
     et al.,

                              Plaintiffs,

v.                                                Case No. 2020-CV-01660

CITY OF WAUWATOSA, BARRY WEBER,
DENNIS McBRIDE, et al.,

                              Defendants.

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT (DOCKET NO. 56) PURSUANT TO FED. R. CIV. PROC. 12(B)(6)

---

Defendants, City of Wauwatosa, Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, Shane Wrucke, and Kathy Causier, by their attorneys, Gunta Law Offices, S.C., submit the following brief in support of their Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief may be granted.

## BACKGROUND

The original Complaint in this matter was filed November 2, 2020. (Dkt. 1) The original Complaint involved two Plaintiffs and four claims for relief. (Dkt. 1) On March 6, 2021, Plaintiffs filed an Amended Complaint adding additional plaintiffs, defendants, and claims for relief. (Dkt. 24) The Plaintiffs then filed a Third Amended Complaint on August 30, 2021, adding additional plaintiffs, defendants, and alleging ten causes of action. (Dkt. 54) On September 8, 2021, Plaintiffs filed a (3rd) Third Amended Complaint alleging 16 causes of action including: (1) Fourth Amendment Right to be Free from Unlawful Seizure; (Dkt. 56, ¶¶ 1424-1433); (2) Fourth

Amendment Right to be Free from Excessive Force (Dkt. 54, ¶¶ 1434-1439); (3) Sixth Amendment Right to Counsel (Dkt. 56, ¶¶ 1440-1443); (4) Policy and Practice of Arrests for Unlawful Assembly in Violation of First and Fourth Amendment Rights (Dkt. 56, ¶¶ 1444-1449); (5) *Monell* Claim alleging de facto policies of excessive force, unlawful seizure, and arrest (Dkt. 56, ¶¶ 1450-1454); (6) Unlawful Search and Seizure of Property in Violation of Fourth and Fourteenth Amendment (Dkt. 56, ¶¶ 1455-1459); (7) Law Enforcement Activities Violate Title VI (Dkt. 56, ¶¶ 1460-1464); (8) Conspiracy to Deprive Plaintiffs of their Constitutional Rights (Dkt. 56, ¶¶ 1465-1478); (9) Retaliation for Exercise of Free Speech (Dkt. 56, ¶¶ 1479-1484); (10) Violation of Driver's Privacy Protection Act (Dkt. 56, ¶¶ 1485-1494); (11) Failure to Intervene (Dkt. 56, ¶¶1495-1499; (12) Abuse of Power (Dkt. 56, ¶¶1500-1505; (13) Equal Protection (Dkt. 56, ¶¶1506-1508; (14) Equal Protection (Dkt. 56, ¶¶1509-1511); (15) Equal Protection (Dkt. 56, ¶¶1512-1516); and (16) Violation of Right to Assemble (Dkt. 56, ¶¶1517-1523)

## ARGUMENT

### I.    STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a Complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, [the court should] accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1951. In other words, the Supreme Court explained that any legal conclusions must be supported by factual allegations in the complaint.

2

Therefore, to survive a motion to dismiss, a plaintiff must plead in the Complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1951 (citing *Twombly*, 550 U.S. at 556). A court should essentially parse out the conclusory allegations and "determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *McCauley*, 671 F.3d at 616. "The degree of specificity required [of the factual allegations] is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id*. (quoting *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010)). "A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 405. If allegations of a complaint give rise to an "'obvious alternative [legitimate] explanation'" for the conduct which is allegedly wrongful, the claim fails to meet the plausibility requirement and must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Here, Plaintiffs' Third Amended Complaint fails to advance a claim upon which relief can be granted as to named defendants. Accordingly, this Court should grant Defendants' Motion to Dismiss them from this suit with prejudice.

## II.     PLAINTIFFS FAIL TO ALLEGE SUFFICIENT PERSONAL INVOLVEMENT AGAINST THE INDIVIDUAL DEFENDANTS

The court must consider whether Plaintiffs have adequately alleged the personal involvement of each Defendant in the purported constitutional violations. A § 1983 claim will lie against those individuals personally responsible for the constitutional violation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2011). "Plaintiffs may not relay on 'vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged

3

unconstitutional conduct.'" *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008)). A plaintiff suing a governmental official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right. *Hernandez ex rel Hernandez v. Foster*, 657 F.3d 463, 487 (7th Cir. 2011). Accordingly, § 1983 plaintiffs must "ground [their] legal conclusions in a sufficiently plausible factual basis" that places each defendant "on notice of what exactly [he or she] might have done to violate [the plaintiffs'] rights under the Constitution, federal law, or state law." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

The only allegations clearly alleging personal involvement is the Thirteenth Claim for Relief alleged by plaintiff William Rivera against a John Doe Officer. As to the remaining Defendants, Plaintiffs' Third Amended Complaint fails to allege any specific allegations tying them to the asserted unconstitutional conduct and generally alleges claims against "all defendants."

As such, the Third Amended Complaint fails to place each defendant "on notice of what exactly [he or she] might have done to violate [the plaintiffs'] rights under the Constitution, federal law, or state law and therefore fails to state a claim for relief as to the individual defendants.

