# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KATHRYN KNOWLTON**, *et al.*,

    **Plaintiffs**,

v.                                          Case No. 20-CV-1660

**CITY OF WAUWATOSA**, *et al.*,

    **Defendants.**

---

### DECISION AND ORDER ON PLAINTIFFS' MOTION
### FOR ATTORNEY'S FEES AND DEFENDANTS' MOTION TO STRIKE

---

On August 20, 2021, I granted Plaintiffs' motion for sanctions arising from Defendant Dennis McBride's failure to appear at a duly noticed deposition on April 23, 2021 and ordered Plaintiffs to submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with the April 23, 2021 deposition and their motion for sanctions. Before me now is Plaintiffs' request for $56,007.28 in costs and fees. (Docket # 53.) Defendants respond that Plaintiffs' claimed costs and fees should be denied entirely as outrageously excessive or, alternatively, reduced significantly to a reasonable amount. (Docket # 57.) Additionally, Defendants move to strike Plaintiffs' reply brief and supplementary documents (Docket # 73) and request an award of reasonable expenses associated with their motion to strike (Docket # 74 at 5).

## ANALYSIS

Federal Rule of Civil Procedure 37(d)(3) provides that the court must require a party who fails to appear for a deposition, the attorney advising that party, or both, to pay the "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." With the key word "reasonable" in mind, I turn to Plaintiffs' request.

*Attorney's Fees*

As to attorney's fees, Plaintiffs seek $53,377.50 in attorney's fees for 105.2 hours of work performed by three attorneys, Kimberly Motley, Kathryn Knowlton, and Milo Schwab, in connection with the April 23, 2021 deposition and their sanctions motion. (Docket # 53.) Defendants argue that it was unnecessary for all three of Plaintiffs' attorneys to attend Defendant McBride's deposition. I wholly agree. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citations omitted) (emphasis in original). A paying client would not expect to pay for three attorneys to prepare for, travel to, and attend the deposition of one witness, especially when two of the attorneys live out of state. Therefore, it would be unreasonable to expect Defendants to pay these fees in this instance.

Further, the work performed by Plaintiffs' attorneys was duplicative. While the Seventh Circuit has "refused to lay down a flat rule of one lawyer per case," it has also noted that the "tendency of law firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time." *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir. 1989). Here, Attorney Motley, Plaintiffs' most experienced attorney, claims that she performed 56.5 hours of work related to Defendant McBride's deposition, including 29 hours spent preparing for the deposition and 2 hours spent drafting a six-page sanctions motion. (Docket # 69 at 4.) However, Attorney Knowlton also claims fees for 7.5 hours spent preparing for the deposition and 10.5 hours on the motion for sanctions. (*Id.* at 5.) Similarly, Attorney Schwab claims fees for 18.5 hours spent on deposition preparation and 5.6 hours on

2

the motion for sanctions. (*Id.*) Given Attorney Motley's experience and competence, Plaintiffs' decision to have Attorneys Knowlton and Schwab also expend 15.5 and 33 hours, respectively, preparing for the deposition and drafting the sanctions motion was unreasonable. For these reasons, I find that Plaintiffs can recover attorney's fees for work performed by Attorney Motley, but not for work performed by Attorneys Knowlton and Schwab.

Attorney Motley's time records reflect 62.75 hours of work performed from April 11 to April 24, 2021, including preparing for Defendant McBride's deposition; traveling to and from Milwaukee; waiting at the deposition site and attending a status conference with the court; and working on the motion for sanctions. (Docket # 69-2.) Attorney Motley applied a credit of 6.25 hours to her fee calculation, reducing the amount of hours claimed to 56.5 hours. First, the attorney's fees that Plaintiffs incurred for Attorney Motley's deposition preparation are not compensable. "In an ordinary case, when a party fails to attend a deposition . . . [t]he court usually does not order the non-compliant party to pay for the attorneys' time spent preparing for the deposition, which is generally rescheduled, resulting in the preparation time not going to waste." *United States v. Gorokhovsky*, No. 18-CV-590, 2020 WL 5633262, at *1 (E.D. Wis. Sept. 18, 2020). Although Defendant McBride did not attend his deposition on April 23, 2021, Plaintiffs deposed him without incident two months later on June 23, 2021. (Docket # 58-2.) There is no indication that Attorney Motley was unable to utilize her previous deposition preparation. As such, I will not award attorney's fees for time that Attorney Motley spent preparing for the deposition.

