IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Kathryn KNOWLTON, Dana McCORMICK et al,

    Plaintiffs,

v.                                              Case No. 20 CV 01660

CITY OF WAUWATOSA, Dennis McBRIDE,
    Barry WEBER, et al,

    Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS
### (Pursuant to Fed. R. Civ. P. 12(b)(6))

Plaintiffs, collectively, by and through their undersigned-below attorneys, submit the following Brief in Opposition to Defendants' Motion to Dismiss. For the reasons set forth below, Plaintiffs respectfully request that this Court deny the Motion to Dismiss in its entirety.

### INTRODUCTION

Plaintiffs allege in their Complaint:

- An illegally enacted order was the predicate for properly-plead and particularized facts contained in the Complaint, including actual arrests and other constitutional violations by Defendants;

- The illegally enacted order was unilaterally made by Defendant Mayor Dennis McBride, under color of authority of the Defendant City of Wauwatosa;

- Defendant Common Council President Kathy Causier, in her capacity as representative of the Defendant City of Wauwatosa, knew of the illegal order and did nothing;

1

- Defendant Police Chief of Wauwatosa (now ret.) Barry Weber, was aware that the order was illegally produced and enacted and still commanded effectuation and enforcement of same;

- Additional named defendants, law enforcement officers, specifically participated in the illegal enforcement, and excessive force thereto of the predicate order;

- Additional named agents of the defendant City of Wauwatosa, Defendant George Schimmel and Defendant Dominick Ratkowski, under the color of their authority and by access through defendant City of Wauwatosa, knowingly took specific steps including surveillance, targeting, and the prosecution of unlawful citations;

- Specific and particularized allegations of improper and illegal compiling and dissemination of protected and personally identifying information was detailed in the Complaint;

- Dates and times and full descriptions of all factual allegations underlying myriad and multiple causes of action are provided with specificity.

The Complaint contains all of this and more in page after page of allegations, quotes, exhibits, and pictures. Trials have been won with far less evidence. Under any reading of the applicable standard requiring particularity, Plaintiffs meet and exceed their pleading obligations.

Nevertheless, Defendants have moved to dismiss the Complaint, providing a confusing analysis which only clarifies and highlights Plaintiffs' validity and strength of claims, therefore Defendants' motion must be dismissed as frivolous, as well as untimely.

## ARGUMENT

I. **MOTION TO DISMISS STANDARD PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

   A. **TIME-BARRED**

Defendants originally filed an Answer to the 3rd Amended Complaint on September 10, 2021 (ECF #65), over two months prior to the filing of this instant motion. Defendants then filed another Answer on November 15, 2021 (ECF #110), concurrent with the instant motion. In the interim, on October 14, 2021, this Court denied Defendants' motion to strike, and confirmed that the 3rd Amended Complaint of September 8, 2021 (ECF #56), was not substantively different enough to warrant it be struck (ECF #95) and would be Answered. Pursuant to Fed. R. Civ. P. 12(A)(1)(a)(i) an Answer was then required to be filed within 21 days (by November 4, 2021). Though Defendants failed to timely Answer, they did in fact do so. Thus, Fed. R. Civ. P. 12(b)(6) on its face, bars Defendants from this motion.

> …(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> > (1) lack of subject-matter jurisdiction;
> > (2) lack of personal jurisdiction;
> > (3) improper venue;
> > (4) insufficient process;
> > (5) insufficient service of process;
> > (6) failure to state a claim upon which relief can be granted; and
> > (7) failure to join a party under Rule 19.
>
> *A motion asserting any of these defenses **must be made before pleading** if a responsive pleading is allowed.* If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b)(6) (emphasis added).

## B. STANDARD OF REVIEW

In addition to this motion's failure as time-barred, Defendants' motion fails according to their own articulated standards.

Plaintiffs agree with Defendants' recitation of the standard articulated in *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, and provide as concise agreement as possible herein, in the interest of judicial efficiency, and to mitigate redundancy.

The purpose of a motion to dismiss is to test the sufficiency of the complaint to state a claim upon which relief may be granted, not to decide the actual and final merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *See* Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). As the Defendants confirm, this standard remains and is reinforced in *Twombly,* that a complaint should never be dismissed because the court may be doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 556-57.

A motion to dismiss under Rule 12(b)(6) should be granted *only* if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); *see also* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint.

**C. APPLICATION OF STANDARD**

The error here for Defendants is their misapplication of that standard. Defendants uniquely, and improperly add an entirely new element to the standard, seemingly of their own creation. Defendants look to require disposition for *certain named defendants* prior to, and outside of, properly filed and conducted civil procedure.

The proper standard as articulated by Defendants requires plausibility based upon enough and particularized details in the Complaint so that if those alleged facts are accepted as true, a cause of action exists and the matter can/should proceed. That is, the 12(b)(6) standard is satisfied – as it is in this case. Defendants have not contested that standard, nor that reality.

Rather, Defendants then improperly insert an added element of analysis, unilaterally (and creatively) suggesting an improper power be afforded the Court to make premature disposition for *certain named* Defendants. Defendants are not arguing an absence of claim upon which relief can be granted, but rather grant that a claim is properly articulated, but that factual issues exist as to who is responsible, to what extent, and to which defendant is that properly made claim attributable; exactly what must be determined by a trier of fact. Thus, purely logically and deductively by their own argument, evidentiary procedure and a trial is required and their motion must fail.

In fact, Defendants' brief and argument reinforce the validity of the detailed and particularized pleading by the Plaintiffs in the statement of their claims. Fed. R. Civ. P. 12(b)(6) standards do not require finalized certainty as to who, among the defendants, may be responsible for what parts of properly pleaded claims, as long as articulated claims provide specificity and detail enough to be proper for trial and attributable to defendants. Here, Defendants improperly attempt to skip the actual civil and court procedure necessary to process and effectuate disposition, and leap directly into the potential damages apportionment.

Additionally, the dizzying length and breadth of Defendants' brief in support of their motion imply surgical carving out amendment powers for dismissal, which are simply not available nor appropriate if in actuality, Plaintiffs had failed to state a claim. That is, Defendants offer no additional or otherwise extrinsic evidence outside of the pleadings with the instant motion. Therefore, Defendants' request for dismissal is limited to analysis under Fed. R. Civ. P. 12(b)(6), and simply fails.

5

Case 2:20-cv-01660-NJ    Filed 12/05/21    Page 5 of 6    Document 114

## CONCLUSION

Plaintiffs' Complaint particularly and with specificity states facts that support each element of their claims, and thus withstands Defendants' Motion to Dismiss.

Additionally, as it is untimely and premised on invented standards unavailable to the Court, Plaintiffs respectfully request this motion be found frivolous and sanctions be ordered for the significant loss of time, resources and deliberate and on-going frustration of the civil court process.


Respectfully submitted this 5th day of December 2021.

/s/ Attorney Kathryn Knowlton
KNOWLTON LAW GROUP
State Bar No: 1032814
7219 West Center Street
Wauwatosa, WI 53210
Email: kate@knowltonlawgroup.com
Telephone: 414-202-2444

Attorney Kimberley Cy. Motley
MOTLEY LEGAL SERVICES
State Bar No.: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

Attorney E. Milo Schwab
Ascend Counsel
3000 Lawrence Street
Denver, CO 80205

**ATTORNEYS FOR PLAINTIFFS**