IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, DANA McCORMICK,
   et al.,

                               Plaintiffs,

v.                                                                     Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                               Defendants.

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT (DOCKET NO. 56) PURSUANT TO
FED. R. CIV. PROC. 12(B)(6)**

      Defendants, by their attorneys, Gunta Law Offices, S.C., submit the following Reply brief in support of their Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief may be granted.

    **I.    DEFENDANTS MOTION TO DISMISS WAS TIMELY**

    According to plaintiffs, defendants were required to file an Answer to the (3rd) Third Amended Complaint within 21 days (by November 4, 2021). (Dkt. 114, p. 3) Plaintiffs cite to Fed. R. Civ. P. 12(A)(1)(a)(i) in support of their position. However, on October 15, 2021, this Court granted defendants 30 days to answer the amended complaint. (Dkt. 96) As such, defendants Answer was timely filed <u>after</u> their Motion to Dismiss on November 15, 2021.

    **II.    DEFENDANTS ARGUED THE CORRECT STANDARD OF REVIEW**

    Plaintiffs second argument is that Defendants' motion fails because it is premised on "invented standards." (Dkt. 114, p. 6) Notably, each argument advanced by Defendants is supported by legal authority while Plaintiffs' Response offers confusing contentions directly contradicted by the law.

    First, Plaintiffs believe the Rule 12(b)(6) pleading standard does not require them to identify

"who, among defendants, may be responsible for what parts of properly pled claims. (Dkt. 114, p. 5) They go so far as to assert the question of "to which defendant is that properly made claim attributable" must be determined by a trier of fact. (Dkt. 114, p. 5) Plaintiffs also argue that identifying what defendant is involved in what claim is not required until a "potential damages apportionment." (Dkt. 114, p. 5) Foremost, none of these contentions are accurate. Plaintiffs do not get to make scattershot allegations against a group of individuals leaving it for the jury to figure out who the intended target should have been. This issue was fully briefed by Defendants in their moving brief. (Dkt. 109, pp. 3-4)

Incredibly, Plaintiffs contend that even "if in actuality, Plaintiffs had failed to state a claim" dismissal would not be available or appropriate. (Dkt. 114, p. 5) Not surprising, Plaintiffs do not support their contention with legal authority as it is directly undercut by Federal Rule of Civil Procedure 12(b) which provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Moreover, Plaintiffs' argue that because Defendants "offer no additional or otherwise extrinsic evidence outside the pleadings with the instant motion" the motion fails. (Dkt. 114, p. 5) However, a court can only consider what's in the complaint when deciding a Rule 12(b)(6) motion or the motion gets converted into a Federal Rule of Civil Procedure 56 ("Rule 56") motion for summary judgment.

### III. PLAINTIFFS CONCEDE DISMISSAL BY THEIR FAILURE TO RESPOND

Plaintiff's Response Brief makes no substantive argument addressing Defendants' arguments III-XVIII. Plaintiff's failure to respond to these arguments constitutes waiver on those issues. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ('Failure to respond to an argument ... results in waiver.') Thus, these claims must be dismissed.

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that all claims alleged against them be dismissed with prejudice for failure to state a claim.

Dated at Wauwatosa, Wisconsin this 17th day of December 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

*/s/ Kiley B. Zellner*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com
kbz@guntalaw.com