# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al.,

                Plaintiffs,

v.                                                 Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)(3)

Defendants, by and through their counsel, Gunta Law Offices, S.C., move the Court for relief from its Order on Attorney Fees under Rule 60(b)(3) of the Federal Rules of Civil Procedure due to Plaintiffs' counsel's fraudulent representations to the parties and this Court and state as follows:

1. On April 2, 2021, Plaintiffs' counsel sent a Notice of Deposition requesting that Wauwatosa Mayor, Dennis McBride, appear for a deposition at their office located at 7219 West Center Street, Wauwatosa, Wisconsin on April 23, 2021, at 9:00 a.m.

2. Defense counsel then made multiple attempts to get a protective order in place, and all drafts were rejected by Plaintiffs. On April 22, 2021, Defense counsel informed Plaintiffs' attorneys that Defendant McBride would not be providing deposition testimony until a Protective Order was in place.

3. On April 22, 2021, Plaintiffs' counsel, Milo Schwab, responded that Plaintiffs would not negotiate a Protective Order under threat and expected Defendant McBride to appear despite the requested Protective Order. (Dkt. 46, p. 4) On the same day, Attorney Baynard attempted to schedule a call with the Court and advised Plaintiffs that Defendant McBride would be produced as soon as the Court provided guidance on the proposed Protective Order. (Dkt. 46,

p. 4; 29-3, p. 1-5) In response, Attorney Schwab wrote "Jasmyne, I am unavailable for a hearing. File your protective order if you'd like, but I expect Mayor McBride to be there tomorrow. If he is not, we will bring this discovery violation up with the Court. Your desire for a general protective order is not a sufficient basis for seeking a protective order from the court for Mayor McBride's deposition. I expect to see you tomorrow." (Dkt. 46; 29-3, p. 2)

4. Minutes later, Attorney Baynard again asked Plaintiffs' counsel if they were free for a call with the Court on the issue prior to the deposition. (Dkt. 46; 29-3, p. 2) Plaintiffs did not respond; thus, Defendants filed an expedited motion to seal all discovery materials. (Dkt. 46, p. 5)

5. The following day, April 23, 2021, Defendant McBride did not appear for his deposition as explained by Defense counsel. (Dkt. 46, p. 2-5; 29-3) Plaintiffs' counsel subsequently requested a hearing before the Court, which was held at 1:00 p.m. on April 23, 2021. (Dkt. 46, p. 6) The hearing lasted from 1:05 p.m. until 1:52 p.m. (Dkt. 30)

6. On April 26, 2021, Plaintiffs filed a motion for sanctions for Defendant McBride's failure to appear for the deposition. (Dkt. 31) On August 8, 2021, the Court granted Plaintiffs' Motion for Sanctions and ordered that "plaintiffs must submit an affidavit or other certification detailing the reasonable costs and fees relating to and associated with the April 23, 2021, deposition and the instant sanctions motion by August 30, 2021." The Court ordered that Defendant McBride would have until September 9, 2021, to respond. (Dkt. 46, p. 12)

7. On August 30, 2021, Plaintiffs filed their Attorney Fee Affidavit of Costs and Fees without any supporting documentation and requested $56,007.28 in costs and fees for a deposition they knew in advance would not take place and for time spent drafting a six-page motion for sanctions. (Dkt. 53)

8. On September 9, 2021, Defendants filed their response to Plaintiffs' Attorney Fee Affidavit. Defendants argued that Plaintiffs' claimed costs and fees should be denied entirely not only because they were outrageously excessive but also because they were void of any supporting documentation. (Dkt. 57)

9. The Court's Order did not allow for a reply brief by Plaintiffs or any other filings after their August 30, 2021, deadline. Without seeking leave of Court, Plaintiffs filed a reply including additional affidavits and supporting documents in response to Defendants' arguments. (See Dkt. 69, Ex. 1-7)

10. Included in those filings was an Affidavit of Kimberley Cy. Motley. (Dkt. 69-6) Attorney Motley swore under penalty of perjury that the Affidavit and the information contained therein was truthful and accurate. *Id.* In the September 9, 2021 affidavit, Attorney Motley swore to the following:

- "For the deposition of Dennis McBride we hired a court reporter with Polaris Reporting who charges $75.00 per hour for 6 hours of time billed." (Dkt. 69-6, ¶ 18)
- "As with all of the in-person depositions thus far, we hired a court reporter (sic) arrived at the deposition at approximately 8:30 a.m. and stayed until 3:00 p.m. due to the fact that we waited for Defendant McBride and Attorney Baynard who both did not show up, and ultimately were able to go on record with the court at approximately 2:00 p.m. on April 23, 2021 which the court reporter transcribed." (Dkt. 69-6, ¶ 19)
- "For the deposition of Dennis McBride we hired a videographer with Bullhorn Films who has agreed to charge $150.00 per hour for recoverable expenses for six hours." (Dkt. 69-6, ¶ 20)
- "As with all of the in-person depositions thus far, we hired a videographer who arrived at the deposition at approximately 8:30 a.m. and stayed until 3:00 p.m. due to the fact that we waited for Defendant McBride and Attorney Baynard who both did not show up, and ultimately were able to go on record with the court at approximately 2:00 p.m. on April 23, 2021 which the videographer recorded." (Dkt. 69-6, ¶ 21)

11. The supporting documents included a Polaris Reporting invoice dated April 24, 2021, in the amount of $450 for work generally described as "All Day" and "Time Only-Zoom

Hearing." (Dkt. 69-1) It bears mention, the deposition of Mayor McBride was on April 23, 2021 and scheduled to be in-person not Zoom.

12. Also included was a GMAIL print out containing United flight reservation details for Attorney Motley. The April 21, 2021, travel time total was 10 hours and 17 minutes which included a 3 hour and 53-minute layover in Denver. (Dkt. 69-3, p. 2) According to Attorney Motley's April 21, 2021, time records she utilized the 3-hour layover in Denver for deposition preparation—yet still billed the full 10 hours for travel. *Id.* If not double billing, Attorney Motley claims to have dedicated 19 hours of a 24-hour day exclusively to travel and deposition preparation. (Dkt. 69-2)

13. On September 23, 2021, Defendants moved to strike Plaintiffs' additional submissions arguing they violated the Court's Order and Defendants were prejudiced by not having the opportunity to investigate and respond to the new submissions. (Dkts. 73-74) Alternatively, Defendants sought leave to respond. This Court denied Defendants' motion to strike, denied their request for leave to file a response, and again admonished Plaintiffs—without consequence—not to file unauthorized pleadings without seeking leave of Court. (Dkt. 111, p. 8)

14. Relying on those later submissions, this Court awarded Plaintiffs $8,800.00 in attorney's fees and $716.67 in costs—including $450 for the court reporter.

15. The Court's Decision and Order states "[i]n her affidavit, Attorney Motley avers that the court reporter and videographer arrived at the deposition site at approximately 8:30 a.m., waited along with Plaintiffs' counsel until it was certain that Defendant McBride would not appear, and respectively transcribed and recorded the 1:00 p.m. status conference. Because it was not unreasonable for Plaintiffs to hire a court reporter and videographer for a properly noticed deposition, those costs are warranted." (Dkt. 111, p. 7) This Court awarded Plaintiffs the $450.00

in costs for the court reporter. While this Court only awarded a fraction of the requested attorney's fees, it made clear it would "not award attorney's fees for time that Attorney Motley spent preparing for the deposition." (Dkt. 111, p. 3)

16. Following, the Decision and Order, and based on Attorney Motley's representations to the Court that the 1:00 p.m. status hearing was transcribed and recorded, the Defendants contacted the court reporter, Miriam Beckford, to request a copy of the transcript. Following multiple failed attempts to obtain the transcript from Ms. Beckford, Defendants contacted Plaintiffs' counsel regarding the transcript and recording of the hearing. (Declaration of Kyle R. Moore, ¶¶2-4, Exhibits A-C)

17. On December 7, 2021, Attorney Motley responded to Defendants stating, "I can confirm that the hearing was transcribed" and "you will have to get the transcription from Miriam…" On December 9, 2021, Defendants again contacted Ms. Beckford to relay that Attorney Motley confirmed the April 23, 2021, scheduling conference was transcribed by her, and that Attorney Motley had directed us to Ms. Beckford for a copy of the transcript. (Moore Decl. ¶¶5-6, Exs. D-E)

18. On December 16, 2021, Attorney Knowlton responded "we have NOT, at any time, sought, asked or paid for Polaris, nor any other court reporting service, to "record" any court hearing, on April 23 or otherwise. As you are aware, it would be completely improper to record the court hearing.'" Attorney Knowlton further avowed the court reporter, Miriam Beckford never transcribed the hearing. (Moore Decl. ¶7, Ex. F)

19. Contrary to Attorney Motley's Affidavit, Attorney Knowlton further admitted "as no one appeared for depositions that day . . . we did transfer the purpose of some of that time and engagement of Polaris to meeting minutes and record keeping for our own purposes. And we paid

5

for that time and those notes separately. This is not a "transcript" or discoverable in any way. This is work product.'" (Moore Decl. ¶7, Ex. G)

20. Later, Attorney Motley confirmed Attorney Knowlton's representations and added "Miriam (the court reporter and not the videographer) took notes of the hearing that is recording." (*Id.*)

21. Attorney Motely swore under penalty of perjury that the hearing was "transcribed" by Miriam Beckford and recorded by Bullhorn Films. (Dkt. 69-6, p.5) This Court then relied on her sworn statements in awarding costs. (See Dkt. 111, p. 7) By Attorney Motley's own admission, those sworn statements regarding both the court reporter and videographer were patently false. The perjured statements were introduced to deceive this Court and enhance the award of costs through fraudulent conduct. Attorney Motley's fraud on Defense counsel continued even after the court award. (*See* Moore Decl. ¶4, Ex. C)

22. Rule 60(b)(3) protects the fairness of the proceedings and pursuant to the Rule "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

23. A party seeking relief under Rule 60(b)(3) must prove by clear and convincing evidence that "(1) the party maintained a meritorious claim ... and (2) because of the fraud, misrepresentation or misconduct of the adverse party, (3) the party was prevented from fully and fairly presenting its case...." *Lonsdorf v. Seefeldt,* 47 F.3d 893, 897 (7th Cir., 1995). According to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of

the proceeding*." Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *1–2 (N.D. Ill. July 6, 2009), *aff'd*, 383 F. App'x 539 (7th Cir. 2010)

24. To warrant the vacation of a judgment under Rule 60(b)(3) for fraud and misrepresentation in procuring the costs and fees upon which the judgment is based, the existence of such fraud must be established by clear and convincing evidence. *Di Vito v. Fid. & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966); *citing Assmann v. Fleming*, 8 Cir., 159 F.2d 332, 336.

25. This is not a question of mere negligence. It was an effort to deceive the Court as to the existence of costs so that Plaintiffs would be awarded more. Attorney Motley and Attorney Knowlton's subsequent admissions are unequivocally clear and convincing evidence of the existence of fraud.

26. Attorney Motley has violated the integrity of this Court by making patently false statements upon which this Court relied. Fairness in the conduct of these proceedings require this Court to relieve the Defendants of the November 21, 2021, Order on Attorney's Fees and Costs based on her fraud, misrepresentations, and overall misconduct.

27. Defendants request full reimbursement of the $9,516.67 paid pursuant to the Order and all other relief this Court finds just and appropriate. Punishment for the type of conduct here— that abuses the judicial process—cannot simply be giving back what was fraudulently obtained.

28. In that regard, federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 33 (1991). In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. *Id.* Although the "American Rule" prohibits the shifting of attorney's fees in most cases, an exception allows federal courts to

exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as when the party practices a fraud upon the court. *Id.*

**WHEREFORE**, Defendants respectfully request relief from the November 21, 2021, Order pursuant to Rule 60(b)(3) based on Plaintiffs' counsel's fraudulent representations to Defendants and this Court, and all other relief this Court finds just and appropriate.

Dated at Wauwatosa, Wisconsin this 22nd day of December 2021.

        **GUNTA LAW OFFICES, S.C.**
        Attorneys for Defendants

        */s/ Kyle R. Moore*
        Gregg J. Gunta, WI Bar No. 1004322
        Ann C. Wirth, WI Bar No. 1002469
        Jasmyne M. Baynard, WI Bar No. 1099898
        Kyle R. Moore, WI Bar No. 1101745
        Kiley B. Zellner, WI Bar No. 1056806
        9898 W. Bluemound Road, Suite 2
        Wauwatosa, Wisconsin 53226
        T: 414) 291-7979 / F: (414) 291-7960
        Emails:    gjg@guntalaw.com
                        acw@guntalaw.com
                        jmb@guntalaw.com
                        krm@guntalaw.com
                        kbz@guntalaw.com