## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

Kathryn KNOWLTON, Dana McCORMICK et al,

    Plaintiffs,

    v.                                      Case No. 20 CV 01660

CITY OF WAUWATOSA, Dennis McBRIDE,
    Barry WEBER, et al,

    Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
## FOR ENTRY OF PROTECTIVE ORDER

Defendants have moved this Court to enter an improper, overly restrictive, and completely unnecessary protective order that prohibits Plaintiffs from even requesting, as well as sharing documents produced in this litigation with anyone outside of Counsel of Record, —even clients in this action, and attorneys with similar actions against Defendants—despite the fact that this Honorable Court, and courts across the country have expressly acknowledged the necessity and explicit benefit of transparency in civil rights actions.  Such transparency not only undergirds the confidence of all parties availing themselves of the judicial system and process, but all citizens – and most importantly – those parties with any authority in a democratic society,  require such transparency to ensure accountability necessary for a true and healthy democracy.  Defendants' motion must be denied,  first as moot, and second, as Defendants have utterly failed to establish why an additional protective order is necessary, or why the documents it must produce should be protected or restricted.  In good faith, Plaintiffs' agreed to keep the native file page of email

1

production as restricted to "attorneys eyes only" under the current protective order. This solution promotes and maximizes judicial and party efficiency, minimizes discovery costs, ensures full and fair disclosure, and promotes judicial economy. Plaintiffs respectfully request that this Court deny the Motion.

## INTRODUCTION

Defendants claim that an additional protective order is necessary to stem the tide of Plaintiffs' "voluminous formal and informal discovery requests" and that Plaintiffs "continue to make numerous and unreasonable requests" (ECF #116, p. 1). This is simply wrong.

Plaintiffs have made no discovery requests since September 16, 2021.[1] On the contrary, and confirmed by Defendants, Plaintiffs have only *restricted* by scope, duration and context, all discovery demands, as encouraged and directed by the Court, and in furtherance of actual good faith attempts to move this matter forward. All of Plaintiffs' discovery was proper, discrete and finite. As of December 31, 2021 discovery is closed (ECF #34, p.1).

The first five (5) pages of Defendants' motion seem to be a convoluted summary suggesting some abuse of the discovery process muddled with conflicting examples of Defendants' lack of compliance; attempting to rationalize Defendants' lack of production of even just **one** (or maybe three, according to a footnote?) email requested by the Plaintiffs, while simultaneously confirming that Plaintiffs very reasonably agreed to keep some documents, identified by Defendants as potentially containing cyber locating information, confidential as "attorneys eyes only."

---

[1] Plaintiffs acknowledge that two (2) additional depositions were conducted, for which document production requested included "standard" boiler-plate requests that included anything deponent might rely upon at her/his deposition.

Yet, amazingly and defying all logic, Defendants' Counsel characterize *Plaintiffs'* position as "indefensible" and charge that *Plaintiffs'* actions require court intervention (ECF #116, p.6).

But it is Defendants who have thus far successfully circumvented all statutory, formal and informal discovery deadlines and even orders, such that at the close of discovery on December 31, 2021, Plaintiffs still await production, in any completed form, of proper requests made since January 5, 2021, and throughout this last entire year. It is Defendants who continue to thumb their noses at the Court's order and directives, continuing to refuse to produce documents in both redacted and unredacted form (defying this Court's order of August 23, 2021), still ignoring this Court's and their own proffered dates of production, regardless of the Court's multiple and generous extensions.

Most uncomprehendingly, the instant motion recirculates the earlier attempt by Defendants to weaponize this civil litigation process: holding hostage admittedly responsive documents because Plaintiffs do not agree to execute a redundant, overly-broad, unilaterally restrictive, and most importantly, completely unnecessary protective order.

**FACTS**

Since September 16, 2021, Plaintiffs have not made any new requests for production, including any production requests associated with the two Notices of Depositions which occurred in December, 2021 (beyond standard "boiler-plate" requests for anything that the deponent may rely upon). Rather, Plaintiffs consistently, and in good faith, have attempted positive communication and only further *restricted* Plaintiffs' discovery requests both in scope and duration. This was accomplished, to the satisfaction of Defendants' Counsel at the time (on two separate dates referenced by Defendants' Counsel of November 11 and 17, 2021), culminating in

3

the cooperative and explicit agreement that any cyber locating information included on a page constituting "metadata" would be stamped with, and accepted as, "attorneys eyes only."[2]

Pursuant to this Court's order of September 24, 2021, a proper and comprehensive protective order is already in place, to which parties can and may properly avail themselves, with all consequences, contingencies and enforcement necessary to properly evaluate and potentially protect discovery. Plaintiffs agreed that an additional type of document may be so marked, as contemplated and enforceable by this Court's order. Instead of complying and moving this matter forward, Defendants filed this motion.

December 5, 2021, Attorney Motley filed a letter with an updated status table of all Plaintiffs' discovery (ECF #113), including the agreed upon limitations and restrictions to limit in scope and duration, as well as documenting the lack of production by Defendants. Defendants do not contest the accuracy of this update. We attach the letter of December 5, 2021 and the updated discovery table again for ease of reference. (Exhibit A – Plaintiffs Letter of 12/05/21 ECF 113) and (Exhibit B – Plaintiffs Updated Table of Discovery – ECF 113-1). Though regretful of the duplication, it is necessary in order to refute the disorganized contentions of the Defendants' Counsel in their instant motion and attachments.

## ARGUMENT

Plaintiffs respectfully suggest that Defendants' Counsel is erroneously confusing the organizational table as ordered by the Court, and explicit reminders of previous requests, as new production requests. This is simply not the case.

---

[2] Plaintiffs agreed to this even after Defendants' Director of IT for the defendant City of Wauwatosa, acknowledged and admitted that there is nothing in place to keep this information confidential from any senders and/or receivers of ANY email from their system. That is, this information is already available to the public, and no measure is currently being taken to safeguard it.

The Defendants' argument that any protective order is necessary at this juncture, is a ruse. Discovery is closed. Even before the filing of this instant motion, per the controlling scheduling order (ECF #34), all parties were procedurally barred from any additional discovery requests. Though Defendants repeatedly state a protective order is necessary in anticipation of additional demands, Plaintiffs cannot make any; that simply cannot be argued. That position is in error, and the motion must be denied.

As an order to protect confidential information has already been granted, and specifically Plaintiffs agreed to mark additional subject matter as "attorneys eyes only," then the only real reason for Defendants' instant motion is to continue to drive up the costs of litigation, delay production and the process, and thwart access to justice by forcing this expense of considerable time and unavailable resources for Plaintiffs, to fight for discovery.

It is vital to recognize the on-going refusal of Defendants to produce documents, even while they explicitly and repeatedly admit the existence of, and Defendants' Counsel's custody of responsive documents.

It is also critical to recognize that Defendants seek even to implicate this Court as not understanding the "totality" of the discovery requests in an effort to deflect from their continued refusal to comply with Court orders and properly produce responsive documents (ECF #116, p.8).

**CONCLUSION**

Defendants fail to provide any legitimate basis for even requesting, much less granting a protection order, and continue to focus on shadow rather than substance to keep facts from coming to light, and avoid all actual content to accomplish an actual, fair and proper prosecution of these facts. This motion must be denied.

5

Again, this motion is untimely, redundant and offensive to the interest of justice, and Plaintiffs respectfully request this motion be found frivolous and sanctions be ordered for the significant loss of time, resources and deliberate and on-going frustration of the civil court process.

Respectfully submitted this 2nd day of January, 2022.

/s/ Attorney Kathryn Knowlton
KNOWLTON LAW GROUP
State Bar No: 1032814
7219 West Center Street
Wauwatosa, WI 53210
Email: kate@knowltonlawgroup.com
Telephone: 414-202-2444

Attorney Kimberley Cy. Motley
MOTLEY LEGAL SERVICES
State Bar No.: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

Attorney E. Milo Schwab
Ascend Counsel
3000 Lawrence Street
Denver, CO 80205

**ATTORNEYS FOR PLAINTIFFS**

6