UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, et al.,

        Plaintiffs,

v.                                           Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

        Defendants.

---

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR NONPARTY PERSONAL IDENTIFIERS

---

Defendants, by and through their counsel, Gunta Law Offices, S.C., moves the Court for an order, pursuant to Fed. R. Civ. P. 26(b), (c), and Fed. R. Civ. P. 37(a)(5)(A)(ii). Prior to filing this Motion, the parties met and conferred in good faith to attempt to resolve this discovery dispute. (Zellner Decl. ¶¶ 10-12)

### INTRODUCTION

Plaintiffs have made expansive requests for all documents relevant to arrests of persons in connection to the curfew imposed from October 7, 2020 – October 12, 2020. (Zellner Decl. ¶ 4, Exhibit B) Within those requests, Plaintiffs sought Arrest Data Reports for nonparty individuals. (Zellner Decl. ¶7, Exhibit C ) The Arrest Data Reports contain personal identifying information, such as, arrest photos, home addresses, and dates of birth. (Zellner Decl. ¶7, Exhibit C) There are also accompanying reports, some of which contain social security numbers, NCIC reports, phone numbers, and additional identifying information. (Zellner Decl. ¶ 6)

The Defendants have already produced the documents concerning Plaintiffs. (Zellner Decl. ¶3, Exhibit A) For nonparties, there is no dispute about the production of those documents as

1

Defendants have always been willing to produce them. (Zellner Decl. ¶ 7, Exhibit C) This dispute is about whether Plaintiffs are entitled not just to a broad production of documents concerning nonparty individuals, but whether Plaintiffs are entitled to make those documents public during the discovery process. Instead of agreeing to treat these files as confidential, Plaintiffs demand the right to publish, share, or otherwise use personal identifying information relating to nonparty individuals at their discretion.

## LEGAL STANDARD

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007) (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Accordingly, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Although the public has a presumptive right to access discovery materials that are filed with the court, "the same is not true of materials produced during discovery but not filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009).

As the movant for a protective order, the Defendants bear the burden to show good cause under Rule 26. *See Jepson*, 30 F.3d at 858. To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order.

A court must view Rule 26 in its entirety, keeping in mind the limited purposes of discovery. *Seattle Times*, 467 U.S. at 34. "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times*, 467 U.S. at 34. Abuse of the discovery process, moreover, "is not limited to matters of delay and expense; discovery may also

seriously implicate privacy interests of litigants and third parties." As the Supreme Court explained in *Seattle Times*:

> The Rules do not distinguish between public and private information. Nor do they apply only to parties to the litigation, as relevant information in the hands of third parties may be subject to discovery. There is an opportunity, therefore, for litigants to obtain – incidentally or purposefully – information that is not only irrelevant but if publicly released could be damaging to reputation and privacy.

*Id.* at 35.

## ARGUMENT

Here, the subject documents are concerning individuals who are not parties to this litigation and the Proposed Protective Order serves only the privacy interests of those individuals. Conversely, Plaintiffs have no legitimate interest in the unrestricted disclosure of the personal identifying information of nonparty individuals and Plaintiffs are in no way prejudiced by Defendants' Proposed Protective Order. Without a protective order covering these documents, Plaintiffs would have discretion to publicly release those nonparty documents containing personal identifying information. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("[a]bsent a protective order, parties to a lawsuit may disseminate materials obtained during discovery as they see fit."). However, any such disclosures would be unrelated to any action or filing before this Court and would serve no legitimate purpose.

Plaintiffs' counsel is required to redact personally identifying information in any documents they file with the court. (*See* Rule 5.2 of the Federal Rules of Civil Procedure this court's Electronic Filing Procedures i.e., social security numbers; names of minor children; dates of birth; and home addresses.) But the information, it is not further protected from public disclosure absent a protective order. Of significance, Plaintiffs' counsel has publicly filed documents in violation of an existing

3

Case 2:20-cv-01660-NJ    Filed 01/26/22    Page 3 of 4    Document 142

protective order (*See* Dkts. 113, 115, 135) and filed documents without the required redactions (*See* Dkt. 24-1, 28, 29) in this case. As such, good cause exists for the Proposed Protective Order.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court enter the Proposed Protective Order. Defendants seek their expenses in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii).

Dated this 26th day of January 2022.

GUNTA LAW OFFICES, S.C.
Attorneys for Defendants

*/s/ Kiley B. Zellner*
Kiley B. Zellner WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979
F: (414) 291-7960
kbz@guntalaw.com
