# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, *et al.*,

    **Plaintiffs,**

v.

    Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

    **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION TO STAY PROCEEDINGS PURSUANT TO THE DOCTRINES OF *YOUNG, HECK,* AND *PULLMAN*

Currently before me is Defendants' motion to stay proceedings in this case pursuant to the doctrines of *Young*, *Heck*, and *Pullman*. (Docket # 83.) For the reasons explained below, Defendants' motion is denied.

## BACKGROUND

On September 8, 2021, Plaintiffs filed a Third Amended Complaint asserting sixteen claims for relief. (Third Am. Compl., Docket # 56.) Plaintiffs assert that Dennis McBride, who is the Mayor of the City of Wauwatosa, unlawfully enacted an emergency order that imposed a curfew on Wauwatosa streets from October 7, 2021 to October 12, 2021. This emergency order, Plaintiffs contend, gave rise to an increased presence of the Wauwatosa Police Department and resulted in the issuance of municipal citations for violating the order. Plaintiffs contend that Weber and McBride knew that the Wauwatosa Police Department was acting under an unlawful order that the police did not have probable cause to arrest Plaintiffs. Among Plaintiffs' requested relief are orders finding that the City of Wauwatosa's curfew was unlawful, illegally enacted, and unconstitutional. (Third Am. Compl. at 201.)

1

Thirty-five out of 69 Plaintiffs have municipal citations pending in Wauwatosa Municipal Court for allegedly violating the emergency order. (Docket # 84 at 2.) In June 2021, the City of Wauwatosa moved for a stay of the municipal citation proceedings (Declaration of George M. Schimmel ¶ 3, Docket # 85) and City of Wauwatosa Municipal Court Judge Richard J. Baker issued an order granting the City's motion on July 28, 2021 (*id.*) Plaintiffs filed their Third Amended Complaint (Corrected) on September 8, 2021. (Docket # 56.) The City contends that because this new complaint materially changed the causes of action and expanded that scope of the litigation, it changed its position on staying the municipal proceedings and now wishes to lift the stay on the municipal proceedings and proceed in state court. (Schimmel Decl. ¶ 5.) Defendants filed the instant motion to stay the federal court proceedings pending resolution of the municipal proceedings on September 30, 2021. (Docket # 83.)

## ANALYSIS

Defendants move to stay this case pursuant to the abstention doctrines of *Younger*, *Heck*, and/or *Pullman*. As an initial matter, the basis for Defendants' requested stay of the federal proceedings are municipal citation proceedings commenced against 35 of the 69 named Plaintiffs in this case based on alleged violations of the October 7 to October 12, 2020 curfew order. Defendants argue that with the exception of Count 10 in the Plaintiffs' Third Amended Complaint (violations of the Driver's Privacy Protection Act), "all Plaintiffs' claims involve allegations that an 'unlawful' curfew order—which was in effect from October 7, 2020 – October 12, 2020, in Wauwatosa—resulted in Plaintiffs being subjected to illegal seizures, excessive force, illegal searches, and other constitutional violations." (Docket # 84 at 2.) This is not entirely accurate. Several of the Plaintiffs in this case do not allege that they were present

2

or in any way participated in the October 2020 protests. For example, the Third Amended Complaint alleges no facts connecting plaintiffs Andrew Aaron, Robert Agnew, Kamila Ahmed, Isiah Baldwin, Steven Conklin, Christine Groppi, Joseph Hayes, Sean Kafer, Joey Koepp, Rosalind Rogers, Mariah Smith, and Brandon Wilborn to the October 2020 emergency order. While some of these Plaintiffs indeed attended protests and allege such constitutional violations as excessive force and illegal seizures stemming from the events, the allegations do not arise from the October 2020 emergency order.

Taking plaintiff Andrew Aaron as just one example, the complaint alleges that Aaron was protesting in Wauwatosa on July 7, 2020 and August 13, 2020. (Third Am. Compl. ¶ 811.) He alleges that he was targeted by Wauwatosa Police Department officers for video recording the protests and was tackled to the ground, arrested, and his camera was seized. (*Id.* ¶¶ 812–820.) He was issued a municipal citation for disorderly conduct. (*Id.* ¶ 821.) Aaron alleges that he was arrested without probable cause, suffered physical injuries due to the officers' excessive force, and suffered property damage to his camera. (*Id.* ¶¶ 820–822.)

To invoke the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), however, there must be parallel, ongoing state proceedings that offer an adequate opportunity to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). While municipal court proceedings do fall within the ambit of state civil proceedings akin to criminal prosecutions, *see Forty One News, Inc. v. Cty. of Lake*, 491 F.3d 662, 666 (7th Cir. 2007) ("There is no question that the quasi-criminal prosecution of the violation of an ordinance . . . is an adequate state proceeding for the purposes of *Younger*[.]") (internal citations omitted), it is undisputed that about half of the named Plaintiffs in this case do not have parallel ongoing state court proceedings.

While the Seventh Circuit has found that there are some circumstances in which *Younger* abstention is appropriate even when some, but not all, of the federal plaintiffs have no cases pending in state court, this applies when "'legally distinct parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them.'" *Collins v. Kendall Cty., Ill.*, 807 F.2d 95, 101 (7th Cir. 1986) (quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975)). For example, in *Collins*, of the three plaintiffs in the federal case, only two had pending cases against them in state court. In upholding the district court's abstention under *Younger* as to all three plaintiffs, the Seventh Circuit concluded that all three plaintiffs were related to the same business entity, shared the same interest in the state litigation, and that the other two plaintiffs could adequately represent that shared interest in the state proceeding. *Id.* at 102.

But in this case, for Plaintiffs such as Andrew Aaron who were not even present at the October protests, it is unclear how the Plaintiffs with pending municipal proceedings could adequately represent those other Plaintiffs in the state proceedings. While Plaintiffs could argue in municipal court that the October 2020 emergency order was illegal and consequently so were the citations arising from it, what standing would they have to raise the issue that Andrew Aaron was illegally seized some months prior to the emergency order even taking effect? Thus, the *Younger* abstention doctrine does not apply to those Plaintiffs in this case who do not have pending state court proceedings. Given that Defendants framed their request for relief much too broadly, the motion to stay should be denied on this basis alone.

However, as to the remaining Plaintiffs who do have municipal proceedings pending, I find the Defendants have waived their *Younger* abstention argument. *See, e.g.*, *Time Warner Cable v. Doyle*, 66 F.3d 867, 874 n.6 (7th Cir. 1995); *Kurtz Invs., Ltd. v. Vill. of Hinsdale*, No. 15

4

C 1245, 2015 WL 4112879, at *2 (N.D. Ill. July 7, 2015). The court's decision in *Kurtz Invs.* is instructive. In that case, Kurtz Investments sued the Village of Hinsdale, alleging that its ordinances relating to zoning and signs violated the First Amendment. 2015 WL 4112879, at *1. Kurtz sought a declaration that the ordinances were unconstitutional and enjoining the Village from continuing to prosecute Kurtz in state court for violating the ordinances. *Id.* The Village moved to dismiss the federal action based on *Younger* abstention.

Kurtz had previously moved to stay the state proceedings based on the federal case. *Id.* at *2. In response to the Village's motion in federal court, Kurtz argued that because the state proceedings were stayed, there was no "ongoing" state proceedings and thus *Younger* did not apply. *Id.* The court noted that the Seventh Circuit has not directly addressed this issue, but focuses instead on whether a party has waived *Younger* abstention. *Id.* The court found that the Village did not waive its *Younger* argument as it opposed the motion to stay in state court and sought abstention in federal court. *Id.*

This case presents an entirely different scenario. It was the City of Wauwatosa that sought to stay the municipal proceedings and was successful in its motion. However, after litigation continued for several months in federal court, the City determined that it no longer wanted to stay the municipal proceedings and instead now wants to stay the federal proceedings. While Defendants argue that this case has "substantially evolved since the filing of the original complaint" and its "strategy should [ ] also be allowed to evolve with the litigation," (Docket # 105 at 4), the case has not substantially changed since the granting of the municipal court stay and the filing of the instant motion. Defendants can certainly evolve their litigation strategy as the case progresses, but flip flopping between courts is not an acceptable evolution. Again, it was the City that asked for the municipal proceedings to be

5

stayed pending resolution of this federal lawsuit. It could have just as easily moved in this Court to stay the federal case as to the Plaintiffs with pending municipal citations instead of seeking a state court stay. It chose not to. Defendants cannot now decide that the state court is the preferable forum. This is the essence of waiver. Thus, I find the Defendants waived their *Younger* argument as to the remaining Plaintiffs with pending municipal proceedings.

Defendants also move for abstention under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). In *Heck*, the Supreme Court held that a § 1983 plaintiff cannot pursue a claim for damages that, if successful, would necessarily invalidate a criminal conviction or sentence, unless the conviction or sentence has already been invalidated. 512 U.S. at 486. Abstention under *Pullman* is warranted "only when (1) there is a substantial uncertainty as to the meaning of the state law and (2) there exists a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 365 (7th Cir. 1998).

Abstention is not warranted under either of these doctrines. As to *Pullman*, Defendants point to no "substantial uncertainty as to the meaning of the state law" that would obviate the need for a federal constitutional ruling. Furthermore, as to *Heck*, the Defendants' arguments again rest entirely on issues related to the October 2020 curfew order, without addressing how it applies to the Plaintiffs who do not specifically challenge that order. For these reasons, I find abstention not appropriate under any of these doctrines. Defendants' motion to stay is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants' motion to stay proceedings (Docket # 83) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of January, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge