UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, *et al.*,

  Plaintiff,

v.                                                     Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

  Defendants.

## ORDER

On February 1, 2022, I granted the defendants' motion to dismiss the Third Amended Complaint and granted plaintiffs leave to file an amended complaint. (Docket # 152.) In the midst of litigating the sufficiency of the complaint itself, the parties filed multiple other motions—for sanctions and three discovery-related motions. Given the morass of this case and the pendency of the motions to dismiss and stay, it is understandable how the discovery and dispositive motion deadline passed without much notice. Defendants now wish to again amend the scheduling order to set new deadlines for discovery and dispositive motions. (Docket # 138.) Unsurprisingly, Plaintiffs object to the request, and assert that they are "in trial posture" for this case. (Declaration of Kiley B. Zellner ¶ 4, Ex. B, Docket # 139-2.)

This case is far from trial-ready. As discussed in the decision and order on the motion to dismiss, at this juncture, there is not even a proper operative complaint before the Court. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases" *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), and this case needs a hard reset to get it back on track. For this reason, I am denying

Plaintiffs' Motion for Partial Summary Judgment (Docket # 150) as premature given the procedural posture of this case. I am granting Defendants' motion to amend the scheduling order. (Docket # 138.) However, I will not set a new scheduling order until Plaintiffs have filed an amended complaint and Defendants have responded. As such, I will stay further discovery at this point.

To be clear, the parties will not be allowed to re-start with discovery. Should Plaintiffs choose to file an amended complaint and Defendants respond, I will then schedule a conference with the parties. Additionally, prior to the conference, I will order the parties to meet and confer to discuss: (1) any remaining discovery that have not been already conducted; (2) the status of the outstanding discovery motions; and (3) an amended schedule. That being said, with this reset, I do not intend for this case to be bogged down by the number of discovery disputes and sanctions motions previously brought before me in this case. I remind counsel of their obligation to work civilly. Should counsel continue their inability to work cooperatively, I will consider the appointment of a special master pursuant to Fed. R. Civ. P. 53 to handle all discovery disputes at the expense of the parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Docket # 150) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend the Scheduling Order (Docket # 138) is **GRANTED**. A new scheduling order will not be addressed, however, until the filing of Plaintiffs' amended complaint and Defendants' response.

**IT IS FURTHER ORDERED** that Defendants' Motion to File a Reply (Docket # 149) and Plaintiffs' Motion to Supplement (Docket # 107) are **DISMISSED AS MOOT**.

Dated at Milwaukee, Wisconsin this 1st day of February, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge