IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al.,

                              Plaintiffs,

v.                                                                                              Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                              Defendants.

**DEFENDANTS, CITY OF WAUWATOSA, BARRY WEBER, AND DENNIS MCBRIDE'S OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT**

      Defendants, City of Wauwatosa, Barry Weber, and Dennis McBride, by their attorneys, Gunta Law Offices, S.C., submit the following opposition to Plaintiff's Motion for Default Judgment. (Dkt. 169) In their Motion filed on March 22, 2022, Plaintiffs assert this Court should enter default judgment in their favor against City of Wauwatosa, Barry Weber, and Dennis McBride for failure to answer the Fourth Amended Complaint within 14 days of its filing on February 15, 2022. *See id*.

      Plaintiffs' Motion fails to recognize that each of these defendants timely waived service of the Fourth Amended Complaint as requested by Plaintiffs. (Dkt. 165-167) The waivers of service were sent by Plaintiff's counsel on February 18, 2022. (Zellner Declaration, ¶ 6, Ex. A) Each waiver provided defendants 60 days to file an answer:

> I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     02/17/2022    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.
>
> If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

(Dkt. 165-167) Plaintiffs' counsel drafted the waivers of service and provided the 60 days for each

defendant to answer or file a motion under Rule 12. (Zellner Declaration, ¶ 6, Ex. A; Dkt. 165-167) Defense counsel executed the waivers of service on February 20, 2022 and returned them to Plaintiffs' counsel on February 21, 2022. (Zellner Declaration, ¶ 6, Ex. A) Plaintiffs filed the waivers of service with the Court the same day. (Dkt. 165-167)

Pursuant to the Federal Rules of Civil Procedure, when the plaintiff files a waiver, proof of service is not required, and the rules apply as if a summons and complaint had been served at the time of filing the waiver. Fed.R.Civ.P. 4. The waivers gave these defendants 60 days after the request for wavier was sent—until April 18, 2022—within which to file an answer to the Fourth Amended Complaint. Fed.R.Civ.P. 4(d)(3) and 12(a)(1)(A)(ii). Hence, defendants' answers are not untimely, and these defendants are not in default for failing to timely answer the Fourth Amended Complaint.

Moreover, service upon an employee in his official capacity does not amount to service in his individual capacity. *Robinson v. Turner*, 15 F.3d 82, 85 (7th Cir. 1994) (citing *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir.1980). The Fourth Amended Complaint names Barry Weber in his "individual capacity" and all prior complaints were limited to "official capacity" claims. (Dkt. 56)

Alternatively, recognizing the principles that default judgments are disfavored and resolving cases on the merits is preferred, *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir.1996), the Court should find good cause under Fed.R.Civ.P. 55(c) to deny the requested default. Even if the Court were to find service of the Fourth Amended Complaint was accomplished by the electronic filing and the waivers did not operate to provide the additional 60 days, the defendants' time to answer would have expired on March 1, 2022, Plaintiffs moved for default on March 22, 2022, and the defendants quickly responded, long before the remaining defendants' answers are due.

Any delay by these defendants in answering the Fourth Amended Complaint is not egregious and does not merit a default judgment under the circumstances.

In fact, there is no evidence these defendants acted willfully by failing to answer within 14 days. Rather, Plaintiffs' counsel requested waivers of service for each of these defendants, within the waivers instructed each defendant they had 60 days from February 17, 2022, to answer, and then filed those executed waivers of service with the Court. (Zellner Declaration, ¶ 6, Ex. A; Dkt. 165-167) Plaintiffs' motion completely ignores the fact they filed waivers of service for every defendant they now seek default against. Plaintiffs filing of the motion, knowing the waivers were executed at their request; is unreasonable, vexatious, and conducted in bad faith. If Plaintiffs genuinely believed these defendants were served electronically on February 15, 2022 (Dkt. 169, ¶¶ 5, 9) there would be no explanation for Plaintiffs drafting and requesting waivers of service for these defendants on February 18, 2022 and filing those waivers upon receipt. (Dkt. 165-167) The unreasonable conduct of Plaintiffs' counsel is further evidenced by their factitious attempt to meet and confer regarding the alleged default—only to immediately file the Motion rather than accepting defendants' agreement to meet and attempt to resolve without wasting judicial resources. (Zellner Declaration, ¶ 8, Ex. C) Plaintiffs' Motion is both an abuse of the judicial process and waste of judicial resources.

For all these reasons, the not-frivolous technical issue regarding the defendants' time to answer (including Plaintiffs' misrepresentation of the timing), the absence of any showing or evidence of bad faith or gross neglect by defendants, and the absence of any showing of prejudice to Plaintiffs in this case, all demonstrate additional good cause for denying Plaintiffs' request for default against the City of Wauwatosa, Dennis McBride, and Barry Weber.

Dated at Wauwatosa, Wisconsin this 28th day of March 2022.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

*/s/ Kiley B. Zellner*
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Email: kbz@guntalaw.com