# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHRYN KNOWLTON,** *et al.*,

    Plaintiff,

    v.                                  Case No. 20-CV-1660

**CITY OF WAUWATOSA,** *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT AND APPLICATIONS FOR DEFAULT JUDGMENTS

In this multi-party action, the plaintiffs sue the defendants under 42 U.S.C. § 1983 for violations of their civil rights. Presently before me is the plaintiffs' motion for default and application for default judgments against three defendants in this case, the City of Wauwatosa, Dennis McBride, and Barry Weber, for failure to timely answer the plaintiffs' Fourth Amended Complaint. (Docket # 169.) For the reasons explained below, the plaintiffs' motion is denied.

## BACKGROUND

On November 2, 2020, the plaintiffs filed their original complaint against the City of Wauwatosa, Dennis McBride, and Barry Weber. (Docket # 1.) The defendants, represented by the same counsel, answered the complaint on November 24, 2020. (Docket # 3.) On March 5, 2021, the plaintiffs filed a First Amended Complaint which added new plaintiffs, defendants, and claims for relief (Docket # 23) and then filed a Second Amended Complaint on March 6, 2021 (Docket # 24). The plaintiffs next filed a Third Amended Complaint on August 21, 2021 (Docket # 47) and a corrected version of this complaint on September 8,

2021 (Docket # 56). The City of Wauwatosa, Dennis McBride, and Barry Weber timely answered the plaintiffs' amended complaints. (Docket # 27, Docket # 65.)

On November 15, 2021, the defendants moved to dismiss the Third Amended Complaint for failure to state a claim. (Docket # 108.) On February 1, 2022, I granted the defendants' motion and ordered the plaintiffs to file an amended complaint within 14 days. (Docket # 152.) The plaintiffs filed their Fourth Amended Complaint on February 15, 2022. (Docket # 155.) Shortly thereafter, the plaintiffs docketed executed waivers of service for both new and existing defendants, including the City of Wauwatosa (Docket # 165), Dennis McBride (Docket # 166), and Barry Weber (Docket # 167). On March 22, 2022, the plaintiffs filed their motion for default and applications for default judgments. (Docket # 169.)

## ANALYSIS

The plaintiffs argue that the City of Wauwatosa, Dennis McBride, and Barry Weber, who have been defendants in this case since its inception, were served with the Fourth Amended Complaint through the court's electronic case filing system on February 15, 2022 and, under Federal Rule of Civil Procedure 15(a)(3), were required to answer or otherwise respond to the Fourth Amended Complaint no later than 14 days after service of the amended pleading, or March 1, 2022. (Docket # 169.) The plaintiffs assert that because these defendants have yet to respond to the Fourth Amended Complaint, entry of default and default judgment against them is warranted on the plaintiffs' First, Third, Sixth, Seventh, and Eleventh Claims for Relief. (*Id.*)

The defendants respond that the City of Wauwatosa, Dennis McBride, and Barry Weber timely waived service as the plaintiffs requested, and under Rules 4 and 12, these defendants have 60 days after the request for waiver was sent—or April 18, 2022—to file an

answer to the Fourth Amended Complaint. (Docket # 170.) The defendants further assert that service upon an employee in his official capacity does not amount to service in his individual capacity and all complaints prior to the Fourth Amended Complaint named Barry Weber in his official capacity only. (*Id.*) Finally, the defendants argue that good cause exists to deny the plaintiffs' request for entry of default. (*Id.*)

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Federal Rule of Civil Procedure 55(a), when "a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although Rule 55(a) "refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). If the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, then the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Entry of default may be vacated for good cause. Fed. R. Civ. P. 55(c).

While "good cause" is the standard for vacating a default after its entry, an extension of time to file an answer before default is entered "may be granted, after the time for action has passed, when justified by 'excusable neglect.'" *Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (2007); Fed. R. Civ. P. 6(b)(1)(B). The determination of "excusable neglect" is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lewis v. School Dist. # 70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993)). Factors to consider include

3

the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith. *Id.*

In this case, there are two categories of defendants and two corresponding service rules at play. First, there are the newly named defendants to the Fourth Amended Complaint (Maria Arbiter, Daniel Mitchell, George Opelt, Robert Piehl, Russell Richardson, James Short, Brian Skornia, Timothy Warren, and Kelly Zielinski) who were entitled to full service of process under Rule 4(c); these defendants could waive service under Rule 4(d), such that they need not answer the Fourth Amended Complaint until 60 days after the plaintiffs' request for waiver, or April 18, 2022. Second, there is the group of defendants who are not new to the case, including the City of Wauwatosa, Dennis McBride, and Barry Weber, who were served with the Fourth Amended Complaint electronically on February 15, 2022. These defendants were required to file an answer or otherwise respond to the Fourth Amended Complaint on March 1, 2022. *See* Fed. R. Civ. P. 5(b); Fed. R. Civ. P. 15(a)(3). However, the failure of these defendants to timely file an answer to the Fourth Amended Complaint does not warrant entry of default. The docket demonstrates that these defendants have vigorously defended this lawsuit from its inception. Thus, none of the defendants' actions demonstrate a "continuing and willful disregard for this litigation and for the procedures in federal court" such that entry of default is warranted. *See Davis v. Hutchins*, 321 F.3d 641, 647 (7th Cir. 2003). Accordingly, because default is not warranted, the plaintiffs' request for entry of default judgment is necessarily denied.

Furthermore, the circumstances surrounding the failure to timely answer the Fourth Amended Complaint demonstrate excusable neglect on the part of the City of Wauwatosa, Dennis McBride, and Barry Weber. I see no danger of prejudice to the plaintiffs and no

4

indication that these defendants have acted in bad faith. To the contrary, these defendants timely filed answers to prior versions of the plaintiffs' complaint, and in this instance, inadvertently relied on waivers of service sent by the plaintiffs' counsel. Moreover, while the length of delay is not inconsequential, it is worth noting that part of the overall delay in this case is due to the plaintiffs' amendments to the complaint. Thus, allowing these defendants more time to answer the Fourth Amended Complaint will not seriously impact these proceedings.

While the circumstances in this case demonstrate excusable neglect, I cannot *sua sponte* grant an extension of time to answer the Fourth Amended Complaint. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996); Fed. R. Civ. P. 6(b)(1)(B) ("*on motion made after the time has expired if the party failed to act because of excusable neglect.*") (emphasis added). If the City of Wauwatosa, Dennis McBride, and Barry Weber wish to extend the time to answer the Fourth Amended Complaint to April 18, 2022, they must immediately file an appropriate motion for extension of time.

## ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that plaintiffs' motion for default and application for default judgments (Docket # 169) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of April, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

5