UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, et al.,

                        Plaintiffs,

v.                                                     Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                        Defendants.

---

**DEFENDANTS' MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. PROC. 11**

---

      Defendants, by their attorneys, Wirth + Baynard, hereby respectfully move this Court for the entry of an Order imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the basis that Plaintiffs' factual allegations and maintenance of claims are frivolous. Plaintiffs were first alerted to the frivolousness of their claims in Defendants' first motion to dismiss and this Court's Order granting Defendant's motion to dismiss. (Dkt. 152) Instead of withdrawing the frivolous claims, Plaintiffs filed a Fourth Amended Complaint maintaining said frivolous claims and adding blatantly false factual allegations. Plaintiffs were alerted to this on or about March 28, 2022, through a "safe harbor" letter.

      Instead of withdrawing the frivolous claims and false allegations, Plaintiffs and their counsel did nothing, contrary to Federal Rule of Civil Procedure Rule 11.

## INTRODUCTION

      Plaintiffs and their attorneys advanced a lawsuit that, from its inception, was frivolous, dilatory, and without merit. This lawsuit represents a profound abuse of the judicial process. It is one thing to take on the charge of vindicating rights associated with civil rights violations. It is another to take on the charge of deceiving a federal court and the public into believing that rights

were infringed, without regard to whether any laws or rights were in fact violated. This is what happened here.

Attorneys cannot exploit their privilege and access to the judicial process to make accusations they know to be false. And when an attorney has done so, sanctions are in order. America's civil litigation system affords individuals the privilege to file a lawsuit to allege a violation of law. Individuals, however, must litigate within the established parameters for filing a claim. Such parameters are set forth in statutes, rules of civil procedure, local court rules, and professional rules of responsibility and ethics. Every attorney who files a claim on behalf of a client is charged with the obligation to know these statutes and rules, as well as the law allegedly violated. Specifically, attorneys have an obligation to the judiciary, their profession, and the public (i) to conduct some degree of due diligence before presenting allegations as truth; (ii) to advance only tenable claims; and (iii) to proceed with a lawsuit in good faith and based on a proper purpose.

The attorneys who filed the Fourth Amended Complaint abused the well-established rules applicable to the litigation process by proffering claims not backed by law; proffering factual allegations and claims they know to be false; and dragging out these proceedings even after a prior motion to dismiss was granted. As such, this Court should grant the motion for sanctions filed by Defendants and impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 imposes a set of duties on those who file papers with the court. It also provides for an appropriate sanction to be imposed if those duties are violated. Rule 11(b) states, in pertinent part, that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)–(3). The Rule grants a court discretion to impose an appropriate sanction for violations of these obligations, which may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* 11(c)(4).

The duties imposed in Rule 11—coupled with the available sanctions—ensure that the "powerful, intimidating, and often expensive" machinery of the federal judiciary "[is] engaged only to address claims and defenses that have a reasonable basis in fact and law and that are asserted only for a proper purpose." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017). Toward that end, the Rule imposes an objective standard of reasonableness on a party's or lawyer's action. *Id.* at 885. As the Seventh Circuit has explained, the Rule "[leaves] no room for an 'empty head, pure heart' defense." *Id.* Additionally, in this context, a bad claim spoils the bunch; one cannot avoid sanctions for frivolous claims simply because they were included with one or more non-frivolous claims. *Reed v. Great Lakes Cos., Inc.,* 330 F.3d 931, 936 (7th Cir. 2003).

A district court enjoys broad discretion in arriving at a sanctions award that it believes will serve the deterrent purpose of Rule 11. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir.

3

2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998) (noting that district courts have "significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person(s)." The primary goal of sanctions under this Rule is not to reimburse the movant dollar-for-dollar, but instead to punish the violator and deter future misconduct. *See Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 645 (7th Cir. 1992).

## ARGUMENT

Sanctions are a serious matter, not to be undertaken unless the facts clearly call for it. Sanctions are undoubtedly appropriate here where there is no doubt that Plaintiffs' counsel filed this Fourth Amended Complaint in contravention of Rule 11.

### I. PLAINTIFFS' CLAIMS ARE NOT WARRANTED BY EXISTING LAW, IN CONTRAVENTION OF RULE 11.

Defendants' prior Motion to Dismiss directly addressed Plaintiffs' allegations that Mayor McBride lacked a sufficient factual basis to declare the emergency order under state law citing multiple authorities in support of the position that Plaintiffs have no Constitutional right to state mandated procedures. (Dkt. 109, pp. 25-27) In the Order, the Court agreed and specifically advised the Plaintiffs the "federal government is not the enforcer of state law" *citing Pasiewicz v. Lake Cty. Forest Pres. Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). (Dkt. 152, p. 26) Nonetheless, Plaintiffs Fourth Amended Complaint continues to seek "[a]n order finding the City of Wauwatosa's curfew of October 7 - 12, 2021 was unlawful and illegally enacted." (Dkt. 155, p. 135)

Likewise, Defendants' prior motion to dismiss directly addressed that prosecutorial immunity shields Prosecutor Schimmel from any liability for his role in prosecuting the municipal citations. (Dkt. 109, pp. 27-28) Nonetheless, Plaintiffs Fourth Amended Complaint brings a state law Malicious Prosecution claim against Prosecutor Schimmel, Jeffrey Farina, and John Doe Officers.

4

(Dkt. 155, Thirteenth Claim for Relief: pp. 130-132) Even a cursory review of Wisconsin law provides: "[t]he general rule was, and is, that a prosecutor is absolutely immune from a suit for malicious prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 437. Such immunity applies for both malicious prosecution as well as a § 1983 action. *Evers v. Des Jardins*, 191 Wis. 2d 362, 530 N.W.2d 71 (Ct. App. 1995). The immunity applies equally to individuals acting "under color of law" who perform official functions in the judicial process, such as judges or prosecutors, as well as police-officers. *Dowd v. City of New Richmond*, 137 Wis. 2d 539, 556 (1987) (*citing Briscoe v. LaHue*, 460 U.S. 325, 329 (1983)).

Furthermore, the prevailing rule under the Fourth Amendment that searches and seizures may not be made without a warrant is subject to various exceptions. One of them permits warrantless searches incident to custodial arrests, *United States v. Robinson*, 414 U.S. 218 (1973); *Chimel v. California*, 395 U.S. 752, 755 (1969); *Weeks v. United States*, 232 U.S. 383, 392 (1914), and has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained. *See United States v. Robinson*. It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention.

This exception permits law enforcement to search the person of a subject under custodial arrest and seize his cell phone. *See United States v. Brixen*, 908 F.3d 276, 282 (7th Cir. 2018) (*citing Riley v. California*, 573 U.S. 373, 391–92, (2014). Of course, law enforcement must obtain a warrant to search the contents of the phone. *See Riley*, 573 U.S. at 403 ("Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant."). Nonetheless, the Fourth Amended Complaint alleges the seizure of

5

phones during arrest was "without legal justification or probable cause." (Dkt. 155, ¶¶ 558, 362, Tenth Claim for Relief: pp. 128-129) The Fourth Amended Complaint further makes allegations that the search of property held by Plaintiffs at the time of their arrest was unlawful. (Dkt. 155, ¶¶ 708)

Moreover, inventory searches are a recognized exception to the warrant and probable-cause requirements of the Fourth Amendment. *United States v. Wilson*, 938 F.2d 785, 788 (7th Cir.1991). Searches conducted by the police prior to towing a car are "lawful if conducted pursuant to standard police procedures aimed at protecting the owner's property—and protecting the police from the owner's charging them with having stolen, lost, or damaged his property." *United States v. Pittman*, 411 F.3d 813, 817 (7th Cir. 2005) Nonetheless, the Fourth Amended Complaint brings an unlawful search and seizure claim alleging "John Doe Defendants had no warrant, consent or other probable cause when they conducted a search of and seized the vehicles" of Plaintiffs following their arrest. (Dkt. 155, ¶ 1074, Tenth Claim for Relief: pp. 128-129)

In response to Plaintiffs maintaining these frivolous claims against the Defendants, Defendants filed a second Motion to Dismiss on April 18, 2022. Defendants have spent considerable time, money, and resources in responding to the frivolous claims made by Plaintiffs—including drafting the safe harbor letter with proposed Motion for Sanctions, drafting the Motion to Dismiss regarding the claims, and drafting this motion with corresponding affidavit and exhibits. (Declaration of Kiley Zellner, ¶ 8) All this to address claims that Defendants have consistently argued are not warranted by existing law and some of which the Court already agreed with Defendants in its Order signed February 1, 2022. (*See* Dkt. 152)

## II. PLAINTIFFS' ALLEGATIONS ARE NOT WELL-GROUNDED IN FACT, IN CONTRAVENTION OF RULE 11.

Rule 11 requires that an attorney and its client have at least a factual basis for their allegations at the time of filing and especially for "later advocating" a claim. (Fed. R. Civ. P. 11(b)(1)-(3).) At the time the Fourth Amended Complaint was filed the case had been pending for over 14 months. Plaintiffs had access—through discovery—to seek facts in support of their allegations. Rather than withdraw allegations lacking a factual basis, as outlined below, the Fourth Amended Complaint makes various unqualified factual allegations that are false and without any evidentiary support.

Defendants' prior motion to dismiss contended that Plaintiffs' failure to plead a lack of probable cause was fatal to many of their claims. (Dkt. 109, pp. 5-6, 20) Plaintiffs' Fourth Amended Complaint, responded by falsely asserting their municipal court proceedings were dismissed in municipal court for "lack of probable cause to charge":

1. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Gabriella Vitucci was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 189), knowing that there was never a ruling on probable cause to charge in municipal court. (Declaration of George Schimmel, ¶ 2, Exhibit A) Attorney Motley was her attorney of record in municipal court. *Id.*

2. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Khalil Coleman was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 189), knowing that there was never a ruling on probable cause to charge in municipal court. (Decl. Schimmel, ¶ 3, Exhibit B) Attorney Motley was his attorney of record in municipal court. *Id.*

3. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Brandon Wilborn was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 201), knowing

7

that there was never a ruling on probable cause to charge in municipal court. (Decl. Schimmel, ¶ 4, Exhibit C) Attorney Motley was his attorney of record in municipal court. *Id.*

4. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Rosalind Rogers was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 231), knowing that there was never a ruling on probable cause to charge in municipal court. (Decl. Schimmel, ¶ 5, Exhibit D) Attorney Motley was her attorney of record in municipal court. *Id.*

5. Plaintiffs' counsel alleged that the municipal tickets for Plaintiff Isiah Baldwin was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 231), knowing that there was never a ruling on probable cause to charge in municipal court. (Decl. Schimmel, ¶ 6, Exhibit E) Attorney Motley was his attorney of record in municipal court. *Id.*

6. Plaintiffs' counsel alleged that municipal tickets for Plaintiff Aidali Rivera were dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 691), knowing that there was never a ruling on probable cause to charge in municipal court. (Decl. Schimmel, ¶ 7, Exhibit F) Attorney Motley was her attorney of record in municipal court. *Id.*

The deception does not end there—the Fourth Amended Complaint escalates to alleging lack of probable cause and unlawful arrest for Plaintiffs who were found guilty in municipal court for said violations by the time the Fourth Amended Complaint was filed:

7. Plaintiffs' counsel allege that Joanna Geisler was unlawfully arrested and had not violated any ordinance (Dkt. 155, ¶ 638), knowing that on December 1, 2021, she was found guilty in municipal court for "Disobey Lawful Order" in violation of Ordinance 7.48.010(4). (Decl. Schimmel, ¶ 8, Exhibit G) Attorney Motley was her attorney of record in municipal court. *Id.*

8. Plaintiffs' counsel allege that William Schroeder was unlawfully arrested and had not violated any ordinance (Dkt. 155, ¶ 639), knowing that on December 1, 2021, he was found guilty

in municipal court for "Disobey Lawful Order" in violation of Ordinance 7.48.010. (Decl. Schimmel, ¶ 9, Exhibit H) Attorney Motley was his attorney of record in municipal court. *Id.*

9. Plaintiffs' counsel allege that Defendant Warren did not have probable cause to ticket Mariah Smith on August 13, 2020 (Dkt. 155, ¶¶ 184, 190), knowing that on December 15, 2021, she was found guilty in municipal court for "Obstructing Traffic by Loitering" in violation of Ordinance 756050 for the August 13, 2020 ticket. (Decl. Schimmel, ¶ 10, Exhibit I) Attorney Motley was her attorney of record in municipal court. *Id.*

10. Plaintiffs' counsel allege that on September 5, 2020, Mariah Smith was placed under arrest with no probable cause that she had committed any crime (Dkt. 155, ¶ 214) and was searched despite the lack of probable cause for her arrest (Dkt. 155, ¶ 219), knowing that on December 15, 2021, she was found guilty in municipal court for "Disorderly Conduct" in violation of 947.01. (Decl. Schimmel, ¶ 11, Exhibit J) Attorney Motley was her attorney of record in municipal court.

Unrelenting in their claims against Defendant Schimmel as discussed supra, Plaintiffs continue the falsities:

11. Plaintiffs' counsel allege Defendant Schimmel continues for thirty-eight Plaintiffs "to maliciously and unlawfully prosecute these [curfew] tickets for the unlawful amount of $1,321," (Dkt. 155, ¶ 280) knowing that as of at least July 20, 2021, Defendant Schimmel had prepared and provided Attorney Motley with a stipulation to amend the curfew citations pending in Wauwatosa Municipal Court to a forfeiture of $200 for thirty-four[1] of the named Plaintiffs. (Decl. Schimmel, ¶ 12, Exhibit K) It was Attorney Motley who refused to sign the stipulation. *Id.* As to the four

---

[1] Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Tahudah Cole, Taleavia Cole, Tracy Cole, Rachel Dulay, Anne Delessio-Parson, Jill Ferguson, Breon Foster, Joseph Hayes, Destiney Jones, Kathelyn Knowlton, Sonora Larson, Holly Lavora, Dana McCormick, Lazarito Matheu, Molly Nilssen, Carmen Palmer, Palmer (Juvenile) female 1, Palmer (Juvenile) male 2, Leah Porter, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Rodriguez, Nathan Sabel, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Katelyn Wojnar, and Sonja Worthy.

9

remaining Plaintiffs: Aidali Rivera no longer had a pending municipal citation (Dkt. 155, ¶ 691); Joanna Geisler and William Schroeder were both found guilty on December 1, 2021, for "Disobey Lawful Order" in violation of Ordinance 7.48.010(4) and the forfeiture was amended to $691.00 (Decl. Schimmel, ¶ 13); and Eric Fanning's citation was dismissed on March 3, 2021. (Decl. Schimmel, ¶ 14, Exhibit L)

Finally, Plaintiffs' counsel alleged facts directly contradicted by discovery obtained during the pendency of this litigation:

12. Plaintiffs' counsel allege that Defendants never attempted to get a search warrant for Talevia Coles' phone (Dkt. 155, ¶ 365), knowing that on October 29, 2020, Defendant Lewandowski attempted to get a search warrant for the phone. (Decl. Zellner, ¶ 9, Exhibit C)

Plaintiffs and their counsel knowingly made each of these false allegations in the Fourth Amended Complaint. Any one of these issues, standing alone, could warrant sanctions. Taken as a whole, they show that Plaintiffs and their counsel have significantly abused the judicial process. Defendants have had no choice but to respond to their baseless allegations and claims. The conduct of this litigation was unreasonably vexatious by several measures and Defendants have borne the burden of investigation in relation to Plaintiffs' frivolous claims and deserve compensation for said burden. It follows that Plaintiffs' attorneys should face sanctions.

## CONCLUSION

For the forgoing reasons, this Court should find that Plaintiffs' attorneys proffered claims not backed by law; proffered factual allegations and claims they know to be false; and have dragged out these proceedings even after a prior motion to dismiss was granted, all in violation of Rule 11. The Court should accordingly sanction Plaintiffs' attorneys.

Dated at Wauwatosa, Wisconsin this 20th day of April 2022.

                                        **Wirth + Baynard**
                                        Attorneys for Defendants

BY:    */s/ Kiley B. Zellner*
             Kiley B. Zellner, WI Bar No. 1056806
             9898 W. Bluemound Road, Suite 2
             Wauwatosa, Wisconsin 53226
             T: 414) 291-7979 / F: (414) 291-7960
             Email: kbz@guntalaw.com