UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

KATHRYN KNOWLTON, et al.,

                Plaintiffs,

v.                                                Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                Defendants.
_____

## DEFENDANTS' [DRAFT] MOTION FOR SANCTIONS
## PURSUANT TO FED. R. CIV. PROC. 11
_____

Defendants, by their attorneys, Gunta Law Offices, S.C., hereby respectfully move this Court for the entry of an Order imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support of their Motion, Defendants state as follows:

### INTRODUCTION

Plaintiffs and their attorneys advanced a lawsuit that, from its inception, was frivolous, dilatory, and without merit. This lawsuit represents a profound abuse of the judicial process. It is one thing to take on the charge of vindicating rights associated with civil rights violations. It is another to take on the charge of deceiving a federal court and the public into believing that rights were infringed, without regard to whether any laws or rights were in fact violated. This is what happened here.

Attorneys cannot exploit their privilege and access to the judicial process to make accusations they know to be false. And when an attorney has done so, sanctions are in order. America's civil litigation system affords individuals the privilege to file a lawsuit to allege a violation of law. Individuals, however, must litigate within the established parameters for filing a claim. Such parameters are set forth in statutes, rules of civil procedure, local court rules, and

ZGELNER DECLARATION EXHIBIT B

professional rules of responsibility and ethics. Every attorney who files a claim on behalf of a client is charged with the obligation to know these statutes and rules, as well as the law allegedly violated. Specifically, attorneys have an obligation to the judiciary, their profession, and the public (i) to conduct some degree of due diligence before presenting allegations as truth; (ii) to advance only tenable claims; and (iii) to proceed with a lawsuit in good faith and based on a proper purpose.

The attorneys who filed the Fourth Amended Complaint abused the well-established rules applicable to the litigation process by proffering claims not backed by law; proffering factual allegations and claims they know to be false; and dragging out these proceedings even after a prior motion to dismiss was granted.

Indeed, attorneys take an oath to uphold and honor our legal system. The sanctity of both the courtroom and the litigation process are preserved only when attorneys adhere to this oath and follow the rules, and only when courts impose sanctions when attorneys do not. As such, this Court should grant the motion for sanctions filed by Defendants and impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## STATEMENT OF CASE AND PROCEDURAL HISTORY

The original Complaint in this matter was filed November 2, 2020. (Dkt. 1) The original Complaint involved two Plaintiffs and four claims for relief. (Dkt. 1) On March 6, 2021, Plaintiffs filed an Amended Complaint adding additional plaintiffs, defendants, and claims for relief. (Dkt. 24) The Plaintiffs then filed a Third Amended Complaint on August 30, 2021, adding additional plaintiffs, defendants, and alleging ten causes of action. (Dkt. 54) On September 8, 2021, Plaintiffs filed a (3rd) Third Amended Complaint alleging 16 causes of action including: (1) Fourth Amendment Right to be Free from Unlawful Seizure; (Dkt. 56, ¶¶ 1424-1433); (2) Fourth Amendment Right to be Free from Excessive Force (Dkt. 54, ¶¶ 1434-1439); (3) Sixth Amendment

ZEGLER DECLARATION EXHIBIT B

Right to Counsel (Dkt. 56, ¶¶ 1440-1443); (4) Policy and Practice of Arrests for Unlawful Assembly in Violation of First and Fourth Amendment Rights (Dkt. 56, ¶¶ 1444-1449); (5) Monell Claim alleging de facto policies of excessive force, unlawful seizure, and arrest (Dkt. 56, ¶¶ 1450-1454); (6) Unlawful Search and Seizure of Property in Violation of Fourth and Fourteenth Amendment (Dkt. 56, ¶¶ 1455-1459); (7) Law Enforcement Activities Violate Title VI (Dkt. 56, ¶¶ 1460-1464); (8) Conspiracy to Deprive Plaintiffs of their Constitutional Rights (Dkt. 56, ¶¶ 1465-1478); (9) Retaliation for Exercise of Free Speech (Dkt. 56, ¶¶ 1479-1484); (10) Violation of Driver's Privacy Protection Act (Dkt. 56, ¶¶ 1485-1494); (11) Failure to Intervene (Dkt. 56, ¶¶1495-1499; (12) Abuse of Power (Dkt. 56, ¶¶1500-1505; (13) Equal Protection (Dkt. 56, ¶¶1506-1508; (14) Equal Protection (Dkt. 56, ¶¶1509-1511); (15) Equal Protection (Dkt. 56, ¶¶1512-1516); and (16) Violation of Right to Assemble (Dkt. 56, ¶¶1517-1523).

On November 15, 2021, Defendants filed a Motion to Dismiss (Dkt. 109) which was granted in whole by the Court on February 1, 2021. (Dkt. 152) Plaintiffs were given fourteen days to amend, and their Fourth Amended Complaint was filed on February 15, 2022. (Dkt. 155) Plaintiffs' Fourth Amended Complaint alleges 14 causes of action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 imposes a set of duties on those who file papers with the court. It also provides for an appropriate sanction to be imposed if those duties are violated. Rule 11(b) states, in pertinent part, that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)–(3). The Rule grants a court discretion to impose an appropriate sanction for violations of these obligations, which may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* 11(c)(4).

The duties imposed in Rule 11—coupled with the available sanctions—ensure that the "powerful, intimidating, and often expensive" machinery of the federal judiciary "[is] engaged only to address claims and defenses that have a reasonable basis in fact and law and that are asserted only for a proper purpose." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017). Toward that end, the Rule imposes an objective standard of reasonableness on a party's or lawyer's action. *Id.* at 885. As the Seventh Circuit has explained, the Rule "[leaves] no room for an 'empty head, pure heart' defense." *Id.* Additionally, in this context, a bad claim spoils the bunch; one cannot avoid sanctions for frivolous claims simply because they were included with one or more non-frivolous claims. *Reed v. Great Lakes Cos., Inc.,* 330 F.3d 931, 936 (7th Cir. 2003).

A district court enjoys broad discretion in arriving at a sanctions award that it believes will serve the deterrent purpose of Rule 11. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998) (noting that district courts have "significant discretion in determining what sanctions, if any, should be imposed for a violation,

ZIEGLER DECLARATION EXHIBIT B

subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person(s)." The primary goal of sanctions under this Rule is not to reimburse the movant dollar-for-dollar, but instead to punish the violator and deter future misconduct. *See Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 645 (7th Cir. 1992).

## ARGUMENT

Sanctioning litigants is a serious matter, not to be undertaken unless the facts clearly call for it. Sanctions are undoubtedly appropriate here where there is no doubt that Plaintiffs' attorneys filed this Fourth Amended Complaint in contravention of Rule 11.

### I. PLAINTIFFS' CLAIMS ARE NOT WARRANTED BY EXISTING LAW, IN CONTRAVENTION OF RULE 11.

Defendants' prior Motion to Dismiss directly addressed Plaintiffs' allegations that Mayor McBride lacked a sufficient factual basis to declare the emergency order under state law citing multiple authorities in support of the position that Plaintiffs have no Constitutional right to state mandated procedures. (Dkt. 109, pp. 25-27) In the Order, the Court agreed and specifically advised the Plaintiffs the "federal government is not the enforcer of state law" *citing Pasiewicz v. Lake Cty. Forest Pres. Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). (Dkt. 152, p. 26) Nonetheless, Plaintiffs Fourth Amended Complaint continues to seek "[a]n order finding the City of Wauwatosa's curfew of October 7 - 12, 2021 was unlawful and illegally enacted." (Dkt. 155, p. 135)

Likewise, Defendants' prior The Motion to Dismiss directly addressed that prosecutorial immunity shields Prosecutor Schimmel from any liability for his role in prosecuting the municipal citations. (Dkt. 109, pp. 27-28) Nonetheless, Plaintiffs Fourth Amended Complaint brings a state law Malicious Prosecution claim against Prosecutor Schimmel, Jeffrey Farina, and John Doe Officers. (Dkt. 155, Thirteenth Claim for Relief: pp. 130-132) Even a cursory review of Wisconsin law provides: "[t]he general rule was, and is, that a prosecutor is absolutely immune from a suit

5

ZELENER DECLARATION EXHIBIT B

for malicious prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 437. Such immunity applies for both malicious prosecution as well as a § 1983 action. *Evers v. Des Jardins*, 191 Wis. 2d 362, 530 N.W.2d 71 (Ct. App. 1995). The immunity applies equally to individuals acting "under color of law" who perform official functions in the judicial process, such as judges or prosecutors, as well as police-officers. *Dowd v. City of New Richmond*, 137 Wis. 2d 539, 556 (1987) (*citing Briscoe v. LaHue*, 460 U.S. 325, 329 (1983)).

Furthermore, the prevailing rule under the Fourth Amendment that searches and seizures may not be made without a warrant is subject to various exceptions. One of them permits warrantless searches incident to custodial arrests, *United States v. Robinson*, 414 U.S. 218 (1973); *Chimel v. California*, 395 U.S. 752, 755 (1969); *Weeks v. United States*, 232 U.S. 383, 392 (1914), and has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained. See *United States v. Robinson*. It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention. If need be, *Abel v. United States*, 362 U.S. 217 (1960), settled this question. There the defendant was arrested at his hotel, but the belongings taken with him to the place of detention were searched there. In sustaining the search, the Court noted that a valid search of the property could have been made at the place of arrest and perceived little difference.

> 'when the accused decides to take the property with him, for the search of it to occur instead at the first place of detention when the accused arrives there, especially as the search of property carried by an accused to the place of detention has additional justifications, similar to those which justify a search of the person of one who is arrested.'

*Id.*, at 239. Moreover, as set forth in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000, and *Illinois v. Lafayette*, 462 U.S. 640, the policies behind the warrant requirement, and the related concept of probable cause, are not implicated in an inventory search, which serves

the strong governmental interests in protecting an owner's property while it is in police custody, insuring against claims of lost, stolen, or vandalized property, and guarding the police from danger. Nonetheless, Plaintiffs Fourth Amended Complaint brings an Unlawful Search and Seizure claim regarding the seizure of Plaintiffs' phones and search of vehicles following arrests. (Dkt. 155, Tenth Claim for Relief: pp. 128-129) The Fourth Amended Complaint further makes allegations that the search of property held by Plaintiffs at the time of their arrest was unlawful. (Dkt. 155, ¶¶ 708)

## II. PLAINTIFFS' ALLEGATIONS ARE NOT WELL-GROUNDED IN FACT, IN CONTRAVENTION OF RULE 11:

1. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Vitucci was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 189), knowing that there was never a ruling on probable cause to charge in municipal court. (*See* Municipal Court Records Vitucci) Attorney Motley was her attorney of record in municipal court.

2. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Coleman was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 189), knowing that there was never a ruling on probable cause to charge in municipal court. (*See* Municipal Court Records Coleman) Attorney Motley was his attorney of record in municipal court.

3. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Brandon Wilborn was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 201), knowing that there was never a ruling on probable cause to charge in municipal court. (*See* Municipal Court Records Wilborn) Attorney Motley was his attorney of record in municipal court.

4. Plaintiffs' counsel alleged that the municipal ticket for Plaintiff Rosalind Rogers was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 231), knowing

7

Case 2:20-cv-01660-NJ    Filed 04/20/22    Page 7 of 10    Document 182-2

ZEGLIN DECLARATION EXHIBIT B

that there was never a ruling on probable cause to charge in municipal court. (*See* Municipal Court Records Rogers) Attorney Motley was her attorney of record in municipal court.

5. Plaintiffs' counsel alleged that the municipal tickets for Plaintiff Isiah Baldwin was dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 231), knowing that there was never a ruling on probable cause to charge in municipal court. (*See* Municipal Court Records Baldwin) Attorney Motley was his attorney of record in municipal court.

6. Plaintiffs' counsel alleged that municipal tickets for Plaintiff Aidali Rivera were dismissed in municipal court for "lack of probable cause to charge" (Dkt. 155, ¶ 691), knowing that there was never a ruling on probable cause to charge in municipal court. (*See* Municipal Court Records Rivera) Attorney Motley was her attorney of record in municipal court.

7. Plaintiffs' counsel allege that Defendant Schimmel continues for thirty-eight Plaintiffs "to maliciously and unlawfully prosecute these tickets for the unlawful amount of $1,321" (Dkt. 155, ¶ 280), knowing that on July 20, 2021, Defendant Schimmel prepared and provided Attorney Motley a stipulation to amend the citations pending in Wauwatosa Municipal Court to a forfeiture of $200 for thirty-four[1] of the named Plaintiffs. Attorney Motley refused to sign the stipulation. As to the four remaining Plaintiffs: Aidali Rivera no longer has a pending municipal citation (Dkt. 155, ¶ 691); Joanna Geisler and William Schroeder were both found guilty on December 1, 2021, for "Disobey Lawful Order" in violation of Ordinance 7.48.010(4) and the forfeiture was amended to $691.00 (*See* Municipal Court Records Geisler and Schroeder); and Eric Fanning's citation was dismissed on March 3, 2021. (*See* Municipal Court Records Eric Fanning)

---

[1] Isiah Baldwin, Jacqueline Bogenberger, Raine Cich, Tahudah Cole, Taleavia Cole, Tracy Cole, Rachel Dulay, Anne Delessio-Parson, Jill Ferguson, Breon Foster, Joseph Hayes, Destiney Jones, Kathelyn Knowlton, Sonora Larson, Holly Lavora, Dana McCormick, Lazarito Matheu, Molly Nilssen, Carmen Palmer, Palmer (Juvenile) female 1, Palmer (Juvenile) male 2, Leah Porter, William Rivera, Hector Rodriguez, Jose Hernandez Ramirez, Oscar Rodriguez, Nathan Sabel, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Suzanne Wells, Katelyn Wojnar, and Sonja Worthy.

8. Plaintiffs' counsel allege that Joanna Geisler was unlawfully arrested and had not violated any ordinance (Dkt. 155, ¶ 638), knowing that on December 1, 2021, she was found guilty in municipal court for "Disobey Lawful Order" in violation of Ordinance 7.48.010(4).[2] Attorney Motley was her attorney of record in municipal court.

9. Plaintiffs' counsel allege that William Schroeder was unlawfully arrested and had not violated any ordinance (Dkt. 155, ¶ 639), knowing that on December 1, 2021, he was found guilty in municipal court for "Disobey Lawful Order" in violation of Ordinance 7.48.010.[3] Attorney Motley was his attorney of record in municipal court.

10. Plaintiffs' counsel allege that Defendant Warren did not have probable cause to ticket Mariah Smith on August 13, 2020 (Dkt. 155, ¶¶ 184, 190), knowing that on December 15, 2021, she was found guilty in municipal court for "Obstructing Traffic by Loitering" in violation of Ordinance 756050 for the August 13, 2020 ticket.[4] Attorney Motley was her attorney of record in municipal court.

11. Plaintiffs' counsel allege that on September 5, 2020, Mariah Smith was placed under arrest with no probable cause that she had committed any crime (Dkt. 155, ¶ 214) and was searched despite the lack of probable cause for her arrest (Dkt. 155, ¶ 219), knowing that on December 15, 2021, she was found guilty in municipal court for "Disorderly Conduct" in violation of 947.01.[5] Attorney Motley was her attorney of record in municipal court. Additionally, the Complaint itself concedes she was arrested for an ordinance disorderly conduct violation. (Dkt. 155, ¶¶ 220, 1036)

---

[2] *See* Municipal Court Records and Milwaukee County Case Number 2022FO000106 Wauwatosa, City of vs. Joanna L Geisler.
[3] *See* Municipal Court Records and Milwaukee County Case Number 2022FO000102 Wauwatosa, City of vs. William E Schroeder.
[4] *See* Municipal Court Records and Milwaukee County Case Number 2022FO000110 Wauwatosa, City of vs. Mariah R Smith
[5] *See* Municipal Court Records and Milwaukee County Case Number 2022FO000115 Wauwatosa, City of vs. Mariah R Smith.

12. Plaintiffs' counsel allege that Defendants never attempted to get a search warrant for Talevia Coles' phone (Dkt. 155, ¶ 365), knowing that on October 29, 2020, Defendants attempted to get a search warrant for her phone. (*See* Search Warrant Application-Bates Nos. DEFS' RPD 016939 – 016954)

Plaintiffs' counsel intentionally lied by making these allegations in the Fourth Amended Complaint. Any one of these issues, standing alone, could warrant sanctions. Taken as a whole, they show that Plaintiffs' attorneys have significantly abused the judicial process. Defendants have had no choice but to respond to their baseless arguments. The conduct of this litigation was unreasonably vexatious by several measures. It follows that Plaintiffs' attorneys should face sanctions.

## CONCLUSION

For the forgoing reasons, this Court should find that Plaintiffs' attorneys proffered claims not backed by law; proffered factual allegations and claims they know to be false; and have dragged out these proceedings even after a prior motion to dismiss was granted, all in violation of Rule 11. The Court should accordingly sanction Plaintiffs' attorneys.

Dated at Wauwatosa, Wisconsin this 28th day of March 2022.

          **GUNTA LAW OFFICES, S.C.**
          Attorneys for Defendants

BY:    */s/ Kiley B. Zellner*
         Kiley B. Zellner, WI Bar No. 1056806
         9898 W. Bluemound Road, Suite 2
         Wauwatosa, Wisconsin 53226
         T: 414) 291-7979 / F: (414) 291-7960
         Email: kbz@guntalaw.com

10

Case 2:20-cv-01660-NJ   Filed 04/20/22   Page 10 of 10   Document 182-2
ZELLNER DECLARATION EXHIBIT B