UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KATHRYN KNOWLTON,** *et al.*,

   Plaintiffs,

 v.                                                                                   Case No. 20-CV-1660

**CITY OF WAUWATOSA,** *et al.*,

   Defendants.

---

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR RELIEF

---

On November 21, 2021, I awarded reasonable costs and fees to Plaintiffs as sanctions for Defendant Dennis McBride's failure to appear at a duly noticed deposition. (Docket # 111.) Defendants move for relief from the order pursuant to Federal Rule of Civil Procedure 60(b)(3). (Docket # 120.) For the reasons explained below, Defendants' motion is denied.

### ANALYSIS

As set forth in detail in the November 21, 2021 Decision and Order, I awarded Plaintiffs $9,516.67 as the reasonable costs and fees associated with Defendant McBride's failure to appear at a deposition noticed for April 23, 2021. (Docket # 111.) I determined that Plaintiffs were entitled to $8,800.00 in attorney's fees for work performed by Attorney Kimberly Motley, representing a reasonable hourly rate of $400.00 per hour and twenty-two hours reasonably expended by her on the deposition that Defendant McBride missed, including fourteen hours of travel time, six hours waiting at the deposition site, and two hours preparing a motion for sanctions. (*Id.* at 3–6.) I also awarded Plaintiffs $450.00 for costs incurred by hiring a court reporter, finding that it was not unreasonable for Plaintiffs to do so

for a properly noticed deposition. (*Id.* at 7.) Plaintiffs had additionally requested costs for videographer services procured for the deposition, but I denied these costs for lack of documentation. (*Id.*) On December 17, 2021, counsel for Defendants mailed Plaintiffs' counsel a check for costs and fees totaling $9,516.67 pursuant to the Order. (Declaration of Kyle R. Moore ("Moore Decl.") ¶ 9, Docket # 121.)

Defendants now seek reimbursement of the full amount paid pursuant to Rule 60(b)(3), arguing that Plaintiffs' counsel made fraudulent statements upon which the Court relied in the November 21, 2021 Order. Specifically, Defendants assert that Attorney Motley falsely swore that a status conference held by the Court on the same day as the missed deposition was both transcribed by the court reporter and recorded by the videographer hired by Plaintiffs. (Docket # 122 at 6.) Defendants also note that while the deposition of Defendant McBride was scheduled to be in-person and for April 23, 2021, the court reporter's invoice is dated April 24, 2021 and described the work performed as "Time Only-Zoom Hearing." (*Id.* at 3–4.) Finally, Defendants contend that Attorney Motley's time records indicate that she doubled-billed by charging both for her time traveling to the deposition and for her time preparing for the deposition while traveling. (*Id.* at 4.)

As an initial matter, Defendants incorrectly seek relief under Fed. R. Civ. P. 60(b). Rule 60(b)(3) provides that the court may relieve a party from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party. But this rule is "by its terms limited to 'final' judgments or orders," and is "inapplicable to interlocutory orders." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006). Because the November 21, 2021 Order was not a final judgment or order, Defendants' motion is properly brought under Fed. R. Civ. P. 54(b), which allows a court to exercise its inherent authority to

2

Case 2:20-cv-01660-NJ    Filed 09/02/22    Page 2 of 5    Document 192

reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com*, *LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretions of the . . . judge").

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

Defendants have not shown that reconsideration is warranted. First, Defendants state that Attorney Motley submitted flight reservation details that indicated a total travel time of 10 hours and 17 minutes, including a 3 hour and 53-minute layover in Denver. (Docket # 122 at 4.) Defendants contend that according to Attorney Motley's affidavit, she utilized the layover for deposition preparation, yet still billed the full 10 hours of travel. (*Id.*)

Defendants are correct that an attorney should not bill a client for time spent simultaneously working and traveling. This type of double-billing practice is considered unethical. *See ABA Comm. on Ethics and Professional Responsibility*, Formal Op. 93-379 (1993). In this case, however, Attorney Motley was *not* awarded any fees for deposition preparation;

she was only awarded fees for travel time, waiting at the deposition site, and drafting her sanctions motion, for a total of twenty-two hours. (Docket # 111.) As such, reconsideration is not warranted on this ground.

Next, I did not rely on Attorney Motley's statement that the status conference on April 23, 2021 was transcribed by the court reporter and recorded by the videographer in awarding costs to Plaintiffs. I awarded costs for the court reporter's services based on the representation that Plaintiffs had booked the court reporter for six hours before Defendant McBride's non-appearance. The award of $450.00 was based on the understanding that six hours were arranged in advance, not the fact that the court reporter stayed at the deposition site to transcribe the status conference. As for the videographer, Plaintiffs failed to submit an invoice or other documentation. Accordingly, videographer costs were denied without reference to Attorney Motley's representations.

That said, the conflicting statements in Attorney Motley's affidavit in support of costs and fees, in emails, and in a new declaration are concerning. In the affidavit submitted in support of Plaintiffs' requested costs and fees, Attorney Motley explicitly asserted that the status conference was transcribed by the court reporter and recorded by the videographer. (Sept. 15, 2021 Affidavit of Kimberley Cy. Motley ¶ 21, Docket # 69-6) ("As with all of the in-person depositions thus far, we hired a videographer who arrived at the deposition at approximately 8:30 a.m. and stayed until 3 p.m. due to the fact that we waited for Defendant McBride and Attorney Baynard who both did not show up, and ultimately were able to go on record with the court at approximately 2 p.m. on April 23, 2021 *which the videographer recorded*.") (emphasis added). After Defendants' counsel requested a transcript of the hearing based on Attorney Motley's statement, she clarified that the court reporter took notes of the

4

status conference at the direction of Plaintiffs' counsel. (Moore Decl. ¶ 8, Ex. G. at 1.) Attorney Motley also now avers that her affidavit contains no false statement regarding the videographer; rather, she "misspoke" in stating that the videographer recorded the status conference. (Dec. 23, 2021 Declaration of Kimberly Cy. Motley ¶ 5, Docket # 125.) She states that the videographer "remained present to be available during the status conference held with the Court . . . and in the physical company of the attorneys participating in the status conference." (*Id.* ¶ 7.)

As I indicated in the Decision and Order on Defendants' Motion for Sanctions (Docket # 191), lawyers owe a duty of zealous advocacy to their clients. However, this does not negate a lawyer's duty of candor to the court. While perfection is not expected, lawyers should take due care to avoid "misspeaking" in their declarations. As the case is now on "reset," I expect counsel for both parties will take heed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for relief (Docket # 120) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of September, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge