# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHRYN KNOWLTON**, *et al.*,

   Plaintiff,

v.                                       Case No. 20-CV-1660

**CITY OF WAUWATOSA**, *et al.*,

   Defendants.

## REVISED FINAL SCHEDULING ORDER

     Pursuant to the September 15, 2022 scheduling conference, the parties are ordered as follows:

<u>As to outstanding discovery requests</u>:

1. Plaintiffs are ordered to prepare a written inventory of outstanding discovery. The inventory must very specifically list when the discovery demand was made and what specific request is allegedly still outstanding. In other words, if a written interrogatory or request for production of documents contains a multi-part request, the inventory must state which specific request still lacks a sufficient response. Plaintiffs must also articulate the relevancy of the discovery request to any remaining party's claim or defense. Plaintiffs are ordered to provide this inventory to the Defendants no later than **September 21, 2022**.

2. Defendants are ordered to respond to Plaintiffs' outstanding discovery inventory as follows: If the discovery was already provided, Defendants shall cite to the responsive documents, referencing the specific Bates number if applicable. If the discovery has not

been provided, Defendants shall state when the discovery will be provided to Plaintiffs. Defendants are ordered to provide this response to the Plaintiffs no later than **September 28, 2022**.

As to additional discovery requests:

3. No later than **September 28, 2022**, the parties shall each provide to the other a list of the specific names of people proposing to be deposed. For each person, the party must list the claim and/or defense to which the person's testimony is relevant.

4. Regarding the "Protestor List" and the Dropbox hyperlink, the Plaintiffs are ordered to draft a proposed written stipulation, articulating with specificity the actions the Plaintiffs are requesting that the Defendants take as to these items. The Plaintiffs must submit the draft proposal to the Defendants, who may then either agree to the proposal or propose modifications. After the parties have reached a stipulation, the parties will submit the stipulation for the Court's approval no later than **September 28, 2022**.

5. As to additional written discovery, the parties should continue to follow the Order dated October 19, 2021 regarding the limits on written discovery. (*See* Docket # 99.)

Report to the Court:

6. No later than **5 p.m. on October 4, 2022**, the parties should work, in good faith, to jointly submit a report summarizing the status of the outstanding discovery requests as exchanged in paragraphs 1 and 2 above. The report should also include the names of all of those persons proposing to be deposed and for each person, the claim and/or defense to which the person's testimony is relevant. The report should also include an update on the status of any written discovery.

2

Case 2:20-cv-01660-NJ   Filed 09/16/22   Page 2 of 5   Document 200

7. The Court will conduct a status conference as to the progression of discovery on **October 7, 2022 at 9:00 a.m. via Zoom**.

8. All requests for discovery must be served by a date sufficiently early so that all discovery in this case can be completed no later than **November 18, 2022**.

Discovery disputes going forward:

9. Given these deadlines, the parties do not have time to engage in protracted discovery motion practice. For this reason, if a discovery dispute arises, the parties are ordered to directly confer and attempt to resolve the dispute, either by telephone or Zoom. It is <u>not</u> sufficient to merely send an email or letter. If, and only if, after the parties have made at least <u>two</u> attempts to resolve the dispute in good faith, the parties remain unable to reach an accord, the parties are then ordered to file a joint motion, in the form of a letter, articulating: (1) the specific discovery request in dispute, (2) when the discovery demand was made, and (3) each party's position as to how the discovery demand has or has not been complied with. This joint letter must also include the dates, times, and manners each conference took place, as well as the names of all participants to the conferences. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the discovery motion.

Additional Deadlines

10. Counsel are ordered to confer with their respective clients as to whether they wish to explore the possibility of mediation in this case, either using the services of a randomly assigned magistrate judge or other third party neutral. The parties are ordered to submit a joint letter either requesting or declining mediation no later than **October 17, 2022**.

11. All dispositive pretrial motions together with briefs are to be filed in accordance with Civil L.R. 56, and no later than **December 19, 2022**. Such motions shall not be filed prior to the date of <u>completion of discovery</u>. Note that this Order does not preclude the filing of dispositive motions after the close of discovery on November 18, 2022, but before the December 19, 2022 dispositive motion deadline.

12. Jury trial in this case will be held beginning on **Monday, May 1, 2023 at 8:30 a.m.** At this time, the Court is reserving **one week** for completion of the jury trial. If, prior to the final pretrial conference, the parties believe additional time will be necessary for trial, the parties are to raise the issue in their final pretrial reports and explain why additional time is needed.

13. The final pretrial conference will be held on **April 24, 2023 at 9:00 a.m. via Zoom**.

14. The final pretrial reports must be electronically filed no later than **5:00 p.m. on April 3, 2023**. The final pretrial reports must separately address each of the items found in Civil L. R. 16(c)(1).

    a. In addition to including a short summary of the facts, claims, and defenses as required by Civil L.R. 16(c)(1)(A), the parties are also ordered to list the elements of each asserted claim.

    b. The parties are directed to Civil L.R. 16(c)(1)(C) which states that the final pretrial report must include "the names and addresses of all witnesses expected to testify." Any witness not included on the list in the final pretrial report <u>will not be permitted to testify</u>.

    c. The parties are also directed to Civil L.R. 16(c)(1)(F), which provides that the final pretrial report must include "a designation of all depositions or portions

of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence." The parties should confer and create a single list of deposition designations and counter-designations, if necessary. If the parties cannot agree, then each side should include their proposed deposition designations in their final pretrial reports, and the opposing side should include any counter-designations in a response filed no later than **5:00 p.m. on April 10, 2023**.

    d. Any other objections to any portions of a party's final pretrial report, including proposed jury instructions, voir dire questions, exhibits, etc. must be filed no later than **5:00 p.m. on April 10, 2023**.

15. All *Daubert* motions and motions *in limine* must be filed no later than **5:00 p.m. on April 3, 2023**. Reponses to any such motions must be filed no later than **5:00 p.m. on April 10, 2023**. No reply briefs are permitted.

16. The dates set in this Amended Scheduling Order are firm. **No dates will be extended absent extraordinary circumstances**.

Dated at Milwaukee, Wisconsin this 16th day of September, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

5

Case 2:20-cv-01660-NJ   Filed 09/16/22   Page 5 of 5   Document 200