UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, and
DANA McCORMICK,

                              Plaintiff,                    Case No. 20-CV- 01660

v.

CITY OF WAUWATOSA,
BARRY WEBER, and
DENNIS MCBRIDE,

                              Defendants.

---

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT [ECF No. 190]**

---

Plaintiffs, by and through their undersigned counsel, hereby submit this Motion for Reconsideration of this Court's Order dismissing certain claims [ECF No. 190] and in support thereof, provides as follows:

### INTRODUCTION

In issuing its order dismissing almost all of Plaintiffs' claims, the Court made several serious errors that must be reversed. The Court erred in dismissing all claims against individual Defendants because it construed all ambiguities in favor of Defendants rather than Plaintiffs. The Court erred in dismissing the Fourth, Fifth, Sixth ,Eighth, Ninth, Tenth, and Twelfth Claims for Relief against John Does for three reasons: 1) the Court did not have the authority to dismiss such claims *sua sponte*; 2) the Court relied on the fact that Plaintiffs had not raised issues relating to one discovery question when they in fact had; and 3) the Court erred in dismissing claims which required extrinsic evidence to refute when a motion to dismiss prohibits such evidence. For each of these reasons, the Court erred and should correct these errors.

1

## STANDARD OF REVIEW

A motion for reconsideration may be granted where a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court warrants the alteration or amendment of a previous judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations and internal quotations omitted). The purpose of such a motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). The decision "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The instant motion for reconsideration is proper to correct a manifest error of law and/or because of the discovery of new evidence.

## BACKGROUND

On August 24, 2022, the Court issued its Decision and Order on Defendants' Motion to Dismiss Fourth Amended Complaint. [ECF No. 190]. In that order, the Court dismissed Claims Three, Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, and Thirteen (as to Schimmel) and Defendants Weber, Schimmel, Arbiter, Lewandowski, Mitchell, Opelt, Piehl, Richardson, Short, Skornia, Vetter, Warren, Wrucke, Zielinski, and John Doe Officers 1-100 for the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Twelfth Claims as well. The Court's basis for dismissing the individual Defendants was solely on the basis that the claims brought against them were official capacity rather than individual capacity claims. The Court's basis for dismissing John Doe Officers was that "[i]f the plaintiffs could not properly ascertain the John Doe Officers' identifies with the

responses given in the year-long timeframe give, it is unclear how additional discovery will change this" and on the basis that Plaintiffs had not raised deficiencies with regard to Plaintiffs 1st RFP number 4.

**ARGUMENT**

1. **The Court Failed to Construe All Ambiguities and to Liberally Construe the Complaint in Favor of Defendants in Dismissing All Individual Capacity Claims.**

In a Motion to Dismiss, Courts are required to construe liberally the Complaint. *Harrell v. Cook*, 169 F.3d 428, 429 (7th Cir. 1999); *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). Moreover, courts are required to construe ambiguities in the favor of the Plaintiff. *Perry v. Sheahan*, 222 F.3d 309, 312 (7th Cir. 2000); *Curtis v. Bembenek,* 48 F.3d 281, 283 (7th Cir. 1995). Here, the Court failed to construe the Complaint liberally and failed to construe ambiguities in Plaintiffs' favor in dismissing all claims against individual Defendants as official capacity suits. Accordingly, the Court erred and should correct this error to promote justice as the Rules of Civil Procedure require.

As an initial matter, Plaintiffs pled their claims in the caption against each individual Defendant "in his individual capacity." Pls. 4th Am. Cmpl. p. 1 [ECF # 155]. This alone is enough to construe the Complaint against each individual Defendant as an individual capacity claim regardless of Plaintiffs' oversight in the Parties section of the Complaint. While Plaintiffs have acknowledged that, in their efforts to meet the fourteen day deadline given to file the Fourth Amended Complaint, Plaintiffs overlooked the Parties section of the Complaint, the Court was unduly harsh in dismissing this Complaint while overlooking Plaintiffs' explicit statements in the caption to the Complaint. Moreover, Plaintiffs asked for damages "against Defendants, jointly and severally" for compensatory damages and punitive damages. *Id.* at p. 135. As the Court is well aware, neither a municipality nor a Defendant sued solely in their official capacity may be sued

3

for punitive damages. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). Accordingly, only the individual Defendants could be liable for these monetary damages. On this basis, at the very least, there is an ambiguity in the Complaint which must be construed in favor of Plaintiffs.

However, it is not only those two components of the Complaint which show Plaintiffs' efforts to sue Defendants in their individual rather than official capacity. Even the sentences the Court relies upon in finding that the Plaintiffs sued the individual Defendants in their official capacity were at best, each an ambiguous sentence which must be construed in favor of Plaintiffs. Each sentence stated that the individual Defendant was "named in his individual capacity for declaratory and injunctive relief only." The Court ignored the part which states that the Plaintiff was sued in their individual capacity. As noted by the Court, only official capacity suits can obtain declaratory or injunctive relief. Accordingly, this sentence contains an inherent incongruity, which the Court is required, under Rule 12(b)(6) to construe in favor of the Plaintiffs.

Lastly, the Court held that it has "little confidence that another amendment would do anything beyond causing further delay." The Court does not explain this feeling. However, while this may be an appropriate basis for denying a motion for leave to amend a Complaint to attempt to plead additional elements which would nonetheless fail to state a claim for relief, refusing to allow Plaintiffs to amend their Complaint to delete six words i.e. "for declaratory and injunctive relief only" to clarify the individual capacity status of these claims would in fact change everything based on the Court's order. Plaintiffs have attached a proposed Fifth Amended Complaint to show the ease of deleting six words from the Complaint. See *Exhibits 13-14*.

Ultimately, the Court did not account for any of these parts of the Complaint. But the Court is required to construe the complaint liberally and to construe ambiguities in favor of the Plaintiffs in a Motion to Dismiss. The Court did not do this. It instead improperly granted Defendants all

4

benefits of the doubt. Because the Court is required to construe the Complaint and all ambiguities in Plaintiffs' favor at the Motion to Dismiss stage, and because Plaintiffs both sued Defendants in their individual capacities and stated so twice and asked for compensatory and punitive damages (which can only be awarded in an individual capacity claim), the Court must maintain all individual capacity claims against all individual Defendants. Accordingly, Plaintiffs respectfully request that the Court reconsider its dismissal of all individual capacity claims.

### 2. The Court Erred in Dismissing John Doe Defendants

#### a. The Court Inappropriately Dismissed John Doe Defendants Sua Sponte

Counsel for Defendants do not represent John Doe Defendants. Neither Jasmyne Baynard, Kiley Zellner, nor any of the attorneys who have entered appearances on this case, have entered appearances on behalf of John Doe Defendants. Such defendants remain unrepresented. Defendants Wauwatosa, Weber, McBride, Arbiter, Farina, Lewandowski, Mitchell, Opelt, Piehl, Ratkowski, Richardson, Roy, Schimmel, Short, Skornia, Vetter, Warren, Wruke, and Zielinski had no ability nor authority to move for the dismissal of claims on behalf of John Doe Defendants. None of the Attorneys for the Defendants represent the John Doe Defendants and it is quite obvious that attorneys may not file motions on behalf of parties they do not represent.

Accordingly, the Court's order can only be understood as a *sua sponte* order dismissing Plaintiffs' claims with prejudice. "Unless a claim is frivolous, it is rudimentary that a court cannot *sua sponte* enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond." *English v. Cowell,* 10 F.3d 434, 437 (7th Cir. 1993). The Court never indicated to Plaintiffs that it intended to dismiss Plaintiffs claims against John Doe Defendants nor to give Defendants an opportunity to respond. This was improper. On this basis alone, the Court must

5

reinstate such claims against John Doe Defendants or give Plaintiffs an opportunity to respond or amend their Complaint.

### b. A Motion to Dismiss is an Improper Venue for Dismissing John Doe Defendants for Lack of Diligence

A motion to dismiss is the wrong venue for dismissing claims against John Do Doe Defendants. Parties are limited to arguing only those allegations contained in the Complaint. There are no allegations in the Complaint that Plaintiffs have not made diligent efforts to identify the John Doe Defendants. In order to respond to Defendants' and the Court's assertions that Plaintiffs have not diligently pursued discovery to name such Defendants, Plaintiffs would have needed to introduce extrinsic evidence and exhibits. But a response to a Motion to Dismiss does not permit this. The Court instead relied on its own incomplete knowledge on Plaintiffs' efforts and on representations made by Defendants in their Motion which do not relate to the allegations contained in the Complaint.

Plaintiffs have made many, many efforts to conduct discovery into the names of the John Doe Defendants, efforts which Plaintiffs pursued without resorting to the Court for every discovery conflict. The Court for instance is unaware that on January 21, 2022 Plaintiffs received 6,583 pages of discoverable documents including many never before seen documents including arrest reports, arrest photos, emails, etc. that were all responsive to Plaintiffs 1st Request for Production of documents filed on January 5, 2021 over one year prior. (Decl. Kimberley Motley). The Court is also unaware that Plaintiffs that they have yet to receive arrest reports, incident reports, etc specifically for Plaintiffs Aidali Rivera, William Rivera, Ann Delessio-Parson, Lazarito Matheu, Hector Rodriguez, Nathan Sabel, and Destiney Jones. *Id*. The Court is also unaware that Defendants have continued to fail to provide text messages, email communications, etc of officers

6

regarding many of the Plaintiffs who were arrested that is responsive to their 1st Request for Production of Documents served on January 5, 2021. *Id.* Plaintiffs have met and conferred with Defendants on April 30, 2021, September 16, 2021, and November 11, 2021 with regards to discovery issues. *Id.* Plaintiffs have sent two discovery deficiency letters on October 28, 2021 and on December 16, 2021 which have yet to be honored. *Exhibits 15 & 16* and *Id*. Plaintiffs have also sent numerous emails regarding the incessant discovery issues on April 26, 2021, May 3, 2021, May 23, 2021, June 14, 2021, June 17, 2021, July 19, 2021, July 23, 2021, August 5, 2021, September 20, 2021, October 28, 2021, November 3, 2021, and December 14, 2021. *See Exhibits 1-12* and *Id.* Plaintiffs were not able to show the Court these efforts because a Motion to Dismiss is an improper venue for including exhibits. *Id.* Parties were rightly instructed by the court on February 19, 2021 to, "discuss discovery issues and exhaust good faith attempts at solving problems before contacting the court for a hearing." (ECF 21). In compliance with the court's directives, Plaintiffs did not run to the court with every small issue and this was clearly prejudicial to them. Plaintiffs have attempted to work through discovery issues without clogging the Court's docket. The Court punished Plaintiffs for this. If this issue had been raised in a different motion, Plaintiffs would not have been prejudiced in being prohibited from introducing evidence of their efforts. Simply put, the Court ruled on the basis of incomplete knowledge because a Motion to Dismiss did not provide Plaintiffs an appropriate pleading to show their work.

Additionally, Plaintiffs filed a Motion to Compel on July 7, 2021 seeking all tickets, arrest records, videos, reports, etc. In fourteen months, the Court never ruled on this Motion. These documents would have proven important in the determination of the identities of the John Doe Defendants. To date, Plaintiffs *still* have not received all of these documents despite the Court's numerous orders directing Defendant's to comply with discovery which was ignored. On July 13,

7

2021 the court indicated that, "We need to keep this case moving forward." And that [the Court] "is willing to bring police and other officials to a hearing regarding these discovery issues." (ECF 38). On August 23, 2021 the court, "...order[ed] all discovery to be given in its unredacted form AND Defendants' redacted version. This includes already sent redacted emails and documents." (ECF 50) Plaintiffs still have not received all the discovery in its unredacted forms despite the court's directive and have redacted booking photos, text messages, etc. On August 26, 2021 the Defendant's communicated to the Court that they will "have discovery completed, bates labeled, and to Plaintiff's counsel on or before September 10, 2021." (ECF 51). Defendants did not comply with this order which prejudiced the Plaintiffs. On October 1, 2021 the court ordered "Defendants to submit all outstanding discovery to Plaintiffs by October 8th, 2021." (ECF 90). Defendants did not comply with this order. On October 19, 2021 the Court noted that "Further, as this has been an issue in this case, I remind the parties that Fed. R. Civ. P. 33(b)(5) requires that the person who answers the interrogatories also signs them." (ECF 99). Defendants did not comply with this order despite Plaintiffs only sending a total of four interrogatories to Defendants at the time of the Court's Order to Dismiss. On November 1, 2021 the court directed Defendants to give a date certain for outstanding discovery to which Defendants subsequently gave January 7, 2022 as that date. (ECF 104 & 112). Again, this was not complied with and Plaintiffs received over four hundred pages of documents on January 14, 2022 and 6,583 pages of documents on January 21, 2022 which contained numerous never before seen relevant information responsive to Plaintiffs 1st RFD served on January 5, 2021.

Lastly, that Plaintiffs raised certain issues to the Court does not mean that they waived the right to raise other discovery deficiencies at a later point. Plaintiffs were waiting on the Court to resolve certain discovery issues and given the Court's delays in discovery rulings, Plaintiffs did

8

not want to overburden the Court. The Court's reliance on what issues Plaintiffs did and did not raise before it stayed discovery on February 1, 2022 is misplaced and an error. To the extent that the Court deemed discovery issues waived it erred and as a result, prejudiced Plaintiffs.

### c. The Court Was Factually Incorrect that Plaintiffs Never Raised Discovery Issues Relating to the Names of Officers

On July 23, 2021, Plaintiffs informed the Court that "Plaintiffs have not received agreements with outside law enforcement agencies, whether local, state and federal, including but not limited to, Mutual Aid agreements; as well as the names of all the Wauwatosa Police Officers, and the names of any local, state, or federal law enforcement officers who assisted the Wauwatosa Police Department and the City of Wauwatosa during the curfew from October 7, 2020 to October 12, 2020." ECF Doc. 40, p. 4. This is the language from Request for Production No. 4. The Court's assertion that "plaintiffs do not challenge defendants' response to Document Request No. 4 as to the names of the officers" is factually wrong. Plaintiffs raised this issue to the Court on July 23, 2021. This was all done as part of a Motion to Compel. The Court, in 13 months, never issued an order on this Motion to Compel. As stated above, the Court never issued an order directing Defendants to produce these records.

The Court also relies on a response to discovery in ECF 37-1, not an actual document, in concluding that Defendants have produced all records. Yet in a later filing, Plaintiffs inform the Court that Defendants have not produced these records. The Court's reliance on a contested response to a discovery request, without actual knowledge of the status of production, is an error. The Court erred in this and given the significance the Court places on this Request for Production number 4, the Court's order dismissing the John Doe Defendants was manifestly wrong on the facts as represented in the Court's own docket.

9

## CONCLUSION

Plaintiffs respectfully submit that this Court erred in its order of August 24, 2022 both as a matter of procedural and substantive law in dismissing with prejudice the Fourth, Fifth, Sixth, Eight, Ninth, Tenth, and Twelfth John Doe claims for relief and in dismissing the claims for relief against the individual Defendant officers. Plaintiffs respectfully request that this motion be granted based on the discovery of new evidence and/or a "manifest error of law" that warrants the alteration or amendment of a previous judgment. *Harrington v City of Chicago*, 433 F. 3d 542, 546 (7th Cir. 2006).

Dated this 21st day of September 2022.

**COUNSEL FOR PLAINTIFFS**

By: /s/ E. Milo Schwab
E. Milo Schwab
2401 S Downing Street
Denver, CO 80210
Telephone : (732) 406-8215
Email : milo@ascendcounsel.co

/s/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone : (704) 763-5413
Email : kmotley@motleylegal.com