UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al,

    Plaintiffs,

    v.                                    Case No. 20-CV-01660

CITY OF WAUWATOSA, et al,

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' DECLARATION FOR ATTORNEYS FEES**

Plaintiffs, by their undersigned attorneys, respectfully submit this Response to Defendants' Attorneys' Declaration of Attorneys Fees ("Declaration") filed on September 9, 2022, ECF #194.

## I.    Per Lodestar, Defendants' Attorneys' Declaration Accounting is Unreasonable

"As with all requests for attorney's fees, the Court applies the lodestar analysis. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). The lodestar 'is calculated by multiplying a reasonable hourly rate by the number of hours *reasonably* expended.' *Id.* (emphasis added)" *Strohbehn v. Weltman Weinberg & Reis Co.*, No. 16-CV-985-JPS, at *4 (E.D. Wis. Apr. 27, 2018).

### 1.   Number of Hours Claimed by Defendants' Counsel is Unreasonably Excessive

Per Defendants' Counsel in ECF #57, filed just over a year ago:

> A good faith effort must be made to exclude excessive, redundant, or unnecessary hours and the Court must exclude hours it deems inadequately documented or not reasonably expended on the litigation. *Id.* at 433-34; *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999); *see also Thompson v. City of Chicago*, 2011 WL 2837589, at *4 (N.D. ILL. Feb. 14, 2011)(holding that "the court may reduce the award where the description of the work performed is inadequate."). Attorney activities that are unnecessary, excessive, or vague will be excluded from an award of fees. *Hensley* at 434; *Johnson* at 931 (7th Cir. 2012); *Thomson* at *4.

1

ECF #57 at p.7.

63.8 hours is excessive for the task of drafting, even to finality and filing, a single sanctions motion. The Rule 11 motion, for which Defendants are awarded and claim to itemize their fees, is in large part a direct recitation of Defendants' arguments contained in their motion to dismiss, thus it is duplicative. Significantly, Defendants filed their Rule 11 Motion two (2) days after, and most assuredly using the identical legal research and argument as their Motion to Dismiss. This juxtaposition seriously calls into question the validity of the excessive number of hours claimed herein, evidencing them as duplicative, rather than specifically allocated to the Rule 11 motion for which the fees award was ordered.

This Court has confirmed the appropriate reduction for hours which are duplicative, in citing to *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir. 1989), in that the "tendency of law firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time." (ECF #111 at p.2).

Additionally, "[h]ours can be excessive if they are disproportionate to the number of hours normally associated with the task performed. See 1 Alba Conte, *Attorneys Fee Awards* § 4:25 (3d ed. 2010)." *Milwaukee Deputy Sheriffs Association v. Clarke*, No. 06-C-602, at *2 (E.D. Wis. June 14, 2010). As the appropriate structure of a motion demands recitation of the rule and standard, it is relevant to point out that the entire Rule 11 motion submitted by Defendants was eleven (11) pages in totality, where 3 pages included re-printing the verbiage of Rule 11, the legal standards and case law. The remaining 7+ pages were directly related to work generated for, and contained in Defendants' motion to dismiss. Considering the limited substance, as well as the limitations of the award for sanctions on only some grounds presented in Defendants' motion,

and none with a finding of bad faith, 63.8 hours is not a reasonable amount "normally associated" with a writing task of this kind and caliber.

In light of the exorbitant number of hours reported for this single motion, even including a reply, such excessive numbers for the same work product require meaningful reduction.

### 2. Descriptors of Hours Claimed by Defendants' Attorney are Impermissibly Vague

The invoices attached to the declaration of Attorney Zellner simply do not adequately describe, nor account for 63.8 hours of work attributable to the specific Rule 11 sanctions motion as ordered. Over 43 hours of the 63.8, specifically clocked only by Attorney Zellner, are described merely as "draft/research/continue to draft/finalize/reply to Rule 11 Motion for Sanctions" and/or some combination thereof. Such vague descriptors specifically meet the standard for elimination and reduction as explained in *Thompson v. City of Chicago*, 07 C 1130, (N.D. Ill. July 18, 2011), where,

> a few entries lack adequate explanation. The few state that the attorney/paralegal "reviewed" documents or depositions, but lack sufficient description of the documents that would allow the Court to determine whether the attorney/paralegal's time was reasonably expended. (*Id.* Ex. A, Time Entries at 10/3/09, 10/4/09 for Smith Antholt ("reviewing documents and deposition notes for witness list"), 4/6/08, 4/11/08 for Baranyk ("review of produced documents"); 11/6/07, 4/6/08, 4/8/08, 4/9/08, 4/10/08, 4/11/08, 4/14/08, 4/16/08 for Kosglad ("reviewing documents"); 10/28/08 for paralegal Breed ("review and file documents").)

*Id*. at 4-5.

And, "[m]oreover, if any time entry is too vague or otherwise inadequate to allow an assessment of reasonableness, the court may disregard it. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *Lopez v. City of Chi*., No. 01 CV 1823, 2007 WL 4162805, at *5

(N.D. Ill. Nov. 20, 2007) ("[T]he applicant for fees must provide sufficient description of the type of work performed."), *Thompson* at 4.

Plaintiffs make no argument as to the reasonableness of the reported hourly rate, but the number of hours is undoubtedly excessive and redundant, and though that may explain the use of such vague descriptors (in itself a proper basis to eliminate and reduce), all of it demonstrates unreasonableness. It is necessary and proper for this Court to make a reduction.

## CONCLUSION

Rule 11's goal of deterrence, along with the broad discretion it authorizes, is firmly established and explicit. As cited by this Court's order, "[t]he rule states that:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Rule 11(c)(4). Rule 11's purpose is punitive rather than compensatory, and the goal of a Rule 11 sanction is specific and general deterrence. *Brandt v. Schal Assocs., Inc*., 960 F.2d 640, 645 (7th Cir. 1992)." ECF #191 at p. 2-3.

Plaintiffs acknowledge and regret specifically their error of not adequately responding to the "safe harbor" letter directly and in writing, to Defendants' Counsel. This is especially significant as per the Order, the suggested insertions of "upon information and belief" would have ameliorated five of the six bases upon which Your Honor granted sanctions. Even if the resulting pleadings may have remained unaltered, the undersigned confirms with all sincerity and adamantly that such a mistake will not occur again.

It is vital to the integrity of the process, as well as proper and appropriate that the Court consider the totality of the circumstances, as well as the goal of Rule 11 sanctions: "Rule 11 was

4

designed to curb, not destroy, the advocate's zeal." Mazurczak, Michael J., *Critical Analysis of Rule 11 Sanctions in the Seventh Circuit*, 72, Marquette Law Rev. 1988; that there is no finding of bad faith, or any egregiousness personally attributable as abuse of process or malicious, willful deceit – as indeed, there is none in fact.

Thus, Plaintiffs respectfully request that the excessive number of hours be reduced to a reasonable amount, reflecting both the reality of Defendants' shared resources, research, time and argument with the almost simultaneously filed Motion to Dismiss, amounting to less than half of the total claimed hours, and including additional elimination and reduction for improperly vague descriptions, culminating in the unreasonable request by Defendants' counsel as to amount of applicable fees.

Respectfully submitted this 26th day of September, 2022.

**COUNSEL FOR PLAINTIFFS**

By: */s/ Kathryn L. Knowlton*
Kathryn L. Knowlton, WI State Bar No. 1032814
Knowlton Law Group, LLC
7219 West Center Street
Wauwatosa, WI 53213
Telephone: (414) 202-2444
Email: kate@knowltonlawgroup.com

*s:/ Kimberley Cy. Motley, Esq.*
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone : (704) 763-5413
Email : kmotley@motleylegal.com

*/s/ E. Milo Schwab*
E. Milo Schwab
2401 S Downing Street
Denver, CO 80210
Telephone : (732) 406-8215
Email : milo@ascendcounsel.co

5