IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, *et al.*,

        Plaintiffs,

v.

CASE NO. 20 CV 01660

CITY OF WAUWATOSA, *et al.*,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendants, by their attorneys, Wirth + Baynard submit the following Response brief in opposition to Plaintiffs' Motion for Reconsideration. (ECF No. 204) A motion to reconsider is not an occasion to make new arguments, nor it is an opportunity to correct errors, introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp*. 656, 665 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984). Plaintiffs attempt to do just that; therefore, this Court should deny their motion.

## PREFACE

This suit was initiated on November 2, 2020. (ECF No. 1) Over the past nearly two years, Plaintiffs have amended their complaint numerous times. *See generally* (ECF Nos. 24, 47, 56, 155) On November 11, 2021, Defendants moved to dismiss Plaintiffs' Third Amended Complaint (ECF No. 108), and on February 1, 2022, the Court granted the motion and dismissed the entirety of Plaintiffs' claims. (ECF No. 152) The Court's 32-page Order specifically addressed the deficiencies in Plaintiffs' Amended Complaint, which is summarized by the following:

> Despite drafting 1,523 allegations over the span of 204 pages, and this being the third iteration of the Complaint, every single one of Plaintiffs' sixteen causes of action fail to state a claim upon which relief can be granted.

> Plaintiffs should not sue all defendants unless the complaint supports allegations against all defendants.
>
> All plaintiffs should not be included in a cause of action unless the plaintiff has allegations to support the claim. Plaintiffs should be clear whether asserting a claim against particular defendants in their individual and/or official capacity, or under *Monell*.
>
> Plaintiffs should make clear where particular causes of action are named against John Doe Officers.
>
> Forcing both the Court and defendants to wade through a maze of a complaint consumes vast amounts of precious resources that could have been avoided simply with more careful pleading.

(ECF No. 152 at 31-32) The Court generously provided Plaintiffs an opportunity to file an amended complaint but warned "that this new complaint must address the deficiencies …. [o]therwise Plaintiffs risk dismissal of this case with prejudice." *Id*. at 32.

Despite clear guidance from the Court and a direct warning that failure to address the deficiencies could result in dismissal with prejudice, on February 15, 2022, Plaintiffs filed a Fourth Amended Complaint that failed to address the deficiencies and continued with a multitude of errors fatal to their claims. *See* (ECF No. 155) On April 18, 2022, Defendants again moved to dismiss Plaintiffs' Fourth Amended Complaint. (ECF No. 177) On August 24, 2022, the Court granted in part Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint and dismissed the following claims with prejudice: Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, and Thirteenth (as to Defendant Schimmel only). *See generally* (ECF No. 190 at 11-12; 20-24) Based on dismissal of those claims, Defendants Weber, Schimmel, Arbiter, Lewandowski, Mitchell, Opelt, Piehl, Richardson, Short, Skornia, Vetter, Warren, Wrucke, Zielinski, and John Doe Officers 1-100 were terminated from the case. (*Id*. at 24) The Court explained the basis for the dismissal:

> Once again, this Fourth Amended Complaint represents the complaint's fifth iteration, and its fourth amendment. In the February 1, 2022 Decision and Order dismissing the plaintiffs' Third Amended Complaint and granting leave to re-plead, the plaintiffs were warned that continued failure to properly remedy the complaint's errors risked dismissal with prejudice. This case has been pending for nearly two years, and only now do we have a proper operative complaint. For these reasons, I find it appropriate to dismiss the above claims with prejudice. See *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 414 (7th Cir. 2022)("Dismissal with prejudice of the fourth complaint was warranted because the amendment of the third complaint failed to comply with the district court's earlier order.").

(*Id.* at 24)(internal citations omitted) Plaintiffs now seek reconsideration of the Court's Order.

**ARGUMENT**

Plaintiffs' motion fails at the onset to abide by Civil L.R. 7(a) which requires every motion to "state the statute or rule pursuant to which it is made." Plaintiffs' motion cites no federal rule. The motion is so vague it is not clear whether the motion should be treated as a motion to alter or amend under Fed.R.Civ.P. 59(e) or as a motion for relief under Rule 60(b). Plaintiffs cite one case—*Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) which was decided under Rule 60(b), and three cases—*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601 (7th Cir. 2000); *Divane v. Krull Elec. Co*., 194 F.3d 845, 850 (7th Cir. 1999); and *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996) which were Rule 59 motions. This alone is reason for the Court to deny the motion. *See* Civil L.R. 7(d).

Considering Plaintiffs' argument that the motion for reconsideration "is proper to correct a manifest error of law and/or because of the discovery of new evidence" (ECF No. 204 at 2) Plaintiffs would appear to be attempting a Rule 59(e) motion. Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *See Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.2000). "A manifest error is not demonstrated by the disappointment of the losing party,

3

instead it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *See Oto* at 606. The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *See In re Prince*, 85 F.3d 314, 324 (7th Cir.1996). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 n. 3 (7th Cir.2001).

"Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Brunker v. Schwan's Food Serv.*, 2006 U.S. Dist. LEXIS 41704, 3 (N.D.Ind.2006) (*quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y.2003) (internal quotation omitted)). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *First Nat. Bank in Manitowoc v. Cincinnati Ins. Co.,* 321 F.Supp.2d 988, 992 (E.D.Wis.2004).

Plaintiffs' motion should be denied because Plaintiffs failed to meet their heavy burden of showing that the Court's dismissal of claims was premised on manifest error and Plaintiffs point to no new evidence. Instead, Plaintiffs seek "a second bite at the apple" to correct the errors of their attorneys, discuss evidence previously available but unused in the prior proceeding, and rehash previously failed arguments. (*Compare* ECF Nos. 187 and 204) Plaintiffs motion is the antithesis of extraordinary circumstance and the conservation of scarce judicial resources.

I. **THE COURT SHOULD NOT RECONSIDER ITS DISMISSAL OF ALL INDIVIDUAL CAPACITY CLAIMS.**

A motion to reconsider must point to specific legal or factual errors in the prior decision and must be supported by pertinent authority. *See Cruz–Moyaho v. Holder*, 703 F.3d 991, 998 (7th Cir.2012). Plaintiffs fail to do so. (ECF No. 204 at 4-5) Specifically, Plaintiffs contend the Court

4

failed to construe ambiguities in Plaintiffs' favor in dismissing "all claims against individual Defendants as official capacity suits." (ECF No. 204 at 3) In so doing, Plaintiffs mischaracterize the Court's reasoning and directly contradict the arguments they advanced in their response to the motion to dismiss.

Foremost, Plaintiffs conceded in their response to the motion to dismiss briefing that ***they*** made "an error" in the Amended Complaint (ECF No. 187 at 7) specific to this issue and stated that ***they*** "take responsibility to immediately amend this complaint to correct this oversight" (*Id.* at 7–8.) It is entirely disingenuous for Plaintiffs to now argue their "error" for which they accepted responsibility—was not their error but instead a manifest error by this Court.

Plaintiffs argue the Court was required to have "construed all ambiguities in the complaint" in their favor but they entirely fail to address the Court's reason for dismissing the claims, which was that there was no ambiguity in what they pled:

> I am unconvinced that the plaintiffs "have made clear" throughout the litigation that they were seeking money damages against the individual defendants. In the first iteration of the complaint against Weber and McBride, plaintiffs specifically pled they were suing the defendants in their official capacities for declaratory and injunctive relief only.
>
> In the first iteration of the complaint against Weber and McBride, plaintiffs specifically pled they were suing the defendants in their official capacities for declaratory and injunctive relief only. In the amended complaint, the plaintiffs sued Weber, McBride, and the John Doe Officers each "in his official capacity for declaratory and injunctive relief only."
>
> On August 21, 2021, however, when the plaintiffs filed their second amended complaint (mistakenly titled third amended complaint), the plaintiffs specifically sued McBride "in his official capacity for declaratory and injunctive relief only and in his individual capacity for punitive damages"; whereas the remaining defendants were sued in their "official capacity for declaratory and injunctive relief only."
>
> Plaintiffs then filed a Third Amended Complaint (titled the "Corrected Third Amended Complaint") on September 8, 2021, again suing all defendants in their "official capacity for declaratory and injunctive relief only," with the exception of McBride, who was sued "in his official capacity for declaratory and injunctive relief

5

> only and in his individual capacity for punitive damages."
>
> After alerting plaintiffs that their official capacity suits against the individual defendants are treated as suits brought against the government entity itself and thus are redundant to their claims against the City, the plaintiffs amended their complaint to sue McBride in "his individual capacity for declaratory and injunctive relief only and in his individual capacity for punitive damages," and to sue each other individual defendant in his or her individual capacity for "declaratory and injunctive relief only"
>
> Plaintiffs seem to argue that what they *meant* to plead was they were suing each individual defendant in his or her individual capacity for money damages only. But that is not what the plaintiffs pled, either in this iteration of the complaint or in the previous four iterations.

(ECF No. 190 at 7-8)(citations omitted) For all these reasons, the motion for reconsideration should be denied.

## II. THE COURT SHOULD NOT RECONSIDER THE DISMISSAL OF JOHN DOE DEFENDANTS.

Initially, Plaintiffs argue that a motion to dismiss is an improper venue to dismiss John Doe Defendants. (ECF No. 204 at 6) Plaintiffs provide no citation to legal authority to support their contention. Thus, Plaintiffs have waived this argument. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.") Plaintiffs remaining arguments likewise fail.

### A. The Court did not *sua sponte* dismiss John Doe Defendants.

Plaintiffs argue that reconsideration is appropriate because the Court *sua sponte* dismissed the John Doe Defendants without allowing Plaintiffs an opportunity to respond. (ECF No. 204 at 5) Both are misrepresentations. Defendants moved to dismiss the claims against John Doe Defendants (ECF No. 178 at 3-4) and Plaintiffs responded (ECF No. 187 at 3-6).

### B. Plaintiffs have not identified newly discovered evidence.

Plaintiffs, in addition to contending that the Court was wrong, contend their failure to name John Doe Defendants was because they did not have adequate records by which to identify them. (ECF No. 204 at 6-9) This argument was previously made by Plaintiffs in response to the motion to dismiss (ECF No. 187 at 3-6) and rejected by the Court in its decision:

> [T]he John Doe defendants have been parties to this action since the amended complaint filed on March 6, 2021. There was ample opportunity to conduct discovery during this nearly year-long time frame. In fact, by January 2022, the parties had conducted numerous depositions as well as exchanged written discovery.
>
> Thus, while plaintiffs argue that their failure to identify the John Doe officers "is not for a lack of trying," but is "unfortunately in large part due to the lack of discovery compliance," this statement does not comport with the record.

(ECF No. 190 at 10-11)

Moreover, to support a motion for reconsideration based on newly discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1269–70 (7th Cir. 1996). Plaintiffs' failure here is twofold.

First, Plaintiffs argue that on January 21, 2022, they received 6,583 discoverable documents—yet their response to the motion to dismiss was filed more than four months later and the Court's Order came over eight months later. Plaintiffs further misrepresent that "they have yet to receive arrest reports, incident reports, etc specifically for Plaintiffs Aidali Rivera, William Rivera, Ann Delessio-Parson, Lazarito Matheu, Hector Rodriguez, Nathan Sabel, and Destiney Jones." (ECF No. 204 at 6) That is not true, Plaintiffs have and had all such reports. *See* (ECF No.

211-1) Plaintiffs further misrepresent that Defendants failed to provide text messages and email communications—which is also not true. *Id.* Notably, during the parties meet and confer on January 21, 2022, Attorney Motley advised "we are ready for trial." On the same day, Attorney Motley sent a letter advising Defendants that discovery was closed, and Plaintiffs were in trial posture. (ECF No. 139-2) Plaintiffs continue to make statements that do not comport with the record. Most importantly the discovery arguments are a red herring. Plaintiffs have failed to identify a single piece of newly discovered evidence in their motion as required. As such, the motion for reconsideration should be denied.

## CONCLUSION

Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *United States v. Menominee Tribal Enters.*, No. 07–C–317, 2009 WL 1373952, at *1 (E.D.Wis. May 15, 2009). This motion is not a productive use of anyone's resources. Counsel for Plaintiffs' repeated inability to properly draft a complaint has required Defendants to bring two motions to dismiss and a motion for sanctions. The repeated failures resulted in this Court granting (in part) the second motion to dismiss even after outlining the deficiencies for counsel and warning them what would happen if they did not address the deficiencies. It is unconscionable for Plaintiffs to now blame the Court and propose a fifth amended complaint despite "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Since Plaintiffs provide no basis upon which reconsideration would be proper, Defendants respectfully request the Court deny the motion. Defendants also request this Court require Plaintiffs' counsel to personally satisfy the attorneys' fees reasonably incurred responding to this

motion pursuant to 28 U.S.C. § 1927.

Dated this 12th day of October 2022.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY: ____/s/Kiley B. Zellner_____
Kiley B. Zellner, WI Bar No. 1056806
T: (414) 291-7979 / F: (414) 291-7960
Email: kbz@wbattys.com