# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Kathryn KNOWLTON 6et al,

    Plaintiffs,

    v.                                         Case No. 20 CV 01660

CITY OF WAUWATOSA, et. al,

    Defendants.

## CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO AMEND THE PROTECTIVE ORDER

Plaintiffs Knowlton et al ("Plaintiffs"), by and through undersigned counsels, hereby move the Court to amend its current Protective Order consistent with its oral order made to parties on October 7, 2022. The Target List created by Defendant Ratkowski contains and compiles the personal and personally identifying information of forty-nine (49) Plaintiffs obtained from their motor vehicle records. The information includes, but is not limited to, driver's license photos, home addresses, dates of birth, and other personally identifying information. Additionally, the Target List contains the personal information of both juveniles and adults and lists personal information for over two hundred people. No consent was requested nor provided related to disclosure of the Target List by the Defendants from June 1, 2020 to present.

From June 1, 2020 to June 24, 2021, the Target List was disclosed on multiple occasions to no fewer than forty-five (45) City of Wauwatosa employees. (See Exhibit A - Exhibit A 072621 - Dominick Ratkowski disclosure of Wauwatosa officers who received PL ) (See Exhibit B - 12/21/21 Jalal Ali's disclosure of those who had access or received the PL). The Target List has also been disclosed to at least thirty-four individuals working in eleven agencies by Defendant

1

Ratkowski. (See Exhibit C - 072621 - Dominick Ratkowski disclosure of outside agencies received PL).

On October 7, 2022 this Court issued a protective order regarding the Target List that limited distribution of the list to eight persons who work for Wauwatosa. (ECF #213). The Court further provided in the October 7 status conference that:

> "And thirdly, the access and use would be for the purpose of litigation with the exception of public record requests, which is governed by state law. And if there is such a request, that should be -- *you know at least give notice to plaintiffs that that has been made in case* we need to look into that further. And then as to -- *Then this order will be shared with those who have already received it.*" emphasis added. (See Exhibit D - Court Hearing 10/07/22 Transcript, Pg. 20 – 21 (Lines 20 -1),

Plaintiffs' Counsel have attempted through a meet and confer on October 14, 2022 as well as by multiple emails on October 13 & 14, 2022 to confirm when and how Defendants' Counsel would share the protective order with all persons and organizations with whom they know received it and those whom they know Defendant Ratkowski disclosed the Target List with. When Plaintiffs made several such inquiries to Defendants specifically, Attorney Zellner replied,

> "I have informed the *specific* 8 persons that currently have access to the list of the court's Protective Order and provided the Protective Order by mail." (See Exhibit E – 10/14/22 Zellner Email).

Plaintiffs have concerns that additional individuals, particularly members of the Wauwatosa Police Department, may have access to prior versions of the Target List, and may have saved it, or indeed have downloaded it and printed it out. As Attorney Zellner acknowledged in court when talking about the 8 Wauwatosa employees who have access to the list in the new server:

> I mean, I guess technically if they were -- if they have access to it, I would assume they have the ability to distribute it. I mean, we can -- I mean, it has been made very clear to the City unless there's an open records request or anything like that, there should be no further distribution. But again, I would assume, yes, that they would have the ability to

2

print it off and give it to somebody. I would assume they would have the ability to email it. (See Exhibit F - Court Hearing 10/07/22 Transcript, Pgs. 11 & 12, lines 24-6).

Accordingly, Plaintiffs are simply seeking to amend the Protective Order to encompass any version of the Target List in case prior versions have been saved on individual computers or printed out, to extend the order to all Wauwatosa employees as it relates to distribution, and to require Defendants to share the Protective Order with any individual or organization with whom it has previously been shared by one of Defendant Wauwatosa's employees.

Plaintiffs are not seeking to add additional burdens nor to significantly expand the order, but instead to ensure that the order is consistent with the spirit of the Court's intent. The distribution of the list by any employee or agent of Wauwatosa, regardless of their status on the proffered list of eight individuals, would run counter to the Court's intent. Further, Defendant Wauwatosa is in the best position to know the identities of all individuals and organizations with whom they shared the list with (See Exhibits A, B, & C). Ensuring that all such individuals or organizations are aware of the Protective Order is consistent with the Court's order and further the goals of protecting Plaintiffs' private information without imposing an undue burden on Defendants.

Based on the foregoing, the Plaintiffs ask the Court to amend the current protective order to include that the Target List shall not be distributed by any City of Wauwatosa employees and Defendants, and that Defendants' Counsel shall provide a copy of this order to the City of Wauwatosa employees and the individuals who Defendants are aware have received and/or had access to the Target List.

WHEREFORE, Plaintiff respectfully requests that the Court amend its current Protective Order to include that the Target List shall not be distributed by any City of Wauwatosa employees, and that Defendants' Counsel shall provide a copy of this order to any individual or

3

entity who received or had access to the Target List from Defendants, their employees, or agents. Plaintiffs are providing a proposed Amended Protective Order reflecting these narrow changes.

Dated this 19th day of October 2022.

**COUNSEL FOR PLAINTIFFS**

By: /s:/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

Kathryn Knowlton
KNOWLTON LAW GROUP
7219 West Center Street
Wauwatosa, Wisconsin 53210
Email : kate@knowltonlawgroup.com
Telephone : 414-202-4444

E. Milo Schwab
ASCEND COUNSEL, LLC
3000 Lawrence Street
Denver, CO 80205
Email : milo@ascendcounsel.co
Telephone : (303)888-4407

William F. Sulton
SULTON LAW FIRM LLC
2745 N. Dr. M.L.K. Drive
Suite 202
Milwaukee, WI 53212
Email : william@sultonlaw.com
Telephone : 414-477-0088

4