# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHRYN KNOWLTON,** *et al.*,

    Plaintiffs,

    v.                                      Case No. 20-CV-1660

**CITY OF WAUWATOSA,** *et al.*,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

On September 2, 2022, I granted defendants' motion for sanctions under Fed. R. Civ. P. 11. (Docket # 191.) Defendants were awarded their reasonable attorneys' fees expended in bringing the sanctions motion. (*Id.* at 15.) Defendants were ordered to submit an affidavit detailing the reasonable fees expended, and plaintiffs were given an opportunity to respond. Defendants request fees in the amount of $15,530.00 for 63.8 hours of work. (Docket # 194.) Plaintiffs object to the amount, arguing the requested fees are excessive. (Docket # 205.) For the reasons explained below, I will award defendants $8,680.00 in fees to be paid by Attorneys Motley, Knowlton, and Schwab as signatories to the Fourth Amended Complaint. (Docket # 155 at 137.)

## LEGAL STANDARD

Fed. R. Civ. P. 11 authorizes sanctions against a party who files frivolous pleadings, files pleadings for an improper purpose such as to harass, or makes allegations that they know have no basis in law or fact. *See Janky v. Batistatos*, 259 F.R.D. 373, 377 (N.D. Ind. 2009). A court may impose sanctions for a violation of Rule 11 either upon a party's motion or on its

own initiative. *Id.* Rule 11's purpose is to deter frivolous filings. The district court has broad discretion in setting a sanctions award that it believes will serve the deterrent purpose of Rule 11, including directing the offending party to pay the other party's reasonable attorney's fees. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Rule 11, however, is "'not a fee-shifting statute in the sense that the loser pays . . .' [i]nstead, 'Rule 11 ensures that each side really does bear the expenses of its own case—that the proponent of a position incurs the costs of investigating the facts and the law.'" *Id.* (quoting *Mars Steel Corp. v. Cont. Bank*, 880 F.2d 928, 932 (7th Cir. 1989)). If the court determines that an award of attorney's fees will serve the deterrent purpose of Rule 11, it has an obligation to award only those fees which directly resulted from the sanctionable conduct. *Id.* "This ensures that the proponent of a sanctionable position ultimately pays the costs resulting from it, serving a dual purpose of deterrence and restitution, while avoiding blanket fee-shifting, which would have the tendency to overcompensate the opponent and penalize the proponent." *Id.* Although this analysis is an "inexact science," the court has stated that the analysis is "[e]ssentially . . . a matter of causation." *Id.* at 315. In other words, defendants should only be compensated for fees resulting from the plaintiff's sanctionable conduct.

To determine reasonable attorneys' fees, the court first calculates the "lodestar" amount by multiplying the number of hours reasonably expended by the appropriate hourly rates for the attorneys. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court should exclude from this initial fee calculation hours that were not reasonably expended. *Id.* at 434. The Court in *Hensley* noted that counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours

2

from his fee submission. . . . Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (internal quotations and citations omitted) (emphasis in original). The lodestar can then be adjusted in light of factors such as the results obtained. *Id.*

## ANALYSIS

Defendants seek $15,530.00 in attorneys' fees for 63.8 hours of work performed by two attorneys, Kiley Zellner and Jasmyne Baynard, and one paralegal, Christine Montgomery. (Docket # 194.) Attorneys Zellner and Baynard bill at a rate of $250/hour and Montgomery bills at a rate of $150/hour. (*Id.* at 1.) Attorney Zellner billed 57.4 hours, Attorney Baynard billed 2.2 hours, and Montgomery billed 4.2 hours related to work on the sanctions motion. (Docket # 194-1.) While plaintiffs do not contest the reasonableness of the hourly rates billed (Docket # 205 at 4), they argue that the number of hours billed was excessive, consisting of vague billing entries and redundant tasks.

I do not find the combined time of Attorney Baynard and Montgomery, amounting to 6.4 hours, to be excessive. Thus, I focus on the 57.4 hours billed by Attorney Zellner. I agree that the amount of time billed by Attorney Zellner litigating the sanctions motion is excessive. None of the issues briefed are particularly novel or complex. *See, e.g.*, *E.E.O.C. v. Accurate Mech. Contractors, Inc.*, 863 F. Supp. 828, 840 (E.D. Wis. 1994) ("The amount of attorney's fees claimed is also excessive due to the relative simplicity of the issues involved in this case. The novelty and difficulty of the case is one of the factors that the court may consider in determining the lodestar figure."). Beyond the general law for Rule 11 motions, the defendants' sanctions motion addresses prosecutorial immunity (which defendants acknowledge needs only a "cursory review" of Wisconsin law to find controlling precedent)

3

and search and seizure law under the Fourth Amendment. Both issues should be very familiar to experienced counsel, like Attorneys Zellner and Baynard, who litigate on behalf of government entities. Given that this sanctions motion was not particularly legally or factually complex, I find that thirty (30) hours reflects a reasonable amount of time spent litigating this motion.

Thus, I find the reasonable hours spent are as follows:

| Attorney Zellner | 30 hours x $250 = | $7,500.00 |
| Attorney Baynard | 2.2 hours x $250 = | $550.00 |
| Paralegal Montgomery | 4.2 hours x $150 = | $630.00 |
| **TOTAL** | | $8,680.00 |

In summary, I find an award of attorneys' fees in the amount of $8,680.00 to be a reasonable and appropriate sanction under Rule 11. Attorneys Motley, Knowlton, and Schwab, as signatories to the Fourth Amended Complaint, are jointly and severally responsible for this sanction amount. Plaintiffs' counsel are ordered to pay this amount to defendants within thirty (30) days of the date of this Order.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendants are granted $8,680.00 in sanctions under Rule 11. Plaintiffs' counsel are ordered to pay this amount to defendants within thirty (30) days of the date of this Order.

Dated at Milwaukee, Wisconsin this 28th day of October, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge