UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, *et al.*,

    Plaintiffs,

    v.                                         Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

    Defendants.

---

### DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

---

On August 24, 2022, I granted in part and denied in part the defendants' motion to dismiss the plaintiffs' Fourth Amendment Complaint. (Docket # 190.) Specifically, I dismissed, with prejudice, plaintiffs' Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Twelfth claims for relief because defendants Weber, Arbiter, Farina, Lewandowski, Mitchell, Opelt, Piehl, Ratkowski, Richardson, Roy, Schimmel, Short, Skornia, Vetter, Warren, Wrucke, and Zielinski, were named only in their individual capacities for declaratory and injunctive relief when such relief is only available under 42 U.S.C. § 1983 against parties in their official capacities. (Docket # 190.) I further dismissed with prejudice plaintiffs' Thirteenth Claim for Relief as to defendant Schimmel and dismissed with prejudice plaintiffs' claims against John Doe Officers 1-100. (*Id.*)

Plaintiffs move for reconsideration of the August 24, 2022 decision and order on the grounds that the decision contains manifest errors of law and fact. (Docket # 204.) For the reasons explained below, the plaintiffs' motion for reconsideration is granted in part and denied in part.

# RECONSIDERATION STANDARD

Although plaintiffs move for "reconsideration" of the Court's decision on defendants' motion to dismiss, they do not invoke any specific rule as a basis, beyond citing several cases addressing motions to alter or amend a judgment pursuant to Fed. R. Civ. P. 59. (*Id.* at 2.) However, because judgment has not yet been entered in this case, Rule 59 is not the proper grounds for relief. Rather, it appears the plaintiffs intend to bring this motion pursuant to Fed. R. Civ. P. 54(b), which allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge.").

A motion for reconsideration under Rule 54(b) serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

ANALYSIS

Plaintiffs argue that the Court committed a manifest error of law by: (1) dismissing the individual capacity § 1983 claims and (2) dismissing the John Doe defendants *sua sponte*. (Docket # 204 at 3–9.) Plaintiffs further argue that the Court made an error of fact by finding that the plaintiffs did not raise discovery issues related to the names of the John Doe officers. (*Id.* at 9.) I will address each argument in turn.

1.  *Dismissal of Individual Capacity § 1983 Claims*

I granted the defendants' motion to dismiss the Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Twelfth claims for relief against defendants Weber, Arbiter, Farina, Lewandowski, Mitchell, Opelt, Piehl, Ratkowski, Richardson, Roy, Schimmel, Short, Skornia, Vetter, Warren, Wrucke, and Zielinski, finding that the Fourth Amended Complaint named these defendants in their individual capacities for "declaratory and injunctive relief only" when injunctive and declaratory relief under § 1983 is only available against parties in their official capacities. Plaintiffs argue that dismissal was unduly harsh because the complaint clearly names the defendants in the caption in their individual capacities and the plaintiffs ask for damages against all defendants, jointly and severally, for compensatory and punitive damages. (Docket # 204 at 3.) Plaintiffs' basis for a "manifest error of law" is that on a motion to dismiss, courts must construe complaints liberally and construe any ambiguities in favor of the plaintiffs. (*Id.*)

Plaintiffs have not shown that the decision contains a "manifest error" of law. Plaintiffs previously acknowledged that they made an error when drafting their complaint and argued that they had made clear throughout the entirety of this litigation that they intended to bring suit against the defendants for money damages. (Docket # 190 at 7.) Plaintiffs now

contend that their errors are actually ambiguities and that the Court made a manifest error of law by not construing the "ambiguities" in their favor. (Docket # 204 at 3–5; Docket # 221 at 1–2.) I previously explained, in detail, going through the history of the complaints in this case, why I rejected plaintiffs' argument that they "have made clear" throughout the litigation that they were seeking money damages against the individual defendants. (*Id.* at 7–9.) Plaintiffs further argue that the Court did not explain why it had little confidence that another amendment would do anything beyond causing further delay. (*Id.* at 4–5.) Again, I explained that the history of this case—specifically the fact that this Fourth Amended Complaint represents the complaint's *fifth* iteration in two years—gave me little confidence in the plaintiffs' filing of yet another complaint. (Docket # 190 at 9, 24.)

A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Plaintiffs' motion falls far short of demonstrating a manifest error of law. Thus, reconsideration is not appropriate on this ground.

2. *Dismissal of John Doe Defendants*

In the Fourth Amended Complaint, the plaintiffs sued John Doe Officers 1-100 in claims five, eight, nine, ten, and twelve. (Docket # 190 at 10.) Defendants moved to dismiss the John Doe Officers because the plaintiffs failed to identify them after sixteen months of litigation. (*Id.*) I granted the defendants' motion, finding that the plaintiffs had conducted sufficient discovery to obtain the names of the officers and did not challenge the defendants' discovery responses as to the officers' names. (*Id.* at 10–11.)

Plaintiffs argue that it was legally improper for the court to dismiss the John Doe defendants *sua sponte* without giving plaintiffs an opportunity to be heard. (Docket # 204 at 5.) Plaintiffs also argue that defense counsel does not represent the John Doe defendants and thus could not move for dismissal on their behalf. (*Id.*) Plaintiffs' first argument strikes as disingenuous. The Court did not *sua sponte* raise the issue of dismissal of the John Doe defendants—defendants raised the issue in their motion to dismiss and plaintiffs not only had the opportunity to respond, they *did* respond to the argument. Furthermore, it is difficult to contend that the defense counsel does not actually represent the interests of the unnamed police officers allegedly involved in the same incidents for which defense counsel represents all of the other City of Wauwatosa employees.

Plaintiffs further argue the Court erred in both law and fact by dismissing the John Doe defendants for lack of diligence, when the Court was unaware of the whole story regarding the parties' discovery conflicts and the Court delayed ruling on the parties' myriad discovery motions. (*Id.* at 6–9.) Given the discovery quagmire the parties have made of this case since its inception, I will grant plaintiffs' motion, in part, to dismiss the John Doe defendants *without* prejudice. Should the plaintiffs discover the names of any or all of the John Doe officers, plaintiffs should move for leave to amend the complaint to name the officers. Any motion, however, must demonstrate that the names of the John Doe defendants were previously requested, but not produced, at the time of the filing of the Fourth Amended Complaint. In other words, plaintiffs must demonstrate that the Court was indeed factually wrong in its finding in the August 24, 2022 decision and order—that but for the defendants' "lack of discovery compliance" (Docket # 109 at 11), plaintiffs would have already identified the John Doe officers.

Plaintiffs seem to acknowledge, however, that the best use of everyone's resources is to pursue their claims against those officers who allegedly violated their rights and who are already named. (Docket # 221 at 3.) However, as the statute of limitations has not yet run, I agree that the John Doe defendants should be dismissed without prejudice.

Finally, to the extent defendants request fees for responding to plaintiffs' motion (Docket # 215 at 8–9), the request is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration (Docket # 204) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to the dismissal of the individual capacity § 1983 claims. The motion is granted as to the dismissal of the John Doe defendants with prejudice. The August 24, 2022 Decision and Order is amended to dismiss the John Doe defendants *without prejudice*.

Dated at Milwaukee, Wisconsin this 28th day of October, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge