UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, *et al.*,

    Plaintiffs,

  v.                                    Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

    Defendants.

## ORDER CLARIFYING DOCKET # 99 AND SETTING FURTHER DEADLINES AS TO OUTSTANDING DISCOVERY AND PENDING MOTIONS TO COMPEL

The parties dispute the number of interrogatories and requests for admission each side can propound on the other. On October 15, 2021, a hearing to discuss a discovery plan in this case was held. Prior to the October 15, 2021 hearing, both parties submitted proposed discovery plans. Plaintiffs proposed the following discovery plan:

- Plaintiffs propose that parties may serve not more than fifteen (15) written interrogatories on any other party; and
- Plaintiffs propose thirty-five (35) written requests for admissions to be served per party.

(Docket # 93.) Defendants proposed the following discovery plan:

- 50 requests for admission per party; and
- 25 interrogatories per party.

(Docket # 94.) The local rules for this district provide that "Any party may serve upon any other party no more than 50 written requests for admission" Civil L.R. 36(a)(1) (E.D. Wis.)

and "Any party may serve upon any other party no more than 25 written interrogatories" Civil L.R. 33(a)(1). At the October 15, 2021 hearing, I stated as follows:

> Third is the requests for admission. Plaintiffs propose 35. Defendants propose 50. The local rules permit up to 50. I will allow the 50 allowed by our local rules for requests for admission. (Hearing Audio at 17:21-43.)
>
> ***
> And then we have interrogatories. Plaintiff is proposing 15. Defendants propose 25. Federal Civil Rule 33 and our local rule authorize up to 25. for the same reason, I will authorize up to the 25 for the interrogatories. (Hearing Audio at 18:09-32.)

On October 19, 2021, I entered an Order intending to memorialize what was stated on the record during the October 15, 2021 hearing. (Docket # 99.) Unfortunately, as to requests for admission, the Order stated that "Plaintiffs propose 35 requests for admission per side and Defendants propose 50 per side." (*Id.* at 3.) The same error was made as to the number of interrogatories the parties proposed. (*Id.*) Reviewing both parties' submissions prior to the hearing and the audio from the hearing, that was an incorrect statement as to what both parties requested. Both parties specifically stated "per party," not "per side."

However, the October 19, 2021 Order further states that: "Consistent with Civil L. R. 36, I will permit a maximum of 50 written requests for admission" and "Both Fed. R. Civ. P. 33 and Civil L. R. 33 authorize 25 interrogatories. I see no reason to reduce the number of interrogatories." (*Id.*) And as I stated on the record at the October 15, 2021 hearing, "given the parties were seeking more than the number of depositions allowed, I would like to allow the maximum allowed for the other tools of discovery" in the hopes of "[mitigating] the need for the more costlier need to do depositions." (Audio Tr. at 17:44–18:07.)

Thus, while I acknowledge that the error in reproducing the parties' proposals caused some confusion, it was clear from the Court's statement on the record that I intended to follow

the limits provided in this district's local rules. And the local rules clearly provide that the interrogatories and requests for admission apply to "any party." As such, the October 19, 2021 Order is clarified that the limits on interrogatories and requests for admission are "per party" as stated in this district's local rules.

Furthermore, as stated on the record at the November 7, 2022 hearing, the parties have until **November 14, 2022** to address any outstanding discovery deficiencies. Should the parties fail to reach a resolution by November 14, 2022, the plaintiffs have until **November 15, 2022** to file a written response to defendants' motions to compel (Docket # 223 and Docket # 227.)

Dated at Milwaukee, Wisconsin this 8th day of November, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge