UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, et al.,

                Plaintiffs,

v.                                        Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                Defendants.

---

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

---

Defendants, by their attorneys, Wirth + Baynard, submit the following Reply brief in support of their Motion to Compel and for Sanctions pursuant to Fed. R. Civ. Proc. 37.

**Motion to Compel-Requests for Admission (ECF. No. 224)**

Plaintiffs represent to the Court that Defendants' Requests for Admissions were answered on November 6, 2022. (ECF No. 239, p. 1) As Plaintiffs' counsel is well aware and their own Exhibit 1 makes clear, on November 6, 2022, Attorney Sulton provided some Requests for Admission responses--but not all. (*See* Exhibit 1: "I am attaching **some** of Plaintiffs' responses" and "I am still trying to confirm some information of the answers.) On November 6, 2022, Attorney Sulton did provide Defendants most of the requested Responses but a total of 108 amended responses remained outstanding. (Declaration of Zellner, ¶ 3 ) It was not until November 15, 2022, that Attorney Schwab provided additional Requests for Admission Responses. (Declaration of Zellner, ¶ 4)

Defendants' Motion to Compel was filed on October 25, 2022, after a series of attempts to get Plaintiffs to amend their Requests for Admission responses beginning on September 21, 2022, as outlined in Defendants' moving brief. (ECF. No. 224, p. 2) Following a meet and confer on

November 3, 2022, Attorney Sulton advised Defendants amended responses to the Requests for Admission would be provided no later than November 5, 2022. (ECF No. 236) As outlined above, Plaintiffs failed to comply with the agreed upon deadline of November 5, 2022. Plaintiffs further failed to respond to the motion to compel on November 7, 2022, as originally ordered by the Court during the status conference on October 31, 2022. Moreover, Plaintiffs failed to comply with the Court's order to address deficiencies to outstanding discovery by November 14, 2022. (ECF Nos. 237 and 238) On the day Plaintiffs response to the motion to compel was due—Plaintiffs finally provided all the requested responses.

Plaintiffs also misrepresent that the issue is moot because they "have admitted or denied each request." (ECF No. 239, p. 2) Plaintiffs did not admit or deny the following Request for Admission Nos: 244-247, 289-292, 298-303, 384-385, 405-406, and 578-580. Plaintiffs misrepresent to the Court that there "are no objections in Plaintiffs' supplemental response" (ECF No. 239, p. 2); in fact, there are objections to Requests for Admission Nos: 244-247, 289-292, 298-303, and 578-580. At this point, those Requests should be deemed admitted.

Plaintiffs argue sanctions are not appropriate because they relied on ECF No. 99 and cannot be penalized for such reliance. (ECF No. 239, p. 3) First, as recognized by the Court in its November 8, 2022, Order "it was clear from the Court's statements on the record that [the Court] intended to follow the limits provided in this district's local rules. And the local rules clearly provide that the interrogatories and requests for admission apply to "any party." (ECF No. 237, pp. 2-3) Moreover the Minute Entry from the October 15, 2021, hearing correctly stated the numbers were "per party." (ECF No. 96)

Second, ECF No. 99 was entered on October 19, 2021, after the Requests for Admission at issue were served and answered. The original responses did not object based on the number of

2

Requests. Moreover, the Court corrected any misunderstanding as to ECF. No. 99 by November 8, 2022. Plaintiffs' argument regarding ECF No. 99 is simply an excuse for deficient Responses they refused to timely amend. Plaintiffs further demonstrate their disingenuous reliance on ECF No. 99 by continuing to object as recent as November 13, 2022, to discovery on the basis "Defendants are beyond the scope of discovery limits" despite clarification from the Court regarding ECF No. 99 on November 8, 2022. (Declaration of Zellner, ¶ 5; Exhibit B) Plaintiffs used the baseless objection to avoid providing a single interrogatory response. *Id.*

This Court should not overlook the fact it took Defendants filing a motion to compel for Plaintiffs to do anything to address wholly deficient Requests for Admission responses. Even then, Plaintiffs failed to comply with the Orders of the Court regarding the deadline to address the deficient discovery responses and responding to Defendants' motion to compel. This case involves very tight deadlines and the Court's September 16, 2022, Order contemplated outstanding discovery requests to be resolved by September 28, 2022. (ECF No. 200) Instead, Plaintiffs provided the amended responses on November 15, 2022—with a discovery deadline of November 18, 2022, and dispositive motions due December 19, 2022.

**Motion to Compel-Interrogatories and Request for Production (ECF. No. 228)**

Plaintiffs contend Defendants' Request for Plaintiffs to identify their "contacts" with law enforcement officers for nearly eight years is overbroad. (ECF No. 239, p. 3) Defendants have requested contacts beginning from January 1, 2015, to the present. The request seeks contacts beginning approximately five years prior to the allegations in the complaint. Plaintiffs have provided no response beyond Plaintiffs acknowledging or denying contact with WPD from October 7-12, 2020. The below are the only two general responses provided by Plaintiffs:

> Interrogatory No. 3: List all contacts that you have had with law enforcement agencies including but not limited to arrests, ordinance violations and warnings. Include the date,

3

location, agency involved, your participation in and the final result of the contact from January 1, 2011 [sic] to the present.

RESPONSE: Objection, as overbroad, uncertain, irrelevant and unintelligible and such that it is made solely to harass, embarrass or intimidate the Plaintiff. For purposes of this case, Plaintiff Andrew Aaron was not arrested in the City of Wauwatosa from October 7 – 12, 2020.

RESPONSE: Objection, as overbroad, uncertain, irrelevant and unintelligible and such that it is made solely to harass, embarrass or intimidate the Plaintiff. As relevant to this matter, I was arrested on October 9, 2020 in the City of Wauwatosa.

The law enforcement contact is relevant to several issues remaining in this case as outlined in Defendant's moving brief. (ECF No. 228, p. 5) The response goes not only to damages (i.e., Plaintiffs claim emotional distress and fear of ongoing targeting by WPD) but also to the source of information used in police reports, citations, and the Protestor List—which Plaintiffs allege was taken from motor vehicle records. (*See* Claims for Relief 2 and 14)

Plaintiffs contend they have fully responded to Defendants Interrogatory No. 10 requesting open records requests made to any agency from October 1, 2020, to present. (ECF No. 239, p. 4) In fact, 66 Plaintiffs[1] made no substantive change to this Interrogatory response. The below response illustrates Plaintiffs' November 2022 amended responses:

> RESPONSE: Plaintiff objects as overbroad, redundant and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously provided to Plaintiff. Responding to such requests and interrogatory is oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff. Literally, all such information sought is in the possession of the Defendant already. All such documents and information will not be produced. I have not requested any open records from the City of Wauwatosa from October 1, 2020 to present.

---

[1] Plaintiff Peter Sparks did disclose his open records requests to the WPD.

Plaintiffs have limited their responses to open records requests made to the City of Wauwatosa rather than to any agency.

Plaintiffs contend they have fully responded to Defendants Interrogatory Nos. 18 and 14 asking Plaintiffs to itemize in detail all expenses or loss of wages that they have incurred. (ECF No. 239, p. 4) Here, 67 Plaintiffs made no substantive change to this Interrogatory response. Plaintiffs continue to "stand by" their objection to this Interrogatory as "ambiguous" despite the Court previously ordering Plaintiffs to "state the grounds for their objection with specificity" and to cure responses to Interrogatories that are neither vague nor ambiguous. (ECF No. 98, ¶3) The below responses are illustrative of Plaintiffs' November 2022 amended responses:

> RESPONSE : Plaintiff objects to this interrogatory as vague, undefined, ambiguous, argumentative overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. While Plaintiffs are currently unaware of all of the potential consequences as a result of Wauwatosa's malicious behavior in targeting WPD's believed political opponents, Plaintiff assert that Wauwatosa's efforts, both in building politically corrupt documents and in distributing it may have ongoing consequences for Plaintiffs'. (Robert Agnew-Interrogatory No. 18 Response)

> RESPONSE: Plaintiff objects to this interrogatory as vague, undefined, ambiguous, argumentative, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is currently unaware of all of the potential consequences as a result of Wauwatosa's malicious behavior in targeting WPD's believed political opponents, Plaintiff assert [sic] that Wauwatosa's efforts, both in building politically corrupt documents and in distributing it may have ongoing consequences for Plaintiffs'. I did miss several days of work, and I am paid $400 per week. (Jackie Bogenberger-Interrogatory No. 18 Response)

> RESPONSE : Plaintiff objects to this interrogatory as vague, undefined, ambiguous, argumentative overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. While Plaintiffs are currently unaware of all of the potential consequences as a result of Wauwatosa's malicious behavior in targeting WPD's believed political opponents, Plaintiff assert that Wauwatosa's efforts, both in building politically corrupt documents and in distributing it may have ongoing consequences for Plaintiffs'. In addition to this, Plaintiff's car was unlawfully towed and she paid to retrieve it. In addition to this, Plaintiff missed full days of work in which she is paid $12.50 per hour. Plaintiff had a 2011 Chevy Equinox and when she retrieved it after her arrest it was significantly damaged. (Carmen Palmer-Interrogatory No. 18 Response)

5

Saying a Plaintiff missed "full days of work" or "several days of work" but failing to at minimum identify the actual number of days missed prevents Defendants from evaluating damages. Likewise, generally stating a "2011 Chevy Equinox" was "significantly damaged" fails to "itemize in detail" damages. Again, the goal of the written discovery is to avoid deposing over 60 Plaintiffs.

Plaintiffs further argue the example provided by Defendants as to Aidali Rivera is based entirely on "something that William Rivera said that he believed" and contends "Aidali Rivera does not have medical bills and accordingly, responded appropriate to Defendants' request." (ECF No. 239, p. 5) Plaintiffs imply, Defendants erroneously relied entirely on what William Rivera said and that Aidali Rivera has no medical bills; however, as counsel for Plaintiffs are well aware, she was transported from the Wauwatosa Police Department to Froedtert Hospital by the Wauwatosa Fire Department. Defense counsel provided counsel the Fire Department records on November 7, 2022, in addition to providing a medical authorization for Froedtert Hospital records which Aidali Rivera has not executed. (Declaration of Zellner, ¶ 6)

There is a difference between supplementing responses as new damages come to light and failing to provide individualized responses identifying actual expenses and loss of wages. Plaintiffs have done the latter. Plaintiffs later argue they "would certainly be unable to introduce documents not provided in response to a request…" (ECF No. 239, p. 5) Defendants are seeking exactly that Order—if an expense or loss wage was not itemized in detail in the response to this Interrogatory—Plaintiffs should be prohibited from arguing related damages.

## CONCLUSION

For the reasons stated herein, and to comport with this Court's orders and the Federal Rules of Civil Procedure, Defendants request this Court grant their motion to compel and for sanctions

against Plaintiffs in addition to the reasonable expenses incurred in making this motion.

Dated at Wauwatosa, Wisconsin this 23rd day of November 2022.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY: */s/ Kiley B. Zellner*
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Email: kbz@wbattys.com