Joseph M. Wirth
Jasmyne M. Baynard
Richard E. Schmidt
Ann C. Wirth
Kiley B. Zellner
Kyle R. Moore
Amanda E. Melrood

*Of Counsel*
Gregg J. Gunta



November 30, 2022

Honorable Nancy Joseph
United States District Court
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

    **RE:**    *Knowlton, et al. v. Wauwatosa, et al.*
               Case No. 20-CV-1660

Dear Judge Joseph:

Please let this letter serve as a response to Plaintiffs' November 29, 2022, letter to the Court. On November 29, 2022, the parties met and conferred regarding outstanding discovery, Attorneys Kimberley Motley and Kate Knowlton appeared for Plaintiffs and I appeared for Defendants. During the meet and confer, I informed counsel I felt it was necessary to bring the lack of discovery responses from Plaintiffs to the Court's attention well in advance of the dispositive motion deadline. The parties agreed a joint letter to the Court was the appropriate procedure to do so. I agreed to draft a joint letter following the meet and confer and to provide it to counsel the same day for their comment and or responses—which I did. The draft letter was filed by Attorney Knowlton. (ECF No. 244-1) I asked Plaintiffs to provide their responses by close of business the following day.

In drafting the letter, I followed the Court's very specific instructions on how the parties were to address discovery disputes going forward. (ECF No. 200)

> Discovery disputes going forward:
>
> 9. Given these deadlines, the parties do not have time to engage in protracted discovery motion practice. For this reason, if a discovery dispute arises, the parties are ordered to directly confer and attempt to resolve the dispute, either by telephone or Zoom. It is not sufficient to merely send an email or letter. If, and only if, after the parties have made at least two attempts to resolve the dispute in good faith, the parties remain unable to reach an accord, the parties are then ordered **to file a joint motion, in the form of a letter**, articulating: (1) the specific discovery request in dispute, (2) when the discovery demand was made, and (3) **each party's position** as to how the discovery demand has or has not

**Milwaukee Office**
**788 N. Jefferson Street, Suite 500**
**Milwaukee, WI 53202-4620**
(414) 225-4060

wbattys.com

**Wauwatosa Office**
**9898 W. Bluemound Road, Suite 2**
**Wauwatosa, WI 53226-4319**
(414) 291-7979

Case 2:20-cv-01660-NJ   Filed 11/30/22   Page 1 of 2   Document 245

been complied with. This joint letter must also include the dates, times, and manners each conference took place, as well as the names of all participants to the conferences. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the discovery motion.

(ECF No. 200, p.3) Rather than respond, Attorney Knowlton unilaterally filed a letter with the Court arguing:

> This draft letter (Exhibit A) does not advise the Court of anything, and no "motion" was ever discussed. Rather, ***it directs Plaintiff Counsel to respond with "positions" that have not been asked for by the Court***; are predicated on outdated inaccuracies, and are simply untimely and futile. ***Grasping at such extrajudicial process (rather than proper motion filing)*** is reductive, inefficient and extremely wasteful. Additionally, the unnecessary adversarial posturing is exhausting. So much time and money has been wasted while Plaintiffs simply want to properly and ethically move forward, working as best as possible to properly comply with all Court directives and schedules.

(ECF No. 244, p.2) Attorney Knowlton is either unaware of the Court's Order on discovery issues moving forward or simply finds it unnecessary to comply with. Equally frustrating is the fact that I attempted to schedule a meet and confer with Plaintiffs' counsel the week of November 15, 2022. Plaintiffs' counsel advised the earliest they could be available was November 23 or 25. In keeping with the Court's Order, I did not unilaterally file a letter with the Court on November 15, 2022, rather I made every attempt to meet and confer and draft a joint letter that very clearly outlined for the Court the discovery issues I was attempting to address. This was unquestionably a complete waste of time based on last night's filing.

I am asking the Court to review the draft letter (ECF No. 244-1) because it makes it very clear that Plaintiffs have not demonstrated a want to "properly and ethically move forward" as they contend. Attorney Knowlton chose not to provide "Plaintiffs' position" on the discovery disputes because there is no argument that their November 13, 2022, objections were in fact proper and not wholly deficient.

Moreover, the discovery at issue was composed to address facts necessary for Defendants' dispositive motion. Those responses should have been provided to Defendants on November 14, 2022, which would have provided sufficient time for review prior to the December 19, 2022, dispositive motion deadline. Defendants do not want the dispositive motion deadline moved; they want the discovery responses now so the deadline can be met. Attorney Knowlton's letter attempts to distract the Court from the very real prejudice that is done to Defendants by Plaintiffs unilaterally selecting December 5, 2022, as their discovery deadline while boldly arguing to the Court, "Plaintiffs have organized prosecution of this case, to fully comply with the scheduling order." They have not, and their conduct should no longer be allowed to prejudice the defense of this case—in fact, this type of conduct should not be allowed in any case.

Respectfully submitted,

*/s/ Kiley B. Zellner*

Kiley B. Zellner