# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, *et al.*,

    Plaintiffs,

    v.                                     Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTIONS TO COMPEL

    Currently pending before me are two motions to compel filed by the defendants in this case. (Docket # 223 and Docket # 227.) For the reasons further explained below, defendants' motions to compel are granted in part and denied in part.

## BACKGROUND

    I held two hearings with the parties, on October 31, 2022 and on November 7, 2022, attempting to resolve the issues raised in the defendants' motions to compel. (Docket # 234 and Docket # 238.) The parties were given until November 14, 2022 to address any outstanding discovery deficiencies, and if the parties remained unable to reach a resolution, the plaintiffs had until November 15, 2022 to file a written response to the motions to compel. (Docket # 237.)

    On November 15, 2022, plaintiffs filed a response, asserting that defendants' motion to compel responses to the requests for admission should be denied as moot, as they were answered partly on November 6, 2022 and completely on November 15, 2022. (Docket # 239 at 1–3.) Plaintiffs further argue that defendants' motion to compel responses to interrogatories

should be denied as moot because: (1) the request regarding plaintiffs' contacts with law enforcement for the past eight years is overbroad; (2) plaintiffs provided a complete response to Interrogatory No. 10 on October 24, 2022; (3) plaintiffs have provided an itemization of lost wages; and (4) plaintiffs have properly responded to the request for Aidali Rivera's medical expenses. (*Id.* at 3–5.) Finally, plaintiffs argue that they have provided all documents in response to defendants' requests for production of documents. (*Id.* at 5.)

On November 23, 2022, defendants filed a reply disputing the plaintiffs' assertions. (Docket # 242.) Although discovery closed on November 18, 2022, it is abundantly clear that the parties have made little progress in resolving these issues. This is further evidenced by the exchange of letters filed with the Court over the last week. On November 29, 2022, plaintiffs requested a conference with the Court to discuss outstanding discovery matters. (Docket # 244.) In this letter, plaintiffs represent that the parties had clarified some issues and that further discovery would be produced by December 5, 2022. (*Id.*) The following day, defendants responded with their own letter effectively stating that plaintiffs are stonewalling the production of discovery. (Docket # 245.) Now today, plaintiffs respond by filing an expedited non-dispositive motion to strike the defendants' letter, stating that it is premature as the parties continue to attempt to resolve the discovery disputes in good faith. (Docket # 248.) It is unclear to me from the most recent letter exchanges exactly which discovery issues from the defendants' two motions to compel have been resolved and which remain outstanding. As such, I will address each of the issues in turn based on the briefing submitted on the two motions.

## ANALYSIS

*1. Motion to Compel Requests for Admission (Docket # 223)*

As to the requests for admission, defendants argue that plaintiffs' responses were inadequate because they either failed to admit or deny the request, made a baseless objection, and/or stated they could not admit or deny based on lack of personal knowledge. (Docket # 224.) In their response to the motion, plaintiffs assert that they "have supplemented their responses and have admitted or denied each request. Since there are no objections in Plaintiffs' supplemental response, the Court can move on from this issue." (Docket # 239 at 2.) Defendants reply that while plaintiffs have now provided responses to all requests to admit, they did not admit or deny Request Nos. 244-247, 289-292, 298-303, 384-385, 405-406, and 578-580, continuing to respond with objections, contrary to plaintiffs' assertion in their response brief. (Docket # 242 at 2.)

Plaintiffs indeed continue to respond to Requests for Admission Nos. 244-247, 289-292, 298-303, 384-385, 405-406, and 578-580 with objections. Request Nos. 244-247, 289-292, 298-303, and 578-580 are a series of questions directed at plaintiffs Joseph Hayes, Sean Kafer, Joey Koepp, and Brandon Wilborn regarding their alleged interactions with law enforcement during a protest on August 14, 2020. By way of example, the requests ask the plaintiffs to admit or deny that they received citations for various offenses related to the August 14, 2020 protest or otherwise acted in an allegedly non-peaceful manner (i.e., blocked streets and obstructed traffic, etc.). (*See, e.g.*, Request Nos. 289, 292, 299, 301, 578.)

All four plaintiffs sue defendants Ratkowski and Roy under the Driver's Privacy Protection Act ("DPPA") (Second and Fourteenth Claims for Relief). In their Fourth Amended Complaint, the plaintiffs allege they were peacefully protesting that day and were

3

not arrested or charged with any crimes. (*See* Fourth Am. Compl. ¶¶ 193–204.) They allege that despite their peaceful protesting, law enforcement gathered and disseminated their personal information, in violation of the DPPA, to create a "Target List" of protestors for the purpose of harassment.

Plaintiffs are reminded that the Federal Rules of Civil Procedure "contemplate liberal discovery, and 'relevancy' under Rule 26 is extremely broad." *Stallings v. Union Pac. R. Co.*, No. 01 C 1056, 2003 WL 21317297, at *6 (N.D. Ill. June 6, 2003), *report and recommendation adopted sub nom. Stalling v. Union Pac. R.R. Co.*, No. 01 C 1056, 2003 WL 21688235 (N.D. Ill. July 17, 2003); *see also Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2021 WL 2915256, at *6 (S.D. Ind. Apr. 19, 2021) ("Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should be allowed' when it pertains to issues raised by the parties' claims.") (internal citations omitted).

Given the broad scope of relevance during discovery, I find that all of these Requests for Admission are relevant. The defendants argue that their use of the plaintiffs' personal information was proper under the DPPA, which provides that "personal information" may be used by law enforcement in carrying out its functions. 18 U.S.C. § 2721(b)(1). (*See* Docket # 190 at 16–17.) Thus, these requests to admit are relevant to their defense. Furthermore, defendants seek to counter plaintiffs' assertion that they were protesting peacefully through these series of questions. As these requests to admit are relevant, the plaintiffs must properly answer them. Plaintiffs will have until **December 5, 2022** to amend their responses. If plaintiffs fail to timely supplement their responses, these requests will be deemed admitted.

Requests for Admission Nos. 384-385 and 405-406 ask plaintiffs Carmen Palmer and Juvenile Male Palmer to admit that on October 8, 2020, "police located several unbroken eggs

inside the red chevy SUV" and that on October 8, 2022, "police located looted items from the Speedway 92 on Burleigh street in the red chevy SUV." For all four of these requests, plaintiffs respond as follows: "Plaintiff lacks the personal knowledge of what 'police located' in 'the red chevy SUV.' Accordingly, Plaintiff cannot admit or deny this request."

Pursuant to Fed. R. Civ. P. 36(a)(4), the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Plaintiffs' objection is improper. Plaintiffs need not have "personal knowledge" (i.e., have been physically present when the police allegedly located the items) to answer these questions. And plaintiffs have failed to include any explanation as to why this request could not be admitted or denied after making reasonable inquiry. Thus, Plaintiffs will have until **December 5, 2022** to amend their responses. If plaintiffs fail to timely supplement their responses, these requests will be deemed admitted.

    2.    *Motion to Compel Interrogatory Responses and Production of Documents (Docket # 227)*

The parties continue to dispute whether plaintiffs have properly responded to: (1) defendants' request regarding plaintiffs' contacts with law enforcement for the past eight years; (2) defendants' Interrogatory No. 10 requesting open records requests made to any agency from October 1, 2020 to present; (3) defendants' Interrogatories Nos. 18 and 14 asking plaintiffs to itemize in detail all expenses or loss of wages that they have incurred; and (4) defendants' request for Aidali Rivera's medical expenses. I will address each in turn.

    2.1    Request Regarding Law Enforcement Contacts

Defendants assert that their original Interrogatory No. 3 asked for: "all contacts that you have had with law enforcement agencies including but not limited to arrests, ordinance

5

Case 2:20-cv-01660-NJ   Filed 12/01/22   Page 5 of 10   Document 249

violations and warnings. Include the date, location, agency involved, your participation in and the result of the contact from January 1, 2011, to the present." (Docket # 228 at 5.) Defendants subsequently narrowed the request as follows: "List all contacts that you have had with law enforcement agencies including but not limited to arrests, ordinance violations and warnings. Include the date, location, agency involved, your participation in and the result of the contact from January 1, 2015, to the present." (*Id.*)

Plaintiffs argue that this request is "plainly overbroad as to both time and scope." (Docket # 239 at 3.) They somewhat cheekily ask, "does every conversation with a police officer in a coffee shop count?" (*Id.*) I think the request is quite clear that defendants are not asking about a conversation with a police officer in a coffee shop. While the request uses the standard language of "including but not limited to," it is clear from the examples given (i.e., arrests, ordinance violations, and warnings) what the request is getting at. And even if plaintiffs believed police contacts dating back to 2015 are too broad, plaintiffs only provided responses for very brief time periods, such as the plaintiff was arrested on October 9, 2020 or the plaintiff was not arrested in the City of Wauwatosa from October 7-12, 2020. (Docket # 242 at 4.) Surely plaintiffs do not think this extremely brief time period is a reasonable scope.

Defendants argue that prior police contacts are relevant to the source of the information that plaintiffs allege was improperly taken from motor vehicle records. (Docket # 242 at 4.) Defendants further argue that prior law enforcement contacts are relevant to plaintiffs' damages claims, specifically to claims of emotional distress and fear of ongoing targeting by law enforcement. Defendants argue that a history of arrests, citations, or similar interactions with law enforcement is relevant to the genuineness of plaintiffs' claims and to evaluate whether the claims are substantially related. (Docket # 228 at 5.)

6

Plaintiffs' concerns with the potential for improper use of character evidence (Docket # 239 at 4) are well-taken. However, just because information is discoverable does not mean that it is ultimately admissible at trial. Accordingly, given the broad scope of relevancy at the discovery stage, plaintiffs' relevancy objection is overruled. Furthermore, I do not find a request dating back to 2015, which is approximately five years prior to the events of the complaint, is overbroad. Thus, plaintiffs are ordered to fully respond to this interrogatory request no later than **December 5, 2022**.

2.2      Interrogatory No. 10 – Open Records Requests

Defendants provided a narrowed Interrogatory No. 10, asking plaintiffs to "Identify each records request that you have made including open records and FOIA to any agency from October 1, 2020 to present." (Docket # 228 at 6.) Plaintiffs argue that they have fully responded to this request, stating that Plaintiff Peter Sparks is the only plaintiff who has submitted an open records request. (Docket # 239 at 4.) Defendants acknowledge that Sparks disclosed his open records request. (Docket # 242 at 4.) Defendants have put forth no evidence that plaintiffs are concealing further open records requests. As such, I take plaintiffs at their word that only Plaintiff Sparks made an open records request. This response has been fully complied with, so the motion to compel is denied.

2.3      Interrogatories Nos. 18 and 14 – Itemization of Damages

Defendants requested plaintiffs itemize "in detail all expenses or loss of wages that you have incurred regarding the allegations contained in your Complaint." (Docket # 228 at 7.) Plaintiffs respond that the request is ambiguous, but they have answered to the best of their ability. (Docket # 239 at 4–5.) A common sense reading of this interrogatory is that defendants want plaintiffs to itemize their damages. This could include lost wages, damage

7

to property, medical treatment, etc. that allegedly resulted from defendants' improper actions as alleged in the complaint. This should not be an unreasonable task.

Plaintiffs contend that: "As the Court is well aware, requests such as this are frequently supplemented as parties remember or learn of new damages." (Docket # 239 at 5.) This case has been pending for two years. Itemization of damages is vitally important to both parties. For the defendants, it allows them to properly prepare a defense and evaluate potential settlement options. For the plaintiffs, they will need to prove up their damages at trial, so it behooves them to have gathered this information.

Thus, it is wholly insufficient to state that a "Plaintiff missed full days of work in which she is paid $12.50/hour" or that her "2011 Chevy Equinox was significantly damaged." (Docket # 242 at 5.) Plaintiffs must do the math when it comes to the total of lost wages, otherwise we will be guessing as to what "full days" mean in that specific plaintiff's situation. And "significant damage" is meaningless. Was the vehicle taken to a repair shop for an estimate? Were repairs made? I will not go through and evaluate each and every one of the plaintiffs' allegedly insufficient responses; to the extent plaintiffs have failed to itemize their damages, they must do so completely, no later than **December 5, 2022**. If a damage is not itemized in the supplemental response, plaintiffs may be prohibited from presenting that evidence at trial.

### 2.4 Aidali Rivera's Medical Expenses

Defendants asked Plaintiff Aidali Rivera to itemize her damages, including expenses, lost wages, and medical expenses. (Docket # 228 at 8.) Plaintiffs assert that Aidali Rivera does not have any medical bills. (Docket # 239 at 5.) Given plaintiffs' response, it appears

8

Case 2:20-cv-01660-NJ   Filed 12/01/22   Page 8 of 10   Document 249

Aidali Rivera is not claiming damages due to medical treatment. Thus, the motion to compel as to this issue is now moot.

    3.    *Sanctions*

Defendants request sanctions for plaintiffs' discovery deficiencies. I decline to award any further monetary sanctions at this time. However, plaintiffs have been warned that failure to fully comply with this Order may result in certain discovery sanctions, such as the Requests for Admission being deemed admitted and/or the prohibition of the use of certain evidence at trial. Additionally, the parties are reminded that they cannot unilaterally change the discovery deadlines. Discovery closed on November 18, 2022; thus, it is unclear why plaintiffs have now agreed to produce certain discovery by December 5. The discovery should have been produced by November 18. With the dispositive motion deadline looming on December 18, and with discovery already being untimely produced, this new deadline of December 5 to remedy the outstanding deficiencies is very generous and will not be amended, either by one or both parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motions to compel (Docket # 223 and Docket # 227) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to strike (Docket # 248) is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of December, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge