UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | | |
|---|---|---|---|
| Kathryn Knowlton, *et al.*, | | | |
| | Plaintiffs, | Case No. 20-CV-1660 | |
| v. | | **MINUTE SHEET** | |
| City of Wauwatosa, *et al.*, | | | |
| | Defendants. | | |

**Hon. Nancy Joseph, presiding.**  **Deputy Clerk:** Evan Romel

**Type of Proceeding:** STATUS CONFERENCE

**Date:** December 7, 2022, at 9:00 AM  **Court Reporter:** Zoom Audio

**Time Commenced:** 9:03 AM  **Time Concluded:** 9:32 AM

**Appearances:**  **Plaintiff:** Kimberly Motley, Kathryn Knowlton

  **Defendant:** Kiley Zellner

**Comments:**

Parties discuss the issues of medical authorizations and client privacy.
Plaintiff has concerns over who has access to medical records at the City of Wauwatosa.

As to the production of plaintiffs' medical records, the Court makes the following Order:

- the medical records at issue shall be designated attorneys' eyes only;
- the attorneys' eyes only designation does not, however, preclude defense counsel from discussing the contents of the records with their clients for purposes of preparing a defense and/or evaluating damages;
- should it become necessary for a party to view a physical document, defense counsel is to bring the request to the Court's attention and explain which individual needs to see the document and the reason for that individual needing to see the document.

The parties also discuss the issue raised in Attorney Zellner's letter regarding production of documents plaintiffs received in response to third-party subpoenas issued by plaintiffs.

As to the production of documents received in response to third-party subpoenas, the Court makes the following Order:

- Plaintiffs will immediately produce to defense counsel any and all documents they have received in response to a third-party subpoena issued by the plaintiffs, whether or not plaintiffs believe the documents are properly responsive to the request;
- Plaintiffs will produce to defense counsel any further documents received in response to a third-party subpoena within two (2) days of receiving the documents;

- Documents produced to defense counsel in response to a third-party subpoena shall be designated attorneys' eyes only;
- the attorneys' eyes only designation does not, however, preclude defense counsel from discussing the contents of the documents with their clients for purposes of preparing a defense and/or evaluating damages;
- should it become necessary for a party to view a physical document, defense counsel is to bring the request to the Court's attention and explain which individual needs to see the document and the reason for that individual needing to see the document.
- This order applies with equal force to a third-party subpoena issued by the defendants.

Finally, Attorney Motley raised the issue of employer releases; however, Attorney Knowlton indicated that plaintiffs had not yet conferred with Attorney Zellner. Accordingly, no further discussion was had on the matter and the Court did not address it.