IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

KATHRYN KNOWLTON, *et al*.,

                Plaintiffs,

v.                                                        Case No. 20 CV 01660

CITY OF WAUWATOSA, *et al*.,

                Defendants.
_____

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE DECLARATION OF ATTORNEY KIMBERLEY CY. MOTLEY, EXHIBITS, AND CORRESPONDING PROPOSED FACTS**
_____

      Attorney Kimberley Cy. Motley filed a declaration in support of plaintiffs' motion for partial summary judgment. (ECF No. 269-1) Substantial portions of her declaration are improper under Fed. R. Civ. Pro. 56(c)(4) and should be stricken. Attorney Motley also attached deposition transcripts as exhibits to her declaration which are not authenticated because the certification pages are unsigned. (ECF No. 269-1, ¶¶ 6, 11; ECF No. 272-2; and ECF No. 272-7) Those deposition transcripts should also be stricken. The corresponding proposed facts supported by those improper portions of the declaration and transcripts must also be stricken. (ECF No. 271, Plaintiffs Proposed Facts ## 1, 2, 5-7, 11, 14-19, 23, 24, 27-52)

**I.    PORTIONS OF ATTORNEY MOTLEY'S DECLARATION NOT BASED ON PERSONAL KNOWLEDGE SHOULD BE STRICKEN.**

      Attorney Motley's declaration contains at least 19 separate paragraphs which are not based on personal knowledge. (ECF No. 269-1, ¶¶ 2, 3, 5-17, and 19-23) Attorney Motley has no personal knowledge and does not attest to personal knowledge of any of the documents she attached to her declaration. (ECF No. 269-1, ¶¶ 4-17, and 19-23) The portions of her declaration, which are not based on personal knowledge, should be stricken. The corresponding proposed

1

facts supported by those improper portions of the declaration must also be stricken. (ECF No. 271, Plaintiffs Proposed Facts ## 1, 2, 5-7, 11, 14-19, 23, 24, 27-52)

Federal Rule of Civil Procedure 56(e) provides for the requirements for an affidavit submitted in support of a motion for summary judgment. That rule provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith ...

Admissibility of an affidavit submitted on summary judgment is an evidentiary question governed by federal law. *Guarantee Trust Life Ins. Co. v. Wood*, 631 F.Supp. 15 (N.D.Ga.1984). Statements supporting a party's position on summary judgment which based on hearsay rather than personal knowledge are not permissible in a Rule 56(e) affidavit. *Randle v. LaSalle Telecommunications, Inc.,* 876 F.2d 563, 570 n. 4 (7th Cir.1989).

Otherwise unauthenticated documents filed as addenda to a summary judgment motion constitute inadmissible hearsay which the court may not properly consider as evidence on summary judgment. *Martz v. Union Labor Life Ins. Co*., 757 F.2d 135 (7th Cir.1985). Affidavits submitted on a Rule 56 summary judgment motion based on documents or reports received by the affiants, but about which the affiants have no personal knowledge, contain inadmissible hearsay. *Friedel v. City of Madison*, 832 F.2d 965 (7th Cir.1987). Moreover, affidavits of attorneys who lack personal knowledge of information related in supporting documentation are not entitled to consideration on a summary judgment motion. *Price v. Rochford,* 947 F.2d 829, 832–33 (7th Cir.1991)*; Visser v. Packer Engineering Assoc., Inc.,* 924 F.2d 655, 659 (7th Cir.1991)*; Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir.1989) *Friedel,* 832 F.2d, at 969–71*; First Nat'l Bank Co. v. Insurance Co. of North America,* 606 F.2d 760, 766 (7th

2

Cir.1979).

Attorney Motley's declaration, and the documents attached to it, fall squarely within the category of inadmissible hearsay prohibited in an affidavit under Rule 56(e). Attorney Motley describes no personal knowledge, nor does she describe any other way she is otherwise competent to testify about their contents. The origin, contents, and significance of these documents are not discussed in her declaration, or how they were generated or kept. Attorney Motley, therefore, cannot authenticate those documents.

A court properly should grant a motion to strike a declaration that does not meet the requirements of Rule 56(e). *See, e.g., Friedel,* 832 F.2d at 970–71*; Martz v. Union Labor Life Ins. Co.,* 757 F.2d at 138. Accordingly, defendants' motion to strike portions of the declaration of Attorney Motley and corresponding exhibits should be granted.

## II. DEPOSITION TRANSCRIPTS WITHOUT THE COURT REPORTER'S SIGNED CERTIFICATION SHOULD BE EXCLUDED.

Defendants further contest the admissibility of Exhibits 2 and 9 (deposition transcripts) on the basis that they are not authenticated because the certification pages are unsigned. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (deposition transcript not properly authenticated without reporter's certification, and therefore inadmissible) (*citing* FRE 901(b); FRCP 56(e) and 30(f)(1))*.*; *Chao v. Westside Drywall, Inc.,* 709 F. Supp. 2d 1037, 1051 (D. Or. 2010) ("Deposition excerpts submitted without the court reporter's signed certification are properly excluded at the summary judgment stage."); *Peterson v. Mickles*, No. 3:17-CV-01702-IM, 2020 WL 214749, at *4 (D. Or. Jan. 14, 2020) (Deposition excerpts submitted without the court reporter's signed certification are properly excluded at the summary judgment stage." (emphasis added) (citing *Orr*, 285 F.3d at 774)).

Certification of a deposition is not a trivial function. The process is expressly delineated

3

in the Federal Rules of Civil Procedure. A court reporter is typically the officer appointed or designated under Rule 28 and must begin the deposition with an on-the-record statement that includes the court reporter's name and business address, the date, time and place of the deposition, the deponent's name, the court reporter's administration of the oath or affirmation to the deponent, and the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A). The court reporter is charged with ensuring that the deponent's and the attorney's appearance or demeanor is not distorted through recording techniques. Fed. R. Civ. P. 30(b)(5)(B). The court reporter also manages the review and edits to the transcript. Fed. R. Civ. P. 30(e). After the deposition, the court reporter certifies in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f). That certificate must accompany the record of the deposition, and the officer must seal the deposition in an envelope or package with a marking of the deponent's name and send it to the deposing attorney. *Id.* The court reporter also retains the stenographic notes of the deposition or a copy of the recording of a deposition. Fed. R. Civ. P. 30(f)(3). These procedures are designed to ensure that a neutral individual administers the oath and that the deposition is an accurate reflection of the witness's testimony. The Federal Rules do not put the onus on the parties, as interested participants, to ensure the integrity of the proceeding. Rule 28(c) expressly disqualifies an attorney for the parties to qualify as an officer under Rule 28. Rather, it is the court reporter, as the designated Rule 28 officer, that is charged with affirming the accuracy of any method used to memorialize the deposition testimony.

In the summary judgment context, authentication of a deposition or portion thereof requires "the names of the deponent and the action and ... the reporter's certification that the deposition is a true record of the testimony of the deponent." *Orr*, 285 F.3d at 774 (citations and

4

footnote omitted); *see also* Fed. R. Civ. P. 30(f)(1) ("The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony."). Here, attorney Motley's declaration represents only that she "reviewed several documents that are attached as exhibits to this Declaration." (ECF No. 269-1, ¶ 4) But "[i]t is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy' " (*Orr*, 285 F.3d at 774) and plaintiffs failed to even do that much. Because these deposition transcripts have unsigned certification pages, they are unauthenticated and therefore inadmissible in the summary judgment context. The corresponding proposed facts supported by those transcripts must also be stricken. (ECF No. 271, Plaintiffs Proposed Facts ## 1, 2, 5-7, 11, 14-19, 23, 24, 27-52)

## CONCLUSION

In summary, paragraphs 2-17, and 19-23 of Attorney Motley's declaration should be stricken because they are not based on personal knowledge, in violation of Federal Rule of Civil Procedure 56(c)(4). Additionally, Exhibits 2 and 9—with unsigned certification pages—are unauthenticated and therefore are inadmissible in the summary judgment context. Likewise, the corresponding proposed facts supported by those improper portions of the declaration and exhibits must also be stricken.

Dated this 18th day of January 2023.

                              **WIRTH + BAYNARD**
                              Attorneys for Defendants

BY: */s/ Kiley B. Zellner*
      Kiley B. Zellner, WI Bar No. 1056806
      9898 W. Bluemound Road, Suite 2
      Wauwatosa, Wisconsin 53226
      T: (414) 291-7979 / F: (414) 291-7960
      Email: kbz@wbattys.com