_____

KATHRYN KNOWLTON, *et al*.,

      Plaintiffs,

v.             Case No. 20 CV 01660

CITY OF WAUWATOSA, *et al*.,

      Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

_____

Defendants City of Wauwatosa, Dennis McBride, Jeffrey Farina, Dominick Ratkowski, and Joseph Roy by their attorneys, Wirth + Baynard, submit the following Response to Plaintiffs' Proposed Findings of Fact in support of their Motion for Partial Summary Judgment.

1.   On October 6, 2020 Dominick Ratkowski sent Christian Berges, a Data Analyst who works at Marquette University, the list of protestors which he referred to as the TPR Target List hereinafter ("Target List"). *See* DF Bates 25052 (Exhibit 5 – Ratkowski Email to Christian Berges)

   **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

   **Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Defendant does not dispute sending the email to Christian Berges, a Data Analyst who works at Marquette University or that the subject line was "TPR target list." (ECF No. 272-3) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

2.   Dominick Ratkowski knowingly obtained "personal information" and "highly personal information" as defined by the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §2721 of the Forty-eight Plaintiffs whom he put on the Target List ("Target List Plaintiffs") which included Plaintiffs DOT pictures, dates of birth, gender, race, and addresses from their motor vehicle records. (Exhibit #1 Target List). (Exhibit 9 - Deposition of Dominick Ratkowski 7/27/21 pg. 42, 48, 51)

1

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 9) is not properly authenticated and therefore inadmissible under** *Orr v. Bank. Of Am. NT & SA***, 284 F.3d 764 (9th Cir. 2002).** *See* **Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**Further, Defendants dispute Plaintiff's quotation and interpretation of the deposition testimony is complete and/or accurate in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56. Defendant Ratkowski testified he used DMV records to get Mariah Smith's address (ECF No. 272-7, p. 42) and her DOT photo (***Id.* **at 48). He further testified regarding all the DOT photos as follows:**

> **Q.** **Okay. And so that's how you did it for all the DOT pictures that are on here. You copied it from the DOT website or the internal database and then pasted it and then you put it on, you know, in this protest -- in this list?**
> **A.** **Correct.**

**(***Id.* **at 51) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

3.  The forty-eight Target List Plaintiffs whose personal information was put on the Target List are: Andrew Aaron, Robert Agnew, Kamila Ahmed, Isiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Khalil Coleman, Tahudah Cole, Taleavia Cole, Tracy Cole, Steven Conklin, Lauren Cross, Erik Fanning, Jessica Fenner, Breon Foster, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, Joseph Koepp, John Larry, Alex Larson, Sonora Larson, Van Mayes, Molly Nilssen, Shawn Page, Carmen Palmer, D.P., C.P., Oscar Concepcion Rodriguez, Rosalind Rogers, Madeline Schiweitzer, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Gabriella Vitucci, Tristiana Walls, Oscar Walton, Jayden Welch, Britta Welch, Brandon Wilborn, Trisha Wilson, and Kathelyn Wojnar. (Exhibit #1 Target List).

**RESPONSE: Undisputed if the following substitutions are made:**

- **"Lauryn Cross" is substituted for "Lauren Cross";**
- **"Vaun Mayes" is substituted for "Van Mayes";**
- **"Madeleine Schweitzer" is substituted for "Madeline Schiweitzer";**
- **"Briitta Welch" is substituted for "Britta Welch";**
- **"Katelyn Wojnar" is substituted for "Kathelyn Wojnar";**
- **"Kamila Ahamed" is substituted for "Kamila Ahmed";**
- **"Gaige Grosskruetz" is substituted for "Gaige Grosskreutz"**
- **"Eric Fanning" is substituted for "Erik Fanning"**

**(ECF No. 270-1, p.p. 6, 10, 11, 19)**

2

Regarding the substituted names: Katelyn Wojnar, Madeleine Schweitzer, Lauryn Cross, Briitta Welch, Kamila S. Ahamed, Gaige Grosskreutz, and Eric Fanning the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement because none are named Plaintiffs in the Second Claim for Relief. (See ECF No. 155, p. 107) Regardless, this proposed fact does not preclude summary judgment in favor of the Defendant.

4.      Ratkowski, created the Target List on his own and no one instructed him to create the Target List ((Exhibit 6 - Deposition of Dominick Ratkowski 6/23 – pg. 82)

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 9) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**Further object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

5.      The pictures on the left of the Target List were obtained from Plaintiffs DOT records. (Exhibit 9 - Deposition of Dominick Ratkowski 7/27/21 pg. 51)

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 9) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**Further, in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of Defendant's testimony. Defendant Ratkowski testified as follows:**

> **Q.      Okay. And so that's how you did it for all the DOT pictures that are on here. You copied it from the DOT website or the internal database and then pasted it and then you put it on, you know, in this protest -- in this list?**
> **A.      Correct.**
> **Q.      Okay. All righty. And just to be clear, where did you get my picture from?**
> **A.      I believe a Google search.**
> **Q.      Okay. You believe?**
> **A.      It appears to be a Google search.**

**(ECF No. 272-7, p.p. 51-52) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

3

6.     Dominick Ratkowski did not have the written consent of any of the 48 Plaintiffs to disclose their personal information from their motor vehicle records. (Exhibit 9 - Deposition of Dominick Ratkowski 7/27/21 pg. 101)

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 9) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**Further, in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not an accurate reflection of Defendant's testimony. Defendant Ratkowski testified as follows:**

> **Q.     Okay. Did you ask anybody any this list -- did you get anyone's -- any person on this list their permission to give their personal information to any third party entity or business?**
> **A.     No.**

**(ECF No. 272-7, p. 101) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Regardless, even if the Court accepts this fact for purposes of summary judgement, Defendant does not dispute he did not have the written consent of the Plaintiffs to disclose their personal information. *Id.* Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

7.     Being put on the target list did not require a person to have been violent nor did it require that they had potentially committed a crime. (Exhibit 6 - Deposition of Dominick Ratkowski 6/23/21 pg. 83).

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

8.     Being put on the Target List was based on "mere affiliation with a protest" and that Plaintiffs were put on it "simply based on affiliation." (Exhibit 6 - Deposition of Dominick Ratkowski 6/23/21 pg. 83).

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

9.     Dominick Ratkowski did not put any people on the Target List affiliated with "Whites for Wauwatosa" or any "pro-Trump/right wing extremists." (Exhibit 6 - Deposition of Dominick Ratkowski 6/23/21 pg. 82 - 83).

4

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not an accurate reflection of Defendant's testimony. Defendant Ratkowski testified as follows:**

> **Q.** **How many protester lists does the City of Wauwatosa--have you generated in the last year?**
>
> **A.** **One.**
>
> **Q.** **Just this one?**
>
> **A.** **Yes.**
>
> **Q.** **None related to Whites for Wauwatosa?**
>
> **A.** **No. The reason behind that is because we don't have any active protests besides one. And, typically, pro-Trump/right-wing extremist, don't go on social media.**

**(ECF No. 272-4, p.p. 82-83) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

10.     Dominick Ratkowski gave the Target List to the Milwaukee Police Department and the FBI. (Exhibit 6 - Deposition of Dominick Ratkowski 6/23/21 pg. 102).

   **RESPONSE: Undisputed. This proposed fact does not preclude summary judgment in favor of the Defendant.**

11.     Dominick Ratkowski gave the Target List 10 to 12 different agencies. In addition to sharing it with the FBI and the MPD that he shared it with the "Milwaukee County Sheriff, Marquette University, Oak Creek, Racine Police Department, Racine Sheriff's, Greenfield Police Department, Brookfield" the "Burlington Police Department" and the "Milwaukee District Attorney's Office" (Exhibit 9 - Deposition of Dominick Ratkowski 7/26/21 pg. 28 and 29).

   **RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 9) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

   **To the extent the Court considers the fact: undisputed that Dominick Ratkowski provided the list to individuals with the following law enforcement agencies: the Wauwatosa Police Department, the FBI, the Milwaukee Police Department, Milwaukee County Sherriff's Office, Marquette University crime analyst, Oak Creek Police Department analyst, Racine Police Department, Racine Sherriff's Office, Greenfield Police Department, Brookfield Police Department, City of West Allis Police Department, and Burlington Police Department, and the Milwaukee County District Attorney's Office. (ECF No. 258, ¶ 16) This proposed fact does not preclude summary judgment in favor of the Defendant.**

5

12. Eighteen (18) Wauwatosa Police Officers, fourteen (14) Wauwatosa city employees, and thirty-four (34) other persons who do not work for Wauwatosa, including three (3) persons who work for the FBI and no one who works for the Kenosha Police Department, received or had access the Target List. (Exhibit 17 - 072621 Defendant Ratkowski Response to Interrogatory No. 1); (Exhibit 16 - 12/5/22 - Jeffrey Farina Response to PL 2nd Set of Interrogatories served on June 26, 2021, Interrogatory No. 1.)

**RESPONSE: Undisputed. This proposed fact does not preclude summary judgment in favor of the Defendant.**

13. Ratkowski was the only person who could add people to the Target List. (Deposition of Dominick Ratkowski, p. 101 & 102– 6/23).

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

14. Adam Behnke did not make a request for the Target List any time prior to Ratkowski sending it to him on 7/13/20. (Exhibit 15 – 07/13/20 Ratkowski email to Behnke)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Ratkowski does not dispute he provided the list to Adam Behnke by email. (ECF No. 272-13) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

15. Brian Conte did not make a request for the Target List any time prior to Ratkowski sending it to him on 9/24/20. (Exhibit 10 – 09/24/20 Ratkowski email to Conte)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Ratkowski does not dispute he provided the list to Brian Conte by email. (ECF No. 272-8) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

6

16.     Jodi Borchardt and Rachel Seils did not make a request for the Target List any time prior to Ratkowski sending it to them on 11/10/20. (Exhibit 7 – 11/10/20 Ratkowski email to Borchardt and Seils).

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Defendant does not dispute he provided the list to Jodi Borchardt and Rachel Seils by email to help in identifying people who caused a disruption at a school board meeting. (ECF No. 272-5) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

17.     Andrew Willis and Susan Conley did not make a request for the Target List any time prior to Ratkowski sending it to them on 11/10/20. (Exhibit 11 – 11/10/20 Ratkowski email to Willis and Conley).

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Defendant does not dispute he provided the list to Andrew Willis and Susan Conley by email to help in identifying people who caused a disruption at a school board meeting. (ECF No. 272-9) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

18.     On 11/10/2020 Defendant Ratkowski disclosed the Target List unsolicited, and referred to it as a "***list of known People's Revolution Members***" to Jodi Borchardt and Rachel Seils. (Exhibit 7 – 11/10/20 Ratkowski email to Borchardt and Seils).

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to being "unsolicited." Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Defendant does not**

7

dispute he provided the list to Jodi Borchardt and Rachel Seils by email to help in identifying people who caused a disruption at a school board meeting or that he referred to it as a "list of known People's Revolution Members." (ECF No. 272-5) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

19. On 11/10/2020 Defendant Ratkowski disclosed the Target List unsolicited, and referred to it as a "***list of known People's Revolution Members***" to Andrew Willis and Susan Conley. . (Exhibit 11 – 11/10/20 Ratkowski email to Willis and Conley).

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to being "unsolicited." Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Defendant does not dispute he provided the list to Andrew Willis and Susan Conley by email to help in identifying people who caused a disruption at a school board meeting or that he referred to it as a "list of known People's Revolution Members." (ECF No. 272-9) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

20. On January 7, 2021 Defendant Joseph Roy released documents that contained the personal information of the of the following 49 Plaintiffs hereinafter referred to as "49 Plaintiffs" in response to open records requests, Andrew Aaron, Kamila Ahmed, Robert Agnew, Isiah Baldwin, Jacqueline Bogenberger, Rebecca Burrell (Wigley), Raine Cich, Khalil Coleman, Taleavia Cole, Steven Conklin, Anne Delessio-Parson, Rachel Dulay, Erik Fanning, Jill Ferguson, Breon Foster, Joanna Geisler, Joseph Hayes, Destiney Jones, Adante Jordan, Mary Kachelski, Sean Kafer, Kathryn Knowlton, Joseph Koepp, John Larry, Alex Larson, Sonora Larson, Lazarito Mathieu, Van Mayes, Dana McCormick, Molly Nilssen, Carmen Palmer, C.P., D.P., Leah Porter, William Rivera, Hector Rodriguez, Rosalind Rogers, Nathan Sabel, William Schroeder, Mariah Smith, Peter Sparks, Angel Vega, Christina Vitolo-Haddad, Gabriella Vitucci, Jayden Welch, Suzanne Wells, Brandon Wilborn, Katelyn Wojnar, and Sonja Worthy. ((See Exhibit 3 - 1/7/21 Citations Disclosed by Joseph Roy) (Exhibit 4 - 1/7/21 Police Reports Disclosed by Joseph Roy)

**RESPONSE: Undisputed if the following substitutions are made:**

- **"Kamila Ahamed" is substituted for "Kamila Ahmed";**
- **"Isaiah Baldwin" is substituted for "Isiah Baldwin";**
- **"Eric Fanning" is substituted for "Erik Fanning";**
- **"Lazarito Matheu" is substituted for "Lazarito Mathieu";**

**(ECF No. 270-3, pp. 4-6, 9, 16 and ECF No. 270-5, pp. 12, 15, 20, 28)**

**Regarding the substituted names: Kamila Ahamed, Isaiah Baldwin, Eric**

8

**Fanning, and Lazarito Matheu the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement because none are named Plaintiffs in the Fourteenth Claim for Relief. (*See* ECF No. 155, p. 132) Regardless, this proposed fact does not preclude summary judgment in favor of the Defendant.**

21.    Defendant Roy on January 7, 2021 Joseph Roy wrote in his email where he provided the unredacted documents and videos that, "in response to your records request made pursuant to the provisions of the Wisconsin Public Records Law, Wis Stat §§19.31-39. The public policy in Wisconsin is to provide the public the greatest amount of access possible to public records. Wis. Stat § 19.31. The general presumption is that public records are open to the public unless there is a clear statutory or common law exception. If there is no statutory or common law exception, the custodian must "decide whether the strong presumption favoring access and disclosure is overcome by some even stronger public policy favoring limited access or nondisclosure" *Hempel v. City of Baraboo*, 2005 WI 120, 284 Wis2d 162, 699 NW2d 551. This decision is also commonly referred to as the "balancing test," under Wis Stat §19.35(1)(a). Notwithstanding the presumption of openness, the public's right to access public records is not absolute. *Journal/Sentinel v. Aagerup*, 145 Wis. 2d 818, 429 N.W.2d 772 (Ct. App. 1988)." (See Exhibit 8 – January 7, 2021 Joseph Roy Open Records Email)

       **RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

22.    Defendant Roy Pursuant to an email sent on January 7, 2021 Joseph Roy wrote in his email that, the Dropbox link "contains all of the Wauwatosa Police Department police reports, citations, as well as our squad and body camera video, responsive to your request. Further, it contains the video and reports produced by agencies that assisted us during the emergency declaration period of October of 2020, that our in our possession as of today's date." (See Exhibit 8 – January 7, 2021 Joseph Roy Open Records Email)

       **RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

23.    On January 7, 2021 Joseph Roy provided unredacted documents containing the personal information from motor vehicle records of 49 Plaintiffs and wrote, "The documents and videos are being provided to you unredacted." (See Exhibit 8 – January 7, 2021 Joseph Roy Open Records Email) (Exhibit 2 - Joseph Roy Deposition 7/26/21 – p.118 & 119)

9

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to "documents containing the personal information from motor vehicle records of 49 Plaintiffs." (See 272-2, p. 118-119) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Defendant does not dispute the email stated: "The documents and videos are being provided to you unredacted." (ECF No. 272-6 at 1) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

24.   On January 7, 2021 Joseph Roy disclosed by email unredacted videos and documents including personal information from motor vehicle records of 49 Plaintiffs to sixteen persons with email addresses of tony.aria@tmj4.com, blodestone@gmail.com, Lezlie.Johnson@tmj4.com, hmintz@wisn.com, colleenmariehenry@hotmail.com, eschneider@nexushelps.com, peteasparks@gmail.com, bryan.polcyn@FOX.com, mcollins@aclu-wi.org, swaleslaw@gmail.com, mthomsen@gtwlawyers.com, dmorganadams@gmail.com, bgutenschwager@gmail.com, jfg@hallingcayo.com, isiah@wisconsinexaminer.com, and kmotley@mtoleylegal.com (Exhibit 8 – January 7, 2021 Joseph Roy Open Records Email) (Exhibit 2 – Deposition of Joseph Roy on 7/26/21 – p. 118)

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to "videos and documents including personal information from motor vehicle records of 49 Plaintiffs." (See 272-2, p. 118) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Subject to the objections, Defendant does not dispute the email address recipients of the January 7, 2021, email from Joseph Roy. (ECF No. 272-6) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

25.   Plaintiffs' personal information from the motor vehicle records which included their names, phone numbers, addresses, driver's license identification numbers, dates of birth, weight, height, eye color, race, sex, and hair color was disclosed to no fewer than sixteen (16) members of the public in January of 2021 which included (See Exhibit 3 - 1/7/21 Citations Disclosed by Joseph Roy) (Exhibit 4 - 1/7/21 Police Reports Disclosed by Joseph Roy)

10

**RESPONSE: Objection.** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to "personal information from the motor vehicle records" (*See* 270-5 and 270-3) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Subject to the objection, Defendant does not dispute the email address recipients of the January 7, 2021, email from Joseph Roy with a Dropbox link to documents. (ECF No. 272-6) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

26.     The method of disclosure by Defendant Roy was by email containing a drop box link. (Exhibit 8 – January 7, 2021 Joseph Roy Open Records Email)

**RESPONSE: Undisputed. This proposed fact does not preclude summary judgment in favor of the Defendant.**

27.     There was no one above Defendant Roy who needed to approve the information being released. (Exhibit 2 – 7/26/21 Deposition of Joseph Roy– p. 121).

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

To the extent the Court considers the fact: object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

28.     Defendant Roy did not have the express consent from any of the 49 Plaintiffs to disclose their personal information or their highly personal information obtained from their motor vehicle records. (Exhibit 2 –7/26/21 Deposition of Joseph Roy– p. 127).

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to "personal information or their highly personal information obtained from their motor vehicle records" Defendant Roy testified as follows:

Q.     Do you recall if anyone gave you permission to release their personal information to the public?

A.     The information that I released to the public is in accordance with the law

11

> to the best of my knowledge.
>
> Q. **Do you recall receiving anything, their expressed consent for you to release any of those people personal information?**
>
> A. **Again, the information I released to the public in accordance with the law to the best of my knowledge.**
>
> Q. **My question is, do you recall receiving any of the people that I named their express consent to release their personal information to the public?**
>
> A. **I don't recall asking for their consent.**
>
> Q. **Thank you. Do you recall, for any people that I named, getting their expressed consent to release any of their highly restricted personal information?**
>
> A. **I didn't release any of their highly restricted information.**

**(ECF No. 272-2, 127) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

29. Defendant Roy knew that info contained in the disclosure for January 7, 2021 contained personal info from driver's license records. Came from DOT records or citations that the addresses and driver's license numbers are "two pieces of information (that) are retrieved through a person's driver's license record." (Exhibit 2 – 7/26/21 Deposition of Joseph Roy– pg. 104 & 105)

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

**To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials as to "Defendant Roy knew that info contained in the disclosure for January 7, 2021, contained personal info from driver's license records. Came from DOT records." (*See* 272-2, p.p. 104-105) Defendant Roy was being asked specifically about a ticket for Ms. Bogenberger and testified as follows:**

> Q. **Okay. And with regards to this ticket Exhibit No. 4, there is Ms. Bogenberger's home address, right?**
>
> A. **Mm-hmm.**
>
> Q. **There's her --**
>
> A. **Yes. Sorry.**
>
> Q. **There's her driver's license identification card number?**
>
> A. **Yes.**
>
> Q. **Those two pieces of information are retrieved through a person's driver's license record, correct?**
>
> A. **Correct.**
>
> Q. **Okay. And that's, typically, something that the person at the station does after a person is arrested?**

12

**A.** This system will auto fill the information from the DOT record. The two systems -- the two computer systems talk to each other. So an officer is going to – when they arrest Jacqueline Bogenberger, they are going to run her driver's file and also check for wants and of warrants to make sure that Ms. Bogenberger wasn't wanted for some sort of criminal violation, municipal violations, something like that. When they run, and run, that means put them through the system. That system we just went through, that DOT system, when they run them that's – that software captures that information and imports it into this software. So it's up to the officer to verify that the information is correct, but it is auto-filled, if you will, from the DOT.

*Id.* Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

30.  Defendant Roy knew that the personal information found on citations comes from the DOT. (Exhibit 2 – 7/26/21 Deposition of Joseph Roy, pg. 105)

    **RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

    **To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

31.  Defendant Roy knew that biographical information typically found on citations and reports is routinely found in DMV records. (Exhibit 2 - 7/26/21 Deposition of Joseph Roy, pg. 95)

    **RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

    **To the extent the Court considers the fact: the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Defendant does not dispute biographical information typically found on citations and reports is routinely found in DMV records. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

32.  Defendant Roy knew that a home address should be protected from public disclosure. (Exhibit 2 - 7/26/21 Deposition of Joseph Roy, pg. 95)

13

**RESPONSE: Objection.** The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.

To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Defendant Roy testified:

> Q. And when it comes to Attorney Knowlton's home address, you believe that should not be redacted?
> A. Attorney Knowlton was arrested for a violation of a municipal ordinance based on those actions certain information becomes public information.
> Q. Certain information. Her home information -- her home address?
> A. Generally, a home address. Again, to the public, we would not expect it to go to the public.

(ECF No. 272-2, p. 95) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, Roy does not dispute that generally he would not expect a home address to go to the public. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

33. For the January 7, 2021 disclosure of information the only person that Defendant Roy knew out of the sixteen people that he sent the unredacted documents and videos to, was K. Motley. (Exhibit 2 - 7/26/21 Deposition of Joseph Roy, pg. 118)

**RESPONSE: Objection.** The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.

To the extent the Court considers the fact: the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

34. Defendant Roy understood that certain information is protected by the DPPA, as defined by the DPPA such as – is to be protected and is not supposed to be publicly disclosed. when asked he knew and agreed that information should not have been released publicly pursuant to the DPPA such as a "person's address," "phone number," "driver's license," "a person's date of birth, weight, height, (and) eye color." (Exhibit 2 - Joseph Roy Deposition 7/26/21 – p.47)

14

**RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under** *Orr v. Bank. Of Am. NT & SA***, 284 F.3d 764 (9th Cir. 2002).** *See* **Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

      **To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. Roy testified regarding redaction of the "protestor involvement list" as follows:**

    **Q.**    **Okay. So when you say "this is properly redacted," what are the things that should not have been publicly released?**

    **A.**    **Information obtained that's taken by the DPPA, the Driver's Protection Act. So information obtained from the DOT can't be released and then anything obtained from a confidential source or informant cannot be released to the public.**

    **Q.**    **So like a person's address should not have been released?**

    **A.**    **Correct.**

**(ECF No. 272-2, p. 47) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

      **Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. The cited testimony was about the redacted version of the "protestor involvement list" which was not part of the January 7, 2021, open records disclosure by Defendant Roy. (ECF Nos. 272-2, p. 47; 259-1-9) Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

35.    Defendant Roy was well trained and knew what "personally identifying information," was such as a complete date of birth is supposed to be redacted if it is release publicly and he "was trained" and "attended a training seminar" as well on other cases not related to this matter he "worked with the city attorney's office to redact information for public release." (Exhibit 2 - Joseph Roy Deposition 7/26/21 – p.49)

      **RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under** *Orr v. Bank. Of Am. NT & SA***, 284 F.3d 764 (9th Cir. 2002).** *See* **Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

      **To the extent the Court considers the fact: the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. The cited testimony was about the redacted version of the "protestor involvement list" which was not part of the January 7, 2021, open records disclosure by Roy. (ECF Nos. 272-**

**2, p. 47; 259-1-9) Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

36.     Joseph Roy redacted Target list. (Joseph Roy Deposition 7/26/21 – p.47)(Exhibit --- Properly Redacted Target List)

        **RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

        **To the extent the Court considers the fact: the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. No version of the "protestor involvement list" was part of the January 7, 2021, open records disclosure by Roy. (ECF Nos. 272-2, p. 47; 259-1-9) Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

37.     Defendant Roy knew a person's home address and driver's identification card numbers come from the DOT. (Exhibit 2 - Joseph Roy Deposition 7/26/21 – p. 102)

        **RESPONSE: Objection. The fact is not supported by admissible evidence. The cited transcript (Exhibit 2) is not properly authenticated and therefore inadmissible under *Orr v. Bank. Of Am. NT & SA*, 284 F.3d 764 (9th Cir. 2002). *See* Fed. R. Civ. P. 56(c)(2) and ECF No. 280.**

        **To the extent the Court considers the fact: in contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-2, p. 102) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

38.     The City of Wauwatosa has no open records requests, notes, emails of any person with a corresponding email address of blodestone@gmail.com requesting anything, including *anything regarding* the 49 Plaintiffs information or any information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12 – Open Records Request) (Exhibit 13 – Defendant's Table of Open Records Request)

        **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF Nos. 272-11; 272-10)  Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

        **Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

16

39. Daniel Adams did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 1)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-2, p. 102) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

40. Brenden Gutenschwager did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 13, Defendant's Table of Open Records Disclosures, pg. 6 & 22)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-11, p.p. 6, 22) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-11. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

41. Attorney Gutenberg did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021 and the citation Mr. Fraley was not a part of the documents released. (Exhibit 12, Open Records pg. 6)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 6) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at page 6. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

42. Ms. Mintz did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 33 - 36)

**RESPONSE: Objection.** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p.p. 33-36) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at pages 33-36. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

43.     Mr. Schneider did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 7 - 8)

**RESPONSE: Objection.** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p.p. 7-8) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at pages 7-8. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

44.     Ms. Henry did not request *any* of the documents containing the 49 Plaintiffs personal information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 42)

**RESPONSE: Objection.** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 42) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at page 42. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

45.     Mr. Aria did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 31)

**RESPONSE: Objection.** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 31) Thus, to the extent that the cited evidence does not support

18

the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at page 31. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

46.     Attorney Wales did not request *any* of the other 48 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 37) (See Exhibit 3 – Citations Disclosed by Roy)

RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 37) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at page 37. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

47.     Attorney Mark Thomsen did not request *any* of the other 48 Plaintiffs' information that was disclosed by Joseph Roy on January 7, 2021 and Ms. Smith's Citation referenced was also not disclosed in the documents.(Exhibit 12, Open Records pg. 31) (See Exhibit 3 – Plaintiffs Citations Disclosed by Roy)

RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 31 which is a request from Tony Ari) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.

48.     Peter Sparks did not request *any* of the other 48 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 41)

RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 41) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.

Regardless, even if the Court accepts this fact for purposes of summary

19

**judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at page 41. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

49. Lezlie Johnson, was limited to incidents of October 8, 2020 and she received the link with all of 49 Plaintiffs personal information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 41)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 41 which is a request from Peter Sparks) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

50. Bryan Polcyn, did not request *any* of the other 27 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 41)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p. 41 which is a request from Peter Sparks) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

51. Isiah Holmes, did not request *all* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 62-85)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p.p. 62-85) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at pages 62-85. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

52.     Molly Collins, did not request *any* of the 49 Plaintiffs information that was disclosed by Joseph Roy on January 7, 2021. (Exhibit 12, Open Records pg. 25-28)

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials. (*See* ECF No. 272-10, p.p. 25-28) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Defendant does not dispute what is requested in ECF No. 272-10 at pages 25-28. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendant.**

Dated this 18th day of January 2023.


                                            **WIRTH + BAYNARD**
                                            Attorneys for Defendants

                        BY:     */s/ Kiley B. Zellner*
                                            Kiley B. Zellner, WI Bar No. 1056806
                                            9898 W. Bluemound Road, Suite 2
                                            Wauwatosa, Wisconsin 53226
                                            T: (414) 291-7979 / F: (414) 291-7960
                                            Email: kbz@wbattys.com