# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, *et al.*,

          Plaintiffs,

v.

          Case No. 20 CV 01660

CITY OF WAUWATOSA, *et al.*,

          Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Defendants City of Wauwatosa, Dennis McBride, Jeffrey Farina, Dominick Ratkowski, and Joseph Roy by their attorneys, Wirth + Baynard, submit the following Response to Plaintiffs' Motion for Partial Summary Judgment. To streamline the filings before the Court and not duplicate arguments previously made by Defendants, this response incorporates by reference Defendants' Summary Judgment Brief (ECF No. 267) and Proposed Finding of Fact (ECF No. 266).

Summary judgment is appropriate for Defendants because (1) Plaintiffs fail to establish that their personal information was obtained from motor vehicle records; (2) Defendant Ratkowski's purpose for obtaining and disclosing the information fit within one of the 14 safe harbor exceptions to the DPPA; and (3) Plaintiffs fail to establish Defendant Roy knowingly disclosed personal information directly obtained from a motor vehicle record.

## DISCUSSION

Defendants incorporate by reference the arguments set forth in their Brief in Support of Motion for Summary Judgment. (ECF No. 267, p.p. 1, 13-26) At summary judgment, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of

1

material fact that requires trial." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim" *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997).

Normal burdens of proof remain. If a plaintiff has failed to establish one of the elements of his case and there is no factual dispute regarding that element, then summary judgment will be entered in favor of the defendant. *See Beard v. Banks*, 548 U.S. 521, 529–30 (2006); *see also Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 892 (7th Cir.2005) ("Summary judgment for a defendant is appropriate when a plaintiff fails to make a sufficient showing to establish the existence of an element essential to [his] case on which she will bear the burden of proof at trial.") (*quoting Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (citations and alterations omitted)).

The DPPA only allows a civil action to be brought against any "person who knowingly obtains, discloses or uses personal information from a motor vehicle record, for a purpose not permitted by this chapter. . ." 18 U.S. C. § 2724(a). There is no liability under the DPPA unless the defendant "knowingly obtains, discloses or uses" a "motor vehicle record."

2

## I. PRELIMINARY ISSUES REGARDING PLAINTIFFS' "EVIDENCE."

As a preliminary matter, there are significant issues regarding the inadmissible evidence offered by Plaintiffs. A detailed description of the evidentiary issues is set forth in Defendants' Motion to Strike. (ECF Nos. 279, 280) These include at least the following three issues. First, Attorney Motley's affidavit contains at least 19 separate paragraphs which are not based on personal knowledge. (ECF No. 269-1, ¶¶ 2, 3, 5-17, and 19-23) Second, Attorney Motley has no personal knowledge and does not attest to personal knowledge of any of the 20 exhibits she attached to her affidavit. (ECF No. 269-1, ¶¶ 4-17, and 19-23) Third, two of the deposition transcripts attached as exhibits to her declaration are not authenticated because the certification pages are unsigned by the court reporter. (ECF Nos. 272-2 and 272-7)

Even if the Court were to excuse these deficiencies (which it should not), it should still grant Defendants' Motion for Summary Judgment for the reasons set forth below and in Defendants' Motion for Summary Judgment (ECF No. 257).

## II. PLAINTIFFS' DPPA CLAIMS AGAINST RATKOWSKI MUST FAIL.

### 1. Plaintiffs fail to establish that Ratkowski obtained their personal information from motor vehicle records.

As argued in Defendants' Brief in Support of Summary Judgment (ECF No. 267, p. 16) and hereby incorporated, Plaintiffs fail to establish that Ratkowski obtained their personal information from motor vehicle records for the Protestor List. Plaintiffs attempt to argue—without factual or legal support—that because "Defendant Ratkowski did not attend any of the protests" his "lack of personal knowledge confirms that in addition to the photographs and addresses, the other biographical information incorporated into the Target List was also obtained from the motor vehicle records." (ECF No. 269, p. 8) Plaintiffs' only citation to "evidence" in support of this

3

argument is the Protestor List itself.

Plaintiffs also misrepresent deposition testimony specific as to how Plaintiff Mariah Smith's photo was obtained as evidence of how all Plaintiffs' photographs were obtained. (ECF 269, p. 9; *See also* ECF No. 281, Defendants' Response to #5)

Plaintiffs[1] fail to offer anything other than conclusory unsupported statements which as explained above will not defeat summary judgment.

> **2.    When Ratkowski obtained, used, and disclosed personal information it was permissible under 18 U.S.C. 2721(b)(1).**

Even if Plaintiffs could establish Ratkowski gathered any information contained on the Protestor List directly from motor vehicle records, such was done so in accordance with the law enforcement exception of the DPPA. The DPPA, permits "use by any government agency, including any court or law enforcement agency, in carrying out its functions." 18 U.S.C. §§ 2721(b)(1). (*See* ECF No. 267, p.p. 15-16) To begin, defendants incorporate their arguments regarding permissible law enforcement use from their summary judgment brief. (ECF No. 267, p.p. 14-16)

Plaintiffs argue Ratkowski's October 7, 2022, interrogatory response stating, "any information obtained from the Department of Transportation for any person on the Active Protestors List was always obtained for law enforcement purposes" lacks "factual support upon which the Court can rely in making a determination as to whether there was a permissible purpose." (ECF No. 269, p. 15) Plaintiffs ignore that the interrogatory response referenced specific portions of Ratkowski's deposition testimony in which he explained in detail the purpose of the list was to: 1) plan for potential violence or crimes by providing a way to identify witnesses, victims and/or suspects; 2) help detectives solve crimes quicker; 3) identify people without having to start from

---

[1] Except for Mariah Smith.

4

scratch every time someone needed to be identified; and 4) allow officers at protests to identify the individuals present in case something developed into an illegal act or violence. (DAPPOF ## 1-2)

Plaintiffs further argue, without legal support, that Ratkowski's interrogatory response "operates as an admission that he possessed no permissible purpose for his conduct." (ECF No. 269, p. 16) But Plaintiffs point to no evidence suggesting the obtaining and disclosure of information was not for a permissible purpose. The record cannot support even an inference that there was any other purpose but as described by Ratkowski (ECF No. 266: DPFF ## 37-40, 50-52; DAPPOF #2); as it is devoid of evidence suggesting any other purpose. Plaintiffs fail to offer anything other than conclusory unsupported statements, which as explained above will not defeat summary judgment.

Therefore, since there is no basis upon which this Court can conclude that Ratkowski's obtaining, disclosing, or use of personal information allegedly from motor vehicle records was not for a permissible purpose, Ratkowski is entitled to summary judgment on Plaintiffs' Second Claim for Relief.

## III.    PLAINTIFFS' DPPA CLAIMS AGAINST ROY MUST FAIL.

Plaintiffs must offer evidence from which a reasonable jury could find that Defendant Roy knew that the information disclosed was personal information from a motor vehicle record. There is also no way Roy could have known the information came from a "motor vehicle record" (assuming arguendo that it all did come from a "motor vehicle record," which Defendants deny). Under the DPPA, Roy is not charged with an affirmative duty to root out the source of the information; unlike Plaintiffs who carry the burden to establish each element of their DPPA claims—including the source of the information and if the disclosure was knowing.

5

Plaintiffs' memorandum throws every form of inadmissible, misleading and irrelevant "evidence" against the wall, hoping to create an argument that Roy knowingly disclosed personal information obtained from motor vehicle records. Plaintiffs' arguments that: (1) information was given in violation of Wisconsin Open Records Law (ECF No. 269, p.p. 21-22); (2) that the information was not requested (*Id.*); and (3) that generally a home address would not be expected to go to the public (*Id.* at 20) are wholly irrelevant to their DPPA claims. In their memorandum, Plaintiffs argue:

> Amongst that mountain of information, Roy disclosed were 49 Plaintiffs' personal information found on the hundreds of pages of police reports and in the 66 pages of WPD citations for Plaintiffs which contained information from their motor vehicle records in violation of the DPPA.

(ECF No. 269, p. 18) Plaintiffs' only evidence supporting this argument are the citations and police reports themselves. *Id.* Such "evidence" falls far short of the FRCP Rule 56 standard. Here, Defendants have established through admissible evidence that Roy did not "knowingly" disclose personal information taken directly from a motor vehicle record. (ECF No. 266, DPFF ## 65, 67-71) Plaintiffs fail to offer anything other than conclusory unsupported statements and unauthenticated exhibits, which as explained above in Section I and in Defendant's Motion to Strike (ECF Nos. 279, 280) will not defeat summary judgment.

Notwithstanding these evidentiary defects, the only additional "evidence" Plaintiffs offer in their memorandum also fails to support their claims. Plaintiffs' factual assertion that "the personally identifying information was obtained from their motor vehicle records for a use not permitted within in the DPPA and without the express consent of Plaintiffs" (ECF No. 269, p. 18) is not actually supported by the portion of the record cited. Even if it was, it fails to establish that Roy "knowingly" disclosed personally identifying information obtained from motor vehicle records.

6

In summary, the Plaintiffs must offer evidence from which a reasonable jury could find that Roy knew that the personal information on the reports and citations was personal information taken directly from a motor vehicle record. *Pavone v. Law Offices of Anthony Mancini, Ltd*., 205 F. Supp. 3d 961, 967-68 (N.D. Ill. 2016). As *Pavone* explains, it is not enough to knowingly disclose personal information that just happens to come from a "motor vehicle record." Here, Plaintiffs cannot rely on their unsupported and inadmissible statements regarding non-existent testimony that are clearly and indisputably refuted by the admissible evidence offered by Defendants. (ECF No. 266, DPFF ## 65, 67-71) Accordingly, Roy is entitled to summary judgment on Plaintiffs' Fourteenth Claim for Relief.

## IV. PLAINTIFFS HAVE NO MONETARY LOSS, REQUIRING DISMISSAL AND PROHIBITING THE AWARD OF DAMAGES.

Plaintiffs' discovery responses confirm that they have not suffered any cognizable DPPA injuries. (ECF No. 266, DPFF #73) Additionally, in their memorandum, Plaintiffs argue "it is impossible to assess and redress the extent of the actual damage" (ECF No. 269, p. 15) and accordingly provide no evidence of actual damages. In their memorandum, Plaintiffs incorporate a chart which they contend "shows the number of times Defendants Ratkowski and Roy either obtained or disclosed this protected information, along with the number of Plaintiffs each violation affected." (ECF No. 269, p. 29) Foremost, the chart is not supported by any citation to the record or evidence in violation of Civil L. R. 56 (6) ("[a]ssertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts"). Moreover, Civil L. R. 56 (9) provides sanctions for such noncompliance "up to and including the Court denying or granting the motion." At the very least, the Court should disregard the chart because it is not supported by evidence in the record.

7

In the event the Court considers Plaintiffs' damage argument, Defendants incorporate their

arguments regarding liquidated damages from their Brief in Support of Summary Judgment. (ECF

No. 267, p.p. 21-24) Moreover, the DPPA provision for remedies available in a civil action

provides:

> (b) Remedies. The court may award—
>
> > (1) actual damages, but not less than liquidated damages in the amount of $ 2,500;
> > (2) punitive damages upon proof of willful or reckless disregard of the law;
> > (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and
> > (4) such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2724(b). The remedies provision enumerates a list of potential remedies that "[t]he

court *may* award." *See id*. (emphasis added). As the Eleventh Circuit explained, "[t]he use of the

word 'may' suggests that the award of any damages is permissive and discretionary." *Kehoe v.

Fid. Fed. Bank & Trust*, 421 F.3d 1209, 1216 (11th Cir.2005).

Plaintiffs urge the Court to find that the damages list in § 2724(b) applies to each instance

that a person "knowingly obtains, discloses or uses personal information" from a motor vehicle

record with an improper purpose in violation of § 2724(a). (ECF No. 269, p.p. 29-30) In other

words, they argue that the statute sets a floor of $2,500 per violation. As discussed above, the text

of the DPPA does not explicitly require an award much less per violation awards.

Further, the statutory context supports Defendants' interpretation that § 2724 does not

require per violation awards. Congress chose to require cumulative damages in the criminal section

of the DPPA, § 2723, which it passed on the same day as § 2724. Section 2723(b) states that when

a DMV has "a policy or practice of substantial noncompliance with this chapter," it shall be subject

"to a civil penalty imposed by the Attorney General of not more than $5,000 a day for each day of

substantial noncompliance." 18 U.S.C. § 2723(b). "It is well settled that where Congress includes

8

particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Duncan v. Walker*, 533 U.S. 167, 173 (2001) (internal quotation marks omitted).

Notably, Congress deliberately included language authorizing cumulative damages awards in many other statutes. A survey of the United States Code reveals at least thirteen provisions in other federal statutes that include language (such as "per violation" or "for each violation") permitting cumulative damages. *See Green v. Bock Laundry Mach. Co*., 490 U.S. 504 (1989) (Scalia, J., concurring) (writing that a statute should be understood in a manner "most compatible with the surrounding body of law into which the provision must be integrated—a compatibility which, by a benign fiction, we assume Congress always has in mind"). Thus this Court can presume that Congress knew how to include language that permits cumulative damages in the civil section, but chose not to.

Plaintiffs attempt to read "per violation" into the statute's liquidated damages clause to mandate cumulative damages would clearly be an abuse of this provision considering Plaintiffs did not suffer any actual damages. Furthermore, Plaintiffs' attempt to argue DPPA violations based on who had access to the Protestor List (without evidence it was actually accessed) (ECF No. 269, #12) and to recover damages against Ratkowski for disclosures allegedly made by other individuals (*Id.*) are unsupported by the statute or case law and should be disregarded.

## CONCLUSION

For the reasons stated above and in Defendants' Brief in Support of Summary Judgment (ECF No. 267) and Proposed Finding of Fact (ECF No. 266), Plaintiffs' Motion for Partial Summary Judgment should be denied, and all claims against Defendants should be dismissed.

9

Dated this 18th day of January 2023.

WIRTH + BAYNARD
Attorneys for Defendants

BY:   */s/ Kiley B. Zellner*
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Email: kbz@wbattys.com

10