# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, and
DANA McCORMICK,

                        Plaintiff,                Case No. 20-CV- 01660

v.

CITY OF WAUWATOSA,
BARRY WEBER, and
DENNIS MCBRIDE,

                        Defendants.

**PLAINTIFF's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Kathryn Knowlton and Dana McCormick ("Plaintiff"), by and through its undersigned counsel, hereby submits the following Interrogatories, Requests for Production, and Requests for Admission upon Dennis McBride, to produce the documents requested below within thirty (30) days, pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure.

DEFINITIONS

1. Unless otherwise specified, each document requested herein pertains to documents in your possession or custody or subject to your control, prepared or reflecting or relating in any way to any fact, occurrence, thing or other matter described.

2. The words "you" or "your" mean the City of Wauwatosa, Dennis McBride, and Barry Weber, named in the Complaint, and all other persons acting or purporting to act on behalf of the foregoing defendants.

3. In answering these discovery requests, you shall furnish all such information as is available or known to you and all of your servants, employees, representatives, and agents, whether current or former, including your attorneys, unless such information is claimed to be privileged

1

from discovery. Should you claim privilege, set forth in detail in your answers hereto the grounds for such claim and the general nature of the information as to which you claim a privilege.

4. The word "document" means any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to papers, books, periodicals, pamphlets, newspaper articles or clippings, publications, letters, photographs, objects, tangible things, correspondence, telegrams, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda, reports and recordings of telephone or other conversations, or of interview, or of conferences, or of affidavits, statements, summaries, opinions, reports, video or audio recordings, film, all other records or information kept by electronic, photographic, mechanical or other means, and things similar to any of the foregoing, however denominated.

5. With respect to any document responsive hereto as to which you wish to assert a claim of privilege, submit a list identifying such document by stating its date, its signer or signers, each person who participated in its preparation, the addressee or addresses, the person or persons by whom it was received, the general subject matter thereof, the present or last-known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof) and the basis for your claim of privilege with respect thereto.

6. With respect to any document responsive hereto which was but is no longer in your possession or subject to your control, submit a statement setting forth as to each such document what disposition was made of it.

7. Documents are to be produced separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below and you are to indicate with respect to each

2

group of documents produced the paragraph to which the group is responsive.

8. This request for production is a continuing request. Defendants are to produce for inspection and copying all documents that come into their possession after the date for initial production herein. Defendants' counsel shall inform plaintiff's counsel in a timely fashion of the defendants' receipt of documents called for under this request for production and not previously produced.

9. Documents that you are to produce in response to these requests shall be produced within thirty (30) days from the date of service of these requests upon you at the office of the attorney for the Plaintiff, MOTLEY LEGAL SERVICES, 2206 Bonnie Butler Way, Charlotte, NC 28270, or such other location designated including electronically within thirty (30) days from the date of service of these requests upon you.

**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**DOCUMENT REQUEST NO. 1**: Please produce all communications and documents in Defendants' possession relating to the curfew and the proclamation of emergency, including but not limited to communications, documents relating to the decision-making process, documents and communications relating to the enactment of the curfew, documents and communications relating to the enforcement of the curfew, documents and communications relating to the proclamation of emergency.

**02-18-21 RESPONSE TO REQUEST NO.1** Objection. This Request is overly broad, unduly burdensome and is not limited in scope or to any relevant period of time. The only relevant "curfew" or "emergency proclamation" is the curfew ordinance under which the Plaintiffs were cited.

Subject to the objection, see file folder submitted electronically with this Response and marked "Request 1."

**03-16-21 PLAINTIFF's RESPONSE TO OBJECTION NO. 1**: *Please note that we still need "documents" as is defined above in point #4 - as it relates to this request relating to the curfew and emergency proclamation. As well as any and all communications relating to the emergency proclamation and curfew.*

**DOCUMENT REQUEST NO. 2**: Please produce any communication from 2020 in Defendants' possession that includes any of the following terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency, TPR, The People's Revolution, Alvin Cole, David Beth, John Martin Antaramian, John Chisholm, Governor Evers, and Daniel Miskinis.

**02-18-21 RESPONSE TO REQUEST NO. 2**: Objection. This Request is overly broad, unduly burdensome, not limited in scope or to any relevant period of time and thus, not reasonably calculated to lead to the discovery of relevant and admissible evidence. More specifically, the search terms "David Beth, John Martin Antaramian, David Beth, and/or Daniel Miskinis" do not relate in anyway to this case nor are any of these terms are mentioned in the Complaint. Additionally, it's unclear how search terms "TPR, the People's Revolution, Alvin Cole, John Chisholm and/or Governor Evers" are likely to lead to the discovery of relevant evidence in this current case.

Subject to the objection, Defendants will provide documents which are responsive to the search terms: curfew, emergency declaration, emergency order, state of emergency, proclamation of emergency.

4

**03-16-21 PLAINTIFF's RESPONSE TO OBJECTION No. 2**: *Please specify how this is overly broad and burdensome. We have limited the scope in providing the aforementioned specific search terms. We are still awaiting documents for this request as none have been provided to date.*

**DOCUMENT REQUEST NO. 3**: Please produce all records relating to the arrests, detentions, and charging of Kathryn Knowlton and Dana McCormick.

**02-18-21 RESPONSE TO REQUEST NO. 3** : See file folder submitted electronically with this Response and marked "Request 3."

**03-16-21 PLAINTIFF's RESPONSE TO OBJECTION No. 3**: *As you have provided other booking room video, interrogation videos at the WPD for other dates such videos of Kathryn Knowlton and Dana McCormick are also encompassed in this request. Please note we would like all documents (as defined above) and records relating to the arrest, detention, and charging of Kathryn Knowlton and Dana McCormick.*

**DOCUMENT REQUEST NO. 4**: Please produce all agreements with outside law enforcement agencies local, state and federal, including but not limited to, Mutual Aid agreements. As well as the names of all the Wauwatosa Police Officers, and the names of any local, state, or federal law enforcement officers who assisted the Wauwatosa Police Department and the City of Wauwatosa during the curfew from October 7, 2020 to October 12, 2020.

**02-18-21 RESPONSE TO REQUEST NO.4** : Objection: The phrase "all agreements" is vague and overly broad as it could encompass any agreement that has no relevance to this case.

Subject to the objection, see file folder submitted electronically with this Response and marked "Request 4."

**03-16-21 PLAINTIFF's RESPONSE TO OBJECTION No. 4** : *Please note we would like all agreements between the WPD and the City of Wauwatosa with outside law enforcement agencies local, state and federal, including but not limited to, Mutual Aid agreements in relation to the curfew from October 7, 2020 to October 12, 2020. The comprehensive list of forty-five operational partners as outlined in Request #1- DA Ops Report suggests that there are numerous agreements which have not been provided.*

**DOCUMENT REQUEST NO. 5**: Please produce any and all original tickets and altered tickets given to persons as a result of enforcement of the curfew as well as any and all police reports, memorandums, arrest information, arrests data, booking information, any and all videos such as drone videos, squad videos, body cameras, video created by mobile phones, and audio recordings etc. for those who were surveyed, questioned, detained, ticketed, or arrested created by the Wauwatosa Police Department, any affiliated police departments who the WPD requested assistance of, the FBI, the U.S. Marshalls, the National Guard, in connection to the curfew imposed from October 7, 2020 – October 12, 2020.

**02-18-21 RESPONSE TO REQUEST NO. 5**: Objection: Defendants object to the request to produce documents created by "affiliated police departments who the WPD requested the assistance of, the FBI, the U.S. Marshalls, the National Guard," as those documents were not created by the Defendants and the original documents, if they exist, would be in the possession of the respective agency that created them.

6

Case 2:20-cv-01660-NJ    Filed 02/02/23    Page 6 of 9    Document 291-2

Objection: Defendants object to producing any drone videos as they contain classified and strategic policing information, which if disseminated to any individuals or entities outside of law enforcement runs the risk of compromising the defense of all citizens, which interest outweighs the parties need for this information in this case.

Subject to the objections, see file folder submitted electronically with this Response and marked "Request 5."

**03-16-21 PLAINTIFF's RESPONSE TO OBJECTION No. 5**:

*Please note that we have not received any and all tickets, and altered tickets created and given by the WPD and also tickets and altered tickets created and given to the Wauwatosa Municipal on behalf of the City of Wauwatosa.*

*In addition to this, we are still waiting for any and all videos as outlined above. At present, we have been provide with very limited squad, body camera, and interrogation video particularly from the week of October 7, 2020 through October 12, 2020.*

*We disagree with defendant's objections that particularly the drone video is classified and should not be available. The City of Wauwatosa is not a military state or an authoritarian regime nothing in a civil action should be described as "classified." If you are suggesting that drone videos should be protected then that is a decision up to a court and must be subjected to the proper legal procedure for evaluation and review.*

**DOCUMENT REQUEST NO. 6:** Please produce any and all documents in relation to credible and serious threats of violence and vandalism, including but not limited to the burning down of Mayfair Mall, concerns of outside agitators reports that were received by Defendants from August 25, 2020 – October 13, 2020.

**02-18-21 RESPONSE TO REQUEST NO. 6**: Objection: Defendants object to the terms "credible and serious threats of violence and vandalism" as it is vague and undefined. Subject to the objection, the Defendants are not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 7:** Please produce any and all documents, electronic communications audio or written (emails), text messages, etc.… between August 25, 2020 to December 15, 2020 between the Defendants and members of Wauwatosa's Common Council, as well as members of the Wauwatosa Police and Fire Commission Members.

**02-18-21 RESPONSE TO REQUEST NO. 7** : Objection. This Request is overly broad, unduly burdensome, not limited in scope or to any relevant period of time and thus, not reasonably calculated to lead to the discovery of relevant and admissible evidence. Specifically, as worded, this Request would require the Defendants to provide" documents, electronic communications audio or written (emails), text messages" between every agent of the City of Wauwatosa and the Common Council as well as members of the Wauwatosa Police and Fire Commission Members. Defendants have requested that the Plaintiffs revise this Request to a more narrow focus, and resubmit the revised Request in writing to Defendants.

**03-16-21 PLAINTIFF's RESPONSE TO OBJECTION NO. 7** : *Plaintiffs amend this request to the following : please produce any and all documents, electronic communications audio or written (emails), text messages, etc.… between July 1, 2020 to December 31, 2020 between the Defendants and members of Wauwatosa's Common Council, as well as the committee members of the Wauwatosa Police and Fire Commission In relation to protesting, the people's revolution, curfews, and police presence in the City of Wauwatosa that is, between August 13, 2020 through October 14, 2020.*

8

Dated this 5th day of January 2021.

**COUNSEL FOR PLAINTIFFS**

By: s:/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone : (704) 763-5413
Email : kmotley@motleylegal.com

E. Milo Schwab
3000 Lawrence Street
Denver, CO 80205
Telephone : (732) 406-8215
Email : milo@ascendcounsel.co

9