# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Kathryn KNOWLTON, Dana McCORMICK et al,

    Plaintiffs,

    v.                      Case No. 20 CV 01660

CITY OF WAUWATOSA, et. al,

    Defendants.

## PLAINTIFFS' RESPONSE TO MOTION TO STRIKE [ECF # 279]

Plaintiffs' by and through undersigned counsel, respectfully respond to Defendants' Motion to Strike Declaration of Kimberley Motley, Exhibits, and Corresponding Proposed Facts, and in support thereof provide as follows:

### I. DEFENDANTS

Defendants first move to strike Attorney Motley's Declaration on the basis that nineteen (19) paragraphs "are not based on personal knowledge," though a review of the numbers provided shows that Defendants have actually called attention to twenty (20) statements. Defendants appear to be engaged in gamesmanship, hoping that they can win not through the merits of their arguments, but by trying to persuade the Court that the exhibits contained in Attorney Motley's affidavit are documents of which she is unaware. As Defendants are aware, each of these documents was produced, *by them*, during the course of discovery. Moreover, Defendants never reached out to Plaintiffs to confer on this motion. They simply filed in hopes that they could prevail through strict proceduralism.

1

By swearing to this affidavit, Attorney Motley is swearing her knowledge of the authenticity of such documents. Defendants are sadly wasting the Court's and Plaintiffs' time through this unnecessary exercise.

1. Paragraphs 2 and 3 are

Defendants' first argue that Attorney Motley's statements in paragraphs 2 and 3 are not based on her own personal knowledge. Each of these paragraphs are about demonstrative exhibits created by Attorney Motley based upon documents produced in this case. Quite clearly, Attorney Motley has knowledge of demonstrative exhibits *created by her*. Moreover, as an attorney in this case, as Defendants surely know, Attorney Motley has personal knowledge about documents produced, *by Defendants*, in this case. Accordingly, Defendants' arguments as to paragraphs 2 and 3 are entirely meritless.

2. Paragraphs 5-17 and 19-23 are

Defendants' second argument is that Attorney Motley does not have personal knowledge of the exhibits provided in paragraph 5-17 and 19-23. As the Court is well aware, each of these documents is part of the discovery record. Attorney Motley, as an attorney in this case, clearly has knowledge of the documents produced, *by Defendants*, in this case. Accordingly, Defendants' arguments as to paragraphs 5-17 and 19-23 are entirely meritless as well.

## II. DEFENDANTS' ARGUMENT AS TO TRANSCRIPTS IS MOOT

Plaintiffs were unaware that the deposition transcripts provided to them by Court reporters were not signed. Once this came to Plaintiffs' attention - and again, Defendants never once reached out to Plaintiffs to bring this to their attention, but instead raced to the Court - Plaintiffs promptly corrected this error and filed the signed deposition updated transcripts with the Court. *See* ECF # 284. Perhaps more troubling is that Defendants knew that these were authentic deposition

transcripts of their clients. Defendants do not argue that these deposition transcripts are not an accurate representation or transcript of the depositions of Defendant Ratkowski or Defendant Roy. Instead, they make a bad faith argument. Defendants have not once, in the nearly two years since they received these deposition transcripts, reached out to Plaintiffs regarding what they now claim is an issue. Defendants did not once reach out to Plaintiffs prior to filing this motion. Instead, they simply sought to sandbag and ask the Court to grant them relief that they cannot obtain on the merits. Accordingly, Defendants' Motion to Strike these deposition transcripts and Attorney Motley's declarations based on such transcripts should be denied as Moot.

## CONCLUSION

Defendants do not seek to address the merits of this motion, but instead make a bad faith argument that Plaintiffs do not have knowledge of the discovery in this case. Defendants do not argue that a single one of these documents was not produced or disclosed in this case. Instead, they misrepresent to the Court Attorney Motley's knowledge in hopes that they win through procedural means. The Court should not fall for such gamesmanship. The Court should deny Defendants' Motion.

Respectfully submitted this 7th day of February 2023.

**COUNSEL FOR PLAINTIFFS**

/s/ E. Milo Schwab
E. Milo Schwab
Ascend Counsel, LLC
2401 S Downing St.
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way

3

Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

Kathryn L. Knowlton
KNOWLTON LAW GROUP
State Bar No: 1032814
7219 West Center Street
Wauwatosa, WI 53210
Email: kate@knowltonlawgroup.com
Telephone: 414-202-2444