IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Kathryn KNOWLTON et. al.,

    Plaintiffs,

    v.                        Case No. 20 CV 01660

CITY OF WAUWATOSA et. al,

    Defendants.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(f)**

    NOW COME Plaintiffs, by their attorneys, and pursuant to Fed. R. Civ. P. 56(f), L.R. 56(b)(3) file this Reply Brief in Support of their Partial Motion for Summary Judgment. ECF No. 268 & 269) Plaintiffs incorporate by reference the arguments set forth in their Response to Defendants' Summary Judgment (ECF No. 286 p.1, 2, 21-31 ), Plaintiffs Statement of Proposed Facts "PSPF" in Support of their Motion for Partial Summary Judgment (ECF No. 271), and Plaintiffs Proposed Findings of Fact in Opposition to Defendant's Motion for Summary Judgement. ECF No. 297 ##2, 3, 34, 38 – 47.

INTRODUCTION

    Defendants provide three unpersuasive arguments which support this court granting Plaintiff's motion for partial judgment. Summary judgment is appropriate here because 1) there is no dispute that Defendant Ratkowski *obtained* Plaintiffs personal information from their motor vehicle records; 2) there is no dispute that Ratkowski *used* Plaintiffs' personal information from their motor vehicles in the TPR Target List; 3) there is no dispute that Ratkowski *disclosed* Plaintiffs' personal information for a use not permissible pursuant to the DPPA on every occasion

1

but more specifically when he disclosed it to six persons on 7/13/20, 9/24/20, and 11/10/20; and 4) there is no dispute that Defendant Roy knowingly disclosed Plaintiffs' personal information obtained from their motor vehicle records all in violation of 18 USC 2724(a).

ARGUMENT

I.    PRELIMINARY ISSUES REGARDING PLAINTIFFS' EVIDENCE

Defendants filed a motion to strike ECF Nos. 279 and 280 regarding the submission of unsigned transcripts and evidence received from Defendants that Plaintiffs filed. Plaintiffs filed a notice of errata and have since filed the signed transcripts of Dominick Ratkowski and Joseph Roy with this Court. (ECF No. 284-2 & 3). The errata corrected non-substantive matters, specifically, providing the signature page confirming proper certification by the court reporter and in no way implicates the substantive evidence or proffered arguments. Plaintiffs have filed a Response to the Motion to Strike to address the other evidentiary issues. (ECF No. 301)

II.    Plaintiffs DPPA Claims Against Ratkowski Must Prevail

Defendants offer no evidence and there is no genuine issue of material fact that Ratkowski obtained, used, or disclosed Plaintiffs' personal information from their motor vehicle records for a purpose not permissible within the meaning of the DPPA. Defendants do not dispute that Roy disclosed Plaintiffs' personal information for a purpose not permissible pursuant to the DPPA. Defendants only dispute is that Roy did not *know* that some of the personal information was obtained from Plaintiffs motor vehicle records - which he did. Defendants have offered no evidence to support any permissible purpose for the conceded disclosures of Plaintiffs' personal information made by Ratkowski and Roy. The court should grant Plaintiffs Partial Motion for Summary Judgment. (ECF No. 266)

    A.    Defendants concede that Ratkowski *obtained* Plaintiffs' personal information from their motor vehicle records for a use not permitted pursuant to the DPPA

2

On or around June 5, 2020, Dominick Ratkowski, created the TPR Target List. ECF No. 263 : SFOF #9; ECF No. 272-1 & 16. Defendants offer not one single piece of evidence to justify any permissible reason as to why Ratkowski obtained these specific forty-eight (48) Plaintiffs' personal information of their DOT pictures (highly restricted) and addresses from their motor vehicle records. (ECF 269 p. 25 & 26 ; ECF No. 271 : PSPF #2 & #5). Defendants concede there was no permissible purpose why on or around June 5, 2020 Ratkowski decided to obtain the DOT pictures and addresses of forty-eight (48) Plaintiffs[1] hereinafter referred to as '48 Target List Plaintiffs.' ECF No. 271, Plaintiffs' PFOF #3. Also, on the Target List itself, Ratkowski noted his source of information for Plaintiffs' addresses by typing "DOT" (Department of Transportation) next to their addresses.[2] ECF No. 272-1 & 16.

Defendants' offer no evidence of any legitimate law enforcement purpose articulated on or around June 5, 2020 to justify Ratkowski's obtainment of these 48 Target List Plaintiffs' highly restricted and restricted personal information from their DOT records as defined in 18 USC § 2725(3) & (4). Plaintiffs should prevail on summary judgment that Ratkowski unlawfully obtained their personal information in violation of the DPPA

  B. Defendants concede that Ratkowski *used* Plaintiffs' personal information from their motor vehicle records to create and maintain the TPR Target List

---

[1] Plaintiffs include Andrew Aaron, Robert Agnew, Kamila Ahamed, Isaiah Baldwin, Jacqueline Bogenberger, Lavita Booker, Rebecca Burrell, Raine Cich, Khalil Coleman, Tahudah Cole, Taleavia Cole, Tracy Cole, Steven Conklin, Lauryn Cross, Erik Fanning, Jessica Fenner, Breon Foster, Christine Groppi, Gaige Grosskreutz, Joseph Hayes, Adante Jordan, Mary Kachelski, Sean Kafer, Joseph Koepp, John Larry, Alex Larson, Sonora Larson, Van Mayes, Molly Nilssen, Shawn Page, Carmen Palmer, Juvenile, C.P., D.P., Oscar Concepcion Rodriguez, Rosalind Rogers, Madeleine Schweitzer, Mariah Smith, Peter Sparks, Tiffany Stark, Angel Vega, Gabriella Vitucci, Tristiana Walls, Oscar Walton, Jayden Welch, Briitta Welch, Brandon Wilborn, Trisha Wilson, and Katelyn Wojnar.

[2] DOT is noted next to the addresses on the Target List of the following Plaintiffs Khalil Coleman p. 1, Brandon Wilborn p.1, Mariah Smith p.1, Rebecca Wigley (Burrell) p.2, Jacqueline Bogenberger p.2, Joseph Koepp p.4, Van Mayes p.6, Gaige Grosskreutz p.6, John Larry p.6, Taleavia Cole p.7, Tracy Cole p.7, Tristiana Walls p.7, Tahudah Cole p.7, Rosalind Rogers p.8, Robert Agnew p. 9, Adante Jordan p. 10, Jayden Welch p.10, Briitta Welch, p.10, Oscar Concepcion Rodriguez p.10, Katelyn Wojnar p. 11, Sean Kafer p. 11, Madeleine Schweitzer p.11, Steven Conklin p.12, Molly Nilssen p.13, Sonora Larson p.13, Raine Cich p. 14, Alex Larson p. 14, Oscar Walton p. 14, Gabriella Vitucci p. 15, Lavita Booker p.15, Trisha Wilson p.15, Shawn Page p.18, Jessica Fenner p., Christine Groppi p.23, and Tiffany Stark p.24. Ex. 20 TPR Target List.

3

Similarly, there is no genuine issue of material fact that Ratkowski, after obtaining the 48 Target List Plaintiffs information from their DOT records, that he used Plaintiffs information to create and maintain the "TPR Target List" for a purpose not permitted pursuant to the DPPA. ECF 272-2 & 16. Again, Defendants offer no evidence of any legitimate law enforcement purpose that occurred on or around June 5, 2020 which justified Ratkowski using the 48 Target List Plaintiffs' personal information obtained from their DOT records. Defendants don't even bother to explain the legitimate law enforcement function that occurred on or around June 5, 2020 that legally justified Ratkowskis' actions because none exist. Defendants concede that there was no permissible purpose why Ratkowski used Plaintiffs' personal information. Plaintiffs should be granted summary judgment that Ratkowski unlawfully used their personal information in violation of the DPPA.

      C.      Defendants concede that Ratkowski *disclosed* Plaintiffs' personal information from their motor vehicle records absent a permissible in violation of the DPPA

There is no dispute that the list was shared by Ratkowski with at least sixty-six people (ECF no. 282 #12) from June 5, 2020 and continuing until October 7, 2022 - the date this Court issued its protective order. (ECF No. 213)[3] (ECF 269 p. 12). Defendants make a general argument of the supposed purpose of the list but provide no evidence as to why these 48 Target List Plaintiffs' personal information was disseminated as it did not serve a role in some legitimate law enforcement function, such as deterring, preventing, or investigating crimes. Defendants do not provide one single piece of evidence of any "potential violence or crimes" that justified the disclosure of the 48 Target List Plaintiffs' information; Defendants provide no evidence of disclosing the 48 Target List Plaintiffs' information to "identify witnesses, victims, or suspects."

---

[3] The Protective Order in relation to the Target List created and disclosed by Defendant Dominick Ratkowski and the Dropbox link created and disclosed by Defendant Roy was granted on October 7, 2022 and amended on October 31, 2022. See ECF #233.

4

(ECF No 283 p.4). Instead, Defendants recycle the same gaping loophole arguments to excuse Ratkowski (and Roy's) violations of the DPPA that was used in their motion to dismiss (ECF No. 178 p. 21), their Summary Judgment Motion (ECF No. 267 p. 14-16), and now in their response to this motion by broadly stating that Ratkowski, who is not a law enforcement officer, was permitted to obtain the information while carrying out his law enforcement functions. (ECF No. 178 p. 21; ECF 267 p.15) This court rejected this argument in its order against dismissing these claims as "unavailing." (ECF No. 190 p. 17)

As already noted by this court, in *Senne*, the defendant Village of Palatine, Illinois similarly argued that "as long as it can identify a subsection of the law under which *some* disclosure is permitted, *any* disclosure of information otherwise protected by the statute is exempt, whether it serves an identified purpose or not." *Senne v. Vill. of Palatine , Ill.*, 695 F.3d 597, 605 (7th Cir. 2012). The court expressly rejected that position. The court explained that the language of § 2721(b)(1) means that:

> [T]he actual information disclosed—i.e., the disclosure as it existed in fact—***must*** be information that is used for the identified purpose. When a particular piece of disclosed information is not used to effectuate that purpose in any way, the exception provides no protection for the disclosing party. In short, an authorized recipient, faced with a general prohibition against further disclosure, can disclose the information only in a manner that does not exceed the scope of the authorized statutory exception. The disclosure actually made under the exception must be compatible with the purpose of the exception. Otherwise, the statute 's purpose of safeguarding information for security and safety reasons, contained in the general prohibition against disclosure, is frustrated. *Id.* at 606.

The Seventh Circuit noted that the DPPA was passed predominantly as a public safety measure and "[n]ot surprisingly, the Act's expanded authority for law enforcement was an important part of the same narrative." *Id.* at 607. The court further noted, however, that in the Congressional records, Senator Harkin qualified that the exception for law enforcement use "'is not a gaping loophole in this law.'" *Id.* (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17,

5

1993) (statement of Sen. Harkin)). Rather, the exception "'provides law enforcement agencies with latitude in receiving and disseminating this personal information,' when it is done '*for the purpose of deterring or preventing crime or other legitimate law enforcement functions .*'" *Id.* at 608 (quoting 139 Cong. Rec. S15,962 (daily ed. Nov. 17, 1993) (statement of Sen. Harkin)) (emphasis in original). Thus, "[g]iven the concern of Congress for these safety and security issues, the disclosed information actually must be used for the purpose stated in the exception." *Id.* at 609. (ECF No. 190 p. 16 – 18). This Court in its order denying Defendant's Motion to Dismiss expressly accepted this argument. *Id*.

Per *Senne*, "[T]he actual information disclosed—i.e., the disclosure as it existed in fact— **must** *be information that is used for the identified purpose*." *Senne* at 606. Defendants have identified no purpose and have provided no evidence to justify why each of the 48 individual Target List Plaintiffs' personal information was disclosed on *each* occasion. Instead, they rely on the "gaping loophole argument" rejected in *Senne* and generally argue that every time Ratkowski disclosed the 48 Target List Plaintiffs' information he did so for some unidentified law enforcement purpose. Like *Senne*, this Court also must not accept this argument.

Plaintiffs specifically noted four emails in which the Plaintiffs' information was disclosed by Ratkowski which he has given no explanation as to what crimes he was deterring, preventing, or investigating by disclosing the information. Why Ratkowski chose to disclose each of the individual 48 Plaintiffs personal information pursuant to the DPPA is for the Defendants to demonstrate – which they haven't.

On September 24, 2020, Ratkowski, unsolicited sent an email to Brian Conte, who does not work for Wauwatosa with the subject line "The People's Revolution" and told him to, "*Feel free to pass this (Target List) along to who you think would find it useful."* (ECF No. 269 p. 16-

6

17 ; ECF No. 271 : PSPF #15). The disclosure of the 48 Target List Plaintiffs' personal information on September 24, 2020, did not serve a legitimate law enforcement function and Defendants have offered no evidence as to what identified purpose justified this disclosure of each individual 48 Target List Plaintiffs' personal information. *Id.* As noted above in *Senne,* pursuant to the language of § 2721(b)(1) [T]he actual information disclosed—i.e., the disclosure as it existed in fact—***must*** be information that is used for the identified purpose." *Senne* at 606. Defendants are required to show that disclosure of the Target List to Brian Conte on September 24, 2020, was used for an identified purpose. Defendants have provided no evidence as to who Brian Conte is, who he works for, and for what purpose he received 48 Plaintiffs' information. Additionally, Defendants have provided no evidence to justify the identified purpose as to why Ratkowski decided to violate the DPPA by disclosing Plaintiffs personal information to Conte. There is no genuine dispute as to this material fact and Plaintiffs are entitled to judgment as a matter of law.

Similarly, on November 10, 2020, at 7:28a.m., unsolicited, Defendant Ratkowski voluntarily emailed the Target List to Jodi Borchardt and Rachel Seils. ECF No. 269 p. 17 ; ECF No. 271 : PSPF #16. Less than an hour later Ratkowski sent the Target List -- again unsolicited – to two *additional* persons, Andrew Willis and Susan Conley. ECF No. 269 p. 17-18 ; ECF No. 271 : PSPF #17 ; ECF No. 263, SFOF #4. Defendants have provided no evidence as to who Jodi Borchardt, Rachel Seils, Andrew Willis and Susan Conley are, who they work for, and why Ratkowski disclosed the 48 Plaintiffs' personal information to them. The four disclosures of Plaintiffs' personal information on November 10, 2020 did not serve a legitimate law enforcement function. Defendants again, have no evidence as to the identified purpose to justify the disclosure of 48 Target List Plaintiffs' personal information on November 10, 2020. (ECF No. 269 p. 17-18 ; ECF No. 271:PSPF #17). Defendants are required to show that the disclosures of the 48

Plaintiffs' personal information to Jodi Borchardt, Rachel Seils, Andrew Willis and Susan Conley on November 10, 2020 was used for an identified permissible purpose. Defendants have provided no evidence to justify the identified purpose as to why Ratkowski decided to violate the DPPA by disclosing the 48 Target List Plaintiffs personal information to four people who don't work for Wauwatosa. There is no genuine dispute as to this material fact and Plaintiffs are entitled to judgment as a matter of law.

On July 13, 2020, unsolicited, Defendant Ratkowski emailed the 48 Target List Plaintiffs' personal information to Adam Behnke. The disclosure of Plaintiffs personal information to Adam Behnke did not serve a legitimate law enforcement function. Defendants have offered no evidence as to what identified purpose justified this disclosure. (ECF No. 269 p. 17-18 ; ECF No. 271, PSPF #14 – Exhibit 15). Defendants are required to show that the disclosure of the 48 Plaintiffs personal information to Adam Behnke on July 13, 2020 was used for an identified permissible purpose. Defendants have also provided no evidence as to who Behnke is, who he works for, and why Ratkowski gave him the 48 Target List Plaintiffs' personal information. There is no genuine dispute as to this material fact and Plaintiffs are entitled to judgment as a matter of law.

III.  Plaintiffs must prevail on its DPPA Claims Against Roy

On January 7, 2021, Joseph Roy released unredacted documents by providing a Drop box link to documents which included Wauwatosa Police Department) police reports, citations, squad and body camera video as well as videos and reports produced from their own and other agencies. ECF No. 263: SFOF #10. Defendants argue that Roy disclosed to fifteen strangers as characterized by Plaintiffs "mountains of information" which included 49 Plaintiffs' personal information found on hundreds of pages of police reports and in the 66 pages of WPD citations for Plaintiffs which contained information from their motor vehicle records in violation of the DPPA,"

8

(ECF No. 283 p. 6) for absolutely no reason. Plaintiffs agree with Defendants and concede that on January 7, 2021, Roy shared unredacted citations, police reports, videos, etc." which included 49 Plaintiffs' personal information with fifteen strangers for no reason.

    A.    Defendant Roy knowingly disclosed ten (10) Plaintiffs' personal information obtained from their DOT records as specified

Defendants next suggest that Plaintiffs "the only evidence supporting this argument are the citations and police reports themselves." ECF No. 283 p. 6. This is a non sensical argument since Defense Counsel submitted the same authenticated documents as Plaintiffs, and then labeled it as "Roy Exhibit A" ECF No. 259 #4; ECF No. 259-1. There is an old adage among lawyers that says, "If you have the facts on your side, pound the facts; if you have the law on your side, pound the law; if you have neither the facts nor the law, pound the table." Defendants' argument here amounts to pounding the table.

Defendants continue to make the frivolous argument that Defendant Roy, "did not *knowingly* disclose personal information taken directly from a motor vehicle record." (ECF No. 283 p. 6) This is simply not true. Defendants assert,

> "there is no way he (Joseph Roy) could know the source of the information contained in the documents *unless the source was specifically identified* because it could come from a variety of sources." ECF #267 pg. 19 *emphasis added*.

Defendants make the same argument in their response and state "Plaintiffs must offer evidence from which a reasonable jury could find that Defendant Roy knew that the information disclosed was personal information from a motor vehicle record." ECF #283 pg. 5. Joseph Roy knew where at least ten Plaintiffs' personal information disclosed came from because the *source was specifically identified*. In no fewer than *ten police reports*, the source of *ten Plaintiffs' personal information explicitly states that it came from their DOT records*. Please note the following :

    1). "(John) Larry's <u>DOT record</u> shows him to be 5'11" tall, 250 lbs, brown eyes and

9

black hair." (DEF Bates 28878) (ECF #259-2 Roy Declaration Exhibit A, pg. 111)

2). "(Joseph) Hayes *DOT record* shows him to be ▓" tall, ▓ pounds, ▓ eyes, and ▓ hair." (DEF Bates 28879) (ECF #259-2 Roy Declaration Exhibit A, pg. 112)

3). "(Jayden) Welch *DOT record* shows him to be ▓" tall, ▓ pounds, ▓ eyes, and ▓ hair." (DEF Bates 28880) (ECF #259-2 Roy Declaration Exhibit A, pg. 113)

4). "(Sean) Kafer *DOT record* shows him to be ▓" tall, ▓ pounds, ▓ hair, an▓ eyes." (DEF Bates 28880) (ECF #259-2 Roy Decl. Exhibit A, pg. 113)

5). "(Khalil) Coleman *DOT record* shows him to be ▓" tall, ▓ pounds, ▓ eyes, and ▓ hair." (DEF Bates 28881) (ECF #259-2 Roy Decl. Exhibit A, pg. 114)

6). "(Alex) Larson *DOT record* shows him to be ▓" tall, ▓ pounds, ▓ hair and ▓ eyes." (DEF Bates 28883 & 28884) (ECF #259-2 Roy Decl. p. 116 & 117)

7). "(Kamila) Ahamed *DOT record* has her at ▓" tall, ▓ pounds, ▓ hair and ▓ eyes." (DEF Bates 28884) (ECF #259-2 Roy Declaration Exhibit A, pg. 117)

8). "(Gabriella) Vitucci's *DOT record* has her at ▓" tall, ▓ pounds, ▓ hair and ▓ eyes." (DEF Bates 28885) (ECF #259-2 Roy Declaration Exhibit A, pg. 118)

9). "(Brandon) Wilborn's *DOT record* has him at ▓" tall, ▓ pounds, ▓ hair and ▓ eyes." (DEF Bates 28885) (ECF #259-2 Roy Declaration Exhibit A, pg. 118)

10. "A *WI DOT records* check of ▓▓▓▓ I showed it listed to a black ▓▓▓. The listed owner was Adante D. Jordan ▓▓▓▓) of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (DEF Bates 29093) (ECF #259-2 Roy Decl p. 326)

It is indisputable that Defendant Roy disclosed the personal information obtained from their DOT records of 10 Plaintiffs: John Larry, Joseph Hayes, Jayden Welch, Sean Kafer, Alex Larson, Kamila Ahamed, Khalil Coleman, Gabriella Vitucci, Brandon Wilborn, and Adante Jordan. ECF #259-2 Roy Declaration Exhibit A, p. 111-114, 116-119; ECF #259-2 Roy Declaration Exhibit A, p. 326. There is no issue of material fact that Roy disclosed these 10 Plaintiffs' personal information from their DOT records for a purpose not permitted according to the DPPA and these Plaintiffs should be granted the summary judgment.

B.   Defendant Roy knowingly disclosed twenty-seven Plaintiffs' personal information of their addresses and/or driver's license numbers from their DOT records

10

Defendants incorporated by reference their Summary Judgment Brief (EC No. 267; ECF 283 p.1) that states in relevant part,

> "While the citations and some of the police reports have the personal information of plaintiffs, there is no method for the *majority of plaintiffs* to prove that Roy knew the personal information came from motor vehicle records, given the fact that Roy was far removed from how the information was obtained and has denied knowing the source of the information. (DPFF##67, 67-71) (ECF #267 pg. 18)

Defendants concede in part that *some* Plaintiffs can prove that Roy knew that he disclosed their personal information from their motor vehicle records. Roy also unequivocally testified that addresses and driver's license numbers on citations are "two pieces of information (that) are retrieved through a person's driver's license record." (PSPF # 29: Exhibit 2, pg. 104 & 105 ; ECF No. 269 p. 19). Roy released twenty-seven (27) Plaintiffs' personal information by way of their citations which contained their addresses and/or their driver's license numbers as obtained from their motor vehicle records.[4] ECF No. 259-1 p 1-3, 9, 4-6, 7-8, 10-13, 17, 18-23, 27-39,43, 44, 48, 49, 52, 53, 56, 57, 59, 63, 64, 66. There is no issue of material fact that Roy disclosed these 27 Plaintiffs' personal information from their DOT records for a purpose not permitted according to the DPPA and these Plaintiffs should be granted the summary judgement.

    C.    Defendant Roy knowingly disclosed Plaintiff Jacqueline Bogenberger's personal information from her motor vehicle record

Defendant Roy testified using Plaintiff Jacqueline Bogenberger citation as an example representative of all the citations that her home address and driver's license number were retrieved from her motor vehicle records. Specifically, Roy testified that with regards to deposition Exhibit

---

[4] Plaintiffs with page numbers noted for ECF 259-1 are Andrew Aaron p. 1-3, Kamila Ahamed p. 9, Isaiah Baldwin p. 4-6, Jacqueline Bogenberger p. 7-8, Khalil Coleman p. 10-13, Erik Fanning p. 17, Jill Ferguson p. 18, Breon Foster p. 19, Joanna Geisler p. 20, Joseph Hayes p. 21-23, Destiney Jones p. 27, Adante Jordan p. 28-32, Mary Kachelski p. 33, Joseph Koepp p. 34-36, Alex Larson p. 37, Lazarito Matheu p. 38-39, Molly Nilssen p. 43, Carmen Palmer p. 44, Leah Porter p. 53, Hector Rodriguez p. 49, Nathan Sabel p. 48, Peter Sparks p. 58, Christina Vitolo-Haddad p. 66, Gabriella Vitucci p. 63-64, Suzanne Wells p. 59, Brandon Wilborn p. 56-57, and Sonja Worthy.

11

4P incorporated as Exhibit A, (Bogenberger's Curfew Citation), a person's address and driver's license number are "two pieces of information are retrieved through a person's driver's license record." (ECF No. 269 p. 19 ; ECF No. 271 PSPF # 29: Exhibit 2, pg. 104 & 105)(Exhibit A – Jackie Bogenberger's Violation of Emergency Citation; ECF No. 259-A p. 8). There is no issue of material fact that Roy disclosed Plaintiff Bogenberger's personal information from her DOT record for a purpose not permitted according to the DPPA and she should be granted summary judgement.

   D.  Defendant Roy knowingly disclosed Plaintiffs' personal information from their motor vehicle records as specified in the record

18 USC 2725 (1) defines a motor vehicle record as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles."

Pursuant to Roy's Declaration he states that for Peter Sparks that his "verbal ID confirmed by WI DOT photo and info" ECF 259 #17 ECF No. ; 259-1 p. 58.)   This confirms that the information on Sparks citation came from the WI DOT and the photo.  *Id.*  As such, Joseph Roy knew that the information disclosed on Sparks' citation came from his DOT records and its disclosure was not for a permissible purpose.

In Roy's Declaration he states that regarding Jill Ferguson the information on her citation, was "identified by her state of WI driver's license." "(ECF 259 #17 ECF No. ; 259-1 p. 18.; BATES 28785)   This confirms that the information on Ferguson's citation was obtained from her WI Driver's License*. Id.*  As such Joseph Roy knew that the information disclosed was personal information obtained  from her driver's license in violation of the DPPA.

In Roy's Declaration he states that for Sonora Larson's citation (BATES 028805) and Molly Nilssen's citation (BATES 28810) they were  "identified by WI picture ID." (ECF 259 #17 ; ECF No. ; 259-1 p. 38 & 43)   It appears that  the information on Larson and Nilssen's citations

12

were obtained from their WI Driver's Licenses. *Id.* As such Joseph Roy knew that the information disclosed was personal information obtained from their driver's license in violation of the DPPA.

Defendants are required to show that these five Plaintiffs of Jacqueline Bogenberger, Peter Sparks Jill Ferguson, Sonora Larson and Molly Nilssens' personal information as displayed on their citations, was for an identified permissible purpose. Defendants provide no evidence to justify Roy's public disclosure of Plaintiffs' personal information on January 7, 2021. There is no genuine dispute as to this material fact that Jacqueline Bogenberger, Peter Sparks Jill Ferguson, Sonora Larson and Molly Nilssen, are entitled to judgment as a matter of law.

E. Defendant Roy's disclosure of Plaintiffs' personal information and Ratkowski's obtainment, use, and disclosure of Plaintiffs' personal information was in willful and reckless disregard of the law

For over two years, Ratkowski disclosed at least 48 Plaintiffs' personal information and highly restricted personal information by way of the TPR Target List —-- to no fewer than 66 people, including to at least 34 people who did not work for the Wauwatosa Police Department. (PSPF 12: Exhibit 17, 072621 Defendant Ratkowski Response to Interrogatory No. 1).

Ratkowski encouraged recipients to pass the Target List along to others, ignoring Plaintiffs' privacy rights pursuant to the DPPA. (PSPF # 15: Exhibit 10). In addition to the actual improper creation and subsequent improper existence of the list, the law requires that each and every time Ratkowski disclosed the list, a permissible purpose justified the disclosure. Defendants fail to do so. Ratkowski's blatantly violates 48 Plaintiffs' privacy rights in violation of the DPPA, demonstrating a clear, willful or reckless disregard for the law.

Roy is equally willful or reckless in knowingly giving the personal information of 49 Plaintiffs to 15 strangers without any permissible purpose, in clear violation of the DPPA. Roy disclosed this information knowing for at least 10 Plaintiffs the documents themselves state

13

unambiguously that the information came from "DOT Records." Roy disclosed the personal information knowing that the information on citations came from the DOT records of 27 Plaintiffs. Roy disclosed 5 Plaintiffs' personal information when he knew the information came from their motor vehicle records. Roy disclosed the personal information of Plaintiffs even when he testified specifically that the information for Jacqueline Bogenberger came from the DOT. This willful or reckless conduct supports the award of punitive damages to the Plaintiffs.

IV. Plaintiffs are Entitled to Monetary Damages

Defendants begin their response with a misrepresentation, stating that Plaintiffs "have not suffered any cognizable DPPA injuries" (ECF No. 266, DPFF #73) then they cite to a 512 page document which apparently they expect the court to dig through to hunt for their argument. In addition to the insult leveled at the Court in expecting it to root out evidence, receipts were provided that defy such posturing. This claim is simply untrue.

Additionally, this argument must be dismissed as irrelevant because this statutory offense has liquidated damages. The Court need not delve into treatises on contract law here - the caselaw is clear that Congress created a right to liquidated damages knowing that a violation of the right to privacy may not yield to precise damages, but is nonetheless a deeply damaging act. ECF No. 286 p. 29-30. Under the DPPA, a party may be liable for "punitive damages upon proof of willful or reckless disregard of the law." 18 U.S.C. §2724(b)(2). Plaintiffs' ask the Court to make a determination, based on the undisputed material facts, that punitive damages should also appropriately be considered by the jury in this case.

## VI. CONCLUSION

Defendants Ratkowski and Roy provide no evidence that meet the standards required pursuant to the DPPA that they had a permissible purpose to use, obtain, or disclose at least 48

14

Plaintiffs personal information. For both Roy and Ratkowski the disclosures of Plaintiffs personal information was ongoing and unchecked only until this court saw fit to the issue a protective order. ECF No. 213 See Footnote #2. The actions of Roy and Ratkowski showed a willful or reckless disregard of the law. It is undisputed that Roy disclosed 49 Plaintiffs personal info from DOT records to fifteen strangers for a purpose not permitted pursuant to the DPPA.

It is also undisputed that on or about June 5, 2020 Ratkowski obtained the 48 Target List Plaintiffs information from the DOT, that he used their personal information to create and maintain the TPR Target List, and then that Ratkowski disclosed the 48 Target List Plaintiffs personal information to at least sixty-six people for well over two years from June 5, 2020 to October 22, 2022 for a use not permissible pursuant to the DPPA. *Id.* For all the unlawful violations of the DPPA by Roy and Ratkowski Plaintiffs are entitled to prevail on summary judgment.

Based on the foregoing, Plaintiffs request that this Court enter partial summary judgment in Plaintiffs' favor finding (i) Defendant Ratkowski liable for unlawfully obtaining 48 Plaintiffs' personal and highly restricted information from their motor vehicle records; (ii) Defendant Dominick Ratkowski liable for unlawfully using 48 Plaintiffs' personal and highly restricted information from their motor vehicle records to create the TPR Target List; (iii) Defendant Dominick Ratkowski liable for at least six improper disclosures for each of the 48 Plaintiffs' information when he disclosed it to six persons on September 10, 2020, November 10, 2020, and July 13, 2020; and (iv) Defendant Joseph Roy liable for unlawfully disclosing 49 Plaintiffs' personal information from their motor vehicle records. The disclosure by Roy includes disclosures of 10 Plaintiffs information on documents that explicitly state that their information came from

15

their DOT records;[5] Roy's disclosure of 27 Plaintiffs personal information by way of the citations that he publicly released; [6] Roy's disclosure of the personal information for 4 Plaintiffs who documents noted their WI IDs or Driver's License; [7] and Roy's testimony that the address and driver license number of Jacqueline Bogenberger's citation obtained from the DOT. See Exhibit A. Neither Roy nor Ratkowski had a permissible purpose for using, obtaining, or disclosing Plaintiffs information nor have they provided any evidence to justify violating Plaintiffs privacy rights pursuant to the DPPA.

For the reasons stated herein, in Plaintiff's summary judgment response documents, and in the pleadings, generally, there is no dispute of material fact as to liability for either Defendant Ratkowski nor Roy on the DPPA claims and accordingly, the Court should grant summary judgment as to liability and permit these claims can proceed to trial on damages on.

Respectfully submitted this 8th day of February, 2023.

/s/ Attorney Kimberley Cy. Motley
MOTLEY LEGAL SERVICES
State Bar No.: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413

Attorney Kathryn Knowlton
KNOWLTON LAW GROUP
7219 West Center Street
Wauwatosa, WI 53210
Email: kate@knowltonlawgroup.com

---

[5] **Plaintiffs John Larry, Joseph Hayes, Jayden Welch, Sean Kafer, Alex Larson, Kamila Ahamed, Khalil Coleman, Gabriella Vitucci, Brandon Wilborn, and Adante Jordan. ECF #259-2 Roy Declaration Exhibit A, p. 111-114, 116-119; ECF #259-2 Roy Declaration Exhibit A, p. 326.**

[6] ECF No. 259-1 and page numbers of the twenty-seven (27) Plaintiffs citations disclosed by Roy are as follows Andrew Aaron p. 1-3, Kamila Ahamed p. 9, Isaiah Baldwin p. 4-6, Jacqueline Bogenberger p. 7-8, Khalil Coleman p. 10-13, Erik Fanning p. 17, Jill Ferguson p. 18, Breon Foster p. 19, Joanna Geisler p. 20, Joseph Hayes p. 21-23, Destiney Jones p. 27, Adante Jordan p. 28-32, Mary Kachelski p. 33, Joseph Koepp p. 34-36, Alex Larson p. 37, Lazarito Matheu p. 38-39, Molly Nilssen p. 43, Carmen Palmer p. 44, Leah Porter p. 53, Hector Rodriguez p. 49, Nathan Sabel p. 48, Peter Sparks p. 58, Christina Vitolo-Haddad p. 66, Gabriella Vitucci p. 63-64, Suzanne Wells p. 59, Brandon Wilborn p. 56-57, and Sonja Worthy p. 52.

[7] Plaintiffs Peter Sparks Jill Ferguson, Sonora Larson, Jacqueline Bogenberger, and Molly Nilssen.

16

Attorney E. Milo Schwab
Ascend Counsel
2401 S Downing Street
Denver, CO 80210