KATHRYN KNOWLTON, *et al*.,

        Plaintiffs,

v.                                                 Case No. 20 CV 01660

CITY OF WAUWATOSA, *et al*.,

        Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
[ADDITIONAL] PROPOSED FINDINGS OF FACT IN OPPOSITION TO
DEFENANTS' MOTION FOR SUMMARY JUDGMENT**
_____

        Defendants City of Wauwatosa, Dennis McBride, Jeffrey Farina, Dominick Ratkowski, and Joseph Roy by their attorneys, Wirth + Baynard, submit the following Response to Plaintiffs' Additional Proposed Findings of Fact. (ECF No. 297)

1.    Plaintiffs were protesting in Wauwatosa on varying days between October 7, 2020 through October 12, 2020 during the curfew because they were not able to protest after 6 am and before 7 pm due to personal and/or work obligations. Declarations of Jacqueline Bogenberger ¶ 8, Raine Cich ¶ 6, Tahudah Cole ¶ 6, Taleavia Cole ¶ 6, Tracy Cole ¶ 6, Rachel Dulay ¶ 2, Erik Fanning ¶ 6, Jill Ferguson ¶ 2, Breon Foster ¶ 6, Destiney Jones ¶ 2, Kathryn Knowlton ¶ 3, Dana McCormick ¶ 3, Sonora Larson ¶ 6, Molly Nilssen ¶ 7, Carmen Palmer ¶ 5, D.P. ¶ 4, C.P. ¶ 4, Leah Porter ¶ 2, Nathan Sabel ¶ 2, Peter Sparks ¶ 6, Angel Vega ¶ 5, Christina Vitolo-Haddad ¶ 2, Gabriella Vitucci ¶ 6, Suzanne Wells ¶ 2, Kathelyn Wojnar ¶ 6, and Sonja Worthy ¶ 2.

        **RESPONSE:** Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, this paragraph is not limited to one material fact.

        Moreover, a nonmoving party at the summary judgment stage cannot rest "upon conclusory statements in affidavits; [they] must go beyond the pleadings and support [their] contentions with proper documentary evidence." *Weaver v. Champion Petfoods USA*

1

*Inc.*, 3 F.4th 927, 934 (7th Cir. 2021) (citation omitted). Here Plaintiffs' Declarations contain only conclusory statements of "I was protesting in Wauwatosa after 7pm on October 9, 2020, because I could not protest between 6:00a.m. and 7:00p.m. due to personal obligations" or "due to work and personal obligations."

Further, the above statements are neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.

2. Plaintiffs did not disclose or do not recall disclosing their personal information such as their weight, height, and eye color to officers in Wauwatosa on the dates of the police reports or citations that were released by Joseph Roy in January 7, 2021 that their information is found on. Declarations Andrew Aaron ¶ 3, Robert Agnew ¶ 4 , Kamila Ahamed ¶ 5, Jacqueline Bogenberger ¶ 6, Raine Cich ¶ 5, Taleavia Cole ¶ 5, Steven Conklin ¶ 3, Anne Delessio-Parson ¶ 4, Rachel Dulay ¶ 5, Eric Fanning ¶ 5, Jill Ferguson ¶ 5, Breon Foster ¶ 5, Joanna Geisler ¶ 9, Joseph Hayes ¶ 5, Destiney Jones ¶ 5, Adante Jordan ¶ 5, Mary Kachelski ¶ 3, Sean Kafer ¶ 5, Kathryn Knowlton ¶ 2, Joseph Koepp ¶4, John Larry ¶ 5, Alex Larson ¶ 5, Sonora Larson ¶ 5, Lazarito Mathieu ¶ 6, Dana McCormick ¶ 2, Molly Nilssen ¶ 5, Carmen Palmer ¶ 8, D.P. ¶ 6, C.P. ¶ 6, Leah Porter ¶ 7, William Rivera ¶ 10, Hector Rodriguez ¶ 6, Oscar Rodriguez ¶ 5 Rosalind Rogers ¶ 16, Nathan Sabel ¶ 5, William Schroeder ¶ 10, Mariah Smith ¶ 3, Peter Sparks ¶ 5, Angel Vega ¶ 11, Christina Vitolo-Haddad ¶ 7, Gabriella Vitucci ¶ 5, Jayden Welch ¶ 5, Suzanne Wells ¶ 5, Brandon Wilborn ¶ 5, Katelyn Wojnar ¶ 11 and Sonja Worthy ¶ 7.

**RESPONSE:** Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, this paragraph is not limited to one material fact. Further, the above statements are neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.

3. No police officers reached out to the following Plaintiffs as a witness, victim, or suspect involving protests from May 25, 2020 to August 5, 2020. Declarations Andrew Aaron ¶4,

2

Jacqueline Bogenberger ¶ 4, Lavita Booker ¶ 5, Rebecca Burrell ¶ 5, Raine Cich ¶ 4, Taleavia Cole ¶ 4, Tahudah Cole ¶ 4, Tracy Cole ¶ 4, Steven Conklin ¶ 4, Lauryn Cross ¶ 4, Eric Fanning ¶ 4, Jessica Fenner ¶ 5, Breon Foster ¶ 4, Christine Groppi ¶ 5, Gaige Grosskreutz ¶ 4, Mary Kachelski ¶ 4, Sonora Larson ¶ 4, Van Mayes ¶ 5, Molly Nilssen ¶ 4, Shawn Page ¶ 4, Carmen Palmer ¶8, D.P. ¶ 3, C.P. ¶ 3, Oscar Rodriguez ¶ 4, Madeleine Schweitzer ¶ 5, Mariah Smith ¶ 4, Peter Sparks ¶ 4, Tiffany Stark ¶ 5, Angel Vega ¶ 4, Tristiana Walls ¶ 5, Oscar Walton ¶ 4, Briitta Welch ¶ 4, Trisha Wilson ¶ 5, and Katelyn Wojnar ¶ 4.

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, this paragraph is not limited to one material fact. Further, the above statements are neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

4. The City of Wauwatosa did not have a written press credentialing process for the City of Wauwatosa in October of 2020. Ex..1, 103.

**RESPONSE: Objection. The above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

5. Wauwatosa was the recipient of federal grant funding in 2020 from the Department of Transportation Speed Grant, Alcohol Traffic Enforcement Grant "ATEG", and the DOT lick or Ticket Grant. Ex. 28, 50.

**RESPONSE: Objection. The underlying exhibit is an unauthenticated record. *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 769 (7th Cir. 2020) (citation omitted) ("Documents must be authenticated by an affidavit that lays a proper foundation for their admissibility, even at the summary judgment stage.") Further, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

6. William Rivera is afro Latino and on October 9, 2020 he lived in Wauwatosa. Dec. William Rivera ¶ 2.

3

**RESPONSE: Undisputed.**

7. Aidali Rivera is Puerto Rican and the mother of William Rivera. Dec. Aidali Rivera ¶ 1.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

8. Hector Rodriguez is Puerto Rican and on October 9, 2020 he was arrested in Wauwatosa and given a ticket for violating the curfew. Dec. Hector Rodriguez ¶ 2.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

9. Lazarito Matheu is Cuban American and was in Wauwatosa on October 9, 2020 not protesting nor was he committing any crimes. Dec. Lazarito Matheu ¶ 2.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

10. On October 9, 2020 Aidali Rivera was arrested by a person whom (she) believes to be Wauwatosa officer Jeffrey Farina. Dec. Aidali Rivera ¶ 2.

**RESPONSE: Objection. Unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment.** *Cleveland v. Porca Co.,* **38 F.3d 289, 295 (7th Cir.1994).**

**Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

11. On October 9, 2020, Aidali Rivera was not protesting in Wauwatosa and she told the officer whom she believes was Farina that. Dec. Aidali Rivera ¶ 4.

**RESPONSE: Objection. Unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment.** *Cleveland v. Porca Co.,* **38 F.3d 289, 295 (7th Cir.1994).**

**Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

12. "The officer who I believe was Farina put the handcuffs on me very tight and I went to the hospital later for my injuries." Dec. Aidali Rivera ¶ 5.

    **RESPONSE: Objection. Unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment.** *Cleveland v. Porca Co.*, **38 F.3d 289, 295 (7th Cir.1994).**

    **Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

13. "Farina is also the officer who ticketed me for violation of an emergency order and I was placed under arrest for hours." Dec. Aidali Rivera ¶ 6.

    **RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

14. "My ticket was dismissed when I went to court in 2021." Dec. Aidali Rivera ¶ 7.

    **RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

15. On September 5, 2020 Isaiah Baldwin and Rosalind Rogers were both arrested by Wauwatosa officer Jeffrey Farina for several hours and also ticketed by him. Dec. Rosalind Rogers ¶ 4 and Isaiah Baldwin ¶ 4.

    **RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment.**

16. On September 5 and 6, 2020 Isaiah Baldwin and Rosalind Rogers were not setting up, holding, or conducting a special event in Wauwatosa. Dec. Rosalind Rogers ¶ 6 and Isaiah

5

Baldwin ¶ 6.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment.**

17. On September 5 and 6, 2020 Isaiah Baldwin and Rosalind Rogers were not acting as event organizers in Wauwatosa. Dec. Rosalind Rogers ¶ 5 and Isaiah Baldwin ¶ 5.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment.**

18. "Farina arrested me and put the handcuffs on me extremely tight." Dec. Isaiah Baldwin ¶ 8.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

19. "I was wearing a shirt with TPR on it and Farina told me it was a gang shirt." Dec. Isaiah Baldwin ¶ 9.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

20. "While I was handcuffed, Farina inappropriately grabbed my penis and I told him that it was inappropriate." Dec. Isaiah Baldwin ¶ 10.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objection, disputed. Regardless, there is no dispute of material fact precluding judgment in favor of the Defendant.**

21. "Farina told me when he was grabbing my penis that, 'Maybe you won't do this again.'" Dec. Isaiah Baldwin ¶ 11.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objection, disputed. Regardless, there is no dispute of material fact precluding judgment in**

6

favor of the Defendant.

22. "Farina tightened the handcuffs on me extremely tightly, I complained and he did not loosen them up at all." Dec. Isaiah Baldwin ¶ 12.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objection, disputed. Regardless, there is no dispute of material fact precluding judgment in favor of the Defendant.**

23. I was given a ticket for Special Event Permit required on September 6, 2020 that was later dismissed when I went to court. Dec. Isaiah Baldwin ¶ 15.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

24. Officer Farina put the handcuffs on Rosalind Rogers tight and told her that TPR was a gang. Dec. Rosalind Rogers ¶ 8.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objection, disputed. Regardless, there is no dispute of material fact precluding judgment in favor of the Defendant.**

25. Rosalind Rogers would later see Farina at the WPD and he told her again that TPR was a gang. Dec. Rosalind Rogers ¶ 11.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendant is entitled to summary judgement. Subject to the objection, disputed. Regardless, there is no dispute of material fact precluding judgment in favor of the Defendant.**

26. I was given a ticket for Special Event Permit required on September 6, 2020 that was later dismissed when I went to court. Dec. Rosalind Rogers ¶ 13.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

27. William Rivera believes that the officer who arrested him is a City of Wauwatosa

7

employee. Dec. William Rivera ¶ 5.

**RESPONSE: Objection. Unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment.** *Cleveland v. Porca Co.,* **38 F.3d 289, 295 (7th Cir.1994).**

**Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Undisputed William Rivera believed the officer who arrested him was a City of Wauwatosa employee. Therefore, the proposed fact does not preclude summary judgment in favor of the Defendant.**

28. William Rivera was told that he was being arrested "because at this point it does not matter because you are black" and believes this person to be a Wauwatosa officer. Dec. William Rivera ¶ 7.

**RESPONSE: Objection. Unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment.** *Cleveland v. Porca Co.,* **38 F.3d 289, 295 (7th Cir.1994).**

**Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Undisputed William Rivera believed the officer who arrested him was a City of Wauwatosa employee. Therefore, the proposed fact does not preclude summary judgment in favor of the Defendant.**

29. William Rivera had no idea that a curfew was in place when he was arrested on October 9, 2020. Dec. William Rivera ¶ 4.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

30. William Rivera was told by the officers to take off his uniform shirt before they took his booking photo. Ex. 29, Depo. William Rivera pg. 88 line 9 – 15.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

31. Hector Rodriguez was not protesting in Wauwatosa nor was he committing any crimes on

8

October 9, 2020 when he was arrested. Dec. Hector Rodriguez ¶ 3.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

32. During the curfew, it was the policy of the WPD to allow its officers to put black tape over their identifying information such as their names and their numbers. Ex. 31, Depo. Luke Vetter pg. 158.

**RESPONSE: Object because the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

33. Aidali Rivera was not protesting in Wauwatosa on October 9, 2020 and she told the officer whom she believed was Farina that she was taking her son, William Rivera, home in Wauwatosa home from work. Dec. Aidali Rivera ¶ 4.

**RESPONSE: Objection. Unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment.** *Cleveland v. Porca Co.,* **38 F.3d 289, 295 (7th Cir.1994). Further, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement.**

**Subject to the objections, undisputed for purposes of summary judgment. Therefore, the proposed fact does not preclude the entry of summary judgment in favor of the Defendants.**

34. Ratkowski obtained the address of the following Plaintiffs from the DOT, Khalil Coleman p. 1, Brandon Wilborn p.1, Mariah Smith p.1, Rebecca Wigley (Burrell) p.2, Jacqueline Bogenberger p.2, Joseph Koepp p.4, Van Mayes p.6, Gaige Grosskreutz p.6, John Larry p.6, Taleavia Cole p.7, Tracy Cole p.7, Tristiana Walls p.7, Tahudah Cole p.7, Rosalind Rogers p.8, Robert Agnew p. 9, Adante Jordan p. 10, Jayden Welch p.10, Briitta Welch p.10, Oscar Concepcion Rodriguez p.10, Katelyn Wojnar p. 11, Sean Kafer p. 11, Madeleine Schweitzer p.11, Steven Conklin p.12, Molly Nilssen p.13, Sonora Larson p.13, Raine Cich p. 14, Alex Larson p. 14, Oscar Walton p. 14, Gabriella Vitucci p. 15, Lavita Booker p.15, Trisha Wilson p.15, Shawn

9

Page p.18, Jessica Fenner p., Christine Groppi p.23, and Tiffany Stark p.24. Ex. 20 TPR Target List.

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

35. Defendant McBride started preparing for the Emergency Proclamation in July of 2020.

    Ex. 1 p. 27. Ex. 17.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of Defendant's testimony. Defendant McBride testified as follows:**

    > **Q   When did you begin _contemplating a curfew_ for October 6th?**
    > **A   Contemplating, you mean personally?**
    > **Q   Yes.**
    > **A   You mean talking to people or just my own mind?**
    > **Q   Yes.**
    > **A   Late July.**

    **(ECF #288-1, p. 27) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to said objections, undisputed. Therefore, the proposed fact does not preclude summary judgment in favor of the Defendant.**

36. Instead Defendant Weber agreed that the concerns stated in the Emergency Proclamation

    were "speculative" and "guesswork." Ex. 19, 174:21-25.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of Weber's testimony. Weber testified:**

    > **Q   It was speculative?**
    > **A   Yes, _it was in preparation_.**
    > **Q   But where it says, "it is anticipated that an emergency will exist," that is all guesswork, is that correct?**

10

> A Yes.

(*Id.* at 174) Moreover Weber is not a defendant. (ECF No. 190, p. 26) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Subject to said objections, undisputed. Therefore, the proposed fact does not preclude summary judgment in favor of the Defendants.

37. According to Weber, an, an individual engaged in protest was subject to the curfew, but an individual walking his dog, who had to get their kids somewhere, or an individual just generally outside traveling was not. Ex. 19, 177:6-20.

    **RESPONSE:** Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary materials to the extent that the proposed fact is not a full, complete, and accurate reflection of Weber's testimony. Weber testified:

    > Q So nobody was arrested solely for violating the curfew?
    > A I think there was circumstances involved when people were arrested.
    > Q Tell me about those circumstances.
    > A <u>I will just be speculating</u>, but if people are, as I said earlier, if they are out walking their dog or they are coming back from somewhere or wherever, they would not get arrested for a curfew violation.
    > Q What would be the basis for why someone would be arrested for a curfew violation?
    > A If they were involved in doing something that was unlawful or did not obey the officer's request.

(*Id.* at 177) Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, unsupported speculation will not defeat a summary judgment motion; and an affidavit that includes general beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment. *Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir.1994).

Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to said objections, undisputed. Therefore, the proposed fact does not preclude summary judgment in favor of the Defendant.

38. On January 7, 2021 Joseph Roy disclosed Plaintiff John Larry's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 1; DF Bates 28878.

    **RESPONSE: Objection.** In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed.

**R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

39. On January 7, 2021 Joseph Roy disclosed Plaintiff Joseph Hayes's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 1 & 2; DF Bates 28879.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

    **Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

40. On January 7, 2021 Joseph Roy disclosed Plaintiff Jayden Welch's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 2 & 3; DF Bates 28880.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

    **Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

41. On January 7, 2021 Joseph Roy disclosed Plaintiff Sean Kafer's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 3 ; DF Bates 28880.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material.**

12

**Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

42. On January 7, 2021 Joseph Roy disclosed Plaintiff Khalil Coleman's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 4; DF Bates 28881.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

    **Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

43. On January 7, 2021 Joseph Roy disclosed Plaintiff Alex Larson's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 5 & 6; DF Bates 28883 &28884.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

    **Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

44. On January 7, 2021 Joseph Roy disclosed the Plaintiff Kamila Ahamed's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 6; DF Bates 28884.

    **RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶**

13

40) which is not evidence.

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

45. On January 7, 2021 Joseph Roy disclosed the Plaintiff Gabriella Vitucci's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 6 & 7; DF Bates 28885.

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

46. On January 7, 2021 Joseph Roy disclosed the Plaintiff Brandon Wilborn's personal information of height, weight, eye color, and hair color that was obtained from DOT records. Ex. 39, 7; DF Bates 28885.

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

47. On January 7, 2021 Joseph Roy disclosed the Plaintiff Adante Jordan's personal information of address, gender, race, and date of birth that was obtained from DOT records. Ex. 39, 8 & 9; DF Bates 29077.

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded. Further, Ex. 39 is a chart prepared by Plaintiffs' counsel (*See* ECF No. 288, ¶ 40) which is not evidence.**

**Regardless, even if the Court accepts this fact for purposes of summary judgment, there is no dispute of material fact precluding judgment in favor of the Defendant.**

48. In July 2020 McBride spoke with Mayor Tom Barret about preparing for Chisholm's announcement. Ex. 1, 28.

**RESPONSE: Objection. In contravention of Civil Local Rule 56(b)(2)(B)(ii) and Fed. R. Civ. P. 56, the proposed fact is not supported by the cited evidentiary material. Thus, to the extent that the cited evidence does not support the proposed fact, it should be disregarded.**

**Regardless, the above statement is neither relevant nor material to the question of whether the Defendants are entitled to summary judgement. Subject to said objections, undisputed. Therefore, the proposed fact does not preclude summary judgment in favor of the Defendant.**

Dated this 15th day of February 2023.

        **WIRTH + BAYNARD**
        Attorneys for Defendants

BY:  */s/ Kiley B. Zellner*
       Kiley B. Zellner, WI Bar No. 1056806
       9898 W. Bluemound Road, Suite 2
       Wauwatosa, Wisconsin 53226
       T: (414) 291-7979 / F: (414) 291-7960
       Email: kbz@wbattys.com