UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al,

    Plaintiffs,

v.                                   Case No. 20-CV-01660

CITY OF WAUWATOSA, et al,

    Defendants.

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 11**

    Plaintiffs, by and through their undersigned Counsel, hereby respectfully move this Honorable Court for an Order imposing sanctions pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure on the basis that several of Defendants' factual allegations in their Proposed Findings of Facts (ECF #266) and motion for Summary Judgment (ECF #267) are knowingly and deliberately misleading to the Court. Defendants were provided explicit notice of these violations on or about January 28, 2023, through a "safe harbor" letter, with draft motion and supporting brief, (See attached Dec. of Knowlton, Exhibits A-D), as well as an additional correspondence on February 5, 2023, confirming Defendants' refusal to correct their misrepresentations. (See attached Exhibit E). Plaintiffs specifically and purposedly provided this notice prior to scheduled filing deadlines to attempt to avoid court intervention. Though on notice of falsehoods and inaccuracies, Defendants made no request or suggestion of extension or correction, thus requiring this motion.

## INTRODUCTION

    Defendants' persist in a pattern and practice of knowingly misrepresenting, misquoting and purposefully attempting to misdirect this Court. Though perspective and persuasion are necessary

1

skills, and fully expected to be on display and liberally employed by counsel on all sides in presenting facts and argument, actual misrepresentation and deliberate mis-quoting are exactly what Rule 11 exists to prevent, so that Court's time is not wasted, and judicial process has a modicum of integrity. All Counsel are sworn officers of the Court, and held to necessary standards in that capacity. Without enforcement of these standards, scoundrels and cheaters run rough shod through our court system, reinforce negative stereotypes of attorneys and degrade the credibility and authority of the courts.

## LEGAL STANDARD

Plaintiffs readily accept the standard articulated by Defendants' Counsel in their motion filed in this matter on April 20, 2022 (ECF #180, pages 2-4). Rule 11(b)(3) states,

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> …
> (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation of discovery.

Fed. R. Civ. Pro. 11(b)(3).

Additionally, Plaintiffs rely on this Court's articulation:

> A party seeking to impose sanctions under Rule 11 must make a motion describing the specific conduct that allegedly violates Rule 11(b), must serve the motion o the party without filing the motion with the court, and must give the party an opportunity to correct the alleged violations within 21 days after service (Rule 99(c)(2)). Then, after the party has notice and a reasonable opportunity to respond, if the court finds that Rule 11(b) has been violated, the court "may impose an appropriate sanction on any attorney, law form, or party that violated the rule or is responsible for the violation."
> …
> Rule 11's purpose is punitive rather than compensatory, and the goal of a Rule 11 sanction is specific and general deterrence. *Brandt v. Schalk Assoc., Inc.*, 960 F.2d 640, 645 (7th Cir. 1992). The district court enjoys broad discretion in setting a sanction aware that it believes will serve the deterrent purpose of Rule 11 *Divane*

2

>*v. Krull Elec. Co.*, 319 F.3rd 307, 314 (7th Cir. 2003) ("In an effort to deter future conduct, it may impose a flat sanction, it may strike offensive pleadings, or – more commonly – it may direct the offending party to pay the other party's reasonable attorney's fees.").

(ECF #191 at p. 2-3).

## ARGUMENT

Defendants make factual allegations in their Motion for Summary Judgment (ECF #267) that are deliberate, and clearly without evidentiary support, contrary to Rule 11(b)(3). As the misrepresentations by Defendants exposed herein are made at this dispositive motion stage, the expectation that Defendants have had reasonable time and discovery to vet and fortify reliable evidence is undeniable.

First, with regard to Plaintiffs' Claim 2, in an attempt to present a defense for statutory violation of the DPPA (specific to the Target List), Defendants assert as fact that "Ratkowski *only* provided the list to other law enforcement agencies..." (ECF #267 at p. 16), emphasis added. However, the Declaration of Mr. Ratkowski, cited to support this statement states, "I provided the list to the following law enforcement agencies…" (ECF #258 at par. 16), and the word "*only*" never appears in his declaration anywhere.

In fact, the immediate subsequent paragraph clearly states that Defendant Ratkowski actually provided the list to other agencies and entities, "[w]hen I provided the list to other law enforcement agencies it was to assist…" (*Id*. at par. 17). There is no statement, nor evidence at all that Defendant Ratkowski confirms any limitation of disclosure to ("only") law enforcement agencies, and there is legitimate rationale to reasonably believe the opposite, based solely on the cited Declaration. But Defendants' counsel deliberately, knowingly insert the word "only," to drastically and substantively change the meaning of the statement and the character of the disclosure. The consequences here are meant, and cannot be claimed as an error or mistake nor

3

have they contended otherwise.

This is a deliberate and substantively critical misrepresentation. Defendants employ the word "only" in a deliberate, purposeful attempt to mislead this Court and assert there is no genuine issue of material fact, based not on spin, but on invented new construction of an added word. Done for the express purpose of suggesting that Ratkowski's disclosures are limited, justified, and negate any further analysis or vetting by a trier of fact. This is stunning as in reality and by evidence presented, no such limitation exists, nor is merited. Defendants represent this falsehood in their Motion for Summary Judgment (ECF #267) as an allegation of fact. This is not only misleading, it is a blatant misrepresentation of their own client's actual Declaration. Further, this is specifically tailored to fit a potential defense and thwart Plaintiffs' access to a full and fair hearing. It is exactly the behavior Rule 11 seeks to address in order to curtail and deter such abuse of process.

In Plaintiffs' 12th Claim as it relates to malicious prosecution of Plaintiff Aidali Rivera, Defendants use the same misrepresentation tactic when they falsely state that,

> "[t]here is no dispute that on October 9, 2020, Aidali Rivera was on the City of Wauwatosa on a public street after 7:00pm *in violation of the curfew* when she was arrested."

(ECF #267 at p. 11), emphasis added.

In fact, the evidence proffered for this allegation is Plaintiff Aidali Rivera's Response to Defendants' Request for Admissions, number five (#5), which accurately reads as follows:

> Admit that on October 9, 2020 you were in the City of Wauwatosa on a Public street after 7:00pm.
>
> Response: Admit.

(ECF #265-2 at p.4).

There is a markedly and legally different meaning that Defendants wish to portray versus the accurate facts confirmed in the actual quotation. This is another deliberate and substantive

4

misrepresentation to the Court. Not only is there no admission that there is any alleged curfew violation, Defendants are aware that this illegitimate curfew ticket was dismissed as an admitted error. (ECF #180 at p. 10). Defendants' Counsel again deliberately and knowingly misrepresent the actual evidence to attempt to assert a falsity.

In the 11th Claim brought by Plaintiff William Rivera, this deceptive playbook continues, and infects the entirety of Defendants' pleading. Defendants assert, again, not an unambiguous, undisputed fact, but rather stretch to breaking point quotations to fit into their fictional narrative. Defendants assert:

> [f]irst and foremost, the unidentified officer who is alleged to have said, 'at this point it doesn't matter because you are black' is not an employee of the City of Wauwatosa.

(ECF #267 at p.8). Defendants claim this statement as fact based upon Defendant Roy's Declaration at paragraph 19, but that paragraph is inapplicable. For the sake of efficiency, the actual quotation, as well as the immediate subsequent paragraph 20, which seems relevant, and/or at least potentially semantically connected to Defendants' assertion, is as follows:

> 19. I reviewed non traffic citations from Roy Exhibit A, specifically Bates Nos DEFS' RPD: 028771- 028773. These citations contain no driver's license identification numbers, vehicle, or license plate information and suggests to me the source of the information was not motor vehicle records.
>
> 20. The uniform worn by the officer pictured below is not a City of Wauwatosa law enforcement uniform.

(ECF #259 at par. 19-20).

This again demonstrates the malicious verbiage manipulation of Defendants. The conclusory (hoped-for) "fact" Defendants want to evidence is that the unidentified officer "is not an employee of the City of Wauwatosa." But Defendants cite to no fact that actually supports that conclusion. It is completely different to describe a picture of a uniform as not a uniform issued by Defendant City, than to conclude the person in the picture is not an employee of Defendant City.

5

Defendants deliberately jump from uniform style to employment status without any actual evidentiary merit, and arrogantly hope that the Court won't notice. In fact, Defendants double down on this misrepresentation in repeating the lie on page 9, stating again,

> [a]t most, he has described a single instance, on October 9, 2020, wherein an unidentified officer *who is not a City of Wauwatosa employee* may have behaved in a discriminatory way."

(ECF #267 at 9), emphasis added.

That has simply not been proved, shown or credibly determined in any way. Defendants are responsible for their language and ethically bound to candor with the Court.

Additionally in regard to Plaintiffs' Claim 12, there is yet another deliberate misrepresentation evident in the over-broad use of absolutes by the Defendants, which again, may be appropriately expected in blustering argument, but has no place is assertion of "fact." Again, Defendants misrepresent their own clients' quotations to the detriment of this process and corrosive erosion of professional integrity. Defendants assert as fact that "[p]rior to this event, Farina *had never even had contact* with Aidalia [sic] Rivera." (ECF #267 at p. 11), emphasis added. In actuality, the deposition testimony cited to support this is:

> Q    Okay. Thank you. And are you familiar -- do you know who the plaintiffs are on this matter?
> A    I know some. Are there three? There are three?
> Q    Well, let me -- let me read the names –
> A    Okay.
> Q    -- of the plaintiffs.
> A    Okay.
> Q    On this matter so that you're aware.
> A    Okay.
> Q    And I will provide to you all the plaintiffs because people have different spellings, so I'm just gonna read them all off. Okay?
> A    Okay.

(ECF #265-3, p. 32, lines 8-20). Counsel then proceeds to name all of the plaintiffs individually and when Aidali Rivera's name is read, Defendant Farina states, "No." (ECF #267-3, p. 36, lines

15-16). Again, whether Farina "knew" Ms. Rivera is vastly different than the proffered "fact" that Defendant Farina has "never even had contact" with Plaintiff Rivera.

Though these misrepresentations are also illuminated by reference in Plaintiffs' Response to Defendants' Motion for Summary Judgment, it is critical and necessary to address and correct the deliberate and insidious practice of Defendants to repeatedly misrepresent and interfere with the course of justice. Defendants hope that voluminous references requiring excessive review might cause the Court to gloss over such distraction, especially where some similar words exist, but their order and accuracy is vital. And the substantive changes by the deliberate disrespect of basic candor and honest rendition of the record cannot be ignored.

Rule 11 sanctions are absolutely critical in such a case because this is a purposeful pattern of abuse by Defendants. This wastes the Court's time and resources in having to act as a watchdog to professionals sworn to uphold the integrity of the court and process, to say nothing of themselves. It requires the Court to apply the rules of ethics and conduct, rather than the statutory and case law standards for parties seeking application of the law to access justice.

To quote this Honorable Court: "words matter," and these specific words are especially significant as "only" explicitly works to limit and restrict, while adding the entire phrase, "in violation of the curfew" speaks to the entirety of justification for Defendants' action as state agents. At this critical stage of dispositive motions, such fabrications are not spin or persuasion, they are deliberate and improper substantive weapons to attempt to foreclose oversight and access; that is, to deliberately obstruct the transparent application of justice.

Rule 11 must be applied in just such vital moments, to ensure integrity and safeguard a judicial process that can only be as strong and fair as those officers of the court who take a sacred oath to be truthful, accurate and dispassionate. In a matter of such importance to the structures of

7

our society: the accountability of state agents with unfettered power and authority, being questioned by individual citizens alleging abuse of that state power, the truth matters.

## CONCLUSION

For the foregoing reasons, the Honorable Court must find that Defendants have proffered factual allegations they know to be false in direct and deliberate violation of Rule 11. Defendants' actions demonstrate a pattern and practice for which sanctions are necessary and most appropriate to deter future abuse of process. Thus Plaintiffs seek all costs and fees and any other remedy this Court deems just.

Respectfully submitted this 22nd day of February, 2023.

**COUNSEL FOR PLAINTIFFS**

By: /s/ Kathryn L. Knowlton
Kathryn L. Knowlton
WI State Bar No. 1032814
Knowlton Law Group, LLC
7219 West Center Street
Wauwatosa, WI 53213
Telephone: (414) 202-2444
Email: kate@knowltonlawgroup.com

Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

E. Milo Schwab
Ascend Counsel
3000 Lawrence Street
Denver, CO 80205
Telephone : (732) 406-8215
Email :milo@ascendcounsel.co

8