KATHRYN KNOWLTON, et al.,

                           Plaintiffs,

v.                                                  Case No. 2020-CV-01660

CITY OF WAUWATOSA, et al.,

                           Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EXPEDITED MOTION TO STRIKE
DECLARATION OF MATTHEW MARTELL**

Defendants, by their attorneys, Wirth + Baynard, hereby submit the following Response to Plaintiffs' motion to strike the Declaration of Officer Matthew Martell. Plaintiffs have moved to strike the Declaration of Officer Martell. According to Plaintiffs, Defendants had an obligation to identify Officer Martell in their Rule 26 initial disclosures, and their failure to identify him sooner prejudiced Plaintiffs.

Defendants are required to make an initial disclosure of the individuals that it "may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). Defendants were also required to supplement that disclosure if it was incomplete and "additional or corrective information [had] not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Officer Martell is being used solely to impeachment Plaintiffs' claims (Farina arrested them) and Officer Martell was made known to Plaintiffs in the discovery process and in writing.

First, Plaintiffs themselves identify Officer Martell in the Fourth Amended Complaint (ECF No. 155, ¶ 227), making it clear that they were aware of him and his role, despite their arguments to the contrary in their motion. Second, all of Officer Martell's relevant reports were

provided in discovery (*See* DEFS' RPD 000257). Third, Plaintiffs Baldwin and Rogers were sent

Requests for Admission on October 14, 2022, to which they responded on December 4, 2022, with

Officer Martell clearly identified as the arresting officer:

> REQUEST NO. 3. Admit that on September 5, 2020, at approximately 11:45 PM, you were arrested by **Officer Matthew Martell** standing near the open doors of a sedan in the area of N. 83rd Street and Stickney Avenue.
>
> RESPONSE NO. 3:  Deny.

(ECF Nos. 265-1 at 35 and 265-1 at 168) The same Request for Admission identifying Officer

Martell was copied into Defendants' deficiency letter to Plaintiffs dated November 15, 2022.

Finally, the declaration was filed on December 19, 2022, providing Plaintiffs 44 days to

address the declaration, which they did (*See* ECF Nos. 286 at 18-19; 296-40; and 296-53) before

they filed a Response on February 1, 2023. Plaintiffs were also free to bring the matter to this

Court's attention at any time prior to their long-delayed submission of a response brief. But they

did not—and there is no basis for Plaintiffs' contention that "summary judgment would have to be

briefed all over again." (ECF No. 323 at 3)

Even assuming Plaintiffs are correct that Defendants should have supplemented their

disclosures, to include Officer Martell, the motion should still be denied because Plaintiffs are not

prejudiced in the slightest by the Declaration of Officer Martell.

Dated at Wauwatosa, Wisconsin this 23rd day of February 2023.

**WIRTH + BAYNARD**
Attorneys for Defendants

*/s/ Kiley B. Zellner*_____
Kiley B. Zellner (#1056806)
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Email: kbz@wbattys.com

2