# DRIVER'S PRIVACY PROTECTION ACT
## Violations

The Driver's Privacy Protection Act (hereinafter "DPPA") was enacted to limit the gathering, use and release of an individual's personal information contained in motor vehicle records to those with a legitimate and lawful purpose for the information.

The DPPA protects individuals only against the unlawful collection, use or dissemination of the information within their motor vehicle records. The DPPA has defined 14 permissible uses for gathering and releasing personal information contained in a motor vehicle record. Relevant to this case, permissible actions include[1]:

1. Use by any government or law enforcement agency in carrying out its functions, or by any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

2. For any other legitimate use if it relates to public safety.

An individual or agency violates the DPPA if the individual or agency knowingly obtains, discloses, and/or uses an individual's driver's license record without having one or more of the described lawful purposes for the information.

After evaluating of the facts, evidence, and testimony presented, it is up to you to determine whether Dominick Ratkowski or Joseph Roy committed any violations of the DPPA. Not every obtainment, disclosure, or use of an individual's driver's license records is considered a violation of the DPPA.[2] Knowingly obtaining an individual's driver's license records without a legitimate or lawful purpose, followed by an improper use and/or disclosure of the information is considered one violation of the DPPA.[3] If you find that a violation of the DPPA occurred, however, that violation may have affected more than one person.

---

[1] 18 U.S.C. § 2721 (b):       **(1)** For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

**(14)** For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

[2] "the plaintiffs' cramped interpretation of the DPPA would undermine the statute's countervailing purpose, which is to allow legitimate users to access the records." *Graczyk v. West Publishing Company*, 660 F.3d 275, 280 (7th Cir. 2011)

[3] *Pichler v. UNITE*, 542 F.3d 380, 392-94 (3rd Cir. Ct. App. 2008), a breach of the DPPA consists of "one instance of obtaining and one of use." *Id.* at 393.

_____

In *Pichler*, UNITE was attempting to unionize employees of Cintas. *Id.* at 384. To organize a group of workers, UNITE went to the Cintas parking lot and recorded the license plates of each vehicle. *Id.* With the license plate information, UNITE then contacted information brokers, who found information of each person who owned the vehicles. *Id.* UNITE then visited the homes of the workers. *Id.*

On appeal, the plaintiffs argued liquidated damages should apply for each time the information was obtained and used. *Id.* at 392. The court rejected this argument, stating that because the term "liquidated damages" is used, it "reflects an *ex ante* agreement of the parties." *Id.* at 393. Importantly, the court reasoned:

> Congress clearly contemplated that in most cases, a defendant who obtained motor vehicle information would put it to some use. … Therefore, given Congress's use of the term "liquidated damages" and the $2,500 amount provided, **we conclude that this amount encompasses both aspects of a defendant's "breach" of the DPPA—one instance of obtaining and one of use—and that the defendant is limited to one liquidated damage award in this situation. <u>A contrary holding would effectively result in a minimum award of $5,000 for every violation of the DPPA—a result we do not believe Congress intended.</u>** *Id.*

2

**DRIVER'S PRIVACY PROTECTION ACT**
**Motor Vehicle Records[1]**

The DPPA protects individuals from the improper gathering, use or dissemination of information within their motor vehicle records, and has no application to the gathering, use or dissemination of such information from any other sources that may contain such information.

Therefore, in answering the special verdict questions you must consider in your deliberations whether the Plaintiffs have proved, by the greater weight of the credible evidence, that the personal information gathered by Dominick Ratkowski and Joseph Roy could only have been obtained from the motor vehicle records of the Plaintiffs.

---

[1] 18 U.S.C. § 2724(a), a cause of action under the DPPA consists of:

A person who knowingly obtains, discloses or uses personal information, **from a motor vehicle record**, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court

**DRIVER'S PRIVACY PROTECTION ACT**
**Knowledge of Record Gatherer[1]**

      The DPPA protects individuals from the gathering, use or dissemination of information within their motor vehicle records by a person who does so knowing the information is from motor vehicle records and that his actions are for unlawful or impermissible purposes.

---

[1] 18 U.S.C. § 2724(a), a cause of action under the DPPA consists of:

A person who **knowingly obtains**, discloses or uses personal information, **from a motor vehicle record, for a purpose not permitted under this chapter** shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court