# PROPOSED INSTRUCTION ___

EXPLANATORY: STIPULATED FACTS
The plaintiff and the defendants have stipulated -- that is, they have agreed -- that the following facts are true.

1. On or around June 5, 2020, Dominick Ratkowski, a civilian crime analyst hired by the City of Wauwatosa created a list.

2. On January 7, 2021, Joseph Roy released unredacted documents by providing a drop box link to documents which included Wauwatosa Police Department police reports, citations, squad and body camera video as well as videos and reports produced from other agencies.

# PROPOSED INSTRUCTION ___

## Drivers Privacy Protection Action ("DPPA")
## Civil Action

The claims before you are based on a federal law known as the Driver's Privacy Protection Act, or "DPPA," which is included in the United States Code as 18 U.S.C. §§2724 and 2721. The relevant part of section 2724 provides that:

A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under the Act, shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court. 18 U.S.C. § 2724

---

**COMMENTS**

Congress created the DPPA to address privacy concerns regarding the personal information held by state departments of motor vehicles. See *Maracich v. Spears*, 133 S. Ct. 2191, 2198 (2013). In *Maracich v. Spears*, attorneys submitted FOIA requests and received thousands of persons personal information including their addresses and phone numbers without their consent from the South Carolina DMV in order to solicit clients for a lawsuit, which the court held was not a permissible purpose within the meaning of the DPPA. *Maracich v. Spears,* 570 U.S. 48 (2013). As in *Maracich*, the disclosure of persons' personal and highly restricted information to members of the public who would not otherwise have had access to such information from the DMV is precisely what the DPPA meant to protect against. See *Maracich*, 133 S. Ct. at 2198.

# PROPOSED INSTRUCTION ___

## Drivers Privacy Protection Act ("DPPA") Elements

Under the DPPA, the plaintiff has the burden of proving all of the following elements by a preponderance of the evidence:

1) that the defendant knowingly obtained, used, or disclosed plaintiff's personal information;

2) that plaintiff's personal information came from a motor vehicle record; and

3) that defendant obtained, used, or disclosed this personal information for a purpose not permitted under the Act.

*Hurst v. State Farm Mutual Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 39347 (D. Del. Feb. 9, 2012); *Pichler v. UNITE*, 228 F.R.D. 230 (E.D. Pa. 2005), aff'd, 542 F.3d 380 (3d Cir. 2008).; *Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010); *Wiles v. Worldwide Info., Inc.*, 809 F. Supp. 2d 1059 (W.D. Mo. 2011); *Jessen v. Blue Earth Cnty.*, 2014 U.S. Dist. LEXIS 144371, at *9–*10 (D. Minn. Oct. 10, 2014); *Howard v. Criminal Info. Servs.*, 654 F.3d 887 (9th Cir. 2011); *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens*, P.A., 525 F.3d 1107 (11th Cir. 2008).

# PROPOSED INSTRUCTION \_\_\_\_

## First Element Obtaining Personal Information

"Personal information" means information that identifies an individual, including personal identifying descriptions like height, weight, hair color, eye color, social security number, date of birth, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information. Information about vehicular accidents, driving violations, and driver's status are not covered under the DPPA.

*18 U.S.C. § 2725(3);* personal information also includes a person's height, weight, hair color, and eye color. *Dahlstrom v. Sun-Times Media*, LLC, 777 F.3d 937, 943 (7th Cir. 2015).

**PROPOSED INSTRUCTION \_\_\_**

**Knowingly**

With regard to Defendant's knowledge, you are instructed that the means of knowledge are ordinarily the equivalent in law to knowledge. So if it appears from a preponderance of the evidence in the case that the Defendant had information which would lead a reasonably careful person of the same age, mental capacity, intelligence, training, and experience to make inquiry through which he would surely learn certain facts, then that person may be found to have had actual knowledge of those facts the same as if he had made such inquiry and had actually learned such facts. That is to say, the law will charge a person with notice and knowledge of whatever he would have learned upon making such inquiry as it would have been reasonable to expect that person to make under the circumstances.

*Powell v. Radkins*, 506 F.2d 763, n.2 (5th Cir. 1975)

# PROPOSED INSTRUCTION ___

## Information From Motor Vehicle Record

A "motor vehicle record" means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles."

18 U.S.C. 2725 (1)

# PROPOSED INSTRUCTION ___

## Drivers Privacy Protection Act – Definitions

In determining violations in this case, you may find it helpful to understand the definitions of different terms within the DPPA that have been used throughout the trial:

"Person" means an individual, organization or entity, but does not include a State or agency of the state. The City of Wauwatosa, Milwaukee County, Kathryn Knowlton, are all persons under the Drivers Privacy Protection Act. 18 U.S.C. § 2725(2).

"Highly restricted personal information" means an individual's photograph or image, social security number, medical or disability information." 18 U.S.C. § 2725(4).

"Express consent" means consent in writing, including consent conveyed electronically that bears an electronic signature as defined in section 106(5) of Public Law 106–229. 18 U.S.C. § 2725(5).

"Disclosure" includes sharing any information from DOT/DVM records if the original reason for obtaining and/or using the records is different than the purpose of sharing it.

"Purpose not permitted" means the absence of a legitimate law enforcement purpose. Curiosity about a friend, colleague, someone visible in the community, an applicant for a volunteer position or job, or adversary in court is not a permissible purpose to access personal information or highly restricted information from motor vehicle records.

# PROPOSED INSTRUCTION ___

## Impermissible Purpose Generally

For Defendant's conduct to qualify as a permissible purpose, it must fall within one of the following 14 exceptions:

**(1)** For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

**(2)** For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

**(3)** For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

**(A)** to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

**(B)** if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

**(4)** For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

**(5)** For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

**(6)** For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

**(7)** For use in providing notice to the owners of towed or impounded vehicles.

**(8)** For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

**(9)** For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49 [49 USCS §§ 31301 et seq.].

**(10)** For use in connection with the operation of private toll transportation facilities.

**(11)** For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

**(12)** For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

**(13)** For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

**(14)** For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

**PROPOSED INSTRUCTION \_\_\_**

"Legitimate law enforcement purpose" means the information is sought, and/or disclosed for deterring, preventing, or investigating crimes.

**PROPOSED INSTRUCTION \_\_\_**

**DPPA Damages**

If you find that the Plaintiffs has proved that the defendants are liable for a violation of the DPPA then you must determine what were the plaintiffs' damages.

In determining this amount, you should consider any damages that the plaintiff suffered as a direct result of defendant's wrongful actions. DPPA 18 U.S.C. §2724(b)

# PROPOSED INSTRUCTION ___

## DPPA Punitive Damages

If you find that the defendant is liable for a violation of the DPPA, then you have the discretion to award punitive damages in addition to compensatory damages.

You may award punitive damages only if the plaintiff proves by a preponderance of the evidence that the defendant acted willfully or in reckless disregard of the law.

If you determine that punitive damages should be awarded, you may then award such sum as will accomplish the purpose of punishing or deterring wrongful conduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages (and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts).

Section 2724(b)(2) allows the court to award "punitive damages upon proof of willful or reckless disregard of the law." The Third Circuit has specifically held that a plaintiff has a Seventh Amendment right to a jury trial on this issue even though the statute gives the court discretion to award punitive damages.

# PROPOSED INSTRUCTION ___
## WI JI 5.12 - WILLFULNESS

If you find for Plaintiff, you must then decide whether Defendant willfully violated the DPPA. To show this, Plaintiff must prove by a preponderance of the evidence that the Defendant knew that he was violating the DPPA, or was indifferent to whether its actions violated the DPPA.

**PROPOSED INSTRUCTION \_\_\_**

Each use, obtainment, or disclosure must be for a permissible purpose. Even though information may have been obtained for a permissible purpose, it was actually used, obtained, or disclosed for another impermissible purpose. If you find that the plaintiff has proved that defendant obtained the information for the permissible purpose of [*e.g.,* use in litigation] but then used or disclosed the information for an impermissible purpose of [*e.g.,* harassing or threatening plaintiff], you may find that this element has been proved.