UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, *et al.*,

    Plaintiffs,

    v.                                             Case No. 20-CV-1660

CITY OF WAUWATOSA, *et al.*,

    Defendants.

---

### DECISION AND ORDER ON PLAINTIFFS' MOTION TO CORRECT OR CLARIFY THE SUMMARY JUDGMENT ORDER

---

On March 13, 2023, I granted in part and denied in part the defendants' motion for summary judgment as to plaintiffs' causes of action under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721. (Docket # 332.) As to plaintiffs' DPPA claim against Defendant Joseph Roy, I found that plaintiffs failed to address whether the following plaintiffs' personal information under the DPPA was disclosed by Roy—Robert Agnew, Rebecca Burrell, Raine Cich, Talevia Cole, Steven Conklin, Kathryn Knowlton, Vaun Mayes, Dana McCormack, Juvenile Palmer 1 and 2, Jose Hernandez Ramirez, William Rivera, Rosalind Rogers, William Schroeder, Mariah Smith, Angel Vega, and Katelyn Wojnar—and thus dismissed those plaintiffs' DPPA claims against Roy. (*Id.* at 28 n.5.)

Plaintiffs now move to correct and/or clarify the summary judgment order's dismissal of the following plaintiffs' DPPA claims against Roy— Rebecca Burrell, Raine Cich, Taleavia Cole, Steven Conklin, Kathryn Knowlton, Dana McCormick, William Rivera, William Schroeder, Mariah Smith, Angel Vega, Vaun Mayes, Robert Agnew and Katelyn Wojnar. (Docket # 333.) Plaintiffs argue that the defendants admit that Roy disclosed all of these

plaintiffs' personal information (*id.* at 3), and thus, these plaintiffs were mistakenly dismissed from the case. The defendants, however, object to this motion, arguing that the defendants never admitted that Roy disclosed personal information from motor vehicle records. (Docket # 334.)

**LEGAL STANDARD**

Plaintiffs move for relief under Fed. R. Civ. P. 60(a) and 60(b)(1). Rule 60, however, is not the proper vehicle for relief. Rule 60(a) allows a court to correct a clerical mistake or a mistake arising from oversight or omission. Rule 60(a). The dismissal of certain plaintiffs on summary judgment was not due to a clerical error or oversight, but was a deliberate decision. Thus, Rule 60(a) does not apply. And Rule 60(b) provides relief from "a final judgment or order in a narrow set of circumstances." *Cook Cnty., Illinois v. Texas*, 37 F.4th 1335, 1344 (7th Cir. 2022). There are still pending claims in this case; neither a final judgment nor final order has issued. As such, the summary judgment order was interlocutory in nature and is not a final judgment or order under which Rule 60(b) applies. *See Henson v. Newkirk*, No. 3:19-CV-396 JD, 2022 WL 17490779, at *1 (N.D. Ind. Nov. 14, 2022).

Rather, what plaintiffs seem to request is for reconsideration under Rule 54(b). Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge.")). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561

2

F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

## ANALYSIS

The crux of plaintiffs' argument is that their DPPA claims should go forward because both parties agreed that Roy disclosed the dismissed plaintiffs' personal information. The plaintiffs' argument is overbroad. While the defendants did not dispute that Roy released documents that contained the plaintiffs' "personal information," (Defs.' Resp. to PPFOF ¶ 20, Docket # 282), the defendants did dispute that Roy provided "unredacted documents containing the personal information from motor vehicle records" of the plaintiffs (*id.* ¶ 23). This distinction is important because the DPPA is only implicated if one discloses "personal information" from "a motor vehicle record." *See* 18 U.S.C. § 2722(a).

Plaintiffs have not shown reconsideration is warranted. Once again, Roy testified that information regarding an individual's home address and driver's license number appearing on a municipal citation generally auto fills from their DOT record. (Motley Decl. ¶ 6, Ex. 2, Deposition of Joseph Roy ("Roy Dep.") at 104–105, Docket # 272-2.) As such, there is a reasonable inference that information disclosed from municipal citations originated from a DOT record. Thus, in the summary judgment decision, I found that the personal information found on the municipal citations presented a question of fact as to whether the personal

3

information came from the DOT and whether Roy was aware of that fact, which precluded summary judgment as to those individuals. (Docket # 332 at 26.)

In contrast to the municipal citations, there is no similar evidence regarding the origin of the personal information appearing on the disclosed police reports to allow a question of fact as to whether the personal information came from a motor vehicle record. And the plaintiffs only addressed the source of the personal information for the ten plaintiffs where the police reports specifically stated that the identifying information was taken from a DOT record. (Docket # 302 at 9–10.) The police reports regarding the dismissed plaintiffs, however, contain no similar citation as to the origin of the personal information. To the extent plaintiffs had evidence or arguments regarding these dismissed plaintiffs, reconsideration is not an appropriate forum for arguing matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Thus, as I previously found, the plaintiffs have failed to put forth evidence that Roy knowingly disclosed personal information obtained from motor vehicle records as to the dismissed plaintiffs. (Docket # 332 and 28 n.5.) Plaintiffs have failed to show the summary judgment decision contains a manifest error of fact or law. Thus, plaintiffs' motion to "correct or clarify" the summary judgment order is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiffs' motion to clarify or correct (Docket # 333) is **DENIED**.

Dated at Milwaukee, Wisconsin this 10th day of April, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge