UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN KNOWLTON, et al,

    Plaintiffs,

    v.                                                                  Case No. 20-CV-01660

CITY OF WAUWATOSA, et al,

    Defendants.

## PLAINTIFF's RESPONSE to DEFENDANT's PROPOSED SPECIAL VERDICT (ECF #342)

Plaintiffs Knowlton et. al., by their counsel, Kimberley Cy. Motley, files this response to Defendant's SPECIAL VERDICT (ECF #342) as follows:

As to all proposed special verdicts, Defendants' suggestion that there should be a simple box to check indicating that no Plaintiffs' rights were violated is a prejudicial instruction that leans on a potential tendency to seek the "easy way out" and evaluate claims not for each Plaintiff, but on the basis of each Defendant. Plaintiffs are entitled to individual instructions because Defendants are required to show that for <u>each</u> Plaintiff, their personal information from motor vehicle records was used, obtained, or disclosed for a legitimate law enforcement purpose such as investigating a crime. Defendants may seek to lump all Plaintiffs together in their arguments, but the jury instructions should not aide in those endeavors.

Plaintiffs Objects to Questions No. 1 and No. 4 of Defendant's Special Verdict Form. Pursuant to 18 U.S.C. § 2724(a) it states "A person who knowingly obtains, discloses **or** uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil

1

action in a United States district court." Both Questions No. 1 and No. 4 mischaracterize the law by asking Did Ratkowski/Roy "obtain, disclose, **and/or** use Plaintiffs personal information from motor vehicle records **with no law enforcement purposes**?" The conjunctive of and/or is inappropriate and inconsistent with the DPPA law as it should be just "**or.**" Also, the "with no law enforcement purpose" is an inaccurate recitation of the law which states "for a purpose not permitted." For these reasons, Questions No. 1 and No. 4 should not be allowed.

Plaintiffs Objects to Questions No. 2 and No. 5 of Defendant's Special Verdict Form. Pursuant to 18 U.S.C. 2722(a) it states that, "it shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." Both Questions No. 2 and No. 5 mischaracterize the law by asking Did Ratkowski/Roy "obtain, disclose, **and/or** use Plaintiffs personal information **solely** from motor vehicle record information." The conjunctive and/or is inappropriate and inconsistent with the DPPA law which uses only "**or.**" More importantly, Defendants' instruction would mislead the jury by suggesting that Defendants can only violate the DPPA when they use personal information *solely* from motor vehicle records. Such language is not found in the statute nor in any case. The question is not whether Defendants disclosed *solely* information from a motor vehicle, but whether Defendants used, obtained or disclosed *any* personal information from a motor vehicle record. This is particularly important in this case where Defendant Ratkowksi built the target list with a mix of personal information from Facebook and other social media and from personal information that came from DMV records. Therefore, the use of the phrase "solely from motor vehicle record information' is misleading and inappropriate for questions 2 and 5. Allowing these particular questions on the special verdict form will confuse and mislead the jury as it suggests that **all** the information that was disclosed by Ratkowski and Roy, including the Facebook handles and phone numbers of Plaintiffs, must have come from their motor vehicles records in order for

2

the Defendants to have violated the DPPA which is not accurate. For these reasons, Questions No. 2 and No. 5 should not be allowed.

Plaintiffs Object to Question No. 3 of Defendant's Special Verdict Form. This question asks, "did Dominick Ratkowski "knowingly obtain, disclose, **and/or** use Plaintiffs personal information from their motor vehicle record." The conjunctive and/or is inappropriate and inconsistent with the DPPA law. Per the DPPA law the proper conjunctive to use is "or." For this reason, Question No. 3 should not be allowed. Moreover, the inclusion of the word knowingly should be included in one and only one instruction. Defendants seek to emphasize their defense as opposed to simply asking the Jury whether Defendants violated the DPPA. By pulling out the elements to which they most strongly dispute for special treatment, Defendants seek a prejudicial advantage.

Plaintiffs Object to Question No. 6 of Defendant's Special Verdict Form. This question asks, "did Dominick Roy "knowingly obtain, disclose, **and/or** use Plaintiffs personal information from their motor vehicle record." The conjunctive and/or is inappropriate and inconsistent with the DPPA law. Per the DPPA law the proper conjunctive to use is "or." In addition to this, the only issue for Roy is whether he disclosed Plaintiffs personal information. For this reason, Question No. 6 should not be allowed.

Lastly, Defendants have not included any placement for the jury to indicate the number of wrongful obtainments, uses, or disclosures for each Plaintiff. The caselaw is clear that separate disclosures each constitute separate violations. Defendants' proposed verdict forms ignore this. Moreover, Plaintiffs have plead, and the DPPA permits, punitive damages. Defendants have provided no instruction nor space for the jury to indicate the amount of punitive damages they seek to award for Defendants' conduct.

Respectfully submitted this 10th day of April, 2023.

**COUNSEL FOR PLAINTIFFS**

/s/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com