UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Andrew Aaron, et al.,

    Plaintiffs,

       v.                            Case No. 20-CV-1660

Dominick Ratkowski and Joseph Roy,

    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE

The Court should grant a motion *in limine* only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See*, *e.g.*, *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997); *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011). Plaintiffs have failed to show in all requests that the evidence they seek to exclude is inadmissible – much less inadmissible on all grounds. As such, the Court should deny Plaintiff's proposed *Motions in Limine* as outlined below.

**Plaintiffs' Motion in Limine No. 1: seeks to preclude any testimony by Defendant Ratkowski relating to any permissible purpose under the DPPA.**

**Defendants object.** Plaintiffs' motion *in limine* essentially asks the Court to preclude Defendant Ratkowski from presenting a defense to the DPPA claims against him. A motion in limine "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F.Supp.2d 508, 532 (D.N.J. 2008) (quoting *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Plaintiffs do not seek exclusion on the basis of relevancy

1

or its prejudicial effect but argue that Defendant Ratkowski failed to disclose information relating to a "permissible purpose" as required by Rule 26(e)(1). That is far from true.

Plaintiffs cite to one response in Ratkowski's discovery responses as support for their request to exclude his defense testimony under Rule 26(e)(1), the entirety of the Interrogatory and Ratkowski's response is below:

> **Interrogatory No. 9 (c):** for all the date(s) that you obtained Plaintiffs personal information and/or highly personal information from the Department of Transportation please identify why you obtained such information.
>
> **Defendant Ratkowski's *complete* Response**:
>
>> Objection. This Interrogatory is vague as to what information is being referenced. Subject to and without waiving the foregoing objection, any information obtained from the Department of Transportation for any person on the Active Protestors List was always obtained for law enforcement purposes. SEE also Dominick Ratkowski's deposition testimony of July 27, 2021 (pages 82-85, 101, 105, 113, 118, and 125).
>
> **Interrogatory No. 9 (e):** for all of the dates that you disclosed Plaintiffs personal information and/or highly personal information from the Department of Transportation please identify for each person and the date that you disclosed such information and why you disclosed it.
>
> **Defendant Ratkowski's *complete* Response**:
>
>> Objection. This Interrogatory is vague as to what information is being referenced. Subject to and without waiving the foregoing objection, information on the Active Protestors List was always disclosed by me for law enforcement purposes. SEE also Dominick Ratkowski's deposition testimony of July 27, 2021 (pages 82-85, 101, 105, 113, 118, and 125).

*See* Dkt. 347-1 at 9-11. Plaintiffs never moved to compel additional responses, but now claim that Ratkowski's response was an improper "legal conclusion" that denied them the opportunity to investigate the DPPA claim. *See* (Dkt. 347 at 2) The suggestion that Plaintiffs were precluded from investigating the elements of the DPPA claim is meritless. Plaintiffs deposed

Ratkowski twice - first on June 23, 2021, and then again on July 27, 2021. Plaintiffs' counsel had the protestor list as well as Ratkowski's emails in their possession for both depositions - yet failed to ask discrete questions about each Plaintiff included on the list or make specific inquiries regarding the reason for their inclusion. Instead, the questions of Ratkowski were generalized "for all plaintiffs" types of questions, which merited truthful and responsive generalized responses.

As the court can well appreciate, Ratkowski's anticipated testimony is relevant and directly material to the issues to be decided by the jury, and is thus admissible under Fed.R.Evid. 401. The DPPA permits law enforcement to use information obtained from motor vehicle records by law enforcement "in carrying out its functions." 18 U.S.C. §2721(b)(1). In *Senne v. Vill. of Palatine, Ill*., 695 F.3d 597 (7th Cir. 2012), the Seventh Circuit noted that the DPPA was passed predominantly as a public safety measure and "[n]ot surprisingly, the Act's expanded authority for law enforcement was an important part of the same narrative." *Id*. at 607.

Plaintiffs have the burden to prove three elements in their claims against Ratkowski: that the information on the protestor list could only have come from motor vehicle records, that it was not collected for a purpose permitted under the DPPA, and that Ratkowski knowingly disclosed such information for no permissible purpose. The Plaintiffs have been on notice of Ratkowski's defenses to those allegations via his discovery responses, his two depositions, and the voluminous filings attendant to the motions for summary judgement. (Dkt. 267; *see also* Dkt. 258) The Court in its summary judgment ruling found that the claims against Ratkowski create a dispute that needs to be resolved by the fact finder. *See* (Dkt. 332 at 25 "[a]t the very least, Ratkowski's distribution of the list to Conte with the blessing to 'feel free to pass it along' to anyone who might find it useful creates a question of fact as to whether the disclosed information was actually being used for the purpose stated in the statutory exception.")

Accordingly, barring Ratkowski from testifying to the law enforcement purpose of the Plaintiffs on the protestor list would unfairly prejudice the defense.

**Plaintiffs' Motion in Limine No. 2: seeks to preclude any current or former Wauwatosa Police Officer from wearing their uniform while offering testimony.**

**Defendants object.** Plaintiffs cite no rule, case law, or other support for the request to bar Wauwatosa Police Officers from wearing their uniform while testifying at trial, which alone is sufficient grounds for denial. (See Dkt. 347 at 3). Ordinarily, police officers are permitted to wear uniforms at trial, though medals are potentially prejudicial to the adverse party. See *Tolliver v. Gonzalez*, 2011 WL 5169428, at *1 (N.D.Ill. Oct. 31, 2011) The Court in *Tolliver* observed the following:

> But this Court sees no basis for precluding the wearing of uniforms (indeed, this Court is keenly aware that some members of the public view police officers adversely as a result of some highly publicized incidents of misconduct, and it always takes special care to make inquiry on both sides of the potential bias coin during voir dire in jury selection).

To the extent that any former Wauwatosa Police Officer is permitted to testify, they would not be in uniform. Defendant Ratkowski is not a sworn officer and does not wear a uniform. To the extent any current Wauwatosa Police Officer, including Defendant Roy, testifies at trial, they should be permitted to wear whatever they want, including their uniform and any insignia that reflect their rank within the police force. *Case v. Town of Cicero*, No. 10 C 7392, 2013 WL 5645780, at *4 (N.D. Ill. Oct. 16, 2013).

**Plaintiffs' Motion in Limine No. 3: seeks to preclude any introduction of testimony relating to protests in Kenosha.**

**Defendants object in part.** Defendants agree that none of the disclosures made by Defendant Roy on January 7, 2021, relate to the protest that occurred in Kenosha in 2020 and will not make any argument or elicit any testimony to that point. However, to the extent that Defendant

Ratkowski (or any witness) is asked about the reason for the creation of the list or the inclusion of any individual on the list, responsive testimony is wholly relevant to the defense and should be permitted. Simply put, some of the names on the list are there because of events involving the Kenosha civil unrest, and that fact is relevant to the establishment of "permissible law enforcement operation" reasons for including information.

Plaintiffs argue that the events in Kenosha, which occurred between August 23 and September 2, 2020, are not relevant to the development of the protestor list, which Ratkowski started in June of 2020. (Dkt. 347 at 3) Federal Rule of Evidence 401 defines evidence as relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Thus, while it may be true that the list was not *started* as a result of the Kenosha unrest, whether information was included, or individual plaintiffs were added based on the events in Kenosha is relevant to the DPPA claims against Ratkowski. Plaintiffs cannot suggest that anything that occurred after the list was created in June of 2020 is irrelevant, but also argue that there was no law enforcement purpose for adding any individual after that time.

Moreover, the law of this circuit makes clear that courts can allow the admission of facts that tend to explain the actions of an involved party. See *Doornbos v. City of Chicago*, 868 F.3d 572, 580 (7th Cir. 2017). Additionally, the committee notes from the Federal Rules of Evidence make clear that this type of background evidence is readily and frequently admitted by trial courts. "Rule 401 makes clear that '[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.'" *United States v. Boros*, 668 F.3d 901, 908 (7th Cir. 2012) (quoting Fed. R. Evid. 401, advisory committee's note).

5

Case 2:20-cv-01660-NJ   Filed 04/10/23   Page 5 of 8   Document 355

Accordingly, the probative value of the evidence is not substantially outweighed by any danger of unfair prejudice or any of the other factors listed in Federal Rule of Evidence 403 (e.g., confusing the issues, misleading the jury, undue delay, wasting time) that would make such evidence admissible. The Plaintiff's motion in limine should be denied.

**Plaintiffs' Motion in Limine No. 4: seeks to preclude any introduction of testimony relating to protests at Joseph Mensah's House.**

**Defendants object.** There were protests, physical altercations, and a gunshot fired at Joseph Mensah's house on August 8, 2020. While it is true that Ratkowski's protestor list was not started because of the incident at Mensah's home, the identification of individuals and their addition to the list because of presence, witnessing, or involvement in the disturbance at Mensah's house is wholly relevant to the DPPA claims and Ratkowski's defense. Defendants further incorporate the arguments set forth in response to Plaintiff's *motion in limine* Nos. 1 and 3, above.

**Plaintiffs' Motion in Limine No. 5: seeks to preclude any introduction of testimony relating to property destruction or rioting.**

**Defendants object.** Plaintiffs' *motion in limine* is not specific in the testimony it seeks to exclude and as read would essentially preclude Defendants from asserting an important defense to the Plaintiff's DPPA claims. Defendants incorporate their arguments set forth in response to Plaintiff's motion in limine Nos. 1, 3, and 4 above. Furthermore, as noted, Defendant Ratkowski was deposed on two occasions, and testified at length that the purpose of the list was to be a law enforcement reference tool in the event that a protest became violent and law enforcement needed to easily locate potential witnesses, victims, or suspects. Ratkowski also testified that concerns about the violence and property damage that was occurring during civil unrest, as was happening both locally and nationally, were of acute importance and that a principal element of his job as crime analyst is to anticipate such that police can prevent crimes. The Defense anticipates that Plaintiffs will argue that Ratkowski's disclosure of the list to other law enforcement agencies was

improper. For example, Plaintiffs allege that "improper disclosures" occurred on July 13, 2020, and August 11, 2020, when Ratkowski sent the list to Adam Behnke in response to his request for assistance in identifying people who were posting public videos talking about looting.

Defendant Ratkowski (and any of the witnesses named by Plaintiffs who received the list) should be permitted to testify as to the reason why the disclosure was permissible under the DPPA provision for law enforcement operations.

**Plaintiffs' Motion in Limine No. 6: seeks to preclude introduction of any opinion testimony.**

**Defendants object in part.** It is unclear what opinion testimony Plaintiffs seek to preclude. Defendants have not disclosed any expert, nor will they elicit any improper opinion testimony from any witness. However, to the extent that any of the law enforcement witnesses, specifically Defendant Ratkowski, testify consistent with their deposition testimony about the protestor list and the law enforcement purpose for the protestor list based upon their own investigation, observations, and work product - rather than testifying upon any proposition of third-party specialized knowledge or experience - such is clearly permissible lay opinion testimony. In the Seventh Circuit, "[a] law enforcement officer's testimony is a lay opinion if it is 'limited to what he observed … or to other facts derived exclusively from [a] particular investigation.'" *United States v. Gaytan*, 649 F.3d 573, 581 (7th Cir. 2011)(quoting *United States v. Oriedo*, 498 F.3d 593, 603 (7th Cir. 2007).

In *Sanchez v. City of Chicago*, 700 F.3d 919, 930 (7th Cir. 2012), the Court acknowledged that a police officer provided testimony which was "limited to what he was able to ascertain as a result of his own investigation into a particular allegation. Rather than opinion, based on a body of specialized knowledge and experience… [the officer] simply reported that he found no evidence supporting the allegation." *Sanchez* at 930, citing *United States v. Christian*, 673 F.2d 702, 709

(7th Cir. 2012)(law enforcement official is giving lay opinion if he is testifying to what he observed or to the facts derived from his investigation); *DeBiasio v. Ill Cent. R.R.*, 52 F.3d 678, 686 (7th Cir. 1995)(witness is not an expert to extent he testifies to matters within his personal knowledge.)

Dated at Wauwatosa, Wisconsin this 10th day of April 2023.

**WIRTH + BAYNARD**
Attorneys for Defendant

/s/ Jasmyne M. Baynard
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Emails: jmb@wbattys.com