**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

Kathryn KNOWLTON, Dana McCORMICK et al,

     Plaintiffs,

     v.                                      Case No. 20 CV 01660

CITY OF WAUWATOSA, et. al,

     Defendants.

### Plaintiffs' Response to Defendants' Proposed Jury Instructions (ECF No. 340)

     Plaintiffs' by and through undersigned counsel, respectfully respond to Defendants'

Proposed Jury Instructions (ECF No. 340) as follows:

1

# DRIVER'S PRIVACY PROTECTION ACT

## Violations

The Driver's Privacy Protection Act (hereinafter "DPPA") was enacted to limit the gathering, use and release of an individual's personal information contained in motor vehicle records to those with a legitimate and lawful purpose for the information.

The DPPA protects individuals only against the unlawful collection, use or dissemination of the information within their motor vehicle records. The DPPA has defined 14 permissible uses for gathering and releasing personal information contained in a motor vehicle record. Relevant to this case, permissible actions include:

1. Use by any government or law enforcement agency in carrying out its functions, or by any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

2. For any other legitimate use if it relates to public safety.

An individual or agency violates the DPPA if the individual or agency knowingly obtains, discloses, and/or uses an individual's driver's license record without having one or more of the described lawful purposes for the information.

After evaluating of (sic) the facts, evidence, and testimony presented, it is up to you to determine whether Dominick Ratkowski or Joseph Roy committed any violations of the DPPA. Not every obtainment, disclosure, or use of an individual's driver's license records is considered a violation of the DPPA. Knowingly obtaining an individual's driver's license records without a legitimate or lawful purpose, followed by an improper use and/or disclosure of the information is considered one violation of the DPPA. If you find that a violation of the DPPA occurred, however, that violation may have affected more than one person.

2

**RESPONSE:** This instruction is unnecessary as it explains the purpose of the DPPA as opposed to simply explaining the elements of a DPPA violation. Moreover, this instruction does not adequately explain the elements of an offense. Instead, this instruction is aimed at assisting Defendants' argument, focusing only on whether Defendants' had a legitimate law enforcement function without giving the jury any instruction on what is a legitimate law enforcement function.

Defendants also misrepresent the *Pichler* decision which does not stand for the proposition that multiple violations only count once. As provided in *Pichler v. Unite*, 542 F.3d 380, (3rd Cir. 2008), "there is no reason to think that such an amount (the liquidated damages of $2,500) covers all subsequent violations as well. The plain language of the statute contains no such restriction. *See* 18 U.S.C. § 2724(a). Accordingly, defendants can face additional damages if, after obtaining a plaintiff's personal information in violation of the DPPA, they repeatedly use or disclose that personal information." *Id*. at 394. Clearly based on the only case Defendants cite to, a jury should be instructed that multiple obtainments, uses, and disclosures constitute multiple violations. Defendants simply attempt to misrepresent the caselaw on this case. Moreover, there is no case which stands for the proposition that a Defendant who violates the rights of multiple individuals in one spree can claim that such serial violations count as only one violation. Accordingly, this instruction should be denied.

3

# DRIVER'S PRIVACY PROTECTION ACT

## Motor Vehicle Records

The DPPA protects individuals from the improper gathering, use or dissemination of information within their motor vehicle records, and has no application to the gathering, use or dissemination of such information from any other sources that may contain such information.

Therefore, in answering the special verdict questions you must consider in your deliberations whether the Plaintiffs have proved, by the greater weight of the credible evidence, that the personal information gathered by Dominick Ratkowski and Joseph Roy could only have been obtained from the motor vehicle records of the Plaintiffs.

**RESPONSE:** This Jury instruction improperly instructs the jury that they must decide whether Plaintiffs' personal information "could only have been obtained from the motor vehicle records of the Plaintiffs." The DPPA does not stand for this proposition. The question isn't whether Defendants _could_ have obtained Plaintiffs' personal information from another source, but whether _Defendants did_ obtain Plaintiffs' personal information from motor vehicle records. Defendants have provided no caselaw support for this instruction because there is no support for such a misreading of the statute and such a constraint.

Moreover, this instruction is unnecessarily duplicative. One instruction on the basis of liability is all that is required in this case along with definitions of certain terms like knowledge, permissible purpose, and legitimate law enforcement function. Accordingly, this instruction should be denied.

4

# DRIVER'S PRIVACY PROTECTION ACT

## Knowledge of Record Gatherer

The DPPA protects individuals from the gathering, use or dissemination of information within their motor vehicle records by a person who does so knowing the information is from motor vehicle records and that his actions are for unlawful or impermissible purposes.

**RESPONSE:** This instruction is unnecessarily duplicative and provides no additional information than the general instruction on the elements of a DPPA violation. This is simply Defendants' efforts to highlight for the jury their argument. This instruction does not define knowledge, but instead seeks to underline that element. Accordingly, it is duplicative and unnecessary. Accordingly, this instruction should be denied.

Respectfully submitted this 10th day of April 2023.

                    COUNSEL FOR PLAINTIFFS

                    /s/ E. Milo Schwab
                    E. Milo Schwab
                    Ascend Counsel, LLC
                    2401 S Downing St.
                    Denver, CO 80210
                    (303) 888-4407
                    milo@ascendcounsel.co

                    Kimberley Cy. Motley, Esq.
                    WI State Bar No. 1047193
                    Motley Legal Services
                    2206 Bonnie Butler Way
                    Charlotte, North Carolina 28270
                    Telephone: (704) 763-5413
                    Email : kmotley@motleylegal.com

5