## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

Kathryn KNOWLTON, Dana McCORMICK et al,

     Plaintiffs,

     v.                                  Case No. 20 CV 01660

CITY OF WAUWATOSA, et. al,

     Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE [ECF No. 346]

Plaintiffs' by and through undersigned counsel, respectfully respond to Defendants' motions in limine.

1. **For An Order Precluding Plaintiffs From Presenting Any Evidence Relating To The Fact That Defendants May Be Covered By Insurance In This Case, Pursuant To Fed. R. Evid. 401 Through 403 And 411.**

**RESPONSE:** Plaintiffs do not contest this request.

2. **For An Order Barring Improper Statements Advancing "Golden Rule" Arguments Pursuant To Fed. R. Evid. 403.**

**RESPONSE:** Plaintiffs do not contest this request.

3. **For An Order Barring Any Argument That The Jury Should Send A Message To The City Of Wauwatosa With Its Verdict.**

1

**RESPONSE:** The City of Wauwatosa is no longer a Defendant in this case. Accordingly, Defendant's argument relying upon *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) is inapplicable and this request should be denied as Defendants' argument relies solely upon the unavailability of punitive damages against municipal Defendants.

Moreover, the 7th Circuit routinely permits Plaintiffs to make arguments that the jury should send a message to the Defendants for their conduct. Where, as here, Plaintiffs are seeking punitive damages, Plaintiffs are entitled to argue that the jury should send a message to the Defendants. District courts within the Seventh Circuit have determined that "send a message" arguments are permissible when punitive damages are relevant to a party's claim. *See Richards v. PAR, Inc.*, No. 1:17-CV-00409-TWP-MPB, 2021 U.S. Dist. LEXIS 197057, 2021 WL 4775350, at *4 (S.D. Ind. Oct. 13, 2021) (concluding that "[b]ecause a claim for punitive damages is not involved in this case, argument and references for a punitive award are both irrelevant and prejudicial."); *see Payton v Fike*, 2010 U.S. Dist. LEXIS 110685, 2010 WL 4065601, at *4 (N.D. Ind. October 15, 2010) (discussing that "send a message arguments are permissible in the context of punitive damages"). *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011) ("Given that compensatory damages are limited to actual losses, this court agrees that [the plaintiff]'s argument that the jury should "send a message" is a punitive damages argument."); *see Allen v. Richardson*, *2, 2019 WL 438386, *2 (W.D. Wisc. 2019). Accordingly, this request should be denied.

4. **For An Order Barring Any Evidence Related To Attorneys' Fees Pursuant To 15 U.S.C. § 1692k (A)(3).**

**RESPONSE:** Plaintiffs do not contest this request.

2

5. **For An Order Barring Plaintiffs From Presenting Any Witnesses Or Exhibits Not Disclosed In Discovery.**

**RESPONSE:** Although Defendants present this request in a broad and otherwise innocuous manner as simply seeking to bar the admission of witnesses and exhibits not disclosed during discovery, Defendants actually seek to prevent Plaintiffs from calling witnesses who were disclosed during discovery. "Rule 26(a) initial disclosures are just that - preliminary disclosures - and are not intended to be a substitute for conducting the necessary discovery." *Krawczyk v. Centurion Capital Corp.*, 2009 WL 395458 (N.D. Ill. 2009). As in *Krawczyk*, Plaintiffs disclosed a "Representative from the Wisconsin Department of Transportation" and a "Representative from the Wisconsin Department of Justice" on December 18, 2022. *Exhibit 1*, p. 58-59. Courts throughout the Seventh Circuit uniformly recognize that disclosing a representative of a large organization is sufficient to put the other party on notice that the disclosing party intends to use such representatives to support their claims and defenses. In *Krawczyk*, the Court denied a motion to strike declarations in a summary judgment motion from individuals who had previously been disclosed simply as representatives of the corporate Defendant. *Id*. at *7 (*also providing that* "[a] party need not supplement an initial disclosure if the new witness's identity is made known to the opposing party in the course of discovery). In *Holmes v. Godinez*, 2016 WL 4091625, *6-10 (N.D. Ill. 2016), the Court again found that a disclosure naming a representative is sufficient. Indeed, the Court in *Holmes* even held that where a party does not know who will be the appropriate representative at trial, naming a representative is sufficient and puts the opposing party on notice of the intent to call such a representative witness. *Id*. at *8-9. In addition, Ms. Schuh of the Wisconsin Department of Justice was disclosed during discovery in December of 2022. *See Exhibit 2*. Accordingly,

3

because Plaintiffs properly disclosed such corporate representatives and have supplemented to name specific individuals as they became known near to trial, Defendants request must be denied.

**6. For an order barring Plaintiffs from Presenting Any Evidence of Damages Including Loss Of Income Or Medical Expense and/or Lay Opinions Regarding Physical Or Mental Diagnosis.**

**RESPONSE:** Certain Plaintiffs have always asserted that they have damages as a result of Defendants' conduct and Defendants' assertion that Plaintiffs do not dispute this is incorrect. In Plaintiffs' response to the Motion for Summary Judgment, Plaintiffs never state that they do not have proof of actual damages. Plaintiffs simply addressed - and won - the need to show actual damages to prevail on the DPPA claims. ECF No. 286 Again, in Plaintiffs' Motion for Summary Judgment, no statement is made that Plaintiffs have no proof of actual damages. Defendants simply make this up in support of their argument.

Indeed, Plaintiffs Peter Sparks and Sonora Larson have told Defendants since December of 2021 that they have damages arising from Defendants' conduct. *See Exhibits 3 and 4.* Plaintiffs have provided HIPAA releases and itemized statements of medical bills. *See Exhibits 5 and 6.* Moreover, Defendants had the opportunity to take Plaintiffs' depositions. Defendants *chose* not to take Plaintiffs' depositions. If Defendants believe that Plaintiffs' testimony is at odds with responses to discovery, Defendants are of course entitled to question Plaintiffs on those differences, but Defendants are not entitled to an order excluding testimony on topics previously disclosed by Plaintiffs.

4

7. **For an order barring witnesses whose testimony does not relate to the remaining claims, including witnesses who are no longer parties to the lawsuit because such testimony is irrelevant, unnecessarily cumulative and will only confuse the issues in this case.**

RESPONSE: To the extent that Defendants argue that only relevant testimony is admissible, Plaintiffs agree. However, Defendants' request appears to be far broader and unclear. Plaintiffs who have been dismissed. By way of example, William Rivera had his personal information disclosed by Defendant Roy. Mr. Rivera has personal knowledge related to at least two Plaintiffs' claims and therefore, possesses relevant information. Defendants' requests for wholesale exclusion of relevant information would deny Plaintiffs the opportunity to fully present their case and should accordingly, be denied.

8. **For An Order Barring Improper Evidence, Argument, Or Innuendo Of A "Code Of Silence" Among Police Officers.**

RESPONSE: Plaintiffs do not contest this motion. Plaintiffs never intended to raise any issues of the code of silence.

9. **For An Order Barring Plaintiffs From Presenting Any Evidence Of Unrelated Police Misconduct Against Any Of The Defendants, The City Of Wauwatosa, And/or Other Wauwatosa Police Personnel and/ or Law Enforcement In General Including Other Lawsuits.**

RESPONSE: As the Court is aware, much of this case is intertwined with the conduct of another Wauwatosa Police Officer, Joseph Mensah, and the families of the victims of his conduct. The

5

protection of this officer and attempts to retaliate against those who protested his conduct lie at the heart of this case. Discussion of this conduct is necessary to provide the jury a potential explanation for Defendants' conduct - that is that they were engaged in an effort to delegitimize and retaliate against protesters who called for the firing of Joseph Mensah and Chief Weber. At issue in this case is in part, Defendants' purpose in obtaining, using, and disclosing Plaintiffs' personal information and in developing a list to target protesters. To restate, Defendants' purpose is at issue. The conduct of Mr. Mensah, Mr. Weber, and others in relation to the protests which prompted Defendants' conduct is relevant to the issues that the jury will consider. Moreover, retaliation and targeting those who police officers perceive as political opponents through the use of law enforcement tools could very well go to the question of whether their conduct was willful and therefore, whether punitive damages are available. On this basis as well, such evidence is relevant to Plaintiffs' claims. Accordingly, Defendants' request should be denied.

### 10. For An Order Barring Reference To Violation Of Police Department Rules, Policies, Regulations, Or General Orders.

**RESPONSE:** Defendants' entire argument relates to Section 1983 claims. Here, Plaintiffs have brought claims against Defendants under an entirely different statute which prescribes different levels of culpability and knowledge. Defendants' training relating to the Driver's Privacy Protection Act is relevant to their knowledge of the status and nature of personal information contained within Plaintiffs' motor vehicle records. Moreover, such information may be relevant to whether Defendant Ratkowski was engaged in a legitimate police function. Additionally, training materials relating to both the DPPA and Wauwatosa's open records response policy are relevant to whether Defendant Roy knew or should have known - and whether he blindly sends out records which may contain confidential information - that documents produced in his data

6

dump contained confidential information. Defendant Roy's main argument appears to be that he was asleep at the wheel and did not know what was in the records he disclosed. Evidence of policies relating to such open records request responses is relevant to whether Defendant Roy was aware and a jury could reasonably infer that Defendant Roy likely reviewed the records, as required by policy, and that as a result, he had knowledge of the contents of his data dump. Accordingly, Defendants' request should be denied.

Respectfully submitted this 10th day of April 2023.

**COUNSEL FOR PLAINTIFFS**

<u>/s/ E. Milo Schwab</u>
E. Milo Schwab
Ascend Counsel, LLC
2401 S Downing St.
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

7