UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN KNOWLTON, et al.,

   Plaintiffs,

  v.                                             Case No. 20-CV-1660

CITY OF WAUWATOSA, et al.,

   Defendants.

---

## DECISION AND ORDER ON PLAINTIFFS' AND DEFENDANTS' MOTIONS *IN LIMINE*

---

Plaintiffs sue Joseph Roy and Dominick Ratkowski under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721. Jury trial is scheduled to begin May 1, 2023. Both parties make motions *in limine* for the exclusion of certain evidence. (Docket # 346 and Docket # 347.) I will address each motion in turn.

### *Plaintiffs' Motions* in Limine

**Motion No.1**: For an Order precluding testimony by Ratkowski relating to any permissible purpose under the DPPA. Plaintiffs argue that Ratkowski failed to disclose his alleged permissible law enforcement purpose for creating the Protestor List when he answered Plaintiffs' interrogatory with "any information obtained from the Department of Transportation for any person on the Active Protestors List was always obtained for law enforcement purposes." Plaintiffs argue that Ratkowski's general legal conclusion deprived Plaintiffs of the opportunity to investigate this DPPA defense.

**Ruling**: In addition to Ratkowski's interrogatory answer cited by Plaintiffs, in his June 23, 2021 deposition, Ratkowski testified as follows:

> Q: So you decided to create a list of known protesters on your own?
> A: Yes. Because that is a part of open source information and planning processes. To plan for potential violence to identify witnesses, victims and suspects of any potential violence that came out of a protest. It is a part of the intel gathering process to identify people who are actively involved in a specific incident.

(Ratkowski Dep. at 82, Docket # 272-4.) To the extent Plaintiffs find Ratkowski's explanation at trial insufficient or inconsistent with his interrogatory answer and/or prior testimony, this will be a matter for cross-examination. And ultimately, whether Ratkowski's explanation satisfies the DPPA is a matter for the jury to decide. Plaintiffs' motion is denied

**Motion No. 2**: For an Order precluding any current or former Wauwatosa Police Officer from wearing their uniform while offering testimony.

**Ruling**: Plaintiffs' motion is granted in part and denied in part. While no *former* Wauwatosa Police Officer may wear a uniform while testifying, nothing precludes current police officers from wearing their uniforms while testifying if they so choose. Plaintiffs' concern about the jury potentially over-weighing a police officer's testimony will be addressed by the court during *voir dire* and jury instructions.

**Motion No. 3**: For an Order precluding any introduction of testimony relating to protests in Kenosha. Plaintiffs argue that Ratkowski testified that he developed the Protestor List in early June 2020 even though the Kenosha protests did not occur until August and September 2020. Defendants argue that although Ratkowski started the list before the Kenosha protests occurred, individuals or information were added to the list based on the Kenosha events.

**Ruling**: Plaintiffs' motion is denied. To the extent an individual was placed on the Protestor List due to the Kenosha protests, this testimony is relevant to the defendants' DPPA defense. However, I will not allow a side-trial on the Kenosha events. Limited facts related to the

2

Case 2:20-cv-01660-NJ   Filed 04/14/23   Page 2 of 12   Document 362

Kenosha protests are only relevant as to Ratkowski's rationale for placing any individual on the Protestor List.

**Motion No. 4**: For an Order precluding introduction of testimony relating to the August 8, 2020 protest at Joseph Mensah's house.

**Ruling**: Plaintiffs' motion is denied. As with motion *in limine* no. 3, to the extent Ratkowski added individuals to the Protestor List based on their involvement in the protests at Mensah's house, this testimony is relevant to the defendants' DPPA defense. Again, I will not allow a side-trial regarding the Mensah house protest. Limited testimony is allowed only to the extent it relates to placing individuals on the Protestor List.

**Motion No. 5**: For an Order precluding any introduction of testimony relating to property destruction or rioting.

**Ruling**: Plaintiffs' motion is denied. As cited above, Ratkowski testified that one of his asserted purposes for creating the Protestor List was to plan for potential violence. Thus, to the extent rioting, property destruction, or other violence occurring at other protests led Ratkowski to include names on the Protestor List, this testimony is relevant to the DPPA defense. If Ratkowski's trial testimony is inconsistent with his prior testimony, this will be a matter for cross-examination.

**Motion No. 6:** For an Order precluding any introduction of any opinion testimony. Plaintiffs argue that Defendants have not disclosed any retained or non-retained expert qualified to offer opinion testimony. Defendants agree that they have not disclosed any expert and assure that they will not elicit any improper opinion testimony from any witness. Defendants contend, however, that a law enforcement officer is permitted to offer lay opinion testimony.

**Ruling**: To the extent Plaintiffs seek to preclude the introduction of expert testimony, Plaintiffs' motion is granted. Defendants have named no expert witnesses; thus, they are not permitted to introduce expert opinion testimony. This does not mean, however, that law enforcement witnesses are not permitted to testify as to their lay opinions. In *United States v. Gaytan*, 649 F.3d 573, 582 (7th Cir. 2011), the court found that a law-enforcement officer's testimony is a lay opinion if it is "limited to what he observed . . . or to other facts derived exclusively from [a] particular investigation." Whereas, an officer testifies as an expert when he brings "the wealth of his experience . . . to bear on those observations and ma[kes] connections for the jury based on that specialized knowledge." *Id.*

### *Defendants' Motions* in Limine

**Motion No. 1**: For an Order precluding Plaintiffs from presenting evidence relating to the fact Defendants may be covered by insurance.

**Ruling**: Plaintiffs do not object. Defendants' motion is granted.

**Motion No. 2**: For an Order barring "Golden Rule" arguments.

**Ruling**: Plaintiffs do not object. Defendants' motion is granted.

**Motion No. 3**: For an Order barring arguments that the jury should "send a message to the City of Wauwatosa" with its verdict.

**Ruling**: The Defendants' motion is granted. The City of Wauwatosa is no longer a party to this action. However, as punitive damages are available under the DPPA, and Plaintiffs are seeking punitive damages against Ratkowski and Roy, to the extent Plaintiffs want to argue that the jury should "send a message" to Ratkowski and Roy—but not the City—this is permissible.

**Motion No. 4**: For an Order barring evidence related to attorneys' fees.

4

**Ruling**: Plaintiffs do not object. Defendants' motion is granted.

**Motion No. 5**: For an Order barring Plaintiffs from presenting witnesses or exhibits not disclosed in discovery. Although Defendants make a very broad request, it appears they are specifically referring to "several previously unidentified witnesses, including, but not limited to, personnel from the Wisconsin Department of Justice and Wisconsin Department of Transportation." As to the Wisconsin DOJ and DOT witnesses, Plaintiffs argue that they previously disclosed a "representative" from both departments and disclosed the name of Ms. Schuh of the Wisconsin DOJ in December 2022. As to the remaining representatives, Plaintiffs seem to assert that they did not learn the names of the specific individuals who would be testifying until March 29, 2023, and informed the Defendants of the representative at that time. Plaintiffs argue, citing *Holmes v. Godinez*, No. 11 C 2961, 2016 WL 4091625, at *6–10 (N.D. Ill. 2016) for support, that it is sufficient to simply disclose a "representative" of a large organization.

**Ruling**: Beyond the DOJ and DOT witnesses, Defendants do not address what other specific witnesses or exhibits not disclosed in discovery they wish to preclude. As to the DOJ and DOT witnesses, however, Plaintiffs are incorrect that it is sufficient to simply name a "representative" of an organization and then supplement with a specific name on the eve of trial.

*Holmes* is inapposite. In *Holmes*, the plaintiffs moved to bar the defendant from calling witnesses not timely disclosed. The defendant had previously disclosed "the facility ADA coordinator" at various Illinois Department of Corrections facilities and updated the names of the ADA coordinators as soon as new information became available, although it was after the close of discovery. *Holmes*, 2016 WL 4091625, at *2. The court found that due to the fluid

5

nature of the ADA coordinator position, the defendant did not know who would hold the position at the time of trial and the defendant had notified the plaintiffs he intended to call the current ADA coordinator at various facilities.

In contrast, Plaintiffs assert that they disclosed a "Representative from the Wisconsin Department of Transportation" and a "Representative from the Wisconsin Department of Justice." These are not specific positions where the person holding the position frequently changes. Plaintiffs' DPPA claims have been part of this case since at least August 2021. (Docket # 47.) Thus, it is unclear why it would take until December 18, 2022, after discovery closed, for the Plaintiffs to disclose these potential witnesses. Perhaps they were disclosed prior to then, but Plaintiffs do not argue as such, and I decline to search through the record trying to ascertain exactly when the unnamed representatives were disclosed.

And it is even more unclear why it would take until March 29, 2023, a mere four and a half weeks before trial, to disclose any specific names. In *Holmes*, the court also found that even if Rule 26 was violated by the late disclosure, to "avoid any prejudice to Plaintiffs, we reopen discovery for sixty days to permit Plaintiffs to depose any newly disclosed witnesses." *Holmes*, 2016 WL 4091625, at *3. Here, however, how could these witnesses now be deposed when discovery has closed and trial is on the horizon? While it may be sufficient in one's initial Rule 26 disclosures to name a "representative" of a large organization, Plaintiffs' argument that one need not supplement that disclosure in sufficient enough time for the opposing party to depose the witness and properly prepare for trial strains credulity. As to the DOJ and DOT witnesses, the defendants' motion is granted.

**Motion No. 6**: For an Order barring Plaintiffs from presenting any evidence of damages including loss of income or medical expenses, and/or lay opinions regarding physical or

6

Case 2:20-cv-01660-NJ   Filed 04/14/23   Page 6 of 12   Document 362

mental diagnoses. Defendants argue that Plaintiffs do not dispute they have no proof of actual damages and that as of March 29, 2023, Plaintiffs state that they are unable to provide a computation of all damages. Plaintiffs also provided in the March 29, 2023 disclosure that they are seeking damages in the categories of: compensatory damages, consequential damages, expectation damages, punitive damages, statutory damages, liquidated damages, economic damages, interest, and attorney fees and costs. Plaintiffs provided that the damages would be based on evidence determined through the production of expert reports, though Plaintiffs produced no such expert reports.

Plaintiffs counter that they have always contended they have damages as a result of Defendants' conduct, and on summary judgment, "Plaintiffs simply addressed - and won - the need to show actual damages to prevail on the DPPA claims." Plaintiffs refer to Peter Sparks and Sonora Larson as support for the proposition that they provided evidence of actual damages.

**Ruling**: Defendants' motion is granted. As an initial matter, the DPPA allows for certain specific categories of damages; thus, to the extent Plaintiffs state they are seeking a host of damages unavailable under the DPPA or frankly not applicable to this case, for example, "expectation damages," which generally arise[] in the context of breach of contract cases under state law, *see, e.g.*, *Christensen v. Sullivan*, 2009 WI 87, ¶ 83, 320 Wis. 2d 76, 120, 768 N.W.2d 798, 820, Plaintiffs are barred from presenting such evidence.

Further, the computation of damages statement that the Plaintiffs provide in their March 29, 2023 supplemental disclosure is unacceptable. Plaintiffs appear to claim they cannot provide a computation of their damages because the damages will be based in part on evidence to be determined through the production of expert reports. (Docket # 346-1 at 36.)

7

However, in their Final Pretrial Report, Plaintiffs confirm that "[n]either party has disclosed or identified any expert in accordance with Fed. R. Civ. P. 26(a)(2), thus this section is not applicable." (Docket # 345 at 20.)

Moreover, Plaintiffs have still not itemized their damages. Plaintiffs only point to two plaintiffs who they assert have given notice of their actual damages—Peter Sparks and Sonora Larson. As to both Sparks and Larson, however, in response to Defendants' interrogatory requests, as to the DPPA claims, to "[e]xplain in detail the physical discomfort, significant emotional distress, trauma, and other injuries that you have incurred as alleged in your Complaint," both state that "there has been distress with regards to Plaintiff being potentially targeted, surveyed, and put on the Protestor List." (Docket # 358-3 at 6; Docket # 358-4 at 6.)

When asked to "[i]temize in detail all expenses or loss of wages that you have incurred regarding the allegations contained in your Complaint," Larson responds:

> In addition to specific damages including first aid and pain relief, Plaintiffs allege anticipated and continual mental health counseling and psychological assistance to address trauma experienced as a result of defendant's various actions and provide the attached Exhibit A, providing regional psychotherapy rates to gauge ongoing expenses. Plaintiff had a minimum of medical expenses of $265.00 in medical expenses attached Exhibit B.

(Docket # 358-3 at 7–9.) Sparks responds:

> In addition to specific damages including first aid and pain relief, Plaintiffs allege anticipated and continual mental health counseling and psychological assistance to address trauma experienced as a result of defendant's various actions and provide the attached Exhibit A, providing regional psychotherapy rates to gauge ongoing expenses. Exhibit C Aurora Bill totaling $105. Exhibits D – N1 Aurora Behavior Health Bills totaling $7,844.

(Docket # 358-4 at 7–8.)

While Larson anticipates psychotherapy, as of now, she still has not provided documentation indicating any therapy expenses she has incurred due to the DPPA claims. And while Sparks at least has disclosed some mental health treatment, he has not specified whether it is related at all to the DPPA claims. Plaintiffs seem to argue that because Defendants had medical authorizations, they should comb through the records and figure out Plaintiffs' damages for themselves. It does not work that way. Fed. R. Civ. P. 26(a)(1)(iii) requires the plaintiffs to disclose a "computation of each category of damages claimed" including "materials bearing on the nature and extent of injuries suffered." Under Rule 37(c)(1), if a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Plaintiffs' failure to itemize their damages at this late stage is neither substantially justified nor harmless.

Furthermore, Plaintiffs were warned on December 1, 2022, that they must itemize their damages and that failure to disclose damages may result in Plaintiffs being prohibited from presenting the evidence at trial. (Docket # 249.) Plaintiffs still have not done so. Thus, Plaintiffs will not be allowed to present evidence of loss of income, medical expenses, and/or lay opinions regarding physical or mental diagnoses. *See Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) ("The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.").

Finally, Plaintiffs argue that during summary judgment, they did not concede they had no evidence of actual damages. This assertion is contrary to the record. In moving for summary judgment in their favor as to their DPPA claims, Plaintiffs specifically argued that

the Court should find that statutory damages apply for the defendants' alleged DPPA violations. (Docket # 269 at 28–30.) And in responding to Defendants' summary judgment motion in which Defendants argued Plaintiffs' DPPA claims failed due to a lack of evidence of actual damages, Plaintiffs responded that they had liquidated damages. (Docket # 286 at 29–30.) In the summary judgment decision, I specifically state that "Plaintiffs do not dispute that they have no proof of actual damages," citing both Plaintiffs' summary judgment brief and Plaintiffs' opposition brief to Defendants' summary judgment brief. (Docket # 332 at 28.) Plaintiffs subsequently moved for reconsideration of the summary judgment decision but did not argue that the Court's statement as to actual damages was incorrect. If Plaintiffs believed the Court was in error in how it interpreted Plaintiffs' summary judgment arguments, it stands to reason they would have brought it to my attention before now.

**Motion No. 7**: For an Order barring witnesses whose testimony does not relate to the remaining claims or witnesses who are no longer parties as their testimony is irrelevant, unnecessarily cumulative, and will confuse the issues.

**Ruling**: Defendants' motion is granted as to witnesses whose testimony does not relate to the remaining claims. No witness will be permitted to testify about claims that are no longer in the case. As to witnesses who are no longer parties, whether they are permitted to testify depends on whether their testimony is relevant, *see* Fed. R. Evid. 401, and does not fall under a basis for exclusion under Fed. R. Evid. 403 or under any other evidentiary rule.

**Motion No. 8**: For an Order barring evidence regarding a "Code of Silence" among police officers.

**Ruling**: Plaintiffs do not object. Defendants' motion is granted.

10
Case 2:20-cv-01660-NJ   Filed 04/14/23   Page 10 of 12   Document 362

**Motion No. 9**: For an Order barring Plaintiffs from presenting evidence of unrelated police misconduct against any of the defendants, the City of Wauwatosa, other Wauwatosa Police personnel, and/or law enforcement in general, including other lawsuits. Plaintiffs argue that the conduct of Mensah is relevant as the "protection of this officer and attempts to retaliate against those who protested his conduct lie at the heart of this case."

**Ruling**: Defendants' motion is granted in part. While Plaintiffs previously moved *in limine* to prevent the Defendants from entering evidence of protests occurring at Mensah's house, Plaintiffs now argue that Mensah's conduct and the protests are, in fact, relevant to the DPPA claims. Similarly, while Defendants want to enter evidence regarding the protest at Mensah's house relevant to their defense, they move to bar Plaintiffs from presenting evidence of Mensah's misconduct.

Consistent with the ruling on Plaintiffs' motion *in limine* no. 4, which allowed Defendants' limited evidence regarding the protest at Mensah's house relevant to their defense, Plaintiffs are also allowed to present their theory of the case, that Ratkowski and Roy created and/or distributed the Protestor List in retaliation for those individuals protesting Mensah's police misconduct.

However, Plaintiffs are not permitted to go into details about Mensah or conduct a side-trial into details about Mensah's actions or any other law enforcement officers' misconduct. Additionally, Plaintiffs are barred from referencing general allegations or cases of police misconduct throughout the country.

**Motion No. 10**: For an Order barring reference to violation of police department rules, policies, regulations, or general orders. Defendants argue that it is "well settled that a violation of police practices or rules does not rise to the level of a constitutional violation."

11

**Ruling**: Defendants' motion is denied. The parties argue this motion in terms of a constitutional violation or claim. The parties are reminded, however, that there are no further constitutional claims in this lawsuit. Focusing on the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use" not permitted by the DPPA. 18 U.S.C. § 2722(a). Thus, to the extent Ratkowski and Roy received training on how to use DOT records consistent with the DPPA, or any policies or regulations exist as to police department personnel's use of DOT records to comply with the DPPA, such evidence may be relevant to whether Defendants "knowingly" obtained or disclosed the information for a use not permitted by the DPPA.

Dated at Milwaukee, Wisconsin this 14th day of April, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge