UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Andrew Aaron, et al.,

    Plaintiffs,

        v.                                  Case No. 20-CV-1660

Dominick Ratkowski and Joseph Roy,

    Defendants.

### DEFENDANTS' SUPPLEMENTAL *MOTION IN LIMINE*

Pursuant to the Court's Decision and Order on the parties' motions in limine (Dkt. 363) and additional directives provided at the April 18, 2023, pre-trial conference, Defendants submit the following supplemental *motion in limine*:

Defendants' *motion in limine* No. 7 sought to preclude witnesses whose testimony does not relate to the remaining claims, including witnesses who are no longer parties to the lawsuit, because such testimony is irrelevant, unnecessarily cumulative, and will only confuse the issues. (Dkt. 346 at 5-6) The Court ordered that "Defendants' motion is granted as to witnesses whose testimony does not relate to the remaining claims. No witness will be permitted to testify about claims that are no longer in the case." (Dkt. 363 at 10)

Defendants request that the Court extend or confirm that its ruling on Defendants' *motion in limine* No. 7, because it prohibits irrelevant, cumulative, and potentially confusing evidence, also bars the introduction of evidence concerning the presence or purpose of non-parties to the lawsuit whose information is included in Ratkowski's list, because those individuals do not have claims (expanding on the court's "no longer" language) in the case.

1

Evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even relevant evidence should be excluded where its prejudicial effect outweighs its probative value. Fed. R. Evid. 403. The issues that remain for trial are specific and relate only to the DPPA claims against Ratkowski brought by 45 individual Plaintiffs whose information is included on the list. The complete, unredacted Ratkowski list contains information for many other individuals beyond the Plaintiffs to this case. Defendants anticipate that Plaintiffs intend to use and display the full Ratkowski list, complete with the information about which they complain about scores of individuals who are not litigants in this lawsuit, and who have certainly not given their permission for their information to be displayed or presented to the jury.

The Plaintiffs may believe that the appearance of the unredacted, full Ratkowski list has some form of "shock value" that will permit them to present argument and testimony as it relates to non-parties, but in doing so—will induce the jury to decide the DPPA claim against Ratkowski on an improper basis. See Fed. R. Evid. 403; *U.S. v. Zahursky*, 580 F. 3d 515, 525 (7th Cir. 2009) ("[e]vidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented").

The use, attempted presentation, or introduction of the Ratkowski list – without it being redacted to the 45 plaintiffs – invites the jury to consider questions that are irrelevant to this trial: "for what reasons are those other people on the list?" The introduction of such evidence as it relates to any non-party is irrelevant to the named Plaintiffs' claims against Ratkowski (*see* Fed. R. Evid. 401), and even if there was some marginal relevance it is far outweighed by potential unfair prejudice to the Defendants, is unnecessarily cumulative in nature, and could confuse the jury.

Plainly, if Plaintiffs are permitted to present a list to the jury that includes individuals who are not parties to this action, Defendants will be put in a position of having to provide a defense for the inclusion of each non-party – all of which has no relevance to the claims being tried. More than just ironic, it would be unfairly prejudicial and of questionable legality for the Plaintiffs to be permitted to present a list containing the same DOT information for non-parties as forms the basis of their DPPA claims against the Defendants.

Defendants propose that the parties use a version of Ratkowski's list redacted to include only the parties involved in this suit, which will be submitted in Defendants' Amended Exhibit List.

Dated at Wauwatosa, Wisconsin this 19th day of April, 2023.

**WIRTH + BAYNARD**
Attorneys for Defendants

/s/ Jasmyne M. Baynard
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Emails: jmb@wbattys.com