UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Andrew AARON, et al,
    Plaintiffs,

v.                                     Case No. 20-CV-01660

Dominick RATKOWSKI and Joseph ROY,
    Defendants.

**PLAINTIFFS' OBJECTION
TO DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE (ECF #368)**

    Plaintiffs, by their Counsel, object to Defendants' "Supplemental" Motion in Limine filed yesterday, April 20, 2023, ten (10) days before trial.

    This Honorable Court can deny this extraordinary filing by Defendants simply as untimely, as no permission was sought nor granted for such filing, nor was any technical mistake or excusable error identified, which may excuse such audacious liberty in the filing itself. Rather, Defendants' Counsel take the breath-taking step of filing this substantively significant request without any consideration for basic rules of procedure, nor any respect for this Court's scheduling orders or pretrial process.

    In addition to untimeliness, Plaintiffs object on the basis that this motion seeks egregious and gross manipulation of a piece of actual evidence, disclosed and at issue for over two years, at the heart of this controversy. Such request in the form of a "supplemental motion in limine" attempts to twist this Court's ruling and improperly ignores the plain definition of "supplemental."

    The entirety of Defendants' Motion in Limine No. 7 and Your Honor's ruling is:

> **Motion No. 7**: For an Order barring witnesses whose testimony does not relate to the remaining claims or witnesses who are no longer parties as their testimony is irrelevant, unnecessarily cumulative, and will confuse the issues.

1

> **Ruling:** Defendants' motion is granted as to witnesses whose testimony does not relate to the remaining claims. No witness will be permitted to testify about claims that are no longer in the case. As to witnesses who are no longer parties, whether they are permitted to testify depends on whether their testimony is relevant, see Fed. R. Evid. 401, and does not fall under a basis for exclusion under Fed. R. Evid. 403 or under any other evidentiary rule.

(ECF #362 at 10).

It is an undisputed and stipulated fact that the Target list itself and whole, was created by Defendant Ratkowski. It contains information of and about persons, in the form of categorized entries defined by him, organized, obtained and recorded by him. It is what it is. The contents of the list may be personal information, but that does not constitute being a "witness" – the subject of the Court's ruling.

Rather, Defendants improperly raise relevance of an item of evidence under the guise of "supplement." As articulated by Your Honor, mindset of the Defendants is directly relevant in this matter, and the Target list in its whole and unaltered state, is the context in which and by which, the mindset of Defendant Ratkowski is best objectively demonstrated. It is plainly relevant.

Then by dramatic overreach and in the face of all contradictory facts, Defendants falsely assert that Plaintiffs seek "shock value" and intend to publicly disclose the personal information of non-plaintiffs in publishing the Target list to the jury. This is astonishingly disingenuous given the history and documented facts of this case over the last two years: *Plaintiffs* were forced to seek (as thwarted by Defendants in cooperative attempts over months) and won a protective order to safeguard the privacy of non-parties on the Target list; *Plaintiffs* secured notification to other recipients of the Target list to seek and protect privacy; and most directly, as demonstrated by Plaintiffs' filed Exhibit list (ECF #350, and supplemented ECF #364) Plaintiffs list the second numbered exhibit as "Target List **redacted**" specifically for privacy, respect and safety in trial.

Defendants' bluster is baseless and wasteful.

Federal Rule of Evidence 401 indeed states that evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. It in no way contemplates that a piece of evidence can or should be altered to fit the preference or theory of any party. Such a suggestion defies logic and would create infinite opportunities (and controversies requiring pretrial court determination) to "craft" an exhibit, thus undermining the very integrity of evidentiary rules.

## CONCLUSION

For the reasons set forth above, and in the interest of fairness, efficiency and economy, this Honorable Court should deny Defendants' Supplemental Motion in Limine (ECF #368).

Dated this 21st day of April, 2023.

**COUNSEL FOR PLAINTIFFS**

By: /s:/ Kathryn L. Knowlton
WI State Bar No. 1032814
Knowlton Law Group, LLC
7219 West Center Street
Wauwatosa, WI 53213
Telephone: (414) 202-2444
Email: kate@knowltonlawgroup.com

3