## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANDREW AARON, et al.,

     Plaintiffs,

     v.                                Case No. 20-CV-1660

DOMINICK RATKOWSKI and
JOSEPH ROY,

     Defendants.

## ORDER

     On April 24, 2023, the Court held a second final pretrial conference with the parties. At that time, the parties were to confer and discuss whether they could agree to present testimony from certain plaintiff "exemplars" to preclude the need for every plaintiff to testify. On April 25, 2023, counsel for Plaintiffs informed the Court that it was anticipated that all Plaintiffs will need to testify, though this is contingent on Ratkowski's testimony. (Docket # 374.) The parties are reminded that this trial is scheduled for 5 days. Plaintiffs are ordered to provide an updated witness list no later than **12:00 p.m. on April 27, 2023**. Plaintiffs must list witnesses for their case-in-chief and their rebuttal witnesses. Plaintiffs are reminded that any witness placed on the list must have evidence relevant to the claims at issue in this case.

     During the April 24, 2023 hearing, I took under advisement Plaintiffs' motion for reconsideration of the Court's order on Defendants' motion *in limine* no. 5, barring the testimony of Katie Schuh of the Wisconsin DOJ. (Docket # 362.) In their final pretrial report, Plaintiffs state that Schuh "will have knowledge with regards to the information contained and maintained in a motor vehicle records for the State of Wisconsin, the DPPA, Wisconsin

Open Records Law, the process by which such information is obtained and this information will go to Claims 2 and 14." (Docket # 345 at 17–18.) At the hearing, Plaintiffs stated that Schuh would be called to authenticate a specific document. Defendants stipulated to the authenticity of the document but challenged Plaintiffs admission of the document into evidence without a proponent. Plaintiffs argue that Schuh will be a very brief witness for the purpose of introducing a DOT document which was disclosed to the defendants.

Given that the defendants do not challenge the authenticity of the document and the limited purpose of Schuh's testimony, Plaintiffs will be allowed to call Schuh for this limited purpose and on this identified document only. As Plaintiffs already recognized, they are not to elicit testimony regarding Schuh's opinions on whether the DPPA was violated and, like any other witness, Schuh will only be able to testify on matters within her knowledge.

Further, defendants are given leave to depose Schuh by Zoom or in person, if they so choose. Plaintiffs should coordinate with defendants' counsel to call Schuh at trial only after Defendants have had the opportunity to depose her. If Defendants do not intend to depose Schuh, they must notify the Plaintiffs by close of business on Monday, May 1, 2023. To be clear, the deposition need not be completed by Monday; however, the defendants must notify Plaintiffs by Monday if they do not intend to depose Schuh.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 26th day of April, 2023.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

2