# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANDREW AARON, et al,

      Plaintiffs,

      v.                               Case No. 20-CV-01660

DOMINICK RATKOWSKI, et al,

      Defendants.

## PLAINTIFFS PRETRIAL REPORT

Pursuant to Rule 16(c) of the Local Rules of Civil Procedure, Plaintiffs Kathryn Knowlton, et al hereby submits this Pretrial Report :

### A. Short summary of the facts, claims, and defenses

This lawsuit pertains to DPPA violations by Defendants Dominick Ratkowski and Joseph Roy against fifty-seven (57) Plaintiffs. Plaintiffs assert that Dominick Ratkowski violated the DPPA, 18 U.S.C. 2724, from June 1, 2020 onwards when he obtained, used, and/or disclosed Plaintiffs' personal information from their motor vehicle records, without their consent, and without a permissible purpose. Plaintiffs also assert that Defendant Joseph Roy violated the DPPA on January 7, 2021 when he disclosed Plaintiffs' personal information from their motor vehicle records without their consent, and without a permissible purpose.

### B. Statement of Issues

The issues for a jury to determine in this matter are:

1.    Did Dominick Ratkowski violate the DPPA when he obtained, used, and/or disclosed Plaintiffs' personal information from their motor vehicle records?

3.    Did Joseph Roy violate the DPPA when he  disclosed Plaintiffs personal

1

information from their motor vehicle records?

## C. Names and Address of All Witnesses Expected to Testify

1. Andrew Aaron, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

2. Kamila Ahamad, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

3. Robert Agnew, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

4. Jacqueline Bogenberger, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

5. Lavita Booker, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

6. Rebecca Burrell (Wigley) c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

7. Raine Cich, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

8. Tahudah Cole, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

9. Taleavia Cole, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

10. Tracy Cole, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

11. Steven Conklin c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

12. Lauryn Cross, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

13. Anne Delessio-Parson (Ax Parson), c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

14. Isaiah Baldwin, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

15. Rachel Dulay c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210 is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

3

16. Erik Fanning, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

17. Jessica Fenner, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff.        If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal. She will testify remotely from Illinois.

18. Joanna Geisler, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

19. Christine Groppi , c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

20. Destiney Jones, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and  damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

21. Adante Jordan, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, is a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

22. Mary Kachelski, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

23. Sean Kafer, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

24.     Joseph Koepp, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

25.     John Larry, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

26.     Alex Larson, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

27.     Sonora Larson, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

28.     Dana McCormick, c/o Knowlton Law Group 7219 West Center Street, Wauwatosa Wisconsin 53213 and c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210. If called to the stand she will testify about the circumstances and issues in regards to her personal information and Plaintiffs Nilssen's personal information found on the documents as shared by Joseph Roy. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

29.     Lazarito Matheu, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

30.     Van Mayes, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

31.     Molly Nilssen, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick

Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

32. Shawn Page, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

33. Carmen Palmer, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal who will testify remotely from Texas.

34. Leah Porter, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the documents shared by Joseph Roy, and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

35. William Rivera, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the documents shared by Joseph Roy, and that of Plaintiffs Hector Rodriguez, Lazarito Matheu and other Plaintiffs information found on the documents. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

36. Hector Rodriguez, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

37. Oscar Concepcion Rodriguez, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

38. William Schroeder, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, if called to the stand will testify about the circumstances and issues in regards to personal information found on the documents shared by Joseph Roy, and that of other Plaintiffs Joanna Geisler and other Plaintiffs information found on the documents. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

39. Madeline Schweitzer, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in

regards to personal information found on the Target List created by Dominick Ratkowski and damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

40.  Mariah Smith, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

41.  Peter Sparks, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

42.  Tiffany Stark, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

43.  Angel Vega, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

44.  Christina Vitolo-Haddad, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

45.  Gabriella Vitucci, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, personal information found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

46.  Tristiana Walls, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210 a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

47.  Oscar Walton, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff. If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his

personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

48.     Jayden Welch, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

49.     Briitta Welch, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210,  a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and her damages.  This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

50.     Suzanne Wells, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to her personal information found on the documents shared by Joseph Roy, and his damages.  This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

51.     Rosalind Rogers, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages.   This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

52.     Brandon Wilborn, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to his personal information found on the Target List created by Dominick Ratkowski, his personal information found on the documents shared by Joseph Roy, and his damages.  This witness is potentially for Plaintiffs case-in-chief and/or rebuttal who will testify remotely from Texas.

53.     Trisha Wilson,  c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski and her damages.  This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

54.     Kathelyn Wojnar, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210, a named Plaintiff.  If called to the stand will testify about the circumstances and issues in regards to her personal information found on the Target List created by Dominick Ratkowski, her personal information found on the documents shared by Joseph Roy, and her damages.  This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

55.     Sonja Worthy, c/o Ascend Counsel, LLC 2401 S. Downing St. Denver, CO 80210,  a named Plaintiff.  If called to the stand will testify about the circumstances and issues in

8

regards to her personal found on the documents shared by Joseph Roy, and her damages. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

56.     Mr. Weber, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 was the chief of the Wauwatosa Police Department at all times relevant to this matter. Mr. Weber has knowledge and information concerning the claims involving both Roy and Ratkowski. It is anticipated that Mr. Weber will testify as to his knowledge of the facts and circumstances regarding the Target List and the release of documents by Roy. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

57.     Jeffrey Farina, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 is a former Lt. for the Wauwatosa Police Department at all times relevant to this matter. Mr. Farina has knowledge and information concerning the claims involving both Roy and Ratkowski. It is anticipated that Mr. Farina will testify as to his knowledge of the facts and circumstances regarding the Target List and the release of documents by Roy. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

58.     Dennis McBride, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 was the Mayor of Wauwatosa at all times relevant to this matter and has knowledge and information concerning the remaining claims. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

59.     Kathy Causier, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 was an elected common council member of the Wauwatosa Common Council who has knowledge and information concerning the remaining claims and some of the allegations in the Complaint. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

60.     Heather Kuhl, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 was an elected common council member of the Wauwatosa Common Council who has knowledge and information concerning the remaining claims and some of the allegations in the Complaint. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

61.     Matthew Stippich, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 was an elected common council member of the Wauwatosa Common Council who has knowledge and information concerning the remaining claims and some of the allegations in the Complaint. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

62.     Jalal Ali, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 is an employee with the City of Wauwatosa who has knowledge and information concerning the remaining claims. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

63.    George Schimmel, c/o WIRTH + BAYNARD, 9898 West Bluemound Road, Suite 2 Wauwatosa, Wisconsin 53226 is a contracted employee with the City of Wauwatosa who has knowledge and information concerning the remaining claims. This witness is potentially for Plaintiffs case-in-chief and/or rebuttal.

64.    David Anderson
       749 W. State Street
       Milwaukee, Wisconsin 53233
       Email : doande@milwaukee.gov

       Mr. Anderson has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages. This witness is potentially for Plaintiffs rebuttal.

65.    Adam Behnke
       2100 North Calhoun Road
       Brookfield, Wisconsin 53005
       behnke@ci.brookfield.wi.us

       Mr. Behnke has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages. This witness is potentially for Plaintiffs rebuttal.

66.    Christin Berges
       749 North 16th Street
       Milwaukee, Wisconsin 53233
       Christin.berges@marquette.edu

       Mr. Berges has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages. This witness is potentially for Plaintiffs rebuttal.

67.    Jason Birschbach
       5300 West Layton Avenue
       Greenfield, WI 53220
       Jason.birschbach@gfpd.org

       Mr. Birschbach has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages. This witness is potentially for Plaintiffs rebuttal.

68.    Jodi Borchardt

224 E Jefferson St
Burlington, WI 53105
Email : Jborchardt@burlington-wi.gov

Ms. Borchardt has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages.  This witness is potentially for Plaintiffs rebuttal.

69.   LaSharle Borg
      2466 North 47th Street
      Milwaukee, Wisconsin 53210

Ms. Borg has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List by Ratkowski.  This witness is potentially for Plaintiffs rebuttal.

70.   Anthony Buffone
      749 W. State Street
      Milwaukee, Wisconsin 53233
      Email : abuffo@milwaukee.gov

Mr. Buffone has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages.  This witness is potentially for Plaintiffs rebuttal and/or case in chief..

71.   Daniel Carranco
      301 W. Ryan Road
      Oak Creek, WI 53154
      dcarranco@oakcreekwi.org

Mr. Carranco has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy, and damages.  This witness is potentially for Plaintiffs rebuttal and/or case in chief..

72.   Tony Casetro
      Milwaukee Police Department
      749 W. State Street
      Milwaukee, Wisconsin 53233
      Email : tcastr@milwaukee.gov

Mr. Casetro has knowledge and information concerning matters and facts related to some of the allegations in the Complaint specifically as it relates to the use and distribution of the Target List, knowledge regarding some of the documents released by Defendant Roy,

and damages. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

73. Susan Conley
Racine County Sheriff's Department
717 West Wisconsin Avenue
Racine, WI 53403
Email : Susan.Conley@RacineCounty.com

Ms. Conley has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

74. Brian Conte
Milwaukee County Sheriff's Office
821 West State Street
Milwaukee, Wisconsin 53233
Email : brian.conte@milwaukeecountywi.gov

Mr. Conte has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

75. Ashley Van Drisse
Milwaukee Police Department
749 W. State Street
Milwaukee, Wisconsin 53233
Email : avandr@milwaukee.gov

Ms. Van Drisse has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

76. Erwin Estacio
Milwaukee Police Department
749 W. State Street
Milwaukee, Wisconsin 53233
Email : esesta@milwaukee.gov

Mr. Estacio has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

77. Jeremy Fadness
9455 West Loomis Road
Franklin, Wisconsin 53132

Email : jfadness@franklinwi.gov
Mr. Fadness has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

78. Matthew Gibson
    821 West State Street
    Milwaukee, WI 53233
    Matthew.Gibson@da.wi.gov

    Mr. Gibson has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

79. Adam Grochowski
    749 W. State Street
    Milwaukee, Wisconsin 53233
    Email : agroch@milwaukee.gov

    Mr. Grochowski has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

80. Keisha Harper
    749 W. State Street
    Milwaukee, Wisconsin 53233
    Email: kharpe@milwaukee.gov

    Ms. Harper has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

81. John Ivy
    749 W. State Street
    Milwaukee, Wisconsin 53233
    Email : jhivy@milwaukee.gov

    Mr. Ivy has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief..

82. Britt Kohnert
    749 W. State Street
    Milwaukee, Wisconsin 53233
    Email : bkohne@milwaukee.gov

13

Britt Kohnert has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

83.   Andrew Kwaterski
      717 West Wisconsin Avenue
      Racine, WI 53403
      Email : Andrew.kwaterski@racinecounty.com

      Mr. Kwaterski has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

84.   David Ligas
      749 W. State Street
      Milwaukee, Wisconsin 53233
      Email : dligas@milwaukee.gov

      Mr. Ligas has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

85.   Richard Litwin
      749 W. State Street
      Milwaukee, Wisconsin 53233
      Email : rlitwi@milwaukee.gov

      Mr. Litwin has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

86.   John Lucas
      5300 West Layton Avenue
      Greenfield, WI 53220
      John.Lucas@gfpd.org

      Mr. Lucas has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

87.   Diane Nelson
      Hennepin County Sheriff's Department
      9401 83rd Avenue North
      Brooklyn Park, MN 55445

14

Ms. Nelson has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs case in chief and rebuttal who will testify remotely.

88.    Chris Marks
       11301 W. Lincoln Avenue
       West Allis, WI 53227
       CMarks@westalliswi.gov

       Mr. Marks has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

89.    Kevin Matte
       Milwaukee Police Department
       749 W. State Street
       Milwaukee, Wisconsin 53233
       Email : kmatte@milwaukee.gov

       Mr. Matte has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

90.    Francesco Mineo
       Milwaukee County District Attorney's Office
       821 West State Street
       Milwaukee, WI 53233
       Email : Francesco.mineo@da.wi.gov

       Mr. Mineo has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

91.    Ryan Orlovsky
       Milwaukee Police Department
       749 W. State Street
       Milwaukee, Wisconsin 53233
       Email : rorlov@milwaukee.gov

       Mr. Orlovsky has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List.  This witness is potentially for Plaintiffs rebuttal and/or case in chief.

92.    Ryan Rasmussen
       Milwaukee Police Department

749 W. State Street
Milwaukee, Wisconsin 53233
Email : ryrasm@milwaukee.gov

Mr. Ramussen has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

93.    Rachael Sells
       Burlington Police Department
       224 E Jefferson St
       Burlington, WI 53105
       Email :rsells@burlington-wi.gov

Ms. Sells has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

94.    Stephanie Skinger
       Milwaukee Police Department
       749 W. State Street
       Milwaukee, Wisconsin 53233
       Email : ssikin@milwaukee.gov

Ms. Skinger has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

95.    Steven Strasser
       Milwaukee County District Attorney's Office
       821 West State Street
       Milwaukee, WI 53233
       Email : steven.strasser@da.wi.gov

Mr. Strasser has knowledge and information concerning matters and facts related to some of the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

96.    Andrew Willis
       Racine County Sheriff's Department
       717 West Wisconsin Avenue
       Racine, WI 53403
       Email : Andrew.Willis@racinecounty.com

Mr. Willis has knowledge and information concerning matters and facts related to some of

16

the allegations in the Complaint including knowledge regarding the use and distribution of the Target List. This witness is potentially for Plaintiffs rebuttal and/or case in chief.

97. Wisconsin Department of Transportation
    Shaun Peterson – Supervisor
    Bureau of Driver Services
    Driver Training and Records
    Hill Farms State Office Building
    4822 Madison Yards Way
    Madison, WI 53705
    Email : Shaun.Peterson@dot.wi.gov

    The representative of the DOT will have knowledge with regards to the information contained and maintained in a motor vehicle record for the State of Wisconsin provided to parties through the TIME system, the process by which such information is obtained and this information will go to Claims 2 and 14. This witness is potentially for Plaintiffs rebuttal.

98. Wisconsin Department of Justice
    Katie Schuh
    Deputy Director Crime Information Bureau
    Division of Law Enforcement Services
    Risser Justice Center
    17 West Main Street
    Madison, WI 53703
    Email : schuhkr@doj.state.wi.us

    The representative of the DOJ will have knowledge with regards to the information contained and maintained in a motor vehicle records for the State of Wisconsin provided to parties, the TIME system, the DPPA, Wisconsin Open Records Law, the process by which such information is obtained and this information will go to Claims 2 and 14. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

99. Tony Aria
    720 East Capitol Drive
    Milwaukee, Wisconsin 53212
    tony.aria@tmj4.com

    Mr. Aria has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

100. Lezlie Johnson
     720 East Capitol Drive
     Milwaukee, Wisconsin 53212

17

Lezlie.Johnson@tmj4.com

Ms. Johnson has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

101.  Hillary Mintz
      759 N 19th Street
      Milwaukee, WI 53233
      hmintz@wisn.com

      Ms. Mintz has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

102.  Bryan Polcyn
      11750 N. Silver Avenue
      Mequon, Wisconsin 53097
      bryan.polcyn@FOX.com

      Mr. Polcyn has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

103.  Molly Collins
      207 East Buffalo Street, Unit 325
      Milwaukee, Wisconsin 53202
      mcollins@aclu-wi.org

      Ms. Collins has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

104.  Mark Thomsen
      219 North Milwaukee Street, Suite 520
      Milwaukee, Wisconsin 53202
      mthomsen@gtwlawyers.com

      Attorney Thomsen has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

105. James F. Gutenberg
     320 E. Buffalo Street, Suite 700
     Milwaukee, Wisconsin 53202
     jfg@hallingcayo.com

     Attorney Gutenberg has knowledge and information concerning matters and facts related
     to Claim 14 of the complaint and the information that he received on January 7, 2021 from
     Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in
     Plaintiffs case in chief.

106. Scott A. Wales
     839 North Jefferson Street, #400
     Milwaukee, Wisconsin 53202
     swaleslaw@gmail.com

     Attorney Wales has knowledge and information concerning matters and facts related to
     Claim 14 of the complaint and the information that he received on January 7, 2021 from
     Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in
     Plaintiffs case in chief.

107. Colleen Marie Henry
     759 N 19th Street
     Milwaukee, WI 53233
     colleenmariehenry@hotmail.com

     Ms. Henry has knowledge and information concerning matters and facts related to Claim
     14 of the complaint and the information that he received on January 7, 2021 from
     Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in
     Plaintiffs case in chief.

108. Brenden Gutenschwager
     1033 Walnut Street, Apt. 734
     Wyandotte, Michigan 48192-4413
     bgutenschwager@gmail.com

     Mr. Gutenschwager has knowledge and information concerning matters and facts related
     to Claim 14 of the complaint and the information that he received on January 7, 2021 from
     Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in
     Plaintiffs case in chief.

109. Erik Schneider
     113 Mill Place Pkwy.
     Verona, WA 24482
     eschneider@nexushelps.com

19

This person has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.   He will testify remotely from Virginia.

110.   Daniel Adams
       1200 E. Capitol Drive, Suite 360
       Milwaukee, WI 53211
       dmorganadams@gmail.com

       This person has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy.  This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

111.   Person with the email of blodestone@gmail.com has knowledge and information concerning matters and facts related to Claim 14 of the complaint and the information that he received on January 7, 2021 from Defendant Joseph Roy. This witness is potentially for Plaintiffs rebuttal and will be in Plaintiffs case in chief.

1.     Plaintiffs reserve the right to call any of the witnesses identified by Defendants

and to amend this list based on the evidence, as presented by Defendants.

2.     Plaintiffs also reserve the right to call witnesses to provide rebuttal testimony.

**D.     Expert Witness Identification**

Neither party has disclosed or identified any expert in accordance with Fed. R. Civ. P. 26(a)(2), thus this section is not applicable.

**E.     List of Exhibits to be offered at trial**

1.     Plaintiff reserves the right to use any exhibit identified by Defendant.

2.     Plaintiff reserves the right to use any document for rebuttal.

3.     Plaintiff reserves the right to use demonstrative exhibits.

Exhibit list filed separately.

**F.     Designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial a substantive evidence**

Plaintiffs reserve the right to use any portion of any deposition in this matter or others for

impeachment and rebuttal purposes.

20

**G.    Estimate of time needs for trial**

Plaintiffs believe that eight days will be needed for trial if parties do not agree to stipulate to none of the Plaintiffs consented to their personal information being used, obtained, or disclosed.

**H.    Proposed Voir Dire Questions**

1.    Background Questions

- Have you ever been a party in a lawsuit? Or a witness in a lawsuit?
- Have you ever served as a juror before? Was the case a criminal case or a civil case?
- What is your highest level of education?
- Do you work outside the home?  If so, where?
- Have you or friends/family ever been a member of a union?
- Are you married?  What does your spouse do?
- Do you have any children who are employed?  What do they do?
- Do you live or have you ever lived in Wauwatosa?
- Do you have friends or family who live in Wauwatosa? Who?
- Do you own a business in Wauwatosa?
- Do you own or lease property in Wauwatosa?
- Have you, your relatives or any close friends ever worked as a government employee?  In what capacity?
- Have you, your relatives or any close friends ever worked for the City of Wauwatosa, including for the Wauwatosa Police Department?
- What kind of volunteer work or community involvement are you part of?
- Does anyone have a negative view of the Black Lives Matter movement or protests?
- Does anyone have a negative view of the George Floyd protests?
- How do you weigh your interests in privacy against your interests in protection?
- Is it appropriate for law enforcement to investigate people because are critical of law enforcement?
- Who believes that its appropriate for law enforcement to engage in racial profiling?
- Is it appropriate for law enforcement to maintain lists of people based on their association?
- Is it appropriate for law enforcement to maintain lists of people who are not under investigation for a crime?
- Is anyone familiar with the name Joseph Mensah
- Who believes that Plaintiffs are generally greedy or chasing money
- Who is familiar with the McDonalds coffee lawsuit – thoughts?
  Can we all agree that sometimes its important to be able to bring a lawsuit?
- Do you generally believe what a law enforcement officer says more than aa non-law enforcement person?
- Is anyone a member of the NRA?

2.    Experience with Law Enforcement

- Have you ever been the victim of a crime?
- Have you or any friends/ family members ever worked for a law- enforcement agency or as a law-enforcement officer?
- To what extent have you had interactions with law enforcement in your life? When was the last time you did so?
- When is the last time that you called for service or assistance, including 911, by law enforcement?
- Have you ever been arrested or stopped by law enforcement?
- Have you or any friends/family members ever have any interaction with the Wauwatosa Police Department? What was it in detail?
- Do you think law-enforcement officers have adequate discretion, not enough discretion, or too much discretion in their conduct?

3.      Relationship with Attorneys

- Are any of your family members or close friends attorneys?
- Have you or any of your family members/friends ever worked for attorneys, City Prosecutors, or a County Attorneys' Office?
- Have you ever have any interaction with the Wauwatosa City Attorneys' Office? What was it in detail?

4.      Credibility

- Have you ever been in a position of having to decide who to believe when told conflicting stories? What kind of situation comes to mind? Were you able to decide? What types of things did you look for in deciding whom to believe?

- In your role as a juror, you may have to determine credibility issues of witnesses—in other words—decide who is telling the truth and who may not be. You, yourself, make credibility decisions every day. What sorts of things do you look for in deciding whether someone is being truthful with you?

- As a juror, your duty is to decide the facts. You apply the facts to the laws that the court will give you and you must render a verdict. How do you feel about passing judgment on another?

5.      Privacy

- What degree of control do you expect to have over your personal identifying information?
- Do you make online purchases?
- Do you utilize online banking services to pay your bills?

22

- Do you commonly provide credit card information over the phone?
- Do you believe that doctors, nurses, and medical clinic staff should be allowed to view your personal health information not for medical reasons, but out of curiosity?
- How much control do you have in making sure the government uses your personal information appropriately?
- Has any one of you suffered what you consider an invasion of privacy? What was it? How did it make you feel?
- Who among you are on social media? What social media? Do you control who has access to your information in your social media accounts?
- Do you have a web cam? If so, is it always on?
- Have you taken any steps to protect your personal data online?

6.      Damages

- Have you been the victim of identity theft? What were the effects of that identity theft?
- Have you ever had your financial information compromised or breached?
- Have you ever had your medical information compromised or breached?
- Do you believe you should have a reasonable expectation that private information provided to the government, banks, or businesses will be safeguarded?

- Have you been in a situation where you lost trust in someone you respected? Were you ever able to re-gain trust in that person again? How did that impact you?

- Do you believe that a person whose rights have been violated is entitled to compensation?

- Have you or anyone close to you ever experienced emotional distress beyond life's common everyday stresses? How was that emotional distress evident?
- Do you believe that individuals should ever be liable for punitive damages—i.e., damages meant to deter and punish a party from similar conduct in the future?

- Would you have a problem awarding damages against the Defendants if the evidence proved that it was warranted?

**I.      Proposed Jury Instructions on substantive issues**

Filed separately.

### 1.01      FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy/prejudice /fear/public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## 1.02    NO INFERENCE FROM JUDGE'S QUESTIONS (if appropriate)

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## 1.03    ALL LITIGANTS EQUAL BEFORE THE LAW

All parties are equal before the law.

## 1.04    EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true as if that person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved. (if appropriate

## 1.05    DEPOSITION TESTIMONY (if appropriate)

During the trial, certain testimony was presented to you by [the reading of a deposition/depositions] [and video]. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court.

## 1.06    WHAT IS NOT EVIDENCE (if appropriate)

Certain things are not to be considered as evidence. I will list them for you:  First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

### 1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

### 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

### 1.09 LIMITED PURPOSE OF EVIDENCE (if appropriate)

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

### 1.10 EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning [describe evidence if practicable] only in the case against [Party]. You must not consider it against any other party.

### 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law

25

we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## 1.12    DEFINITION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## 1.13    TESTIMONY OF WITNESS: DECIDING WHAT TO BELIEVE

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

-    the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
-    the witness's memory;
-    any interest, bias, or prejudice the witness may have;
-    the witness's intelligence;
-    the manner of the witness while testifying;
-    [the witness's age];
-    and the reasonableness of the witness's testimony in light of all the evidence in the case.

## 1.14    PRIOR INCONSISTENT STATEMENTS

You may consider statements given by [Party] [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent

with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]

### 1.16    LAWYER INTERVIEWING WITNESS (if appropriate)

It is proper for a lawyer to meet with any witness in preparation for trial.

### 1.17    NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

### 1.18    ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

### 1.19    ADVERSE INFERENCE FROM MISSING WITNESS (if appropriate)

[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to [Plaintiff] [Defendant].

### 1.24    DEMONSTRATIVE EVIDENCE (if appropriate)

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

### 1.25    MULTIPLE CLAIMS MULTIPLE PLAINTIFFS / DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.] Although there are fifty-seven plaintiffs, it does not follow that if one is successful, the others are, too.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants [or only as to other claims.

### 1.27    BURDEN OF PROOF : PREPONDERANCE OF THE EVIDENCE

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have

considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## 1.32    SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

## 1.33    COMMUNICATIONS WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

## 1.34    DISAGREEMENT AMONG JURORS

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the (individual) parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## 2.01    CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone,

28

including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

## 2.03    EVIDENCE ADMITTED ONLY AGAINST ONE PARTY

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the others. Each party is entitled to have the case decided solely on the evidence which applies to that party.

The evidence you [are about to hear] [just heard] can be considered only in the case against [name party].

## 2.04    STIPULATED TESTIMONY (if appropriate)

The parties have stipulated or agreed what [name's] testimony would be if [name] were called as a witness. You should consider that testimony in the same way as if [name] had given the testimony here in court.

## 2.05    STIPULATIONS OF FACT

The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case

## 2.06    JUDICIAL NOTICE (if appropriate)

I have decided to accept as proved the fact that [e.g., the city of Milwaukee is north of the city of Chicago]. You must now treat this fact as having been proved for the purpose of this case.

## 2.08    DEPOSITION AS SUBSTANTIVE EVIDENCE (if appropriate)

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.09    USE OF INTERROGATORIES (if appropriate)

Case 2:20-cv-01660-NJ   Filed 04/27/23   Page 29 of 31   Document 382

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

### 2.12    SUMMARIES OF RECORDS AS EVIDENCE (if appropriate)

*Stipulated*

The parties agree that [Describe summary in evidence] accurately summarize the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

### 2.14    JUDGE'S COMMENTS TO LAWYERS (if appropriate)

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**J.    Proposed Verdict Form**

Filed separately.

**K.    Motions in Limine**

Filed separately.

**L.    Proposed Stipulations**

1.    Joseph Roy did not have the express consent of Plaintiffs to disclose their personal information obtained from their motor vehicle records.

2.    Dominick Ratkowski did not have the express consent of Plaintiffs to use, obtain or disclose their personal information obtained from their motor vehicle records.

3.    Dominick Ratkowski is a civilian crime analyst hired by the City of Wauwatosa who created a list of individuals involved in protests while working in his official capacity.

4.    On January 7, 2021 Defendant Joseph Roy, was employed by the City of Wauwatosa as a Lieutenant with the WPD, and as part of his duties was and is in charge of the open records division and at all times relevant was working within his official capacity.

30

Respectfully submitted this 27th day of April , 2023.

**COUNSEL FOR PLAINTIFFS**

/s/ Kimberley Cy. Motley, Esq.
WI State Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Telephone: (704) 763-5413
Email : kmotley@motleylegal.com

E. Milo Schwab
Ascend Counsel, LLC
2401 S Downing St.
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

31