# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ANDREW AARON, et al.,

    Plaintiffs,

    v.                               Case No. 20-CV-1660

DOMINICK RATKOWSKI and
JOSEPH ROY,

    Defendants.

---

## JURY INSTRUCTIONS

---

Judge Nancy Joseph
U.S. Magistrate Judge
U.S. District Court
May 5, 2023

# I. GENERAL

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence. Before you hear the arguments of the attorneys, I will instruct you on the law. After the attorneys present their arguments, I will give you additional concluding instructions.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

3

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

## STIPULATIONS OF FACT

The parties have stipulated, or agree, to the following facts:

1.    On or around June 5, 2020, Dominick Ratkowski, a civilian crime analyst hired by the City of Wauwatosa created a list.

2.    On January 7, 2021, Joseph Roy released unredacted documents by email to 16 people by providing a Dropbox link to documents which included Wauwatosa Police Department police reports, citations, squad and body camera video as well as videos and reports produced from other agencies.

3.    Defendant Ratkowski did not get consent from any Plaintiff to obtain, use, or disclose their personal information from their motor vehicle records.

4.    Defendant Ratkowski knowingly obtained, used, or disclosed 44 Plaintiffs' personal information.

5.    All of the Plaintiffs' photos on the left side of the list are drivers' license photographs.

6.    The drivers' license photographs on the list are from motor vehicle records.

7.    DOT means Department of Transportation.

8.    The parties stipulate that no witness will speak for another; but the Plaintiffs may, without objection, cite generalized experience testimony from one Plaintiff as an example of feelings that additional plaintiffs may share.

You must now treat these facts as having been proved for the purpose of this case.

5

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

6

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Case 2:20-cv-01660-NJ   Filed 05/05/23   Page 8 of 30   Document 410

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Case 2:20-cv-01660-NJ   Filed 05/05/23   Page 9 of 30   Document 410

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

12

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**MULTIPLE CLAIMS;**
**MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the others is also liable. Although there are fifty-seven plaintiffs, it does not follow that if one is successful, the others are, too.

In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant or only as to other claim.

15

**DEMONSTRATIVE EXHIBITS**

Certain demonstrative exhibits have been shown to you. Those presentations are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

16

**BURDEN OF PROOF**

When I say a party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

17

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Case 2:20-cv-01660-NJ   Filed 05/05/23   Page 18 of 30   Document 410

# II. CLAIMS

# DRIVER'S PRIVACY PROTECTION ACT ("DPPA") CLAIMS

## DRIVER'S PRIVACY PROTECTION ACT – ELEMENTS OF CLAIM

The claims before you are based on a federal law known as the Driver's Privacy Protection Act, or "DPPA," which is included in the United States Code as 18 U.S.C. §§ 2721–2725. The DPPA provides that a person who knowingly obtains, discloses, or uses personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, shall be liable to the individual to whom the information pertains.

To establish that the Defendants violated the DPPA, Plaintiffs must prove each of the following:

1. The Defendants knowingly obtained, disclosed, or used personal information;

2. From a motor vehicle record;

3. For a purpose not permitted by the DPPA.

If you determine that the Plaintiffs proved that Defendants knowingly obtained, used, or disclosed Plaintiffs' personal information from a motor vehicle record for a purpose not permitted by the DPPA, it is up to you to determine the number of times that happened.

21

## DEFINITIONS

**Knowingly**. A person acts "knowingly" if he has actual knowledge of the facts giving rise to the violation or if a reasonable person acting in the circumstances and exercising reasonable care would have that knowledge.

**Personal Information**. "Personal information" means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

**Highly Restricted Personal Information**. "Highly restricted personal information" means an individual's photograph or image, social security number, medical or disability information.

**Motor Vehicle Record**. "Motor vehicle record" means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles.

The DPPA protects only personal information that has been obtained from motor vehicle records. The DPPA does not apply to identical information so long as that information flows from a source other than motor vehicle records.

**Permissible Uses**. The DPPA defines "permissible uses," in relevant part, as follows:

For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions

22

For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

If a permissible use attaches to any obtainment, use, or disclosure of motor vehicle record information, any further use or disclosure must be compatible with the purpose of the exception.

Case 2:20-cv-01660-NJ   Filed 05/05/23   Page 23 of 30   Document 410

**DRIVER'S PRIVACY PROTECTION ACT – PUNITIVE DAMAGES**

If you find that the defendant is liable for a violation of the DPPA, then you have the discretion to award punitive damages. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only upon proof of willful or reckless disregard of the law. An action is willful if Defendant knew that he was violating the DPPA or was indifferent as to whether his actions violated the DPPA. An action is in reckless disregard of the law if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant; and

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made.

24

The fact that I have instructed you on the matter of punitive damages should not be considered as suggesting any view of the court as to which party is entitled to your verdict in this case. Instructions on punitive damages have been given solely for your guidance.

25

# III. FINAL INSTRUCTIONS

## DELIBERATIONS

This case will be submitted to you in the form of a Special Verdict Form which has been prepared for your convenience.

**[Special Verdict Form read]**

You will note that certain questions in the Special Verdict Form are to be answered only if you have answered a previous question in a particular manner. Therefore, it is extremely important that you read each question very carefully before you answer it. Do not needlessly answer questions.

Your duty is to answer the questions in the Special Verdict Form which, according to the evidence and my instructions, you are required to answer in order to arrive at a completed verdict. It then becomes my duty to direct judgment according to law and according to the facts as you have found them.

You are to answer the questions in the Special Verdict Form solely upon the evidence received in this trial. You are to be guided by the instructions and your own sound judgment in considering the evidence in the case and in answering each question.

You must not concern yourselves about whether your answers will be favorable to one party or to the other, nor with what the final result of the lawsuit may be.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict as to each question you are required to answer in order to arrive at a completed verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow

27

jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

Each of you should give fair and equal consideration to all of the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the Plaintiffs have proved their case by a preponderance of the evidence.

## CONCLUDING INSTRUCTIONS

Members of the jury, this case is ready to be formally submitted to you for your serious deliberation. You will consider the case fairly, honestly, impartially, and in light of reason and common sense. Give each question in the verdict your careful and conscientious consideration. In answering each question, free your minds of all feelings of sympathy, bias or prejudice.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.

Nothing said in these instructions and nothing in the verdict form, prepared for your convenience, is meant to suggest or convey in any way or manner as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility. Let your verdict speak the truth, whatever the truth may be.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff that he or she, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

29

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Upon your return to the jury room, your first duty will be to select a foreperson who will preside over your deliberations, complete the Special Verdict Form with the answers you have agreed upon, and serve as your spokesperson here in court. His or her vote, however, is entitled to no greater weight than the vote of any other juror.

During the course of your deliberations, you should assume the attitude of judges of the facts rather than that of partisans or advocates. Your highest contribution to the administration of justice is to ascertain the true facts in this case and return a verdict accordingly. When your deliberations are concluded, and your answers inserted in the verdict form, the foreperson will sign and date the verdict and all of you will return with your verdict here in open court.