UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Andrew Aaron, et al.,

    Plaintiffs,

        v.                                  Case No. 20-CV-1660

Dominick Ratkowski and Joseph Roy,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Defendants, by their attorneys, Wirth + Baynard, submit this Response to Plaintiffs' Objections to Defendants' Bill of Costs (Dkt. 429).

## INTRODUCTION

On May 5, 2023, following a long 5-day jury trial (and 30 months of litigation), a verdict was returned in favor of Defendant Dominick Ratkowski on the question of whether he violated the Drivers Privacy Protection Act (DPPA) as it relates to 44 Plaintiffs; and in favor of Defendant Joseph Roy on the question of whether he violated the DPPA as it relates to 32 Plaintiffs. (Dkt. 411) On May 8, 2023, the Court docketed the judgement. (Dkt. 412) On May 22, 2023, as the prevailing party and pursuant to Rule 54(d), Defendants filed their Bill of Costs and supporting documentation, seeking costs in the amount of $11,433.55. (Dkt. 416)

Plaintiffs have three objections to Defendants' Bill of Costs (Dkt. 416), mostly focused on the costs associated with deposition transcripts, and the purported financial hardship that payment of $11,433,55 in costs would cause the plaintiffs. For the reasons stated below, Defendants respectfully request the Court award fees to the Defendants in the amount of $11,433,55.

1

# DISCUSSION

Rule 54(d) instructs that "costs—other than attorney's fees—should be allowed to the prevailing party," though "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). A litigant that has prevailed within the meaning of Rule 54(d) is presumptively entitled to recover authorized costs, subject to the party's adequate showing that the requested costs were necessarily incurred and reasonable in amount. See *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019). Recoverable costs include '[f]ees for ... transcripts necessarily obtained for use in the case,' § 1920(2), '[f]ees ... for printing,' § 1920(3), and 'the costs of making copies of any materials where the copies are necessarily obtained for use in the case,' § 1920(4). *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir.2014). This presumption is difficult to overcome, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate. *Richardson*, 926 F.3d at 893.

<u>The denial of costs would not accomplish fairness and equity for the Defendants.</u>

The power to award costs under Rule 54 is within the sound discretion of the district court. Nonetheless, in exercising its discretion, courts must be mindful that under Rule 54, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Popeil Brothers Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 775 (7th Cir.1975). In general, to overcome the presumption in favor of a grant of costs, the losing party must demonstrate that "there has been some fault, misconduct, default, or action worthy of penalty on the party of the prevailing side." *Delta Air Lines v. Colbert*, 692 F.2d 489, 490 (7th Cir.1982). Plaintiffs cannot demonstrate any of these reasons as it relates to Defendants.
2

Case 2:20-cv-01660-NJ   Filed 06/16/23   Page 2 of 5   Document 430

The plaintiffs first assert that their "good faith" in prosecuting this action should compel the court to exercise its discretion and deny any award of litigation costs to the prevailing parties – the defendants. (Dkt. 429, p. 2) By the time plaintiffs' amended complaints–the fourth amended complaint became the operative complaint in this case–settled on a final set of allegations, the plaintiffs were asserting fourteen claims against the named defendants. *See generally* (Dkt. 155) Through vigorous motion practice, all but two claims were dismissed by the court upon their merits. Those two claims proceeded to a jury trial, and the defendants prevailed.

The plaintiffs' broad suggestion that "the raised controversies were brought in good faith" also ignores the Court's dismissal of the entire action and award of sanctions to Defendants. *See* (Dkts. 190 and 191)

Notwithstanding their argument of "good faith," the plaintiffs put the defendants through nearly three years of litigation, had the vast majority of their claims dismissed upon the merits by the court, and had their claims that survived to trial dismissed by a jury. The defendants are the prevailing party and nothing about the plaintiffs' litigation of this matter overcomes the strong presumption within Rule 54 (c) that as prevailing parties – the defendants, should collect their permissible costs. If plaintiffs were considered the prevailing party, they would have been entitled to not only their costs, but their attorney's fees. When, as here, Defendants are the prevailing party, they are only entitled to specifically enumerated costs.

<u>The Court should award full costs of $11,433,55 to Defendants as they were reasonably expended in the successful defense to Plaintiffs' claims.</u>

The plaintiffs' second argument against being assessed costs is that "The bulk of the costs sought by Defendants in the proposed Bill of Costs is for transcripts of depositions that were not used, nor even relevant in the final iteration of the lawsuit and resulting trial." (Dkt 429, p. 3) That objection is preposterous. All but one of the depositions for which the defendants had to purchase

3

transcripts *were depositions noticed and taken by the plaintiffs.* Transcript fees are not objectionable merely because the underlying deposition was not used at trial. The question is whether the deposition was reasonably necessary to the case, not whether it was actually employed in court. *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir.1981); *Mashak v. Hacker*, 303 F.2d 526, 527 (7th Cir.1962)(per curiam)(affirming award of costs "incident to the taking of a deposition even though subsequent to the taking the case [was] dismissed for lack of jurisdiction").

Moreover, unlike in the attorney's fees context, there is no support for accounting for mixed success in awarding costs under Rule 54(d). *Walters v. Mayo Clinic Health Sys. Eau Claire Hosp., Inc.*, 91 F. Supp. 3d 1071, 1085 (W.D. Wis. 2015). To the contrary, the Seventh Circuit instructs the court to consider whether the costs were necessarily obtained for use in the case at the time the costs were incurred. See, e.g., *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir.1991) ("[T]he determination of necessity must be made in light of facts known at the time of the deposition, and the introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition.").

The plaintiffs now ask that the defendants be refused reimbursement for the costs of depositions that the plaintiffs conducted. If those depositions were unnecessary, then the plaintiffs are even more responsible, on an equitable basis, to reimburse the defendants for the costs incurred.

<u>Plaintiffs' public policy arguments are insufficient to overcome the strong presumption that Defendants are entitled to costs.</u>

Finally, the plaintiffs assert that payment of the costs sought by the defendants poses a financial hardship. (Dkt. 429, pp. 3-4) That assertion is easily refuted. The defendants' collectible costs are $11,433,55. In this case, 57 Plaintiffs proceeded to trial. The pro rata cost owed by each plaintiff is, therefore, only $200.59. While the defendants do not trivialize the amount of the costs

4

owed by each of the plaintiffs, there is a second reality here. Prior to trial, the defendants tendered to the plaintiffs a Rule 68 Offer of Judgment that, had it been accepted, would have paid each of the plaintiffs thousands of dollars. The plaintiffs were not only offered the opportunity to ensure they would owe the defendants no costs of litigation, but they were also offered what, given the result of the trial, would have amounted to a windfall. That was the juncture at which the plaintiffs should have given hard consideration to the costs they would face in the event they lost at trial. Nevertheless, the plaintiffs declined the offer.

## CONCLUSION

Defendants respectfully request that this Court enter an order granting them costs in the amount of $11,433,55 based on the reasons articulated above.

Dated at Wauwatosa, Wisconsin this 16th day of June 2023.

**WIRTH + BAYNARD**
Attorneys for Defendants

 /s/ *Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Emails: jmb@wbattys.com