UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Andrew AARON, et al,
    Plaintiffs,

    v.        Case No. 20-CV-01660

Dominick RATKOWSKI and Joseph ROY,
    Defendants.

**PLAINTIFFS' REPLY
TO DEFENDANTS' RESPONSE TO OBJECTION (ECF #430)**

Plaintiffs, by their Counsel, hereby briefly reply to Defendants' Response (ECF #430), and maintain that Defendants' Request for Bill of Costs should be DENIED.

Defendants attempt to refute Plaintiffs' arguments against award of costs through misrepresentation and blatant disrespect of the Court's codified authority and discretion.

In short, Plaintiffs stand on their argument that the Court's discretion is exactly that; presumptions may be overcome *as the Court, in its discretion, may allow*. This is not in dispute. Defendants are not "entitled" to anything that the Court does not deem as fit and proper. Defendants merely attempt (again) to revise the factual and documented history of this case with hubris that continues to be breathtaking. Defendants characterize the delay and protractedness of this matter as something over which the Plaintiffs had control. The suggestion is not only disingenuous, it is laughable. It is true that this has been a tediously lengthy – and expensive - process. But it was the *Plaintiffs* who were forced to wait over a year for even the very first responses to their proper discovery demands (responses which were incomplete). It is undisputed that evidence was entirely under custody and control of Defendants. Plaintiffs were entirely at the

1

mercy of Defendants, and Defendants' timeline throughout this entire case.

Interestingly enough, Defendants reference to the lengthy discovery process, confirming their unilateral delay tactics, bolsters Plaintiffs' argument that Defendants should bear their own costs, and most specifically for deposition transcripts. That is, Defendants' delay and obstructionist practice required depositions which may otherwise have been avoided. But for Defendants' disrespect for proper discovery and due dates, depositions may not have been necessary. Defendants chose to obfuscate and weaponize the discovery process knowing the nature of this case and their control of all evidence, meant Plaintiffs would have to wait on Defendants, and work in the dark, with little to no financial resources to compel action.

Plaintiffs' good faith is exactly relevant and applicable to determining costs because had the Defendants acted in good faith, some depositions, and other costs may not have been necessary. It is again punitive and contrary to Rule 54 to require one party to pay for the deliberate gamesmanship, vindictive manipulation and unnecessary posturing that results in added costs to everyone. Plaintiffs remain confident that the actual timeline and conduct of parties and counsel in this matter, demonstrate that indeed, any depositions that could have been avoided were only necessary due to Defendants' lack of disclosure through other proper discovery. It was the Plaintiffs who were forced to seek (and successfully recovered) costs when Defendants ignored basic discovery rules by not showing up for properly noticed depositions. Thus, the Court reinforced the use of depositions, understanding that the complexity of the issues were matched by the need for direct contact with, and access to witnesses directly. Defendants purposefully attempted to avoid such accountability, clearly hoping that Plaintiffs would not have the resources to move forward. Plaintiffs should not pay for Defendants' deliberate and expensive choices.

Finally, and most disturbing, Defendants cannot and should not profit from any argument

2

regarding a proposed settlement offer pursuant to Rule 68, when Defendants were timely made aware that the settlement offer was completely invalid. Flawed on its face, Plaintiffs brought to Defendants' attention that the proposed "offer" did not meet statutory muster, and invited correction. This (again, good faith) action by Plaintiffs was met only with silence. Defendants not only made no attempt to correct the offer, they refused to engage in any further communication regarding settlement. Again, though Defendants may wish and hope that their actual, documented activity and communications will not be considered or correctly remembered by the Court, their reference to what this might cost to each plaintiff individually, demonstrates their contempt and disdain not only for each plaintiff as a person, but also for statutory rights and access to justice.

Plaintiffs stand on their objection and ask the Court to find that each side bear its own costs. This case stands as a model of the public interest objective of a citizen suit, attempting to clarify state actor authority and control, through a legitimate and compelling legal controversy. Access to the courthouse is already severely hampered by the technical morass that is law and legal procedure. There is no doubt that the threat of costs already chills legitimate actions from vital judicial analysis and clarification. Defendants demonstrate that tactic in their brazen reference to an invalid settlement offer: silence can be bought, and injustice financially incentivized. Potential plaintiffs can be bribed into indemnification. As Defendants attempted, it happens all the time, and will become more and more successful when state actors can threaten with costs.

Plaintiffs re-state that equitable considerations are explicitly accepted in the application of judicial discretion, and specifically in application of Rule 54, and are critical in this particular case: "[I]t is a paramount principle of equity that the court will go much further both to grant and to withhold relief in furtherance of the public interest than when only private interests are
3

involved." *Wilderness Soc'y v. Morton*, 495 F.2d 1026, 1030 (D.C. Cir. 1974) (citing *Virginian R. Co. v. Sys. Fed.*, 300 U.S. 515, 554 (1937), rev'd on other grounds, 421 U.S. 240.

## CONCLUSION

Plaintiffs stand on their objection and request the Court exercise its discretion pursuant to Rule 54(d) and DENY award of Defendants' Bill of Costs.

Dated this 23rd day of June, 2023.

**COUNSEL FOR PLAINTIFFS**

By: /s:/ Kathryn L. Knowlton
WI State Bar No. 1032814

Knowlton Law Group, LLC
7219 West Center Street
Wauwatosa, WI 53213
Telephone: (414) 202-2444
Email: kate@knowltonlawgroup.com

4