### III.  PLAINTIFFS' FOURTH AMENDMENT UNLAWFUL ARREST CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (FIRST CLAIM FOR RELIEF)

Plaintiffs (Tracy Cole, Taleavia Cole, Tahudah Cole, Tristiana Walls, Kathryn Knowlton, Dana Mccormick, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Rachel Dulay, Anne Delessio-Parson, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (Juvenile) Palmer, (Juvenile) Palmer, Leah

4

Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, and Sonja Worthy) allege against "All Defendants" that law enforcement's arrest and detention of them was unjustified and resulted in an unreasonable seizure of their persons. (Dkt. 56, ¶¶ 1424-1433)

Because municipalities, and their departments, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents" any claims against the City of Wauwatosa here must be dismissed. Also, there are no allegations that defendants Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Martin Keck, Shane Wrucke, or Kathy Causier had personal involvement in the arrest of any plaintiff. As such, Plaintiffs' search and seizure claims against these named Defendants must be dismissed.

The sole named defendant alleged to have been involved in the arrest of any plaintiff is Defendant Lewandowski who arrested Rachel Dulay and Jose Hernandez Ramirez (Dkt. 56, ¶¶519) As to the claims by Rachel Dulay and Jose Hernandez, Plaintiffs' failure to plead a lack of probable cause defeats their claims. The absence of probable cause is an "essential predicate" to any claim under Section 1983 for unlawful seizure predicated on unlawful arrest. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013) "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in Section 1983 suits." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017)(citations omitted).

Additionally, the Fourth Amendment continues to govern a claim for unlawful pretrial detention even after an arrest. *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Lewis v. City of*

5

*Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime."). Again, the existence of probable cause defeats a claim for unlawful detention. *Id. See also Kelly v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

Plaintiffs' Fourth Amendment claims premised on false arrest and detention must fail because Plaintiffs have not pled a lack of probable cause. To the contrary, it can be inferred through the Third Amended Complaint that Plaintiffs were, in fact, arrested because they were out past the curfew. The establishment of probable cause thus defeats Plaintiffs' Fourth Amendment claims against Defendant Lewandowski.

## IV. PLAINTIFFS' FOURTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (SECOND CLAIM FOR RELIEF)

Plaintiffs (Tracy Cole, Taleavia Cole, Tahudah Cole, Tristiana Walls, Kathryn Knowlton, Dana Mccormick, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Rachel Dulay, Anne Delessio-Parson, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (Juvenile) Palmer, (Juvenile) Palmer, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Concepcion Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, Sonja Worthy, and Members of The People's Revolution) allege against "all defendants" the use of unnecessary, excessive force, without legal cause. (Dkt. 56, ¶¶ 1434-1439)

6

The only allegations of excessive force involving a named defendant, involve allegations Defendant Lewandowski's use of force against Rachel Dulay and Jose Hernandez Ramirez (Dkt. 56, ¶¶519-521, 525, 528-530) As to the remaining Plaintiffs, their allegations of excessive force are either completely lacking or involve unidentified or unnamed officers.

### a. Allegations Involving Unidentified Officers

The allegations of excessive force against the following plaintiffs involve unidentified officers or the National Guard: Tahudah Cole, Taleavia Cole, and Tracy Cole (Dkt. 56, ¶¶ 228-234, 239-240, 249-250, 255, 286); William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu (Dkt. 56, ¶¶ 318-319, 322, 327-328, 331, 335, 374); Kate Knowlton and Dana McCormick (Dkt. 56, ¶¶173, 175, 178, 183); Oscar Concepcion (Dkt. 56, ¶¶556-558, 560); Destiney Jones (Dkt. 56, ¶¶613-614, 616); Breon Foster (Dkt. 56, ¶¶661, 663); Jill Ferguson (Dkt. 56, ¶692); Peter Sparks (Dkt. 56, ¶¶720-722, 724, 726, 729); and Carmen Palmer, (Juvenile Male) Palmer, and (Juvenile Female) Palmer (Dkt. 56, ¶¶739-740, 743).

Because these allegations of excessive force involve unidentified officers any excessive force claims by these plaintiffs against the named defendants must be dismissed.

### b. Allegations Involving Officers Who Are Not Named Defendants

The allegations of excessive force against Erik Fanning and Sonora Larson (involve unidentified offices, as well as Detective James Short, whom is not a named defendant. (Dkt. 56, ¶¶642-643, 646) The allegations of excessive force against Jacqueline Bogenberger, and Gabriella Vitucci involve Officer Mitchel and Officer Schmidt, neither of whom are named defendants. (Dkt. 56, ¶¶ 382-384, 388-389, 429).

Because these allegations of excessive force involve identified officers but not named defendants any excessive force claims by these plaintiffs against the named defendants must be

dismissed and their claims should be dismissed entirely as they involve allegations against officers who are not named defendants.

### c. Allegations Without Alleged Actors or Claims of Excessive Force

The Third Amended Complaint lacks any allegations of excessive force by any actor against Joanna Geisler and William Schroder; (Dkt. 56, ¶452) Anne Delessio-Parson; (Dkt. 56, ¶480); Raine Cich, Angel Vega, and Katelyn Wojnar; (Dkt. 56, ¶¶ 429) Holly Lavora and Nathan Sabel; (Dkt. 56, ¶493) Molly Nilssen; (Dkt. 56, ¶761); Suzanne Wells (Dkt. 56, ¶781); Leah Porter, Christina Vitolo Haddad, Sonja Worthy, Tristina Walls, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Joseph Hayes, Rosalind Rogers, Mariah Smith, and Brandon Wilborn. (Dkt. 56, ¶¶581-611)

As such, the Third Amended Complaint fails to sufficiently allege a claim of excessive force against these Plaintiffs and their claims should be dismissed.

### V. PLAINTIFFS' SIXTH AMENDMENT RIGHT TO COUNSEL CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (THIRD CLAIM FOR RELIEF)

Plaintiffs (Taleavia Cole, Tahudah Cole, Kathryn Knowlton, Dana McCormick, and Breon Foster) assert they were denied their Sixth Amendment right to counsel when they were interrogated despite giving notice that they had counsel and their specific invocation of their right to Counsel. (Dkt. 56, ¶¶ 1440-1443) The allegations are against "All Defendant Law Enforcement." *Id.*

Under the Sixth Amendment, an accused person is entitled to counsel at critical stages of a criminal prosecution <u>after</u> the initiation of adversarial criminal proceedings "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877 (1972). An interrogation occurs during the "critical stage" of a

8

criminal prosecution, and thus the Sixth Amendment right to counsel attaches, "at any interrogation after the initiation of formal criminal proceedings against the accused." *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, (1977).

Plaintiffs Knowlton and McCormick allege they were "detained and interrogated before being given citations for a City ordinance (curfew) violation." (Dkt. 56, ¶166) Plaintiffs Talveavia Cole and Tahuda Cole allege they were specifically denied their right to Counsel though they both specifically invoked this right and specifically named their attorney.  (Dkt. 56, ¶ 256, 261, 263, 287, 289, 308) They both also claim they were given municipal tickets as they were released from jail. (Dkt. 56, ¶¶ 269, 291) Plaintiff Breon Foster alleges before he was questioned by both the FBI and Detective Lewandowski, he stated he wanted his lawyer, Kimberly Motley. He alleges after the questioning he was eventually given a municipal ticket. (Dkt. 56, ¶¶ 666, 669, 681)

The Third Amended Complaint does not allege that at the time of their interrogation or request for counsel, an adversarial criminal proceeding had been instituted against Plaintiffs. Nor does the Third Amended Complaint contain any reference to an adversarial criminal proceeding ever being instituted against any plaintiff. Therefore, a Sixth Amendment right to counsel had not yet attached. Consequently, Plaintiffs' Sixth Amendment claims must be dismissed for failure to state a claim.

### VI.    PLAINTIFFS' UNLAWFUL ASSEMBLY CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (FOURTH CLAIM FOR RELIEF)

Plaintiffs' Fourth Claim for Relief for policy and practice of arrests for unlawful assembly in violation of their First and Fourth Amendment Rights is alleged against all Defendants but only makes allegations against the City of Wauwatosa, Defendant Weber, and Defendant McBride. (Dkt. 56, ¶¶ 1444-1443) Given this appears to be a *Monell* claim based on policy and practice it is

addressed below with the other *Monell* claims.

## VII. PLAINTIFFS' *MONELL* CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (FIFTH CLAIM FOR RELIEF)

Plaintiffs' Fifth Claim for Relief involves all Plaintiffs and is alleged against all Defendants. (Dkt. 56, p. 190) First, Plaintiffs have incorrectly brought official-capacity *Monell* claims against Defendants Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, Shane Wrucke, and Kathy Causier. (Dkt. 56, ¶¶ 1450-1454)

A suit against an officer in his official capacity "generally represent[s] only another way of pleading an action against [the] entity of which [the] officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). All of the named defendants are agents of the City. As such, only the City is a proper defendant for Plaintiffs' *Monell* claims. *See id.* at 170 (noting that the proper parties in an official-capacity § 1983 suit are the State or state officials in their official capacity). As such, Plaintiffs' *Monell* claims against Defendants Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Joseph Lewandowski, Martin Keck, Shane Wrucke, and Kathy Causier must be dismissed. *See Riley*, 682 F.Supp. 2d at 862 (dismissing claims against individual officers in their official capacities because plaintiff's allegations implicated individual capacity claims only).

In addition to raising *Monell* claims against the individual defendants, Plaintiffs raise their claims against the City of Wauwatosa in its official, municipal capacity. Municipalities, and their departments, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

10

the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). An official policy may be proven by: "(1) an express municipal policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policymaking authority." *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009); *see also Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) ("Either the content of an official policy, a decision by a final decisionmaker, or evidence of custom will suffice.").

The allegations alleged by all Plaintiffs regarding *Monell* liability are:

> The unlawful acts of Defendants, including <u>excessive force</u>, and <u>unlawful seizure</u> and <u>arrest</u>, was done in accordance with the WPD's de-facto policies which were officially adopted, expressly or implicitly, promulgated, practiced and/or ratified by the City of Wauwatosa, through its Chief of Police Barry Weber, and as such constitute a de-facto governmental custom.

(Dkt. 56, ¶1451)

First, The Third Amended Complaint contains no allegations of excessive force, unlawful seizure, or arrest of the following plaintiffs: Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Kimberly Dood, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, Joey Koepp, John Larry, Alex Larson, Vaun Mayes, Shawn Page, Madeliene Schweitzer, Tiffany Stark, Oscar Walton, Britta Welch, Jayden Welch, or Trisha Wilson. As such, their claims for municipal liability against the City should be dismissed.

Additionally, the remaining Plaintiffs' municipal liability claims fail to meet the *Twombly-Iqbal* pleading requirements. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978). To withstand a motion to dismiss, a complaint must contain facts that state a claim that is "plausible on its face," such that the defendant's liability is a "reasonable inference" from the facts.

11

*Twombly*, 550 U.S. at 566, 570. The Supreme Court articulated a two-part test for a motion to dismiss. *Iqbal*, 556 U.S. at 679. First, a court should identify any conclusory statements that are not entitled to the assumption of truthfulness. *Id.* at 683 (*quoting Twombly*, 550 U.S. at 570.) Second, a court should review the remaining factual allegations to determine if they "nudge" the claim "across the line from conceivable to plausible." *Id.*

Plaintiffs' Third Amended Complaint fails to adequately plead a custom or practice claim. While a custom or practice "may be so persistent and widespread [such that it has] the force of law," when identifying such custom, "[t]he word 'widespread' must be taken seriously." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970). The critical issue is whether there was a particular custom or practice that was so well-settled that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice. *Board of County Comm'r v. Brown*, 520 U.S. 397 (1997). *See, e.g., Jenkins v. Bartlett*, 487 F.3d 482 (7th Cir. 2007) (four deadly force incidents was not enough to provide the city with actual or constructive knowledge); *Gable v. City of Chicago*, 296 F.3d 531, 538-539 (7th Cir. 2002) (three incidents over four-year period in which city agents erroneously informed vehicle owners that their automobiles were not impounded at city lot were too few to support municipal liability); *Robles v. City of Fort Wayne,* 113 F.3d 732, 737 (7th Cir. 1997) (evidence failed to support plaintiff's claim that City had policy of investigating citizen complaints against police officers in such way as to exonerate officer where evidence indicated four citizen complaints against officer were not sustained while fifth was sustained after internal investigation).

In addition to establishing widespread conduct, a plaintiff must also allege and show deliberate indifference. Under this stringent standard, "it is not enough to demonstrate that policymakers could, or even should, have been aware of the unlawful activity because it occurred

12

more than once." *Phelan v. Cook Cnty.*, 463 F.3d 773, 790 (7th Cir. 2006).

Proof of deliberate indifference can take one of two forms: (1) "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need"; or (2) "a repeated pattern of constitutional violations" made the deficiencies in the systems "plainly obvious to the city policymakers." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). *See also Connick v. Thompson*, 131 S. Ct. 1350, 1365 (2011) (while "highly predictable" is a viable basis to establish deliberate indifference, it was not highly predictable in this case that failure to better train prosecutors on Brady obligations would have resulted in the production of the exculpatory evidence and prevented plaintiff's wrongful conviction).

Deliberate indifference is a high bar to plead and prove. For example, in *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011), the Seventh Circuit held that the complaint, which alleged an equal protection claim, failed to meet the pleading standards under *Twombly/Iqbal*. The core allegation in *McCauley* was that the City of Chicago "failed to have adequate policies in place for the protection of female victims of domestic violence." *McCauley*, 671 F.3d at 614. The Seventh Circuit determined the complaint failed to state a claim:

> The allegations … do not plausibly suggest that the City maintained a policy or practice of selective withdrawal of police protection. To the contrary, the complaint alleges that the City failed to have particularized practices in place for the special protection of domestic violence victims. In essence, the complaint alleges that the City failed to promulgate specific policies for this particular class of crime victims, not that the City denied this class of victims equal protection. At most, the factual allegations in the complaint plausibly suggest the uneven allocation of limited police-protection services; they do not plausibly suggest that the City maintained an intentional policy or practice of omitting police protection from female domestic-violence victims as a class.

*Id.* at 618-19.

13

Here, Plaintiffs fail to allege factual averments showing widespread conduct and deliberate indifference in handling protests, riotous events, and curfews. Plaintiffs do not make any allegations that describe or even suggest widespread conduct that could support a claim of municipal liability. Plaintiffs do not point to any other instances of protests, emergency orders or curfew enforcement, whether in the past or ongoing. Indeed, there is no allegation that enforcement of an emergency order curfew, occurred at any other time period, let alone with sufficient frequency.

Additionally, Plaintiffs did not plead deliberate indifference. Plaintiffs' Third Amended Complaint makes no factual allegations that the alleged deprivations were so widespread as to constitute deliberate indifference. Plaintiffs purport to be "police accountability protestors" and claim that they were arrested because of this purported affiliation. However, they do not allege the City police have previously handled protests with curfew arrests or viewpoint discrimination such that their deficient training has become (a) "so obvious" and "the inadequacy so likely" to result in constitutional deprivations or (b) that the repeated pattern of violations created systematic deficiencies "plainly obvious" to the City policymakers. Moreover, Plaintiffs do not set forth any factual averments regarding when any alleged violations were brought to light of the City and what corrective action the City failed to issue in order to avoid the "highly predictable" likelihood that repeat constitutional violations would occur.

There is simply no allegations nor inferences that any alleged violations had been occurring for any length of time historically such that the City has been aware of the constitutional risks. The absence of such allegations is fatal to the remaining Plaintiffs' *Monell* claim against the City.

14

## VIII.   PLAINTIFFS' UNLAWFUL SEARCH AND SEIZURE CLAIMS AGAINST ALL RELEVANT DEFENDANT OFFICERS AND CITY OF WAUWATOSA SHOULD BE DISMISSED (SIXTH CLAIM FOR RELIEF)

Plaintiffs' Sixth Claim for Relief involves Plaintiffs (Tracy Cole, Taleavia Cole, Tahudah Cole, Kathryn Knowlton, Dana Mccormick, Oscar Concepcion Rodriguez, Anne Delessio-Parson, Rachel Dulay, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geiser, Christina Vitolo-Haddad, Joseph Hayes, Percy Hayes, Jose Hernandez Ramirez, Destiney Jones, Joey Koepp, Sonora Larson, Holly Lavora, Lazarito Matheu, Molly Nilssen, Carmen Palmer, (juvenile) Palmer, (juvenile) Palmer, Leah Porter, Aidali Rivera, William Rivera, Hector Rodriguez, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Gabriella Vitucci, Suzanne Wells, Katelyn Wojnar, Sonja Worthy, Jacqueline Bogenberger, and Raine Cich) and is alleged against "all relevant Defendant Officers" and the City of Wauwatosa. (Dkt. 56, pp. 190-191)

Plaintiffs allege, the Defendants' actions in knowingly searching and seizing Plaintiffs' property during the events described in the Complaint, without a warrant, probable cause, or legal justification, violated Plaintiffs' right to be free from unreasonable search and seizure of Plaintiffs' property guaranteed by the Fourth and Fourteenth Amendments.

First, municipalities, and their departments, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents as such any claims against the City of Wauwatosa should be dismissed.

Second, there are no allegations that defendants Barry Weber, Dennis McBride, Dominick Ratkowski, George Schimmel, Luke Vetter, Jeffrey Farina, Joseph Roy, Martin Keck, Shane Wrucke, Joseph Lewandowski, or Kathy Causier conducted any search or seizure of the named plaintiff's property. As such, Plaintiffs' search and seizure claims against these named defendants must be dismissed.

15

Third, there are no allegations in the Third Amended Complaint alleging a seizure or search of the following Plaintiffs' property: Joseph Hayes, Percy Hayes, Joey Koepp, Tracy Cole, Tahudah Cole, Oscar Conception Rodriguez, Anne Delessio-Parson, Nathan Sabel, and Mariah Smith. As such, these Plaintiffs claims must be dismissed.

## IX. PLAINTIFFS' TITLE VI CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (SEVENTH CLAIM FOR RELIEF)

Plaintiffs' Seventh Claim for relief involves all Plaintiffs against all Defendants and alleges the Defendants have engaged in law enforcement practices, including stops, searches, arrests, and uses of force, that have an adverse disparate impact on African Americans and that are unnecessary to achieve non-discriminatory objectives. (Dkt. 56, ¶¶ 1460-1464)

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." It is a companion of Title IX, which similarly prohibits discrimination based on sex, and thus courts may apply principles articulated with respect to Title IX to claims under Title VI. *Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006).

Because Title VI prohibits discrimination only by "any program or activity receiving Federal financial assistance," 42 U.S.C. § 2000d, the individual defendants cannot be held liable for violations of Title VI. The Court of Appeals for the Seventh Circuit has held that a Title IX claim can be brought only against a recipient of federal grant money and not an individual. *Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014, 1019-20 (7th Cir. 1997) (discussing Congress's rationale for limiting private rights of action under Title IX). *See also Raven*, 2009 WL 10677318, (relying on same to dismiss individual Title VI claims).

16

Although Plaintiffs' Third Amended Complaint contains a conclusory allegation that "defendants received and continue to receive federal financial assistance for its programs and activities." (Dkt. 56, ¶ 1462) Plaintiffs' allegations do not suggest that the individual named defendants are themselves recipients of federal funds. Further, the mere fact that defendants are employed by the City of Wauwatosa does not mean that they are recipients of federal funds. *See Griffin v. UW Sys. Bd. of Regents*, No. 19-CV-277-BBC, 2019 WL 5218980, at *4–5 (W.D. Wis. Oct. 16, 2019) Therefore, Plaintiffs' Title VI claims against individual defendants must be dismissed.

Moreover, Plaintiffs allege "Defendants have engaged in law enforcement practices, including stops, searches, arrests, and uses of force, that have an adverse disparate impact on African Americans and that are unnecessary to achieve non-discriminatory objectives. (Dkt. 56, ¶ 1463) The Supreme Court suggests compensatory damages are available in addition to equitable remedies for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 282–83 (2001). Plaintiffs have alleged no facts indicating intentional discrimination—only that the practices have an adverse disparate impact.

Finally, the Third Amended Complaint further lacks any allegations that the following Plaintiffs were stopped, searched, arrested, or had any force used against them: Kamila Ahmed, Robert Agnew, Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, John Larry, Alex Larson, Vaun Mayes, Shawn Page, Mariah Smith, Madeliene Schweitzer, Tiffany Stark, Oscar Walton, Jayden Welch, Britta Welch, and Brandon Wilborn.

For all these reasons, Plaintiffs' Title VI claims must be dismissed.

## X. PLAINTIFFS' CONSPIRACY CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (EIGTH CLAIM FOR RELIEF)

The Third Amended Complaint alleges all Defendants engaged in a conspiracy to deprive all Plaintiffs of their constitutional rights. (Dkt. 56, ¶¶ 1465-1478) The Court of Appeals for the Seventh Circuit has held in § 1983 actions alleging a deprivation of constitutional rights through a conspiracy the plaintiff must demonstrate that the state officials somehow reached an understanding to deny the plaintiffs their constitutional rights and that "mere allegations of a conspiracy are insufficient to withstand a motion to dismiss." *House v. Belford,* 956 F.2d 711, 720 (7th Cir.1992) (quoting *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1352 (7th Cir.1985)).

Here, the Third Amended Complaint offers only conclusory allegations of a conspiracy:

1. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to commit the unconstitutional overt acts set forth in the facts above. (Dkt. 56, ¶1466)

2. Because said conspiracy or conspiracies and the overt actions in furtherance thereof, including, but not limited to, each and every act alleged in the facts above, were done with the knowledge and purpose of depriving Plaintiffs . . . (Dkt. 56, ¶1467)

3. Each of the Defendants acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means. (Dkt. 56, ¶1470)

4. Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on certain Plaintiffs, and to detain and arrest certain Plaintiffs, knowing they lacked reasonable suspicions and/or probable cause to do so, and for the

18

purpose of violating Plaintiffs' First, Fourth, and Fourteenth Amendment rights. (Dkt. 56, ¶1472)

5. In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiffs' rights. They accomplished this goal by using excessive force on all Plaintiffs and unlawfully arresting certain Plaintiffs. (Dkt. 56, ¶1473)

6. Defendants Mayor McBride, Kathy Causier, Chief Weber, and the City of Wauwatosa were aware, even participants, and had the power to prevent or aid in the prevention of the wrongs done and conspired to be done as described herein, yet failed or refused to do so, in violation of 42 U.S.C. § 1983. (Dkt. 56, ¶1476)

It is evident that the Third Amended Complaint constitutes "mere allegations of a conspiracy," and Plaintiffs failed to even allege, much less demonstrate, that Defendants "somehow reached an understanding to deny [their] constitutional rights." *House* at 720. There is no evidence whatsoever that would demonstrate a mutual understanding between the named defendants to deprive Plaintiffs of any property or liberty interest. Hence, there is no nexus between any two people that would allow even the inference of an actual conspiracy properly to be drawn. Additionally, the allegations are that excessive force was used on all Plaintiffs and certain Plaintiffs were unlawfully arrested. As outlined above, the only named defendant alleged to have engaged in excessive force or an illegal arrest is Defendant Lewandowski.

Additionally, there are no allegations of excessive force or illegal arrest involving Plaintiffs: Kamila Ahmed, Robert Agnew, Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, John Larry, Alex Larson, Vaun

19

Mayes, Shawn Page, Mariah Smith, Madeliene Schweitzer, Tiffany Stark, Oscar Walton, Jayden Welch, Britta Welch, and Brandon Wilborn.

Accordingly, Plaintiffs' conspiracy claim should be dismissed.

## XI. PLAINTIFFS' RETALITORY CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (NINTH CLAIM FOR RELIEF)

Plaintiffs' Ninth Claim for relief involves all Plaintiffs against all Defendants and alleges the actions of the Defendant Officers described above violated Plaintiffs' rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiffs were abruptly prevented from further exercising their rights and suffered retaliation for having exercised their rights. (Dkt. 56, ¶¶ 1479-1484)

Under *Nieves v. Bartlett*, —U.S. —, 139 S. Ct. 1715, 1724 (2019) plaintiffs alleging First Amendment retaliatory arrest cases must allege in their Complaint, as a threshold matter, that the decision to arrest lacked probable cause. The Supreme Court unequivocally stated in *Nieves* that "[a] plaintiff pressing a retaliatory arrest claim ***must plead and prove*** the absence of probable cause for the arrest." *Id*. at 1724 (emphasis added); *see also Lund v. City of Rockford, Ill*., 956 F.3d 938 (2020).

Here, the Plaintiffs' Third Amended Complaint is bare of any factual averments that they were arrested without probable cause or that their ongoing municipal proceedings for violation of an emergency order have reached disposition favorable to them. It is unreasonable to presume, under the *Twombly/Iqbal* pleading standards, that the arrests were made without probable cause.

Plaintiffs further allege the "Defendant Officers retaliated against Plaintiffs for engaging in protected speech by subjecting them to excessive force without legal justification. Plaintiffs' protected speech was the substantial and motivating factor for the Defendant Officers' use of force

20

against them." (Dkt. 56, ¶ 1482)

The Third Amended Complaint contains no allegations of excessive force or arrest for the following Plaintiffs: Kamila Ahmed, Robert Agnew, Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, John Larry, Alex Larson, Vaun Mayes, Shawn Page, Madeliene Schweitzer, Mariah Smith, Tiffany Stark, Oscar Walton, Jayden Welch, Britta Welch, or Brandon Wilborn.

Thus, Plaintiffs' First Amendment retaliation claims must be dismissed.

## XII.  PLAINTIFFS' VIOLATION OF DRIVER'S PRIVACY PROTECTION ACT CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (TENTH CLAIM FOR RELIEF)

Plaintiffs' Tenth Claim for relief involves all Plaintiffs against all Defendants and alleges Defendants obtained the personal information of Plaintiffs knowing that they were obtaining their personal information from a motor vehicle record and knew that they had no permissible use under the DPPA. (Dkt. 56, ¶¶ 1485-1494)

The DPPA, 18 U.S.C. § 2722 makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under Section 2721(b)" of the DPPA. The only named defendants alleged to have either obtained or disclosed personal information, from a motor vehicle record are Defendant Roy and Defendant Ratkowski (both in their official capacity). There are no allegations that defendants Barry Weber, Dennis McBride, George Schimmel, Luke Vetter, Jeffrey Farina, Martin Keck, Shane Wrucke, Joseph Lewandowski, or Kathy Causier obtained or released to the public personal information obtained from plaintiffs' motor vehicle records. As such, Plaintiffs' claims against these named defendants must be dismissed.

21

Defendant Roy is alleged to have released to the public unredacted police reports, arrest & booking information, noncriminal tickets and interrogation videos to members of the public, media, and others which contained Plaintiffs' personal information and highly restrictive information that was obtained from their motor vehicle records. (Dkt. 56, ¶879) The allegations against Defendant Roy are deficient in alleging that he knowingly obtained any information from DOT records of Plaintiffs that were released to the public. It likewise fails to allege he knowingly released information allegedly taken by others from DOT records regarding Plaintiffs. As such any claims involving Defendant Ratkowski should be dismissed for failure to state a claim.

Defendant Ratkowski is alleged to have obtained photos and other personal information from the DOT. (Dkt. 56, ¶1114-1117) Section 2721(b) of the DPPA provides that a permissible includes "use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." The allegations in the Third Amended Complaint against Defendant Ratkowski at best allege he obtained and disclosed personal information from the DOT for use by a governmental agency—WPD—to other government agencies to carry out law enforcement functions. As such any claims involving Defendant Ratkowski should be dismissed for failure to state a claim.

Additionally, the Third Amendment Complaint does not allege facts supporting any disclosure of information involving the following Plaintiffs: Lavita Booker, Rebecca Burrell, Tahudah Cole, Lauryn Cross, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Jose Hernandez Ramirez, Adante Jordan, Lazarito Matheu, Vaun Mayes, Dana McCormick, Shawn Page, Aidali Rivera, William Rivera, Nathan Sabel, William Schroeder, Madeliene Schweitzer, Tiffany Stark, Tristiana Walls, Oscar Walton, Britta Welch, Jayden Welch, Trisha Wilson, or

Katelyn Wojnar.  As such any claims involving these Plaintiffs should be dismissed for failure to state a claim.

### XIII. PLAINTIFFS' FAILURE TO INTERVENE CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (ELEVENTH CLAIM FOR RELIEF)

Plaintiffs' Eleventh Claim for relief involves all Plaintiffs against all Defendants and alleges "during the events described above, the Defendants stood by without intervening to prevent the violation of Plaintiffs' constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity to do so. (Dkt. 56, ¶¶ 1495-1499)

Omissions can violate civil rights, and "under certain circumstances a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir.1997) (applying the *Yang* analysis to a search and seizure claim). *Yang* summarized the responsibility to intervene:

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

37 F.3d at 285.

First, defendants cannot be held liable for failing to intervene to prevent a constitutional violation that plaintiffs have not proven as discussed above. Further, even if there had been a constitutional violation, there are no allegations the named defendants were present and thus would have been able to intervene. Thus, Plaintiffs' claims of liable based on Defendants alleged failure to intervene should be dismissed.

## XIV. PLAINTIFFS' ABUSE OF POWER CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (TWELFTH CLAIM FOR RELIEF)

Plaintiffs' Twelfth Claim for relief involves all Plaintiffs against all Defendants and alleges "the above-described conduct of all the individual Defendants actions against Plaintiffs were extreme, malicious, outrageous and/or intentional. (Dkt. 56, ¶¶ 1500-1505) This conclusory allegation is all that is alleged and clearly fails to meet the pleading standards under *Twombly/Iqbal*. As such this claim should be dismissed.

## XV. PLAINTIFFS' EQUAL PROTECTION CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED (FOURTEENTH & FIFTHEENTH CLAIM FOR RELIEF)

Plaintiffs' Fourteenth and Fifteenth Claims for relief involve all Plaintiffs against all Defendants and alleges the named and unidentified officers subjected Plaintiffs, some of whom are Black and all of whom were protesting anti-Black racist police violence, to excessive force and/or unlawful detention and arrest, and/or suppressed their right to freedom of speech and assembly, either because of their identity or because of what they were protesting. (Dkt. 56, ¶¶ 1509-1511)

The Equal Protection Clause requires similarly situated individuals to be treated similarly and "prohibits selective enforcement of the law based on considerations such as race." *Whren*, 517 U.S. at 813; U.S. Const. amend XIV. To prevail on an equal protection, claim, the complainant must demonstrate the defendant's action "had a discriminatory effect" and the defendants "were motivated by a discriminatory purpose." *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001)).

Here, Plaintiffs assert no factual averments, beyond conclusory allegations, that any arrest decisions were made pursuant to discriminatory motive. Additionally Plaintiffs (Kamila Ahmed,

Robert Agnew, Lavita Booker, Rebecca Burrell, Khalil Coleman, Steven Conklin, Lauryn Cross, Jessica Fenner, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Percy Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, John Larry, Alex Larson, Vaun Mayes, Shawn Page, Mariah Smith, Madeliene Schweitzer, Tiffany Stark, Oscar Walton, Jayden Welch, Britta Welch, and Brandon Wilborn) have identified no cognizable injury relating to the equal protection claims; indeed, they had no contact or interaction with the authorities in relation to the incidents involving excessive force or unlawful detention and arrest underlying the Third Amended Complaint.

As such Plaintiffs' equal protection claims must be dismissed.

## XVI. PLAINTIFFS' VIOLATION OF RIGHT TO ASSEMBLE CLAIMS AGAINST CITY OF WAUWATOSA AND DEFENDANT MCBRIDE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (SIXTEENTH CLAIM FOR RELIEF)

Plaintiffs' Sixteenth Claim for relief involves all Plaintiffs against the City of Wauwatosa and Defendant McBride. (Dkt. 56, ¶¶ 1517-1523) Plaintiffs' Right to Assemble Claim is premised on Mayor McBride's alleged failure to follow the state law process in declaring a state of emergency or curfew. (Dkt. 56, ¶¶143-161). These allegations alone are insufficient to state a claim against either the City of Wauwatosa or Mayor McBride.

### A. Plaintiffs Have No Constitutional Right to State Mandated Procedures.

The Third Amended Complaint alleges that Mayor McBride lacked authority under Wisconsin Statues for declaring a state of emergency and curfew (Dkt. 56, ¶¶135-161) As an initial point, under Wisconsin law:

> The governing body of any local unit or government may declare, by ordinance or resolution, an emergency existing within the local unit of government whenever conditions arise by reason of a riot or civil commotion, a disaster, or an imminent threat of a disaster, that impairs transportation, food or fuel supplies, medical care, fire, health or police protection, or other critical systems of the local unit of government. The period of the emergency shall be limited by the ordinance or

resolution to the time during which the emergency conditions exist or are likely to exist.

Wis. Stat. § 323. 11. The emergency power of the governing body conferred under Wis. Stat.

§323.11 includes the general authority:

> To order, by ordinance or resolution, whatever is necessary and expedient for the health, safety, protection, and welfare of persons and property within the local unit of government in the emergency and includes the power to bar, restrict, or remove all unnecessary traffic, both vehicular and pedestrian, from the highways, notwithstanding any provision of chs. 341 to 349.

Wis. Stat. § 323.14.

Notwithstanding the validity of the state of emergency or emergency curfew order under state law procedures, the Supreme Court holds that federal courts lack the authority to direct state officials to comply with state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984); *Snowdon v. Hughes*, 321 U.S. 1, 11 (1944) ("Mere violation of a state statute does not infringe the federal Constitution."). In other words, a failure to follow an internal procedure or a state regulation does not constitute a constitutional violation. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes or regulations); *Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (a violation of state law does not give rise to a Section 1983 claim unless it independently violates the Constitution or federal law). "Control of civil disorders that may threaten the very existence of the State is certainly within the police power of government." *Stotland v. Pennsylvania*, 398 U.S. 916, 920, 90 S.Ct. 1552, 1555, 26 L.Ed.2d 83 (1970) Moreover, negligence does not rise to the level of a constitution violation under § 1983. *Kincaid*

*v. Vail*, 969 F.2d 594, 602 (7th Cir.1992).

Thus, Plaintiffs' contention that Mayor McBride's process of declaring a state of emergency and curfew violated Plaintiffs' federal constitutional right to assemble is simply incorrect, does not state a distinct constitutional claim, and must be dismissed against both Mayor McBride and the City of Wauwatosa.

## XVII. PLAINTIFFS' CLAIMS AGAINST PROSECUTOR SCHIMMEL SHOULD BE DISMISSED

According to the Third Amended Complaint, Defendant Schimmel is the contracted Attorney for the City of Wauwatosa who prosecuted Plaintiffs for violation of an emergency order pursuant to Wis. Stat. § 323.14. (Dkt. 56, ¶ 199) Plaintiffs allege he has not corrected the forfeiture amount on the citations. (Dkt. 56, ¶ 201)

The Third Amended Complaint further alleges Defendant Schimmel is named in his official capacity for declaratory and injunctive relief only. (Dkt. 56, ¶ 85) At all times pertinent and material to this Complaint, Defendant Schimmel was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin. (Dkt. 56, ¶ 85) While Defendant Schimmel is not individually named in a single claim for relief Plaintiffs allege some of their claims (First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelveth, Fourteenth, Fifteenth) against "all defendants". (*Dkt*. 56, pp. 185-199)

A prosecutor has absolute immunity when initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This absolute immunity applies even if the prosecutor presents false evidence, *Burns v. Reed*, 500 U.S. 478, 490, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991), willfully suppresses exculpatory evidence,

*Imbler*, 424 U.S. at 431 n. 34, or acts maliciously, in excess of his authority, or in a manner flawed by grave procedural error. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir.1990). Prosecutorial immunity applies to a prosecutor's role in civil proceedings no less than criminal proceedings. *Mendenhall v. Goldsmith*, 59 F.3d 685, 689-90 (7th Cir.1995) (*citing Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)). Prosecutorial immunity shields Defendant Schimmel from any liability in this case as such all claims against Defendant Schimmel must be dismissed.

### XVIII. PLAINTIFFS' ALLEGATIONS AGAINST MAYOR MCBRIDE IN HIS INDIVIDUAL CAPACITY SHOULD BE DISMISSED AS THEY ARE INSUFFICIENT, CONFUSING AND REDUNDANT

In order to bring a claim against a municipal employee in his or her individual capacity, plaintiffs must allege that he was personally involved in a constitutional deprivation. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). While plaintiffs state generally that Mayor McBride declared a state of emergency and curfew, there are no allegations that Mayor McBride participated in the alleged improper arrests, searches, or seizures. Plaintiffs may therefore not proceed against Mayor McBride in his individual capacity for failure to plausibly allege personal involvement in the cause of their constitutional deprivation. *O'Shell v. Cline*, 571 F. App'x 487, 491 (7th Cir. 2014).

Rather, plaintiffs' allegations against Mayor McBride seem to be that he is a final decision maker for the City of Wauwatosa who unilaterally issued a state of emergency. (Dkt. 56, ¶ 7, 137, 138, 143, 146, 158). In other words, plaintiffs seem to allege that as official policy maker, they have established a *Monell* or official policy claim against him relating to the enactment of the state of emergency and curfew.

An official capacity claim against Mayor McBride would be the equivalent to a claim against the City. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). When faced with an action alleging both

28

municipal and official capacity claims, the latter are properly dismissed as redundant. *Smith v.*

*Metro. Sch. District*, 128 F.3d 1014, 1020 n. 3 (7th Cir. 1997). Since City of Wauwatosa is already

a defendant in the case, any official capacity claims against Mayor McBride must be dismissed as

redundant.

## **CONCLUSION**

For all the reasons stated above, Defendants respectfully request that all claims alleged

against them be dismissed with prejudice for failure to state a claim.

Dated at Wauwatosa, Wisconsin this 15th day of November 2021.

                          **GUNTA LAW OFFICES, S.C.**
                          Attorneys for Defendants

                          */s/ Kiley B. Zellner*
                          Gregg J. Gunta, WI Bar No. 1004322
                          Ann C. Wirth, WI Bar No. 1002469
                          Jasmyne M. Baynard, WI Bar No. 1099898
                          Kyle R. Moore, WI Bar No. 1101745
                          Kiley B. Zellner, WI Bar No. 1056806
                          9898 W. Bluemound Road, Suite 2
                          Wauwatosa, Wisconsin  53226
                          T: 414) 291-7979 / F: (414) 291-7960
                          Emails:      gjg@guntalaw.com
                                        acw@guntalaw.com
                                        jmb@guntalaw.com
                                        krm@guntalaw.com
                                        kbz@guntalaw.com