Attorney Motley asserts that she spent 10 hours traveling from Charlotte to Milwaukee, 2 hours picking up Attorney Schwab in Chicago, and 4 hours traveling from

3

Milwaukee to Charlotte. While fees for Attorney Motley's travel to and from Milwaukee were reasonably incurred because of Defendant McBride's failure to attend his deposition, the fees spent incurred picking up Attorney Schwab in Chicago were not. As such, I find that 14 hours were reasonably expended for Attorney Motley's travel time.

Attorney Motley's time records reflect that she spent 6 hours waiting for Defendant McBride at the deposition site on April 23, 2021. The time spent at the deposition site was clearly caused by Defendant McBride's failure to attend his deposition. Further, these 6 hours were not excessive, redundant, or otherwise unnecessary. As such, I will award Plaintiffs attorney's fees for the 6 hours.

Finally, Attorney Motley asserts that she spent 2 hours preparing the motion for sanctions based on Defendant McBride's failure to attend his deposition. This reflects a reasonable amount of time expended on the sanctions motion, which was straightforward and did not involve any complex legal issues. Thus, I will award Plaintiffs for the 2 hours of work performed by Attorney Motley in this regard. I conclude that, in total, Attorney Motley reasonably expended 22 hours on Defendant McBride's missed April 23, 2021 deposition.

Plaintiffs assert that Attorney Motley's hourly rate is $550.00 per hour. (Docket # 53 at 2.) In support of this rate, Plaintiffs provide an affidavit from Attorney Motley, who avers that she is admitted to practice before various state, federal, and international courts; has been in private practice since September 2008; previously worked as an attorney at the Office of the Wisconsin State Public Defender from September 2003 to May 2009; and has primarily practiced civil, human rights, and criminal work for most of her career. (Docket # 69-6 at 2.) She further avers that her hourly rate is "commensurate with rates charged by attorneys of similar skill, reputation, and experiences in this legal community." (*Id.* at 3.) Defendants

argue that Attorney Motley's rate is unsupported by evidence and should be reduced to $385.00 per hour, based on the rates previously established by the Seventh Circuit for experienced civil rights attorneys practicing in Chicago. (Docket # 57 at 10.)

Plaintiffs have not provided evidence sufficient to establish a market rate of $550.00 per hour for Attorney Motley. There is no evidence of past fee awards or billing statements indicating a rate of $550.00 per hour, or affidavits from attorneys with similar skill and experience to Attorney Motley supporting the rate. As such, I will independently determine an appropriate rate. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). Attorney Motley's law firm, Motley Legal Services, is based in the Charlotte, North Carolina metropolitan area. The Seventh Circuit has held that "if an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount[.]" *Mathur v. Bd. of Trustees of S. Illinois Univ.*, 317 F.3d 738, 744 (7th Cir. 2003).

Based on recent fee awards in civil rights cases from the Western District of North Carolina, Charlotte Division, hourly rates from $300.00 to $450.00 have been deemed reasonable based on an attorney's experience and the court's knowledge of rates in the community. *See Cities4Life, Inc. v. City of Charlotte*, No. 317CV00670KDBDSC, 2021 WL 724609, at *7 (W.D.N.C. Feb. 24, 2021); *Tinsley v. City of Charlotte*, 397 F. Supp. 3d 803, 811 (W.D.N.C. 2019), *rev'd on other grounds*, 854 F. App'x 495 (4th Cir. 2021); *Eschert v. City of Charlotte*, No. 3:16-CV-295-FDW-DCK, 2017 WL 3840275, at *4 (W.D.N.C. Sept. 1, 2017). While these fee awards do not indicate the amount of experience the attorney possessed to justify their rates, I find the cases useful in providing a general range of reasonable hourly

5

rates. Considering the range of reasonable rates in those cases and Attorney Motley's experience, I find that a reasonable rate for Attorney Motley is $400.00 per hour.

For the reasons above, I calculate the lodestar as $8,800.00. This reflects 22 hours reasonably expended by Attorney Motley at a rate of $400.00 per hour.

*Travel Expenses*

Plaintiffs seek recovery of various travel expenses that Attorneys Motley and Schwab incurred in connection with Defendant McBride's deposition, including flights, hotels, transportation, parking, and meals. For the same reasons discussed earlier, I will not award travel expenses for Attorney Schwab. As for Attorney Motley, she asserts that she paid $266.67 for flights to and from Milwaukee; $200.00 for five days of a car rental; and $375.00 for five days of lodging. (Docket # 69-2.) Defendants make three arguments against awarding Plaintiffs travel expenses. First, Defendants argue that travel expenses incurred by an attorney in attending a deposition are not recoverable as costs. However, courts do award expenses incurred in traveling to a deposition where one party fails to attend. *See Stonecrafters, Inc. v. Foxfire Printing & Packaging*, No. 08 C 06992, 2009 WL 4172847, at *3 (N.D. Ill. Nov. 23, 2009).

Second, Defendants argue that any travel that occurred was unnecessary because the use of video depositions is commonly accepted and preferred due to the Covid-19 pandemic. However, it is unclear how Plaintiffs are not entitled to travel expenses incurred by counsel solely because Defendant McBride's deposition *could* have been accomplished by video, when the parties agreed to hold the deposition in person.

Defendants' third argument—that a single-day deposition does not support travel-related costs for multiple days—has merit. Plaintiffs do not explain why multiple days of car

rentals and lodging are related to Defendant McBride's failure to attend his deposition on April 23, 2021. Additionally, Plaintiffs do not provide receipts for Attorney Motley's car rental or lodging expenses. Accordingly, I will award Plaintiffs $266.67 for Attorney Motley's travel expenses, representing the price of travel to and from Milwaukee for the deposition. (Docket # 69-3, Docket # 69-4.)

*Court Reporter and Videographer Costs*

Plaintiffs request $1,350.00 for six hours of court reporter and videographer services, performed at respective rates of $75.00 and $150.00 per hour, on April 23, 2021. (Docket # 53 at 3–4.) Defendants argue there was no reason for Plaintiffs to retain a court reporter and videographer from 9:00 a.m. to 3:00 p.m. on April 23 because Defendants' counsel told Plaintiffs beforehand that Defendant McBride would not appear for his deposition, and the parties attended a status conference before the court on the issue at 1:00 p.m. that day. (Docket # 57 at 15–16.) In her affidavit, Attorney Motley avers that the court reporter and videographer arrived at the deposition site at approximately 8:30 a.m., waited along with Plaintiffs' counsel until it was certain that Defendant McBride would not appear, and respectively transcribed and recorded the 1:00 p.m. status conference. (Docket # 69-6 at 4–5.)

Because it was not unreasonable for Plaintiffs to hire a court reporter and videographer for a properly noticed deposition, those costs are warranted. However, Plaintiffs have only submitted an invoice for the court reporter's services. (Docket # 69-1.) They have not submitted any documentation for the videographer. For these reasons, I will deny the videographer costs entirely and award Plaintiffs $450.00 for costs incurred for the court reporter's services.

7

*Defendants' Motion to Strike*

Finally, Defendants move to strike a reply brief and supplementary documents filed by Plaintiffs in contravention of the court's August 21, 2021 Order. (Docket # 73.) The reply brief, filed on September 16, 2021, responded to Defendants' objections to Plaintiffs' requested costs and fees. Attached to the reply brief were documents in support of Plaintiffs' requests, including invoices, billing records, receipts, affidavits, and caselaw that were not included with Plaintiffs' earlier affidavit. (Docket # 69.) Defendants request that the Court strike the reply brief and supplementary documents pursuant to Fed. R. Civ. P. 16(f)(1) because the August 21, 2021 Order did not provide for a reply brief and Plaintiffs failed to detail the reasonable costs and fees associated with Defendant McBride's deposition and their sanctions motion in their first affidavit, as the Order required. (Docket # 74 at 4.) Alternatively, Defendants request leave to respond to Plaintiffs' additional submissions. (*Id.* at 5.)

Rule 16 provides that a court may issue sanctions if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(C). Defendants correctly note that the August 21, 2021 Order did not allow for a reply brief by Plaintiffs or authorize filings after the August 30, 2021 deadline. However, Defendants have not demonstrated prejudice resulting from Plaintiffs' later submissions such that striking these documents is warranted. Further, granting Defendants leave to respond to Plaintiffs' belated submissions is unnecessary. Defendants thoroughly articulated their arguments in opposition to Plaintiffs' claimed costs and fees in their response brief. Therefore, I will deny Defendants' motion to strike. Plaintiffs are admonished not to file any pleadings not authorized by the Court's order without first seeking leave from the Court.

8

Defendants also request an award of reasonable expenses associated with their motion to strike. (Docket # 74 at 5.) When a party fails to comply with Rule 16, instead of or in addition to any other sanction, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Here, while the August 21, 2021 Order did not allow for a reply by Plaintiffs, I find the awarding of attorneys' fees disproportionate to the violation. As such, I will deny Defendants' request for reasonable expenses incurred in filing the motion to strike.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs are awarded $8,800.00 in attorney's fees and $716.67 in costs. Defendant McBride and counsel are ordered to pay Plaintiffs $9,516.67 no later than 30 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' motion to strike (Docket # 73) is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of November, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge